# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | Master Case No.:<br>1:21-MI-55555-JPB |
| THE NEW GEORGIA PROJECT, *et al.*,<br><br>*Plaintiffs,*<br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State, *et al.*,<br><br>*Defendants,*<br><br>REPUBLICAN NATIONAL COMMITTEE, *et al.*,<br><br>*Intervenor-Defendants.* | Civil Action No.:<br>1:21-cv-01229-JPB |
| GEORGIA STATE CONFERENCE OF THE NAACP, *et al.*,<br>*Plaintiffs,*<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as the Secretary of State for the State of Georgia, *et al.*,<br><br>*Defendants,*<br><br>REPUBLICAN NATIONAL COMMITTEE, *et al.*,<br><br>*Intervenor-Defendants.* | Civil Action No.:<br>1:21-cv-01259-JPB |

SIXTH DISTRICT OF THE AFRICAN
METHODIST EPISCOPAL CHURCH,
*et al.*,

                *Plaintiffs,*

      v.

BRIAN KEMP, Governor of the State of Georgia,
in his official capacity, *et al.*,

                *Defendants,*

REPUBLICAN NATIONAL COMMITTEE, *et al.*,

                *Intervenor-Defendants.*

Civil Action No.:
1:21-cv-01284-JPB

**STATE DEFENDANTS' BRIEF IN SUPPORT OF MOTION
FOR RECONSIDERATION OR, IN THE ALTERNATIVE,
CERTIFICATION FOR IMMEDIATE APPEAL**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................. ii

INTRODUCTION .................................................................................................. 1

ARGUMENT .......................................................................................................... 3

    I.     This Court Should Grant Reconsideration Because Controlling Supreme Court Precedent Holds That Plaintiffs Lack Standing To Sue State Officials When Those Officials Lack Responsibility To Enforce the Challenged Provisions. .......... 3

          A.     The Supreme Court Held in *Whole Woman's Health v. Jackson* That Plaintiffs Lack Standing If There Is No Specific Action a Court Could Enjoin Defendants From Taking. .......................................................................... 4

          B.     For Several of the Challenged Provisions, An Injunction Against State Officials Does Not Redress Plaintiffs' Alleged Injuries Because Only County Officials Are Responsible for Enforcement. .......................... 6

          C.     Because Standing Is a Jurisdictional Issue, Traceability and Redressability Cannot Be Waived. .......... 10

    II.    An Immediate Appeal of the Standing Issue Should Be Allowed If The Court Does Not Reconsider Its Orders. ................ 11

CONCLUSION .................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Raffensperger*, 497 F. Supp. 3d 1300 (N.D. Ga. 2020) ............... 8, 9

*Fair Fight Action, Inc. v. Raffensperger*,
  No. 1:18-cv-05391-SCJ, slip op. (N.D. Ga. Feb. 16, 2021) ........................... 8

*Georgia Latino All. for Hum. Rts. v. Governor of Georgia*,
  691 F.3d 1250 (11th Cir. 2012) ........................................................... 2, 5, 6

*Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236 (11th Cir. 2020) ................ 7, 8, 9

*Lewis v. Governor of Ala.*, 944 F.3d 1287 (11th Cir. 2019) ........................... 6, 7

*Luckey v. Harris*, 860 F.2d 1012 (11th Cir. 1988) ......................................... 1, 4

*McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251 (11th Cir. 2004) ........... 11, 12

*United States v. Hays*, 515 U.S. 737 (1995) .................................................. 3, 10

*Whole Woman's Health v. Jackson*, 142 S. Ct. 522 (2021) ....................... *passim*

*Women's Emergency Network v. Bush*, 323 F.3d 937 (11th Cir. 2003) ......... 4, 5

**Statutes and Regulations**

28 U.S.C. § 1292(b) .............................................................................. 2, 11, 12

O.C.G.A. § 21-2-70(4) ................................................................................... 8

O.C.G.A. § 21-2-229, *et seq.* ......................................................................... 7

O.C.G.A. § 21-2-261(a) .................................................................................. 8

O.C.G.A. § 21-2-262(c)–(d) ........................................................................... 8

O.C.G.A. § 21-2-265(a)–(b) ........................................................................... 8

O.C.G.A. § 21-2-265(e) .................................................................................. 8

## INTRODUCTION

In its Orders of December 9, 2021, this Court held that Plaintiffs had standing to sue state officials, even as to procedures over which the named State Defendants have no responsibility or control.

