**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | Master Case No.: 1:21-MI-55555-JPB |
| GEORGIA STATE CONFERENCE OF THE NAACP, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as the Secretary of State for the State of Georgia, *et al.*,<br><br>*Defendants,*<br><br>REPUBLICAN NATIONAL COMMITTEE, *et al.*,<br><br>*Intervenor-Defendants.* | Civil Action No.: 1:21-cv-01259-JPB |
| SIXTH DISTRICT OF THE AFRICAN METHODIST EPISCOPAL CHURCH, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>BRIAN KEMP, Governor of the State of Georgia, in his official capacity, *et al.*,<br><br>*Defendants,*<br><br>REPUBLICAN NATIONAL COMMITTEE, *et al.*,<br><br>*Intervenor-Defendants.* | Civil Action No.: 1:21-cv-01284-JPB |

PLAINTIFFS' RESPONSE IN OPPOSITION TO STATE
DEFENDANTS' MOTION FOR RECONSIDERATION OR,
IN THE ALTERNATIVE, CERTIFICATION FOR
IMMEDIATE APPEAL

Case No. 1:21-MI-55555-JPB

**PLAINTIFFS' CONSOLIDATED RESPONSE IN OPPOSITION TO STATE DEFENDANTS' MOTION FOR RECONSIDERATION OR, IN THE <u>ALTERNATIVE, CERTIFICATION FOR IMMEDIATE APPEAL</u>**

PLAINTIFFS' RESPONSE IN OPPOSITION TO STATE
DEFENDANTS' MOTION FOR RECONSIDERATION OR,
IN THE ALTERNATIVE, CERTIFICATION FOR
IMMEDIATE APPEAL

Case No. 1:21-MI-55555-JPB

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................... 1

BACKGROUND .................................................................................................... 4

ARGUMENT ......................................................................................................... 5

    I.    STATE DEFENDANTS' MOTION FOR RECONSIDERATION SHOULD
        BE DENIED ................................................................................................ 5

        A.    *Whole Woman's Health* Is Not An Intervening Change In
               The Law And Does Not Suggest That This Court's
               Decision Was Erroneous Or Unjust ..................................................... 6

        B.    This Court Did Not Err In Holding That Plaintiffs'
               Injuries Are Traceable To And Redressable By State
               Defendants ........................................................................................ 9

        C.    State Defendants Have Not Shown Manifest Injustice Or
               A Need To Immediately Correct Any Error ........................................ 13

    II.    STATE DEFENDANTS' ALTERNATIVE MOTION FOR
         CERTIFICATION FOR IMMEDIATE APPEAL SHOULD BE DENIED .......... 14

CONCLUSION ......................................................................................................... 18

# TABLE OF AUTHORITIES

**Cases**

**Page(s)**

*Adler v. Wallace Computer Servs., Inc.*,
   202 F.R.D. 666 (N.D. Ga. 2001).............................................................. 5, 14

*Ashmore v. Northeast Petroleum Div.*,
   855 F. Supp. 438 (D. Me. 1994)................................................................. 17

*Boyd v. Rich*,
   2005 WL 8157204 (S.D. Ga. Dec. 2, 2005)................................................ 16

*Bryan v. Murphy*,
   246 F. Supp. 2d 1256 (N.D. Ga. 2003) ....................................................... 6

*Consumer Fin. Prot. Bureau v. Frederick J. Hanna & Assocs.*,
   165 F. Supp. 3d 1330 (N.D. Ga. 2015)......................................... 14, 17, 18

*Ctr. for Biological Diversity v. Hamilton*,
   385 F. Supp. 2d 1330 (N.D. Ga. 2005) ....................................................... 5

*Georgia Latino All. for Hum. Rts. v. Governor of Ga.*,
   691 F.3d 1250 (11th Cir. 2012) ........................................................ 8, 9, 10

*Jacobson v. Florida Secretary of State*,
   957 F.3d 1193 (11th Cir. 2020) ........................................................... 11, 12

*Lewis v. Governor of Ala.*,
   944 F.3d 1287 (11th Cir. 2019) ................................................................. 11

*Luckey v. Harris*,
   860 F.2d 1012 (11th Cir. 1988) .............................................................. 8, 9

*McFarlin v. Conseco Servs., LLC*,
   381 F.3d 1251 (11th Cir. 2004) .................................................... 15, 16, 17

*Monroe Cnty. Emp. Ret. Sys. v. Southern Co.*,
   333 F. Supp. 3d 1315 (N.D. Ga. 2018) ..................................................... 14

