# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | Master Case No.: 1:21-MI-55555-JPB |
| THE NEW GEORGIA PROJECT, *et al.*,<br><br>        *Plaintiffs*,<br>    v.<br><br>BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State, *et al.*,<br><br>        *Defendants,*<br><br>REPUBLICAN NATIONAL COMMITTEE, *et al.*,<br><br>        *Intervenor-Defendants.* | Civil Action No.: 1:21-cv-01229-JPB |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO STATE DEFENDANTS' MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, CERTIFICATION FOR IMMEDIATE APPEAL**

# TABLE OF CONTENTS

INTRODUCTION ................................................................... 1

BACKGROUND ................................................................... 2

LEGAL STANDARD................................................................4

ARGUMENT ........................................................................6

   I.  No grounds exist for the Court to reconsider its ruling that Plaintiffs have standing to pursue their First Amendment claim. ...........................6

      A.  A motion for reconsideration is not the proper vehicle to raise new standing arguments................................................................6

      B.  State Defendants' new arguments lack merit. ...........................8

   II.  State Defendants have not satisfied the requirements for a 28 U.S.C. § 1292(b) interlocutory appeal certification...................................13

CONCLUSION .....................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blake v. Elul, LLC*,
  No. 1:20-CV-2107-JPB, 2021 WL 3291330 (N.D. Ga. Aug. 2,
  2021) ..................................................................................................4, 7

*Brogdon ex rel. Cline v. Nat'l Healthcare Corp.*,
  103 F. Supp. 2d 1322 (N.D. Ga. 2000).................................................7

*Fla. Wildlife Fed'n, Inc. v. S. Fla. Water Mgmt. Dist.*,
  647 F.3d 1296 (11th Cir. 2011) ..........................................................12

*Ga. Latino All. for Hum. Rts. v. Governor of Ga.*,
  691 F.3d 1250 (11th Cir. 2012) ............................................................9

*Ga. State Conf. of NAACP v. Fayette Cnty. Bd. of Comm'rs*,
  952 F. Supp. 2d 1360 (N.D. Ga. 2013)................................................15

*Hoffman v. Wells Fargo Bank, N.A.*,
  No. 13-CV-5700, 2015 WL 3755207 (E.D. Pa. June 16, 2015) .........8

*Made in the USA Found. v. United States*,
  242 F.3d 1300 (11th Cir. 2001) ..........................................................12

*Mamani v. Berzain*,
  825 F.3d 1304 (11th Cir. 2016) ..........................................................14

*McCoy v. Macon Water Authority*,
  966 F. Supp. 1209 (M.D. Ga. 1997) .................................................6, 7

*McFarlin v. Conseco Servs., LLC*,
  381 F.3d 1251 (11th Cir. 2004) ....................................................*passim*

*Miller v. Johnson*,
  515 U.S. 900 (1995)............................................................................12

*New Ga. Project v. Raffensperger,*
  976 F.3d 1278 (11th Cir. 2020) ........................................................17

*New Georgia Project v. Raffensperger,*
  No. 1:21-cv-1229-JPB ......................................................................1

*Rose v. Raffensperger,*
  511 F. Supp. 3d 1340 (N.D. Ga. 2021) ...............................................8

*In re Sci.-Atlanta, Inc. Sec. Litig.,*
  No. CIV.A.1:01-CV-1950RW, 2003 WL 25740734 (N.D. Ga. Apr.
  15, 2003) .........................................................................................15

*Support Working Animals, Inc. v. DeSantis,*
  457 F. Supp. 3d 1193 (N.D. Fla. 2020) .........................................9, 10

*Terrace v. Thompson,*
  263 U.S. 197 (1923).........................................................................13

*United States v. Zak,*
  No. 1:18-CV-5774-AT, 2021 WL 5736218 (N.D. Ga. Oct. 22,
  2021) ...............................................................................................13

*Whole Woman's Health v. Jackson,*
  142 S. Ct. 522 (2021).............................................................1, 2, 8, 9

**Statutes**

28 U.S.C § 1292(b) ...............................................................*passim*

O.C.G.A. § 21-2-50(a)(11) ..............................................................10

