**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

IN RE GEORGIA SENATE BILL 202      :
                                   :      CIVIL ACTION FILE NO.
                                   :
                                   :      1:21-mi-55555-JPB
_____:


ASIAN AMERICANS ADVANCING          :
JUSTICE–ATLANTA, et al.            :
                                   :      CIVIL ACTION FILE NO.
     Plaintiffs                   :
                                   :      1:21-cv-01333-JPB
vs.                                :
                                   :
BRAD RAFFENSPERGER,                :
in his official capacity as the    :
Georgia Secretary of State; et al. :
                                   :
Defendants.                        :
_____:

## ANSWER AND AFFIRMATIVE DEFENSES
## OF FORSYTH COUNTY DEFENDANTS

     COME NOW, Defendants FORSYTH COUNTY BOARD OF ELECTIONS

AND REGISTRATION, BARBARA LUTH, MATTHEW BLENDER, JOEL

NATT, CARLA RADZIKINAS, and RANDY INGRAM, Members of the Forsyth

County Registration and Elections Board, in their official capacities, MANDI B.

SMITH, Director of the Forsyth County Board of Elections and Registration, in her

official capacity, Director of the Forsyth County Elections Department (collectively,

the "Forsyth Defendants")[1], and file their Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint for Injunctive and Declaratory Relief, showing the Court as follows:

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs lack standing to bring all or a portion of their claims against the Forsyth Defendants.

### SECOND DEFENSE

Plaintiffs have failed to state a claim upon which relief may be granted against the Forsyth Defendants.

### THIRD DEFENSE

Forsyth Defendants were not responsible for the drafting or enactment of S.B. 202 and do not have discretion over whether to comply with validly passed state

---

[1] Plaintiffs originally named as Defendants, FORSYTH COUNTY BOARD OF VOTER REGISTRATIONS AND ELECTIONS, BARBARA LUTH, MATTHEW BLENDER, JOEL NATT, CARLA RADZIKINAS, and RANDY INGRAM, Members of the Forsyth County Registration and Elections Board, in their official capacities, MANDI B. SMITH, Director of the Forsyth County Board of Elections and Registration, in her official capacity; since that time MATTHEW BLENDER and RANDY INGRAM have been replaced by DAN THALIMER and ANITA TUCKER.  Plaintiffs and Forsyth County Defendants request an order substituting DAN THALIMER and ANITA TUCKER for MATTHEW BLENDER and RANDY INGRAM as Defendants.

election laws.  Forsyth Defendants show that they will abide by any order of this Court regarding the constitutionality of S.B. 202 or injunctive relief granted as to the enforcement of its provisions and would have done so without being named as defendants in this litigation.

**FOURTH DEFENSE**

Relief against the Forsyth Defendants will not be sufficient to redress the alleged harms suffered by Plaintiff's in this action.

**FIFTH DEFENSE**

Plaintiff's Amended Complaint fails to allege any action or omission on the party of the Forsyth Defendants which has or will caused or contributed to the harm or deprivations allegedly suffered by Plaintiffs.

**ANSWER TO COMPLAINT**

Subject to and without waiving the foregoing Defenses Forsyth Defendants respond to the numbered allegations as follows:

**I.    INTRODUCTION**

Forsyth Defendants respond to the numbered allegations as follows:

1.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 1, and, therefore, neither admits nor denies

those allegations, but demand strict proof of them at trial.

2.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 2, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

3.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 3, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

4.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 4, and, therefore, neither admit nor denies those allegations, but demand strict proof of them at trial. To the extent these allegations also contain conclusions of law, Forsyth Defendants neither admit nor deny the allegations, but demand strict proof of them at trial.

5.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 5, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

6.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 6, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

7.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 7, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

8.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 8, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

9.

Forsyth Defendants admit that there were no significant irregularities or fraud found during the 2002 election cycle.  Forsyth Defendants do not have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 9, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

10.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 10, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

11.

Forsyth Defendants neither admit nor deny the allegations in Paragraph 11, as these allegations contain statements or conclusions of law, but demand strict proof of them at trial.

12.

Forsyth Defendants neither admit nor deny the allegations in Paragraph 12, as these allegations contain statements or conclusions of law, but demand strict proof of them at trial.

13.

Forsyth Defendants neither admit nor deny the allegations in Paragraph 13, as these allegations contain statements or conclusions of law, but demand strict proof of them at trial.

## II.   JURISDICTION AND VENUE

14.

Forsyth Defendants admit the allegations of Paragraph 14 of Plaintiffs' First Amended Complaint but deny that Plaintiff's rights have been deprived as a result

of any action or inaction of the Forsyth Defendants.