But the Supreme Court's recent holding in *Whole Woman's Health v. Jackson* casts doubt on the correctness of the Orders. In that case, the Court held that petitioners lacked standing to sue the Attorney General of Texas because they did not "direct this Court to any enforcement authority the attorney general possesse[d] in connection with [the challenged law] that a federal court might enjoin him from exercising." *Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 534 (2021). The principle is clear: Plaintiffs may only sue those who have responsibility to enforce the provisions Plaintiffs challenge. Federal courts have no jurisdiction to enter injunctive relief against defendants to whom the State has not allocated enforcement authority, because an injunction against those defendants would not give Plaintiffs the relief they seek.

The Eleventh Circuit's holdings in *Luckey v. Harris* and *Georgia Latino Alliance for Human Rights v. Governor of Georgia* are not to the contrary. Both recognize that traceability and redressability are at the core of standing analysis. *See Luckey v. Harris*, 860 F.2d 1012, 1015 (11th Cir. 1988); *Georgia*

*Latino All. for Hum. Rts. v. Governor of Georgia*, 691 F.3d 1250, 1260 n.5 (11th Cir. 2012) ("*GLA*"). Many of the injuries Plaintiffs claim here simply are not traceable to State officials and will not be redressed by an injunction against them. That is because those claims address matters that are within the authority and control of local election officials rather than the named State Defendants. Accordingly, the Court should reconsider its decisions and follow *Jackson*, which would require dismissal of several of Plaintiffs' claims against Governor Kemp and Secretary of State Raffensperger.

Alternatively, this Court should certify the standing issue for immediate appeal under 28 U.S.C. § 1292(b). This issue presents a controlling question of law where an appeal will materially advance the ultimate termination of the litigation. Indeed, if State Defendants are correct, several of Plaintiffs' complaints must be dismissed as to the Governor and Secretary of State. Accordingly, the Court should certify this issue for immediate appeal so that the Eleventh Circuit may address whether, in light of the Supreme Court's holding in *Jackson*, Plaintiffs lack standing to seek an injunction against State officials who have no enforcement authority over the challenged provisions.

## ARGUMENT

## I. This Court Should Grant Reconsideration Because Controlling Supreme Court Precedent Holds That Plaintiffs Lack Standing To Sue State Officials When Those Officials Lack Responsibility To Enforce the Challenged Provisions.

Several of Plaintiffs' claims can be redressed only through action by County, not State, officials. The day after this Court issued its Orders, the Supreme Court held in *Jackson* that petitioners lacked standing to sue the Attorney General of Texas where they did not show that he had any enforcement authority that the federal courts could enjoin him from exercising. 142 S. Ct. at 534. That holding calls this Court's decisions into question. Accordingly, this Court should reconsider its Orders holding that Plaintiffs have standing to seek injunctive relief against State Defendants as to provisions over which the State has allocated sole responsibility to the Counties.[1]

---

[1] The Court also held that State Defendants had waived arguments regarding traceability and redressability, *see New Georgia Project* Order at 13 n.11 [Doc. 86], but standing is not subject to waiver, *United States v. Hays*, 515 U.S. 737, 742 (1995).

3

### A. The Supreme Court Held in *Whole Woman's Health v. Jackson* That Plaintiffs Lack Standing If There Is No Specific Action a Court Could Enjoin Defendants From Taking.

The Supreme Court held in *Jackson* that the petitioners in that case could not sue the Texas attorney general to enjoin enforcement of a controversial new state law, S. B. 8, because "the petitioners do not direct this Court to any enforcement authority the attorney general possesses in connection with S. B. 8 that a federal court might enjoin him from exercising." 142 S. Ct. at 534. So too here. As to several of the challenged provisions, Plaintiffs have not directed this Court to any enforcement authority State Defendants possess in connection with SB 202 that a federal court might enjoin them from exercising. Indeed, Plaintiffs cannot do so, because Georgia has allocated authority over those provisions to County, not State, officials.