PLAINTIFFS' RESPONSE IN OPPOSITION TO STATE
DEFENDANTS' MOTION FOR RECONSIDERATION OR,
IN THE ALTERNATIVE, CERTIFICATION FOR
IMMEDIATE APPEAL

ii

Case No. 1:21-MI-55555-JPB

*Morrison v. City of Bainbridge*,
  2009 WL 10674438 (M.D. Ga. Dec. 1, 2009)............................................ 16

*Pearson v. Kemp*,
  831 F. App'x 467 (11th Cir. 2020).......................................................12, 15

*Reid v. Viacom Int'l Inc.*,
  2017 WL 11634619 (N.D. Ga. Sep. 22, 2017)......................................15, 16

*Savaseniorcare, LLC v. Starr Idem. & Liab. Co.*,
  2020 WL 6782049 (N.D. Ga. Nov. 18, 2020)............................................ 16

*Whole Woman's Health v. Jackson*,
  142 S. Ct. 522 (2021).................................................................*passim*

*Women's Emergency Network v. Bush*,
  323 F.3d 937 (11th Cir. 2003)................................................................ 11

## Statutes and Rules

28 U.S.C. § 1292(b) ..................................................................*passim*

O.C.G.A. § 21-2-33.1 ................................................................... 10

O.C.G.A. § 21-2-33.2 ................................................................... 10

O.C.G.A. § 21-2-50......................................................................9

L.R 7.2(E)..........................................................................2, 5, 14

## Other Authorities

16 C. Wright & A. Miller, et al., *Fed. Prac. & Proc.* (3d ed. 2002).................... 17

## INTRODUCTION

Plaintiffs in these consolidated cases challenge Senate Bill 202 ("S.B. 202"), a suite of unjustifiably onerous, discriminatory elections laws that violate the United States Constitution and other federal laws. At issue here are two First Amendment challenges to S.B. 202's criminal ban on providing relief to voters waiting in line, including food, seating, umbrellas, or water.[1] These claims are alleged against the Georgia Governor, Secretary of State, and State Election Board ("State Defendants"), as well as the boards of election and registration for certain counties in Georgia ("County Defendants"), all in their official capacities.

State Defendants previously moved to dismiss Plaintiffs' claims, in part on the ground that certain of Plaintiffs' injuries were neither traceable to nor redressable by State Defendants. This Court rejected that argument and denied the motions to dismiss. State Defendants now move the Court to reconsider those orders insofar as they held that Plaintiffs have standing to sue State Defendants to challenge the constitutionality of S.B. 202's criminal ban on line relief. But State Defendants point

---

[1] The two cases relevant to State Defendants' motion and this brief in opposition are *Sixth District of African Methodist Episcopal Church v. Kemp*, No. 21-cv-1284 ("*AME*"), and *Georgia State Conference of the NAACP v. Raffensperger*, No. 21-cv-1259 ("*GA NAACP*"). Plaintiffs in *New Georgia Project v. Raffensperger*, No. 21-cv-1229, separately address the motion for reconsideration as to their standing to bring a First Amendment claim challenging S.B. 202 as a whole.

PLAINTIFFS' RESPONSE IN OPPOSITION TO STATE DEFENDANTS' MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, CERTIFICATION FOR IMMEDIATE APPEAL

1

Case No. 1:21-MI-55555-JPB

to no change in the law, clear error, or manifest injustice that warrants such an extraordinary remedy.

State Defendants purport to base their motion for reconsideration on the Supreme Court's recent decision in *Whole Woman's Health v. Jackson*, 142 S. Ct. 522 (2021). In *Whole Woman's Health*, however, the Supreme Court considered a law that does not allow state officials to bring any prosecutions or civil enforcement actions but instead intentionally created only a right of action for *private citizens*. *Id.* at 530. It is irrelevant to this challenge to Georgia's election laws that *are* coordinated and enforced by State Defendants. If anything, *Whole Woman's Health* supports the same long-standing legal principle that this Court applied to deny State Defendants' motions to dismiss: that plaintiffs have standing to sue to enjoin state actors who are sufficiently connected to the laws that cause injury. The State Defendants' arguments—which have nothing to do with *Whole Woman's Health*, and instead simply rehash rejected contentions—do not call into question the Court's well-reasoned orders. *See* L.R 7.2(E) (permitting a motion for reconsideration only when "absolutely necessary").

Nor is reconsideration necessary to avert any manifest injustice. State Defendants do not contest that they are appropriate defendants as to Plaintiffs' other claims, nor that both they and the two claims at issue (which Plaintiffs also allege

PLAINTIFFS' RESPONSE IN OPPOSITION TO STATE
DEFENDANTS' MOTION FOR RECONSIDERATION OR,
IN THE ALTERNATIVE, CERTIFICATION FOR
IMMEDIATE APPEAL

2

Case No. 1:21-MI-55555-JPB

against County Defendants) will remain in this action regardless of the Court's decision on their motion for reconsideration. State Defendants will thus suffer no additional burden at this stage if the claims at issue in their motion proceed against them. The motion accordingly fails to raise any grounds sufficient to award reconsideration, and it must be denied.