O.C.G.A. § 21-2-50(a)(13) ..............................................................10

**Other Authorities**

Rule 12(b)(1)....................................................................................8

Rule 59 ............................................................................................5

Rule 59(e)........................................................................................4

## INTRODUCTION

Secretary of State Brad Raffensperger and members of the Georgia State Election Board (collectively, "State Defendants") assert for the first time, in a motion for reconsideration, that Plaintiffs do not meet the causation and redressability requirements of standing for Count III of their Amended Complaint.[1] But a motion for reconsideration is not the appropriate procedural vehicle for introducing new arguments that a party did not make in the original motion, even if those arguments challenge the court's jurisdiction.

Offering no explanation for this procedural misstep, State Defendants attempt to litigate a new, different objection to Plaintiffs' standing by invoking the Supreme Court's decision in *Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 534 (2021)—a case which does not address the Article III standing requirements to begin with, much less reveal any "manifest errors of law or fact" as required to justify reconsideration of the Court's Order. *Whole Woman's Health* involved a suit to enjoin the Texas Attorney General from enforcing a state-law abortion restriction that on its face prohibited state officials from bringing enforcement actions, instead

---

[1] State Defendants' motion requests reconsideration of the Court's standing analysis for several plaintiff groups in this consolidated action. This response addresses only arguments that pertain to plaintiffs in *New Georgia Project v. Raffensperger*, No. 1:21-cv-1229-JPB. For this reason, all filing and docket citations in this response refer to *New Georgia Project v. Raffensperger*, No. 1:21-cv-1229-JPB.

authorizing only private citizens to bring civil enforcement suits. *Id.* at 530. So even if State Defendants' arguments were timely raised, they would fail in any event because *here* State Defendants do not deny that they have enforcement responsibility for at least some of the provisions of Senate Bill ("SB") 202 that Plaintiffs challenge in Count III of their Amended Complaint.

Finally, the Court's Order does not meet any of the requirements for an interlocutory appeal certification. State Defendants do not identify any controlling questions of law, but instead invite the Court to re-apply existing precedent to case-specific allegations. And none of the arguments they raise will create any questions of first impression, nor are they questions on which substantial differences of opinion exist (beyond State Defendants' own disagreement with the Court's ruling on an issue they neglected to raise in the first place). Permitting an appeal at this stage would result only in pointless delay and piecemeal litigation that would unfairly prejudice Plaintiffs' ability to obtain meaningful relief. The Court's decision was correct, and there is no reason to revisit it in any respect.

## BACKGROUND

On December 9, 2021, this Court denied the State Defendants' Motion to Dismiss Plaintiffs' Amended Complaint. As relevant here, the Court held that Plaintiff Rise, Inc. had alleged the requisite injury-in-fact; that State Defendants had

waived arguments related to standing's traceability and redressability prongs by failing to raise them at all; and that Plaintiffs had satisfied these requirements in any event because the "injuries Plaintiffs allege are directly traceable to SB 202, for which State, County and the individual Defendants have enforcement responsibility." Order Denying Motions to Dismiss ("Order") at 7, 13 n.11, 15, ECF No. 86.

State Defendants' motion for reconsideration challenges the Court's ruling only as to Count III of Plaintiffs' Amended Complaint, which alleges that SB 202 violates the First Amendment because it was enacted with the purpose of restricting voters' ability to cast ballots for their preferred candidates on the basis of their political viewpoint. *See* Mot. to Recon. at 2-3, ECF No. 97; State Defs.' Br. at 10, ECF No. 97-1; Am. Compl. ¶¶ 177-84, ECF No. 39. Count III of Plaintiffs' Amended Complaint was brought against all named defendants and pertains to all of the provisions of SB 202 that Plaintiffs challenge.[2] For the first time, State Defendants now argue that Plaintiffs lack standing to bring Count III specifically

---

[2] Plaintiffs also brought a First Amendment claim challenging the constitutionality of the criminal prohibition on distributing items of value to those waiting in line at polling places, but that claim was brought solely against the county prosecutors responsible for enforcing the relevant provision. *See* Am. Compl. ¶¶ 185-98 (Count IV).

against them because Plaintiffs have not "identif[ied] any enforcement authority State Defendants possess as to the injuries alleged in this claim." State Defs.' Br. at 10.