### 15.

Forsyth Defendants admit the allegations of Paragraph 15 of Plaintiffs' First Amended Complaint.

### 16.

To the extent the allegations in Paragraph 16 refers to Forsyth Defendants, Forsyth Defendants admit the allegations in Paragraph 16. Forsyth Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations regarding other Defendants in Paragraph 16 of the First Amended Complaint.

### 17.

Forsyth Defendants admit that venue is proper in the U.S. District Court for the Northern District of Georgia pursuant to the relevant statutes. Forsyth Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 17 of the First Amended Complaint.

### 18.

Forsyth Defendants admit the allegations of Paragraph 18 of Plaintiffs' First Amended Complaint.

### III.   PARTIES

19.

Forsyth Defendants deny the allegations of Paragraph 19 of Plaintiffs' First Amended Complaint.

20.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 20, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

21.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 21, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

22.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 22, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

23.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 23, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

24.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 24, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

25.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 25, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

26.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 26, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

27.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 27, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

28.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 28, and, therefore, neither admits nor denies

those allegations, but demand strict proof of them at trial.

29.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 29, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

30.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 30, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

31.

Forsyth Defendants admit the allegations of Paragraph 31 of the Plaintiffs' First Amended Complaint.

32.

Forsyth Defendants admit the allegations of Paragraph 32 of the Plaintiffs' First Amended Complaint.

33.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 33, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

34.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 34, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

35.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 35, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

36.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 36, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

37.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 37, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

38.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 38, and, therefore, neither admits nor denies

those allegations, but demand strict proof of them at trial.

39.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 39, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

40.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 40, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

41.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 41, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

42.

Forsyth Defendants deny the allegations of Paragraph 42 of the Plaintiffs' First Amended Complaint and show that the current members of the Forsyth County Board of Elections and Registration are as follows:  Joel Natt, Carla Radziknas, Barbara Luth, Dan Thalimer, and Anita Tucker.

43.

Forsyth Defendants admit the allegations in Paragraph 43, as these allegations are not directed against these Defendants.

44.

Forsyth Defendants admit the allegations in Paragraph 44, as these allegations are not directed against these Defendants.

45.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 45, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

46.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 46, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

47.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 47, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

48.

Forsyth Defendants have insufficient knowledge to determine the truth or

falsity of the allegations in Paragraph 48, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

49.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 49, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

50.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 50, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

## FACTUAL ALLEGATIONS

51.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 51, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

52.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 52, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

53.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 53, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

54.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 54, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

55.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 55, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

56.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 56, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

57.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 57, and, therefore, neither admits nor denies

those allegations, but demand strict proof of them at trial.

58.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 58, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

59.

Forsyth Defendants admit the allegations of Paragraph 59 of the Plaintiffs' First Amended Complaint.

60.

Forsyth Defendants admit the allegations of Paragraph 60 of the Plaintiffs' First Amended Complaint.

61.

Forsyth Defendants neither admit nor deny the allegations in Paragraph 61, as these allegations contain statements or conclusions of law, but demand strict proof of them at trial.

62.

Forsyth Defendants neither admit nor deny the allegations in Paragraph 62, as these allegations contain statements or conclusions of law, but demand strict proof of them at trial.

63.

Forsyth Defendants neither admit nor deny the allegations in Paragraph 63, as these allegations contain statements or conclusions of law, but demand strict proof of them at trial.

64.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 64, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

65.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 65, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

66.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 66, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

67.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 67, and, therefore, neither admits nor denies

those allegations, but demand strict proof of them at trial.

68.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 68, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

69.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 69, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

70.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 70, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

71.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 71, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

72.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 72, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

73.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 73, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

74.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 74, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

75.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 75, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

76.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 76, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

77.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 77, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

78.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 78, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

79.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 79, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

80.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 80, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

81.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 81, and, therefore, neither admits nor denies

those allegations, but demand strict proof of them at trial.

82.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 82, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

83.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 83, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

84.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 84, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

85.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 85, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

86.

Forsyth Defendants neither admit nor deny the allegations in Paragraph 86, as these allegations contain statements or conclusions of law, but demand strict proof of them at trial.

87.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 87, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

88.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 88, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

89.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 89, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

90.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 90, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

91.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 91, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

92.

Forsyth Defendants deny the allegations of Paragraph 92 of Plaintiffs' First Amended Complaint, noting that drop boxes were only implemented during the 2020 election cycle.

93.

Forsyth Defendants deny the allegations of Paragraph 93 of Plaintiffs' First Amended Complaint, noting that drop boxes were only implemented during the 2020 election cycle.