*Luckey v. Harris*, which this Court cited in support of its conclusion that Plaintiffs have standing as to State Defendants, does not support the Court's Orders. 860 F.2d 1012. Under *Luckey*, the official must still be "responsible for the challenged action." *Id.* at 1015. Where a state official's authority is "simply too attenuated," he is not "responsible for" a challenged action. *Women's Emergency Network v. Bush*, 323 F.3d 937, 949 (11th Cir. 2003). The Eleventh Circuit has held that a state official was not "responsible for" a

4

challenged action where his only connection with the law was that he had shared authority over the Department which had responsibility for enforcing the challenged law. *Id.* For several of the claims in this case, including the criminal prohibitions on distributing items of value to those waiting in line at polling places and an allegation that the legislature adopted SB 202 with the purpose of restricting Plaintiffs' First Amendment right to vote for their preferred candidates, the enforcement authority of State Defendants is even more attenuated than was the authority of the Governor in *Women's Emergency Network*. Plaintiffs have not shown that Georgia has allocated *any* responsibility to State Defendants regarding these provisions.

*Georgia Latino Alliance for Human Rights v. Governor of Georgia* likewise does not support the holding that Plaintiffs have standing to sue State Defendants to enjoin them from enforcing provisions over which they have no responsibility. 691 F.3d 1250. The authority of State officers over the challenged provisions is not simply indirect; they lack responsibility over several of the challenged provisions altogether. *See id.* at 1260 n.5. Any alleged injury caused by those procedures would not be redressed by enjoining State Defendants from enforcing them, because there is no action those officials are responsible for under those provisions. And under *GLA* (as under

all standing cases), the injury must be redressable by enjoining the challenged provision.  *See id.* at 1260.

As *Jackson* makes clear, "no court may … enjoin challenged laws themselves;" they may only "enjoin named defendants from taking specified unlawful actions." 142 S. Ct. at 535.  Because there is no action the Court could enjoin State officials from taking pertaining to several of the provisions Plaintiffs challenge, Plaintiffs lack standing to sue them as to those provisions.

> **B. For Several of the Challenged Provisions, An Injunction Against State Officials Does Not Redress Plaintiffs' Alleged Injuries Because Only County Officials Are Responsible for Enforcement.**

To the extent that County officials rather than State officials are responsible for enforcing a challenged provision, an injunction directed toward State officials does Plaintiffs no good.  Plaintiffs must sue the County officials who have the responsibility to enforce the provisions.

As the Eleventh Circuit has held, "it must be *the effect of the court's judgment on the defendant*—not an absent third party—that redresses the plaintiff's injury, whether directly or indirectly." *Lewis v. Governor of Ala.*, 944 F.3d 1287, 1301 (11th Cir. 2019) (internal punctuation omitted) (citation omitted).  The Plaintiffs would not "obtain relief that directly redresses the injury that [they] claim[] to have suffered" were this Court to enter an

6

injunction prohibiting State officials from enforcing provisions over which they have no responsibility. *See id.* (internal punctuation omitted) (citation omitted). Where State officials have "no enforcement role whatsoever," *id.* at 1301–02, and where those officials "will not cause any injury the voters and organizations might suffer," a judgment against them would not redress Plaintiffs' alleged injuries, either "directly or indirectly," *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1254 (11th Cir. 2020) (citation and internal quotation marks omitted).

State Defendants simply have no enforcement role whatsoever in relation to several of Plaintiffs' grievances, including:

- Counties' decisions to close polling locations and early voting sites [Doc. 35, ¶¶ 89, 108–09; Doc. 83, ¶¶ 172–77];
- Challenges to voters' registration status[2] [Doc. 35, ¶ 179(9)];
- Long lines to vote [Doc. 83, ¶¶ 178–180, 189, 302–09]; and
- The criminal prohibition on providing items of value to people waiting in line to vote [Doc. 35, ¶¶ 223–32; Doc. 83, ¶¶ 342–48].