State Defendants' alternative request to certify the standing question for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) should also be denied. Such an appeal is extraordinary and only warranted when necessary to "materially advance the ultimate termination of the litigation" by resolving "controlling questions of law" for which there is "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). The standing question at issue here does not meet this standard. The issues in the proposed appeal are not purely legal. Indeed, the Eleventh Circuit has already held that the question of redressability in election litigation involves the application of law to facts and is therefore unsuitable for interlocutory appeal. Nor would an interlocutory appeal hasten resolution of this dispute. Even if the Eleventh Circuit were to reverse, that decision would have no practical effect. Every party and every claim in this case would remain. The claims at issue in State Defendants' motion would remain as to County Defendants, and State Defendants would remain to defend against Plaintiffs' other claims. Far from materially advancing the

PLAINTIFFS' RESPONSE IN OPPOSITION TO STATE
DEFENDANTS' MOTION FOR RECONSIDERATION OR,
IN THE ALTERNATIVE, CERTIFICATION FOR
IMMEDIATE APPEAL

3

Case No. 1:21-MI-55555-JPB

litigation, the proposed interlocutory appeal would only delay ultimate resolution of Plaintiffs' time-sensitive claims.   State Defendants' alternative motion for certification for immediate appeal must therefore be denied as well.

## BACKGROUND

State Defendants have already unsuccessfully moved to dismiss Plaintiffs' claims.   They argued, among other things, that Plaintiffs did not have standing because their injuries were, as a matter of law, "not traceable to State Defendants," *GA NAACP*, Doc. No. 42-1 at 8, and "outside the scope of State Defendants' authority and, thus, this Court's capacity to redress," *AME*, Doc. No. 87-1 at 9.

This Court rejected those arguments.   Specifically, this Court held:

> The injuries Plaintiffs allege are directly traceable to SB 202, for which both State and County Defendants have enforcement responsibility.   Although State Defendants argue that certain provisions of SB 202 are handled at the county level, that does not necessarily mean that they lack enforcement authority with respect to those provisions.

Order at 11, *GA NAACP*, Doc. No. 64 (Dec. 9, 2021) ("GA NAACP Order"); *see also* Order at 12, *AME*, Doc. No. 110 (Dec. 9, 2021) ("AME Order") ("The injuries Plaintiffs allege are directly traceable to SB 202, for which … State Defendants, including the Governor, have enforcement responsibility.") (collectively, the "Orders").

State Defendants now move for reconsideration of the Court's Orders as to Plaintiffs' First Amendment challenges to a provision of S.B. 202 that criminalizes providing relief to voters waiting in line. *See* Mot. for Recon. at 2-3; State Defs. Br. at 9; First Am. Compl., Count IV ¶¶ 342-48, *AME*, Doc. No. 83 (May 24, 2021); Am. Compl., Count V ¶¶ 223-32, *GA NAACP*, Doc. No. 35 (May 28, 2021). State Defendants do not raise any other challenges to the Court's Orders upholding Plaintiffs' other causes of action.

## ARGUMENT

## I.  State Defendants' Motion For Reconsideration Should Be Denied

State Defendants have shown no reason why the Court should reconsider its holding that Plaintiffs' injuries are traceable to and redressable by State Defendants. Relief through a motion for reconsideration is "an extraordinary remedy" to be "employed sparingly." *Ctr. for Biological Diversity v. Hamilton*, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005); *see also* L.R. 7.2(E) (providing that "[m]otions for reconsideration shall not be filed as a matter of routine practice," but only when "absolutely necessary"). Such motions "should be reserved for extraordinary circumstances, such as the discovery of new evidence, an intervening development or change in the law, or the need to correct a clear error or prevent a manifest injustice." *Adler v. Wallace Computer Servs., Inc.*, 202 F.R.D. 666, 675 (N.D. Ga.

2001).  They should not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003).

But that is precisely what State Defendants have done here.  State Defendants point to no intervening change in the law; establish no need to correct any error, or even that the Court erred (much less *clearly* erred); and show no manifest injustice arising from the Court's Orders.  They merely repackage the same failed arguments, hoping for a different result.  The Court should once again reject those arguments and deny State Defendants' motion for reconsideration.