Plaintiffs' Amended Complaint expressly alleges that each of the State Defendants possess enforcement authority over certain provisions of SB 202. It states that Secretary Raffensperger "is responsible for the administration and implementation of election laws in Georgia, including [SB 202]" and that, "[a]mong other responsibilities," the law tasks him with "designing and making available the state's absentee ballot application form, which 'shall require the elector' to supply the newly mandated proof of identification." Am. Compl. ¶ 30 (quoting SB 202, § 25). It further alleges that each of the defendant members of the Georgia State Election Board are empowered by Georgia law to take various actions to "obtain uniformity" and ensure "fair, legal, and orderly conduct of primaries and elections" and that SB 202 specifically charges them with "enforcing county compliance" with its provisions. Am. Compl. ¶¶ 31-32 (citing SB 202, §§ 15, 16). State Defendants do not deny these allegations.

## LEGAL STANDARD

"Courts may grant relief under Rule 59(e) or Local Rule 7.2E only if the moving party clears a high hurdle." *Blake v. Elul, LLC*, No. 1:20-CV-2107-JPB,

2021 WL 3291330, at *1 (N.D. Ga. Aug. 2, 2021) (quoting *Chesnut v. Ethan Allen Retail, Inc.*, 17 F. Supp. 3d 1367, 1370 (N.D. Ga. 2014)). The Eleventh Circuit has stated in no uncertain terms that "[t]he only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Id.* (alteration in original) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). This Court has held substantially the same with respect to Local Rule 7.2(E), which states that "'[m]otions for reconsideration shall not be filed as a matter of routine practice' and may be filed only when 'absolutely necessary.'" *Id.* "Reconsideration is only 'absolutely necessary' where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." *Id.* (quoting *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003)).

Under the text of 28 U.S.C § 1292(b), the Court may certify an order for immediate interlocutory appeal pursuant to the statute only when the order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and resolution of that question would "materially advance the ultimate termination of the litigation." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1253 (11th Cir. 2004).

## ARGUMENT

**I.   No grounds exist for the Court to reconsider its ruling that Plaintiffs have standing to pursue their First Amendment claim.**

State Defendants' new arguments as to why Plaintiffs lack standing to bring Count III against them are procedurally, legally, and factually flawed.

### A.   A motion for reconsideration is not the proper vehicle to raise new standing arguments.

As the Court noted in its Order, State Defendants did "not address the traceability and redressability prongs of the standing analysis" in their original motion. Order at 13 n.11. But despite these omissions, the Court undertook its own analysis to confirm Plaintiffs' standing. *Id.* at 13-16. Thus, State Defendants' silence did not deter the Court from determining its jurisdiction to decide this matter; it simply precludes them from introducing any novel attacks on Plaintiffs' standing on a motion for reconsideration. Defendants are of course correct that the issue of standing is jurisdictional and thus not subject to waiver, State Defs.' Br. at 3 n.1, 10 (citing *United States v. Hays*, 515 U.S. 737, 742 (1995)), but they wrongly equate waiving an issue with waiver of particular arguments in support thereof during the resolution of a specific motion.

When deciding a motion for reconsideration, "*any* arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water*

*Authority*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997) (emphasis added) (citing *Mateo v. M/S Kiso*, 805 F. Supp. 761, 787 (N.D. Cal. 1991)). Courts in this district have been clear that "Parties . . . may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind."[3] *Brogdon ex rel. Cline v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000); *see also McCoy*, 966 F. Supp. at 1223 ("The motion for reconsideration is not an opportunity for a party to improve upon his arguments or try out new arguments; nor is it properly a forum for a party to vent his dissatisfaction with the Court's reasoning."); *Blake*, 2021 WL 3291330, at *1 ("A motion for reconsideration is not an opportunity to show the court how it could have done it better" (internal quotes omitted) (quoting *Bryan*, 246 F. Supp. 2d at 1259)). Thus, notwithstanding its jurisdictional nature, "[a] motion for reconsideration is not