94.

Forsyth Defendants admit the allegations of Paragraph 94 of Plaintiffs' First Amended Complaint.

95.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 95, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

96.

Forsyth Defendants admit the allegations of Paragraph 96 of Plaintiffs' First Amended Complaint.

97.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 97, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

98.

Forsyth Defendants admit the allegations of Paragraph 98 of Plaintiffs' First Amended Complaint.

99.

Forsyth Defendants neither admit nor deny the allegations in Paragraph 99, as these allegations contain conclusions of law, but demand strict proof of them at trial.

100.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 100, and, therefore, neither admit nor denies those allegations, but demand strict proof of them at trial. To the extent these allegations also contain conclusions of law, Forsyth Defendants neither admit nor deny the allegations, but demand strict proof of them at trial.

101.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 101, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

102.

Forsyth Defendants admit the allegations of Paragraph 102 of the Plaintiffs' First Amended Complaint.

103.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 103, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

104.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 104, and, therefore, neither admit nor denies those allegations, but demand strict proof of them at trial. To the extent these allegations also contain conclusions of law, Forsyth Defendants neither admit nor deny the allegations, but demand strict proof of them at trial.

105.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 105, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

106.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 106, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

107.

Forsyth Defendants neither admit nor deny the allegations in Paragraph 107, as these allegations contain statements or conclusions of law, but demand strict proof of them at trial.

108.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 108, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

109.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 109, and, therefore, neither admit nor denies those allegations, but demand strict proof of them at trial. To the extent these

allegations also contain conclusions of law, Forsyth Defendants neither admit nor deny the allegations, but demand strict proof of them at trial.

110.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 110, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

111.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 111, and, therefore, neither admit nor denies those allegations, but demand strict proof of them at trial. To the extent these allegations also contain conclusions of law, Forsyth Defendants neither admit nor deny the allegations, but demand strict proof of them at trial.

112.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 112, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

113.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 113, and, therefore, neither admit nor denies

those allegations, but demand strict proof of them at trial. To the extent these allegations also contain conclusions of law, Forsyth Defendants neither admit nor deny the allegations, but demand strict proof of them at trial.

114.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 114, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

115.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 115, and, therefore, neither admit nor denies those allegations, but demand strict proof of them at trial. To the extent these allegations also contain conclusions of law, Forsyth Defendants neither admit nor deny the allegations, but demand strict proof of them at trial.

116.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 116, and, therefore, neither admit nor denies those allegations, but demand strict proof of them at trial. To the extent these allegations also contain conclusions of law, Forsyth Defendants neither admit nor deny the allegations, but demand strict proof of them at trial.

117.

Forsyth Defendants have insufficient knowledge to determine the truth or falsity of the allegations in Paragraph 117, and, therefore, neither admits nor denies those allegations, but demand strict proof of them at trial.

## <u>COUNT ONE</u>
### Violation of Section 2 of the Voting Rights Act
### 52 U.S.C. § 10301, *et seq.*
### (Intentional Racial Discrimination of Discriminatory Results)

118.

Forsyth Defendants adopt and restate all responses to Paragraphs 1 through 117 of this Answer as if specifically set forth in the paragraph.

119.

Forsyth Defendants neither admit nor deny the allegations in Paragraph 119, as it is a statement of law, but demand strict proof of any violation of said law at trial.

120.

Forsyth Defendants neither admit nor deny the allegations in Paragraph 120, as it is a statement of law, but demand strict proof of any violation of said law at trial.

121.

Forsyth Defendants neither admit nor deny the allegations in Paragraph 121, as these allegations contain conclusions of law, but demand strict proof of them at trial.

122.

Forsyth Defendants neither admit nor deny the allegations in Paragraph 122, as these allegations contain conclusions of law, but demand strict proof of them at trial.

**COUNT TWO**
**Fourteenth and Fifteenth Amendments**
**U.S. Const. amend., XIV; 42 U.S.C. § 1983**
**(Intentional Race Discrimination)**

123.

Forsyth Defendants adopt and restate all responses to Paragraphs 1 through 122 of this Answer as if specifically set forth in the paragraph.

124.

Forsyth Defendants neither admit nor deny the allegations in Paragraph 124, as it is a statement of law, but demand strict proof of any violation of said law at trial.

125.

Forsyth Defendants neither admit nor deny the allegations in Paragraph 125,

as it is a statement of law, but demand strict proof of any violation of said law at trial.

126.

Forsyth Defendants neither admit nor deny the allegations in Paragraph 126, as it is a statement of law, but demand strict proof of any violation of said law at trial.