Georgia has allocated the responsibility to address these issues to the Counties, not the State. *See, e.g., Fair Fight Action, Inc. v. Raffensperger*,

---

[2] Such challenges are heard at the county, not state, level. *See, e.g.*, O.C.G.A. § 21-2-229, *et seq*.

7

No. 1:18-cv-05391-SCJ, slip op. at 37–38 (N.D. Ga. Feb. 16, 2021) (Doc. 612) (Exhibit D) ("The Court finds that Plaintiffs lack standing to pursue their claims related to the moving and closing of precincts and polling places because those claims are neither traceable to nor redressable by Defendants," citing O.C.G.A. §§ 21-2-70(4), -261(a), -262(c)–(d), -265(a)–(b), -265(e)). And County officials "are elected at the county level by the people of [Georgia]; they are not appointed by [State Defendants]." *Jacobson*, 974 F.3d at 1253. They are "independent officials who are not subject to [State Defendants'] control." *Id.* Plaintiffs must seek an injunction against County officials, not State Defendants, to obtain relief.

For these reasons, the general authority State Defendants have over election procedures does not establish traceability or redressability. This Court and the Eleventh Circuit have already correctly rejected the contention that alleged injuries from a state's election laws are traceable to state officials based on general authority over elections. *Id.* at 1254 (holding that the Florida Secretary of State's "general supervision and administration of the election laws" did not establish traceability); *Anderson v. Raffensperger*, 497 F. Supp. 3d 1300, 1329 (N.D. Ga. 2020) (holding injuries were not traceable to Secretary Raffensperger "simply because the Georgia Code refers to him as the 'state's chief election official.'"). Likewise, the Court has correctly rejected "the notion

8

the alleged injuries are traceable to the State Election Board simply because of its duty to ensure uniformity in the administration of election laws." *Anderson*, 497 F. Supp. 3d at 1329.  Nor does the Board's rulemaking authority make Plaintiffs' injuries traceable to members of the Board.  *See Jacobson*, 974 F.3d at 1257 (stating that rulemaking authority does not establish that a defendant "possess[es] authority to enforce the complained-of provision" (alteration in original)).  Simply put, "[n]o Georgia law allows State Defendants to reach down into the county precincts and demand the relief Plaintiffs seek." *Anderson*, 497 F. Supp. 3d at 1329.

That lack of redressability is fatal to three of Plaintiffs' claims against State officials.  Specifically, Count IV of the First Amended Complaint in *Sixth District of African Methodist Episcopal Church v. Kemp,* No. 21-cv-1284 [Doc. 83, ¶¶ 342–48], and Count V of the Amended Complaint in *NAACP v. Raffensperger,* No. 21-cv-1259 [Doc. 35, ¶¶ 223–32] allege violations of Plaintiffs' constitutional rights based on SB 202's prohibition on distributing food and drink to individuals waiting in line at polling places.  But Plaintiffs have identified no enforcement authority State Defendants possess over that prohibition.  Because there is nothing for this Court to enjoin State Defendants from doing, these claims should be dismissed as to State Defendants.

Similarly, Count III of the First Amended Complaint in *New Georgia Project v. Raffensperger,* No. 21-cv-1229 [Doc. 39, ¶¶ 177–84] alleges that the General Assembly enacted SB 202 with the purpose of restricting voters' ability to cast ballots for their preferred candidates, and that the law therefore violates Plaintiffs' First Amendment rights.  But once again, Plaintiffs fail to identify any enforcement authority State Defendants possess as to the injuries alleged in this claim.  Thus, this claim should also be dismissed as to State Defendants.

### C. Because Standing Is a Jurisdictional Issue, Traceability and Redressability Cannot Be Waived.

Insofar as this argument goes to the traceability and redressability elements of standing analysis, this Court erred by saying that State Defendants "waived their arguments on these points." *New Georgia Project*, Order at 13 n.11 [Doc. 86].  The Supreme Court has long held that "[t]he question of standing is not subject to waiver," and courts are required to address it "even if the parties fail to raise the issue." *Hays*, 515 U.S. at 742.  Further, "[t]he federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of the jurisdictional doctrines." *Id*. (cleaned up).  Arguments challenging Plaintiffs' standing may thus be raised at any time and cannot be waived.