### A.   *Whole Woman's Health* Is Not An Intervening Change In The Law And Does Not Suggest That This Court's Decision Was Erroneous Or Unjust

To avoid the obvious conclusion that their motion for reconsideration simply rehashes arguments the Court has already rejected, State Defendants purport to rely on the Supreme Court's decision in *Whole Woman's Health v. Jackson*, 142 S. Ct. 522 (2021), issued the day after this Court's Orders on the motions to dismiss.  But that case—which addressed a statute intentionally designed to be entirely disconnected from all state actors—did not change the law relevant to this case, which addresses a complex voting system in which State Defendants play an integral enforcement role.  Nothing in *Whole Woman's Health* suggests that this Court's

decisions were erroneous, much less clearly erroneous or manifestly unjust.  In fact, State Defendants *concede* that the well-established authorities that this Court considered and applied are *fully consistent* with *Whole Woman's Health* and "*not to the contrary.*"  Mot. at 1 (emphasis added).

*Whole Woman's Health* involved a challenge to S.B. 8, a Texas law that prohibits physicians from performing abortions if they detect a fetal heartbeat.  142 S. Ct. at 530.  As the Supreme Court observed, S.B. 8 "generally does not allow state officials to bring criminal prosecutions or civil enforcement actions." *Id.*  Instead, it empowers all private citizens to sue anyone who performs or assists such abortions. *Id.*  Health care providers sought an injunction barring, among others, the Texas attorney general from enforcing the law.  *Id.*  The Supreme Court rejected the claim against the attorney general in part because the petitioners did "not direct this Court to any enforcement authority the attorney general possesses in connection with S. B. 8 that a federal court might enjoin him from exercising." *Id.* at 534.

*Whole Woman's Health* provides no basis for the Court to reconsider its well-reasoned Orders.  The Supreme Court addressed a statute that, by design, completely precludes any involvement by state officials and instead transfers enforcement authority to private citizens. *Id.* at 530.  The Supreme Court held that the attorney

PLAINTIFFS' RESPONSE IN OPPOSITION TO STATE
DEFENDANTS' MOTION FOR RECONSIDERATION OR,
IN THE ALTERNATIVE, CERTIFICATION FOR
IMMEDIATE APPEAL

7

Case No. 1:21-MI-55555-JPB

general has *no* relationship with S.B. 8, indirect or otherwise, and therefore held that he was an inappropriate defendant.

That holding is perfectly consistent with this Court's Orders. Far from finding that State Defendants had no connection to the challenged election laws, the Court held that the "injuries Plaintiffs allege are directly traceable to SB 202, for which County and State Defendants, including the Governor, have enforcement responsibility." AME Order 12. State Defendants concede that the cases on which the Court relied "are not to the contrary," Mot. at 1, as those cases also recognized that plaintiffs have standing to sue state actors only where those state actors have a sufficient connection to the challenged laws or policies. *See Luckey v. Harris*, 860 F.2d 1012, 1015 (11th Cir. 1988) (permitting suit against the governor where he was "responsible for the challenged action"); *Georgia Latino All. for Hum. Rts. v. Governor of Ga.*, 691 F.3d 1250, 1260 n. 5 (11th Cir. 2012) (finding "sufficient, albeit indirect, contact with the program's enforcement" to establish traceability and redressability). Those cases, like the Court's Orders, are consistent with *Whole Woman's Health. See also* Mot. at 1-2, 4-6 (discussing how the rule applied in these cases, and the Court's Orders, is consistent with *Whole Woman's Health*).

*Whole Woman's Health* thus did not work an intervening change in the relevant law. Nor does *Whole Woman's Health* establish that the Court's Orders

PLAINTIFFS' RESPONSE IN OPPOSITION TO STATE DEFENDANTS' MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, CERTIFICATION FOR IMMEDIATE APPEAL

8

Case No. 1:21-MI-55555-JPB

were clearly erroneous or manifestly unjust, as it dealt with a law that bears no similarity to S.B. 202 and its line relief ban.  State Defendants do not meaningfully argue otherwise.  They simply argue that the Court's Orders were incorrect under well-established legal principles.  That is an insufficient basis for obtaining the extraordinary remedy that State Defendants seek.

### B. This Court Did Not Err In Holding That Plaintiffs' Injuries Are Traceable To And Redressable By State Defendants

If the Court were to revisit the merits of State Defendants' argument, it should reach the same conclusion.  State Defendants—unlike the Texas attorney general in *Whole Woman's Health*, and as this Court has already held—have a clear connection to the injuries caused by S.B. 202's criminal ban on line relief.  They are therefore proper defendants as to these claims challenging that ban.  This Court did not err—clearly or otherwise—in allowing these claims to proceed against State Defendants.