---

[3] State Defendants do not contend that *Whole Woman's Health* represents "an intervening change in the law" of the type that would warrant a motion for reconsideration. *McCoy*, 966 F. Supp. at 1222–23. They instead argue that this Court's decision was wrong at the time it was made, relying on many cases predating *Whole Woman's Health*, and contend that *Whole Woman's Health* was an application of the principles contained in those cases. *See, e.g.*, State Defs.' Br. at 7 (citing *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1254 (11th Cir. 2020)).

an appropriate vehicle to raise [an] issue of standing for the first time."[4] *Hoffman v.*

*Wells Fargo Bank, N.A.*, No. 13-CV-5700, 2015 WL 3755207, at *9 (E.D. Pa. June

16, 2015).

> **B.    State Defendants' new arguments lack merit.**

Even if State Defendants could challenge the causation and redressability

elements of standing for the first time in a motion for reconsideration, their argument

misreads the Supreme Court's decision in *Whole Woman's Health* and ignores key

allegations in the Amended Complaint (as well as fundamental differences between

the statute at issue in that case and the ones at issue here). In *Whole Woman's Health*

the Supreme Court held that the *Ex parte Young* exception to sovereign immunity

did not apply to the petitioners' suit against the Texas Attorney General because the

Texas Attorney General was not actually authorized to enforce the abortion

restriction that the petitioners sought to enjoin him from enforcing. *Whole Woman's

Health*, 142 S. Ct. at 534. In fact, the Texas statute at issue expressly prohibited state

officials from enforcing it, instead relying exclusively on civil suits by private

---

[4] Though State Defendants' new arguments would fail as a matter of law at any stage of the litigation for the reasons discussed below, the appropriate procedural vehicle for raising them would have been a new Rule 12(b)(1) motion, not a motion for reconsideration. *See Rose v. Raffensperger*, 511 F. Supp. 3d 1340, 1350 (N.D. Ga. 2021).

citizens. *Id.* at 530 (citing Tᴇx. Hᴇᴀʟᴛʜ & Sᴀꜰᴇᴛʏ Cᴏᴅᴇ Aɴɴ. § 171.207(a)). The case did not involve a statute that, like SB 202, specifically assigned enforcement authority to state officials, nor did the Court even address the question of standing. *Id.* at 534.[5]

This Court and the Eleventh Circuit have held that the causation and redressability requirements of *standing* are met where "[e]ach injury [was] directly traceable to the passage of [the challenged statute] and would be redressed by enjoining each provision." Order at 15 (quoting *Ga. Latino All. for Hum. Rts. v. Governor of Ga.*, 691 F.3d 1250, 1260 (11th Cir. 2012)); *see also Ga. Latino All.*, 691 F.3d at 1260 & n.5 (finding causation and redressability "easily satisfied" even where the state official had only "indirect contact with the [challenged] program's enforcement"). In other words, in a "pre-enforcement challenge to a legislative enactment, the causation element does not require that the defendants themselves have 'caused' [plaintiffs'] injury by their own acts or omissions in the traditional tort sense; rather it is sufficient that the 'injury is directly traceable to the passage of [the

---

[5] While some courts have noted "overlap" between *Ex parte Young* and standing, *see Support Working Animals, Inc. v. DeSantis*, 457 F. Supp. 3d 1193, 1210 (N.D. Fla. 2020) (quoting *Doe v. Holcomb*, 883 F.3d 971, 975–76 (7th Cir. 2018)), the two doctrines are distinct. *See id.* at 1205 (concluding that standing was satisfied against all three state official defendants even though *Ex parte Young* permitted a suit against only one of them).

Act].'" *Support Working Animals v. DeSantis*, 457 F. Supp. 3d 1193, 1206 (N.D. Fla. 2020) (alterations in original) (quoting *Reprod. Health Servs. v. Strange*, 204 F. Supp. 3d 1300, 1318 (M.D. Ala. 2016)). State Defendants make no argument that these requirements are not met here.