127.

Forsyth Defendants neither admit nor deny the allegations in Paragraph 127, as it is a statement of law, but demand strict proof of any violation of said law at trial.

128.

Forsyth Defendants neither admit nor deny the allegations in Paragraph 128, as these allegations contain conclusions of law, but demand strict proof of them at trial.

129.

Forsyth Defendants neither admit nor deny the allegations in Paragraph 129, as these allegations contain conclusions of law, but demand strict proof of them at trial.

130.

Forsyth Defendants neither admit nor deny the allegations in Paragraph 130, as these allegations contain conclusions of law, but demand strict proof of them at trial.

131.

Forsyth Defendants neither admit nor deny the allegations in Paragraph 131, as these allegations contain conclusions of law, but demand strict proof of them at trial.

**COUNT THREE**
**First and Fourteenth Amendments**
**U.S. Const. amend., XIV; 42 U.S.C. § 1983**
**(Undue Burden on Right to Vote)**

132.

Forsyth Defendants adopt and restate all responses to Paragraphs 1 through 131 of this Answer as if specifically set forth in the paragraph.

133.

Forsyth Defendants neither admit nor deny the allegations in Paragraph 133, as it is a statement of law, but demand strict proof of any violation of said law at trial.

134.

Forsyth Defendants neither admit nor deny the allegations in Paragraph 134,

as these allegations contain conclusions of law, but demand strict proof of them at trial.

135.

Forsyth Defendants neither admit nor deny the allegations in Paragraph 135, as these allegations contain conclusions of law, but demand strict proof of them at trial.

136.

Defendants neither admit nor deny the allegations in Paragraph 136, as these allegations contain conclusions of law, but demand strict proof of them at trial.

137.

Forsyth Defendants neither admit nor deny the allegations in Paragraph 137, as these allegations contain conclusions of law, but demand strict proof of them at trial.

**RESPONSE TO PRAYERS**

**<u>PRAYER FOR RELIEF</u>**

1.

Paragraph 1 contains a request for relief that requires no response. To the extent a response is required from Forsyth Defendants, Forsyth Defendants state that

they will comply with Georgia law and defer questions of constitutionality to the Court.

2.

Paragraph 2 contains a request for relief that requires no response. To the extent a response is required from Forsyth Defendants, Forsyth Defendants state that they will comply with Georgia law and defer questions of violations of the Voting Rights Act to the Court.

3.

Paragraph 3 contains a request for relief that requires no response. To the extent a response is required from Forsyth Defendants, Forsyth Defendants state that they will comply with Georgia law and defer questions of constitutionality to the Court.

4.

Paragraph 4 contains a request for relief that requires no response. To the extent a response is required from Forsyth Defendants, Forsyth Defendants deny that the requested relief is justified or appropriate unless the Court finds the challenged provisions unconstitutional or otherwise in violation of Federal law.

5.

Paragraph 5 contains a request for relief that requires no response. To the extent a response is required from Forsyth Defendants, Forsyth Defendants deny that the requested relief is justified or appropriate, particularly since Forsyth Defendants did not participate in the drafting or enactment of the challenged provisions and have no discretion to ignore them absent a Court order.

6.

Paragraph 6 contains a request for relief that requires no response

WHEREFORE, having answered Plaintiffs' Amended Complaint and stated defenses and objections, Forsyth Defendants respectfully requests that Plaintiffs' claims be dismissed, Plaintiffs' prayers for relief be denied in each and every particular with all costs taxed to the Plaintiffs, and Forsyth Defendants be granted such other relief as this Court may deem just and proper.

This 21st day of January, 2022.

JARRARD & DAVIS, LLP


s/ *Patrick D. Jaugstetter*
PATRICK D. JAUGSTETTER
Georgia Bar No. 389680
*Attorneys for Forsyth County Defendants*

- 35 -

222 Webb Street
Cumming, GA  30040
(678) 455-7150
patrickj@jarrard-davis.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

s/ *Patrick D. Jaugstetter*
PATRICK D. JAUGSTETTER
Georgia Bar No. 389680
*Attorneys for Forsyth County Defendants*

222 Webb Street
Cumming, GA  30040
(678) 455-7150
patrickj@jarrard-davis.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2022, I electronically filed the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF FORSYTH COUNTY DEFENDANTS with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

s/ *Patrick D. Jaugstetter*
PATRICK D. JAUGSTETTER
Georgia Bar No. 389680
*Attorneys for Forsyth County Defendants*

222 Webb Street
Cumming, GA  30040
(678) 455-7150
patrickj@jarrard-davis.com