## II. An Immediate Appeal of the Standing Issue Should Be Allowed If The Court Does Not Reconsider Its Orders.

If this Court does not reconsider the Orders, it should certify the standing issue for immediate appeal under 28 U.S.C. § 1292(b). That statute provides: "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." *Id.*

All of the required elements of 28 U.S.C. § 1292(b) are satisfied here. First, whether Plaintiffs' injuries under the three claims identified above are traceable to the authority of State Defendants and redressable by an injunction against those Defendants is no doubt a "controlling question of law." *Id.* It is what the Eleventh Circuit would describe as "a pure, controlling question of law" that "the court of appeals can rule on" but "without having to delve beyond the surface of the record in order to determine the facts." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004).

Second, Defendants have a strong argument that under *Jackson*, Plaintiffs lack standing against State Defendants as to three of their claims.

11

There is, in other words, a "substantial ground for difference of opinion."  28 U.S.C. § 1292(b).  Plaintiffs, like the petitioners in *Jackson*, have not directed the Court to any enforcement authority that a federal court might enjoin the Governor or Secretary of State from exercising in connection with several challenged provisions.  *See Jackson*, 142 S. Ct. at 534.  Their failure to do so creates a strong argument under binding Supreme Court precedent that Plaintiffs lack standing.  The second requirement of § 1292(b) is therefore satisfied here.

Third, an immediate appeal would "materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  "This is not a difficult requirement to understand.  It means that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation."  *McFarlin*, 381 F.3d at 1259.  Here, if Defendants prevail on the standing issue, several of Plaintiffs' claims must be dismissed.  That, in turn, will obviate the need for any further motions practice on those claims, as well as costly discovery and the potential for future discovery disputes.  Thus, this and all of the requirements of § 1292(b) are satisfied in this instance.  *Cf. id.* ("The antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case.").

Accordingly, if this Court does not wish to revisit its holding that Plaintiffs have standing to sue State Defendants as to provisions over which those Defendants lack responsibility, it should certify the issue to the Eleventh Circuit.

## CONCLUSION

In *Jackson*, the Supreme Court made clear that Plaintiffs lack standing if Defendants possess no enforcement authority that a federal court might enjoin them from exercising. 142 S. Ct. at 534. Because this Court's Order cannot be squared with *Jackson* as to the three claims discussed above, State Defendants' motion for reconsideration or, in the alternative, certification for immediate appeal of the standing issue should be granted.

Respectfully submitted,

Christopher M. Carr
Attorney General
Georgia Bar No. 112505
Bryan K. Webb
Deputy Attorney General
Georgia Bar No. 743580
Russell D. Willard
Senior Assistant Attorney General
Georgia Bar No. 760280
Charlene McGowan
Assistant Attorney General
Georgia Bar No. 697316
**State Law Department**
40 Capitol Square, S.W.
Atlanta, Georgia 30334

*/s/ Gene C. Schaerr*
Gene C. Schaerr*
Special Assistant Attorney General
Erik Jaffe*
H. Christopher Bartolomucci*
Brian J. Field*
Riddhi Dasgupta*
Joshua J. Prince*
Annika M. Boone**
**SCHAERR | JAFFE LLP**
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com
*Admitted pro hac vice*
**Pro hac vice motion forthcoming*

                      Bryan P. Tyson
                      Special Assistant Attorney General
                      Georgia Bar No. 515411
                      btyson@taylorenglish.com
                      Bryan F. Jacoutot
                      Georgia Bar No. 668272
                      bjacoutot@taylorenglish.com
                      Loree Anne Paradise
                      Georgia Bar No. 382202
                      lparadise@taylorenglish.com
                      **Taylor English Duma LLP**
                      1600 Parkwood Circle
                      Suite 200
                      Atlanta, Georgia 30339
                      (678) 336-7249

                      *Counsel for State Defendants*

Dated:  January 6, 2022

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing Motion has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Gene C. Schaerr*
Gene C. Schaerr