As this Court already recognized, State Defendants' connection to the challenged provisions is similar to the defendants' connection to the challenged provisions in *Luckey* and *Georgia Latino Alliance*.  *See* GA NAACP Order 10-11; AME Order 11-12.  In fact, State Defendants' connection to S.B. 202 is even greater than in *Luckey* and *Georgia Latino Alliance*.  For example, the Secretary of State's extensive training, public education, and oversight obligations, *see* O.C.G.A. § 21-2-50(a), apply to the line relief ban enacted as part of S.B. 202.  Absent a court ruling

PLAINTIFFS' RESPONSE IN OPPOSITION TO STATE
DEFENDANTS' MOTION FOR RECONSIDERATION OR,
IN THE ALTERNATIVE, CERTIFICATION FOR
IMMEDIATE APPEAL

9

Case No. 1:21-MI-55555-JPB

binding the Secretary of State, he is free to exercise those broad statutory powers as though the line relief ban were constitutional.  Likewise, the State Election Board, of which the Secretary of State is a member, is "vested with the power to … direct[] compliance" with the voting laws, including the line relief ban.  O.C.G.A. § 21-2-33.1(a).  Indeed, S.B. 202 specifically empowers the Board to, on its own initiative, investigate and "suspend county or municipal superintendents and appoint an individual to serve as the temporary superintendent in a jurisdiction." S.B. 202 §§ 6, 7;  O.C.G.A. §§ 21-2-33.2(a)-(b), 21-2-33.1(f).   Those temporary appointments become permanent absent a successful petition for reinstatement, which is heard by the Board.   S.B. 202 § 7;  O.C.G.A. § 21-2-33.2(f).  Given this comprehensive authority under state law, the Court did not err when it held that Plaintiffs' injuries are traceable to and redressable by State Defendants.

*Georgia Latino Alliance* also directly forecloses State Defendants' argument that the governor is an improper defendant.[2]  There, the governor argued that an injunction against him would "not redress the harm to Plaintiffs" because he "lack[ed] enforcement authority" over the challenged law, which criminalized certain interactions with noncitizens.  691 F.3d at 1260 n. 5.  The court rejected that contention and was "easily satisfied" that the causation and redressability standards

---

[2] Only the *AME* Plaintiffs have alleged this claim against the governor.

PLAINTIFFS' RESPONSE IN OPPOSITION TO STATE DEFENDANTS' MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, CERTIFICATION FOR IMMEDIATE APPEAL

10

Case No. 1:21-MI-55555-JPB

were met. *Id.* at 1260.   State Defendants here likewise argue that an injunction against the governor will not redress Plaintiffs' harms because he lacks immediate enforcement authority over a law criminalizing line relief.   As the Court already recognized, that argument fails.[3]

The arguments in State Defendants' motion for reconsideration remain unavailing.   State Defendants rely on *Jacobson v. Florida Secretary of State*, 957 F.3d 1193 (11th Cir. 2020).   There, the Eleventh Circuit found, after discovery and a trial, that the plaintiffs did not have standing to sue the Florida Secretary of State because, "under Florida law," the local officials tasked with the narrow responsibility at issue were not "subject to the Secretary's control," and the plaintiffs "fail[ed] to join the [local officials] as defendants." *Id.* at 1207.

But this case involves *Georgia* law.   And, unlike Florida law, Georgia law vests State Defendants with significant enforcement powers under and related to S.B. 202.   Prime among them is the power to directly replace officials they believe are not complying with S.B. 202. *Cf. Jacobson*, 957 F.3d at 1207-08 (relying on the facts that "only the Governor of Florida, not the Secretary, may suspend county

---

[3] The State Defendants' reliance on *Women's Emergency Network v. Bush*, 323 F.3d 937 (11th Cir. 2003), and *Lewis v. Governor of Ala.*, 944 F.3d 1287, 1301 (11th Cir. 2019), is misplaced, as those cases did not involve enforcement of a criminal law.

officials, and only the senate may remove them from office," while the Florida Secretary of State "must resort to judicial process if the Supervisors fail to perform their duties"). That includes the power to replace local officials who State Defendants believe fail to enforce the criminal ban against line relief. There also has yet to be any formal discovery in this case. "The facts … played a role in evaluating redressability" in *Jacobson*, "and they could also play a role here." *Pearson v. Kemp*, 831 F. App'x 467, 473 & n. 1 (11th Cir. 2020). Moreover, unlike in *Jacobson*, Plaintiffs here *have* sued local officials. Plaintiffs simply seek to also bind State Defendants so that they cannot enforce S.B. 202's unconstitutional commands through their expansive regulatory authority and power to train, investigate, sanction, and replace local officials.