State Defendants' contention that "Plaintiffs fail to identify any enforcement authority State Defendants possess as to the injuries alleged in this claim" is also incorrect as a factual matter. State Defs.' Br. at 10. As outlined above, Plaintiffs expressly allege each State Defendant's enforcement authority over various challenged provisions. *See supra* at 3-4 (citing Am. Compl. ¶¶ 30-32). For example, Plaintiffs' Amended Complaint explains that Defendant Secretary Raffensperger is charged with providing the absentee ballot applications that, absent an order from this Court, will include the new voter identification requirement established by SB 202. Am. Compl. ¶ 30 (citing SB 202, § 25); *see also* SB 202, §§ 27, 28. Georgia law also tasks him with various obligations to train "registrars and superintendents of elections," "prepare and furnish information for citizens on voter registration and voting," and otherwise oversee Georgia's election administration, *see* O.C.G.A. §§ 21-2-50(a)(11), (13), all of which the Secretary will undertake with the goal of obtaining SB 202 compliance unless this Court directs otherwise.

Plaintiffs likewise alleged that the State Election Board Defendants are

empowered to enforce county compliance with SB 202, including the new provisions allowing private individuals to challenge an unlimited number of voters' qualifications. Am. Compl. ¶¶ 31-32 (citing SB 202, §§ 15, 16). Without a separate order enjoining them from using this authority to penalize local election officials who stray from SB 202's dictates, the State Board Defendants could suspend and remove any local official who fails to implement the portions of SB 202 Plaintiffs challenge. *See* SB 202, §§ 6-7.[6] Plaintiffs, in other words, seek to enjoin State Defendants from enforcing the provisions of SB 202 for which *they are* responsible.

For this reason, State Defendants' observation that SB 202 also allocates enforcement of some of its provisions to county officials is immaterial. Plaintiffs are separately seeking injunctions against county officials to enjoin their enforcement of the provisions that they too are responsible for implementing, but this has no bearing on the claims Plaintiffs are bringing against State Defendants. "Redressability is established when a favorable decision would amount to a significant increase in the likelihood that the plaintiff would obtain relief that directly

---

[6] Tellingly, State Defendants do not argue that they lack enforcement authority over *all* of the SB 202 provisions that Plaintiffs challenge. *See* State Defs.' Br. at 7 (listing only a small subset of provisions). And oddly enough, they do not seek reconsideration of the Court's ruling with respect to Counts I and II of Plaintiffs' Amended Complaint, which, like Count III, also name the Secretary and State Board of Elections as defendants based on their enforcement connection to the *same challenged provisions* of SB 202.

redresses the injury suffered." *Fla. Wildlife Fed'n, Inc. v. S. Fla. Water Mgmt. Dist.*, 647 F.3d 1296, 1303–04 (11th Cir. 2011) (quoting *Mulhall v. UNITE HERE Local 355*, 618 F.3d 1279, 1290 (11th Cir. 2010)); *see also Made in the USA Found. v. United States*, 242 F.3d 1300, 1310 (11th Cir. 2001) (noting that, in many circumstances, "partial relief is sufficient for standing purposes"). Plaintiffs alleged that State Defendants have enforcement responsibility for SB 202 provisions at issue in this lawsuit, and an order enjoining their enforcement would significantly increase the likelihood of Plaintiffs' injuries being redressed.

Finally, to the extent State Defendants contend that they cannot be held responsible for the discriminatory purpose the General Assembly harbored when it enacted SB 202, that argument similarly misses the point. In our system of separated powers, the legislative branch enacts legislation that the executive branch enforces, and a law is not cleansed of its legislative purpose merely because it is not the legislature itself that enforces it. *Cf. Miller v. Johnson*, 515 U.S. 900, 920 (1995) (holding redistricting map enacted by Georgia Legislature with "racial purpose" unconstitutional in suit against Georgia executive officials). A cramped view of causation in which only the legislature that enacts an unconstitutional law causes the injuries that result from it would lead to federal courts *never* having jurisdiction to hear suits to enjoin unconstitutional statutes, as all suits would be blocked by either

sovereign immunity (due to the legislature's lack of enforcement authority) or a lack of standing (due to the executive branch's not having enacted the law). Courts have long rejected this theory because it is the enforcement of a statute that imposes the injury; suits to enjoin unconstitutional statutes are properly brought against officials, including members of the executive branch, who enforce them. *See, e.g.*, *Terrace v. Thompson*, 263 U.S. 197, 214 (1923).