None of the cases cited by State Defendants demonstrate that the Court clearly erred when it held that Plaintiffs' injuries from the line relief ban are traceable to and redressable by State Defendants. Because State Defendants have pointed to no intervening change in the law and failed to establish that there was any error (clear or otherwise) in the Court's original orders, the Court should deny their motion for reconsideration.

PLAINTIFFS' RESPONSE IN OPPOSITION TO STATE
DEFENDANTS' MOTION FOR RECONSIDERATION OR,
IN THE ALTERNATIVE, CERTIFICATION FOR
IMMEDIATE APPEAL

12

Case No. 1:21-MI-55555-JPB

### C.   State Defendants Have Not Shown Manifest Injustice Or A Need To Immediately Correct Any Error

State Defendants have also failed to show any need for this Court to revisit its prior Orders and issue this extraordinary relief. State Defendants do not contest that they are appropriate defendants as to the rest of Plaintiffs' claims. State Defendants will therefore remain in this action through discovery and trial regardless of the Court's decision on their motion. Likewise, Plaintiffs' two First Amendment challenges to the line relief ban will remain in the case, as those claims are also alleged against County Defendants. Denial of the motion for reconsideration will therefore impose no additional burdens on either the Court or State Defendants.

State Defendants are free to renew their standing arguments at summary judgment or trial. The Court can address the issue then, with the benefit of all relevant evidence. If the evidence demonstrates that State Defendants *do* play a role in enforcing the challenged provisions—as Plaintiffs have alleged and as the Court has held—then their continued presence as defendants with respect to these two claims will allow the Court to ultimately grant fulsome relief and prevent enforcement of an unconstitutional law.

State Defendants had an opportunity to make these standing arguments in moving to dismiss Plaintiffs' claims. They did so, and the Court ruled against them. Nothing has changed since those Orders. Reversal now would not lead to any gains

PLAINTIFFS' RESPONSE IN OPPOSITION TO STATE DEFENDANTS' MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, CERTIFICATION FOR IMMEDIATE APPEAL

13

Case No. 1:21-MI-55555-JPB

in efficiency or prevent any injustice.  Immediate relief is therefore not "absolutely necessary." L.R 7.2(E).  In short, State Defendants have shown no "extraordinary circumstances, such as the discovery of new evidence, an intervening development or change in the law, or the need to correct a clear error or prevent a manifest injustice." *Adler*, 202 F.R.D. at 675.  The Court should therefore deny their motion for reconsideration.

## II.   State Defendants' Alternative Motion For Certification For Immediate Appeal Should Be Denied

"Certification under § 1292(b) is an extraordinary measure, which is permitted only in exceptional circumstances." *Consumer Fin. Prot. Bureau v. Frederick J. Hanna & Assocs.*, 165 F. Supp. 3d 1330, 1334 (N.D. Ga. 2015).  To "establish a right to interlocutory appeal" under that provision, a requesting party carries the "burden to make" three showings: that the requested appeal (1) concerns a "controlling question of law," (2) involves a question on which there is "substantial ground for difference of opinion," and (3) would "materially advance the ultimate termination of the litigation." *Monroe Cnty. Emp. Ret. Sys. v. Southern Co.*, 333 F. Supp. 3d 1315, 1327-28 (N.D. Ga. 2018) (cleaned up) (quoting 28 U.S.C. § 1292(b)). None of the three required elements is met here.

First, the requested appeal does not raise a question of law susceptible to interlocutory appeal.   Section 1292(b) only permits appeals that raise "pure or

PLAINTIFFS' RESPONSE IN OPPOSITION TO STATE DEFENDANTS' MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, CERTIFICATION FOR IMMEDIATE APPEAL

14

Case No. 1:21-MI-55555-JPB

abstract legal question[s]," not the application of established legal premises to specific facts. *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1262 (11th Cir. 2004). In *Pearson*, the Eleventh Circuit rejected a materially identical request for interlocutory appeal about whether certain state actors were "the proper defendants to redress the plaintiffs' alleged injuries." 831 F. App'x at 473. Because "redressability in … election litigation" turns on the application of law to facts, the appeal asked the court "to apply settled law to the facts or evidence of this particular case," and so was "the antithesis of a proper § 1292(b) appeal." *Id.* (cleaned up) (quoting *McFarlin*, 381 F.3d at 1259). The Court should reject the requested interlocutory appeal here for the same reason.

Second, for the reasons outlined in Section I above, there is no substantial ground for difference of opinion. As the Court has already held, Plaintiffs have standing to seek injunctive relief from State Defendants. The Court's Orders faithfully applied this circuit's precedent and are fully consistent with the Supreme Court's decision in *Whole Woman's Health*. "Defendants' mere disagreement" with the Orders "does not show the existence of a substantial ground for difference of opinion as a matter of law." *Reid v. Viacom Int'l Inc.*, 2017 WL 11634619, at *11 (N.D. Ga. Sep. 22, 2017).