## II.    State Defendants have not satisfied the requirements for a 28 U.S.C. § 1292(b) interlocutory appeal certification.

State Defendants' request that the Court certify its Order for interlocutory appeal pursuant to 28 U.S.C § 1292(b) is equally unfounded. "Certification for immediate appeal of a nonfinal order under § 1292(b) is an extraordinary measure, which is permitted only in exceptional circumstances." *United States v. Zak*, No. 1:18-CV-5774-AT, 2021 WL 5736218, at *2 (N.D. Ga. Oct. 22, 2021). "The essential requirements for any § 1292(b) appeal, which are set out in the statute itself," are (1) that the proposed appeal center on a "controlling question of law" (2) on which there is "substantial ground for difference of opinion" and (3) that the appeal "materially advance the ultimate termination of the litigation." *McFarlin*, 381 F.3d at 1257. State Defendants have met none of these requirements.

First, a "controlling question of law," as § 1292(b) uses the term, is limited to "an abstract legal issue or what might be called one of 'pure' law." *Id.* at 1258. The

Eleventh Circuit has expressly and repeatedly held that the phrase "does not mean the application of settled law to fact," *id.*; *Mamani v. Berzain*, 825 F.3d 1304, 1313 (11th Cir. 2016), which is precisely what is at issue in State Defendants' belated challenge to the causation and redressability elements of Plaintiffs' standing. State Defendants do not ask the Court to determine an open question regarding "the meaning of a statutory or constitutional provision, regulation, or common law doctrine," *McFarlin*, 381 F.3d at 1258, but rather to apply the already-settled meaning of the Case or Controversy Clause of Article III to a particular set of alleged facts. This is a textbook example of the type of fact-bound determination that is not appropriate for § 1292(b) certification. *Cf. Mamani*, 825 F.3d at 1313 (denying certification where the defendants asked the court to decide "whether the specific facts alleged by these particular plaintiffs state eight claims for relief under the [statute]").

Second, there is not "substantial ground for difference of opinion," § 1292(b), about Plaintiffs' standing to bring the First Amendment claim that State Defendants challenge—in fact, State Defendants do not truly contend otherwise. They simply state repeatedly that they have a "strong argument" that Plaintiffs lack standing under *Whole Woman's Health.* State Defs.' Br. at 11-12. Even if State Defendants were right about the particulars of standing doctrine (and they are not), they still

would be wrong about interlocutory appeal. "[T]he mere claim that the district court's ruling is incorrect does not support a finding that there is substantial ground for difference of opinion." *In re Sci.-Atlanta, Inc. Sec. Litig.*, No. CIV.A.1:01-CV-1950RW, 2003 WL 25740734, at *1 (N.D. Ga. Apr. 15, 2003). Instead, "a substantial question is presented only where (1) the issue is difficult and of first impression; (2) a difference of opinion as to the issue exists within the controlling circuit; or (3) the circuits are split on the issue." *Ga. State Conf. of NAACP v. Fayette Cnty. Bd. of Comm'rs*, 952 F. Supp. 2d 1360, 1364 (N.D. Ga. 2013). State Defendants make no effort whatsoever to fit their argument into any of these categories and cite no cases other than *Whole Woman's Health* to demonstrate substantial grounds for a difference of opinion. *See* State Defs.' Br. at 11-12. This is the kind of "mere question as to the correctness of the ruling" that § 1292(b) is not intended to address. *McFarlin*, 381 F.3d at 1256 (quoting 1958 U.S.C.C.A.N. 5258, 5260-61).