Third, certification "would do too little, if anything, to materially advance the ultimate termination of the litigation" because, no matter how an appeal is resolved, all the same parties and legal issues will remain for discovery and trial. *McFarlin*, 381 F.3d at 1259, 1262 (interlocutory appeal improper when it would only resolve "one claim out of seven" and would not "serve to avoid a trial or otherwise substantially shorten the litigation" (cleaned up)).   Courts in the Eleventh Circuit have therefore consistently rejected requests for interlocutory appeal pursuant to § 1292(b) when "the same parties and issues would remain before the Court regardless of the resolution of issues on appeal." *Morrison v. City of Bainbridge*, 2009 WL 10674438, at *3 (M.D. Ga. Dec. 1, 2009); *see also, e.g.*, *Boyd v. Rich*, 2005 WL 8157204, at *3 (S.D. Ga. Dec. 2, 2005) (denying certification where, regardless of the outcome, "the parties and the key issue … will remain the same"); *Savaseniorcare, LLC v. Starr Idem. & Liab. Co.*, 2020 WL 6782049, at *4 (N.D. Ga. Nov. 18, 2020) (appeal improper where, "no matter the result, the parties would still be required to complete fact and expert discovery, brief dispositive motions, and potentially proceed to trial").

In this respect, determining whether an appeal would materially advance the ultimate termination of litigation overlaps with the "controlling question" inquiry, which "operate[s] in the same way." *Consumer Fin. Prot. Bureau*, 165 F. Supp. 3d

at 1334.  As a general rule, "there is little doubt that a question is not controlling if the litigation would be conducted in the same way no matter how it were decided." 16 C. Wright & A. Miller, et al., *Fed. Prac. & Proc.* § 3930 (3d ed. 2002) (citing cases).  For example, in a decision that the Eleventh Circuit has cited favorably, *see McFarlin*, 381 F.3d at 1259, a federal district court denied certification of a standing question because "even if the issue of standing … were resolved in [the putative appellant's] favor, no factual issue or litigant would be removed from the case," *Ashmore v. Northeast Petroleum Div.*, 855 F. Supp. 438, 440 (D. Me. 1994).

So too here.  State Defendants seek to certify for appeal the issue of whether Plaintiffs' injuries as to just two of their multiple claims are traceable to and redressable by State Defendants.  Were the Court to certify that question and State Defendants to win, every single party and claim in this case would still remain.  State Defendants would remain in the case to defend against Plaintiffs' other claims.  And the two claims at issue in State Defendants' proposed appeal would remain as against County Defendants.  Contrary to State Defendants' argument, it is "reasonable to expect" that Plaintiffs' other claims "will implicate many of the same discovery issues," such that "the litigation will not be significantly narrowed or shortened." *Consumer Fin. Prot. Bureau*, 165 F. Supp. 3d at 1339-40.  "A detour" of indeterminate duration "to the Eleventh Circuit," as State Defendants propose, "is

PLAINTIFFS' RESPONSE IN OPPOSITION TO STATE DEFENDANTS' MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, CERTIFICATION FOR IMMEDIATE APPEAL

17

Case No. 1:21-MI-55555-JPB

not likely to advance this" litigation at all, and if anything, "it is likely to delay it."

*Id.* [4]

No grounds support the requested interlocutory appeal, and the Court should deny the motion in this respect as well.

## CONCLUSION

For these reasons, State Defendants' motion for reconsideration or, in the alternative, certification for immediate appeal, should be denied.

---

[4] Moreover, (i) State Defendants have not moved to stay discovery during the pendency of this motion, (ii) no such stay would be warranted or workable given the limited nature of State Defendants' proposed appeal, and (iii) Section 1292(b) would not automatically stay discovery even if the Court were to grant the requested interlocutory appeal.  Thus, as a practical matter, interlocutory appeal would only waste the Court's and the parties' resources, as discovery on Plaintiffs' claims may well be complete by the time the Eleventh Circuit reaches a decision.

Respectfully submitted, this 20th day of January, 2022.