Last, State Defendants do not meaningfully explain how resolving the identified question would "materially advance the ultimate termination of the litigation," § 1292(b), which is unsurprising because, in reality, permitting the type of piecemeal appeal that they request does just the opposite. *See McFarlin*, 381 F.3d at 1257 ("'[P]iecemeal appeals' as they are called, may make for delay and increase

15

the expense of the litigation." (quoting 1958 U.S.C.C.A.N. at 5259)). State Defendants challenge Plaintiffs' standing to bring only one of their five claims, and they comprise only five of the twenty-one defendants that the one claim they challenge is asserted against. Discovery and litigation related to the remaining claims would continue regardless of whether State Defendants were able to obtain a reversal of the Court's Order based on their new meritless standing arguments.

Contrary to State Defendants' assertions, a reversal of the Court's Order on the identified grounds would not "obviate the need for any further motions practice on th[at] claim[], as well as costly discovery and the potential for future discovery disputes." State Defs.' Br. at 12. The same discovery and litigation aimed at proving the legislative intent behind SB 202 will occur in connection with Plaintiffs' First Amendment claim against the other defendants regardless of State Defendants' involvement. Indeed, to the extent State Defendants have evidence of legislative intent within their sole control, they would likely be the target of third-party discovery even if they were to succeed in getting the one claim against them dismissed. In other words, the dismissal State Defendants seek would do nothing more than excuse a small minority of defendants from actively defending a single claim during litigation that will proceed in its entirety irrespective of their participation.

16

Further, Plaintiffs and State Defendants would be forced to engage in duplicative parallel litigation in the Court of Appeals. Even if State Defendants did not pursue a stay of proceedings related to the claim before this Court while the appeal played out, *see* § 1292(b), the parallel litigation would multiply costs and lengthen the proceedings while the parties dedicate a portion of their finite capacity to relitigating before a second tribunal a question that the Court has already fully resolved, likely only to obtain the same answer a second time. While such delays are undesirable in any case, they are especially unacceptable here, where protracted litigation that would prevent Plaintiffs from obtaining relief sufficiently in advance of the impending 2022 elections could result in Plaintiffs' being denied relief altogether with respect to those contests. *See New Ga. Project v. Raffensperger*, 976 F.3d 1278, 1283 (11th Cir. 2020) (citing *Purcell v. Gonzalez*, 549 U.S. 1, 4–5 (2006)). Far from "serv[ing] to avoid a trial or otherwise substantially shorten the litigation," the appeal State Defendants seek would prolong and multiply the present litigation. State Defendants therefore fail to meet the third requirement for a § 1292(b) certification as well. *See McFarlin*, 381 F.3d at 1259.

## CONCLUSION

For the foregoing reasons, the Motion for Reconsideration or, in the Alternative, Certification for Immediate Appeal should be denied in full.

Respectfully submitted, this 20th day of January, 2022.

Halsey G. Knapp, Jr.
Georgia Bar No. 425320
Joyce Gist Lewis
Georgia Bar No. 296261
Adam M. Sparks
Georgia Bar No. 341578
KREVOLIN & HORST, LLC
1201 W. Peachtree St., NW
One Atlantic Center, Suite 3250
Atlanta, GA 30309
Telephone: (404) 888-9700
Facsimile: (404) 888-9577
hknapp@khlawfirm.com
jlewis@khlwafirm.com
sparks@khlawfirm.com

*/s/ Uzoma N. Nkwonta*
Uzoma N. Nkwonta*
Jacob D. Shelly*
Jyoti Jasrasaria*
Tina Meng*
Marcos Mocine-McQueen*
Spencer McCandless*
ELIAS LAW GROUP LLP
10 G St. NE, Suite 600
Washington, D.C. 20002
Telephone: (202) 968-4490
Facsimile: (202) 968-4498
unkwonta@elias.law
jshelly@elias.law
jjasrasaria@elias.law
tmeng@elias.law
mmcqueen@elias.law
smccandless@elias.law
*Admitted *pro hac vice*
*Counsel for Plaintiffs*

18

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of L.R. 5.1, using font type of Times New Roman and a point size of 14.


Dated: January 20, 2022.                    <u>s/ *Uzoma N. Nkwonta*</u>
                                            *Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 20, 2022, I electronically filed this document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

Dated: January 20, 2022.                    <u>s/ *Uzoma N. Nkwonta*</u>
                                                   *Counsel for Plaintiffs*