/s/ Nancy G. Abudu
Nancy G. Abudu (Bar 001471)
nancy.abudu@splcenter.org
Pichaya Poy Winichakul (Bar 246858)
poy.winichakul@splcenter.org
SOUTHERN POVERTY LAW
CENTER
P.O. Box 1287
Decatur, Georgia 30031-1287
Telephone: (404) 521-6700
Facsimile: (404) 221-5857

/s/ Adam S. Sieff
Adam S. Sieff*
adamsieff@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Facsimile: (213) 633-6899

Matthew Jedreski*
mjedreski@dwt.com
Grace Thompson*
gracethompson@dwt.com
Brittni Hamilton*
brittnihamilton@dwt.com
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Telephone: (206) 622-3150
Facsimile: (206) 757-7700

David M. Gossett*
davidgossett@dwt.com
DAVIS WRIGHT TREMAINE LLP

/s/ Sean J. Young
Sean J. Young (Bar 790399)
syoung@acluga.org
Rahul Garabadu (Bar 553777)
rgarabadu@acluga.org
ACLU FOUNDATION OF GEORGIA, INC.
P.O. Box 77208
Atlanta, Georgia 30357
Telephone: (678) 981-5295
Facsimile: (770) 303-0060

/s/ Sophia Lin Lakin
Sophia Lin Lakin*
slakin@aclu.org
Davin M. Rosborough*
drosborough@aclu.org
Dale E. Ho*
dho@aclu.org
Jonathan Topaz*
jtopaz@aclu.org
ACLU FOUNDATION
125 Broad Street, 18th Floor
New York, New York 10004
Telephone: (212) 519-7836
Facsimile: (212) 549-2539

Susan P. Mizner*
smizner@aclu.org
ACLU FOUNDATION, INC.
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0781

Brian Dimmick*
bdimmick@aclu.org

1301 K Street NW, Suite 500
Washington, D.C.  20005-7048
Telephone: (202) 973-4288
Facsimile: (202) 973-4499

*Attorneys for Plaintiffs*
*Georgia Muslim Voter Project, Women*
*Watch Afrika, Latino Community Fund*
*Georgia, and The Arc of the United*
*States*

*/s/ Bryan L. Sells*
Bryan L. Sells
Georgia Bar No. 635562
The Law Office of Bryan Sells, LLC
PO Box 5493
Atlanta, Georgia 31107
Tel: (404) 480-4212
Email: bryan@bryansellslaw.com

Jon Greenbaum*
Ezra D. Rosenberg*
Julie M. Houk*
jgreenbaum@lawyerscommittee.org
erosenberg@lawyerscommittee.org
jhouk@lawyerscommittee.org
Lawyers' Committee for Civil Rights
   Under Law
1500 K Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 662-8600
Facsimile: (202) 783-0857

Vilia Hayes*
Neil Oxford*
Gregory Farrell*
Hughes Hubbard & Reed LLP
One Battery Park Plaza

ACLU FOUNDATION, INC.
915 15th Street NW
Washington, D.C. 20005
Telephone: (202) 731-2395

*/s/ Leah C. Aden*
Leah C. Aden*
*laden@naacpldf.org*
John S. Cusick*
*jcusick@naacpldf.org*
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, New York 10006
Telephone: (212) 965-2200
Facsimile: (212) 226-7592

Debo P. Adegbile*
*debo.adegbile@wilmerhale.com*
Ilya Feldsherov*
*ilya.feldsherov@wilmerhale.com*
WILMER CUTLER PICKERING
   HALE  AND DORR LLP
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

George P. Varghese*
*george.varghese@wilmerhale.com*
Stephanie Lin (pro hac vice)
*stephanie.lin@wilmerhale.com*
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

New York, New York 10004-1482
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

*Attorneys for Plaintiffs Georgia State Conference of the NAACP, Georgia Coalition for the People's Agenda, Inc., League of Women Voters of Georgia, Inc., GALEO Latino Community Development Fund, Inc., Common Cause, Lower Muskogee Creek Tribe and The Urban League of Greater Atlanta, Inc.*

s/ Tania Faransso

Tania Faransso*
*tania.faransso@wilmerhale.com*
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Nana Wilberforce*
*nana.wilberforce@wilmerhale.com*
WILMER CUTLER PICKERING
  HALE  AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, California 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

*Attorneys for Plaintiffs*
*Sixth District of the African Methodist Episcopal Church, Delta Sigma Theta Sorority, Georgia ADAPT, Georgia Advocacy Office, and Southern Christian Leadership Conference*

*\*Admitted pro hac vice*

PLAINTIFFS' RESPONSE IN OPPOSITION TO STATE DEFENDANTS' MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, CERTIFICATION FOR IMMEDIATE APPEAL

21

Case No. 1:21-MI-55555-JPB

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of L.R. 5.1, using font type of Times New Roman and a point size of 14.

Dated:  January 20, 2022

/s/ *Tania Faransso*
Tania Faransso

*Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 20, 2022, I electronically filed this document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

Dated:  January 20, 2022          <u>/s/ *Tania Faransso*     </u>
                                   Tania Faransso


                                   *Counsel for Plaintiffs*