# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

IN RE GEORGIA SENATE BILL 202     )

                                           )

                                           )

                                           )

_____ )

|  |  |
|---|---|
| CIVIL ACTION FILE NO. | |
| 1:21-mi-55555-JPB | |

THE NEW GEORGIA PROJECT,     )    CIVIL ACTION FILE NO.
BLACK VOTERS MATTER FUND, and   )    1:21-CV-1229-JPB
RISE, INC.,                                   )

Plaintiffs,                                   )

                                           )

v.                                             )

                                           )

BRAD RAFFENSPERGER, in his official )
capacity as the Georgia Secretary of State; )
REBECCA SULLIVAN, in her official )
capacity as the Vice Chair of the Georgia )
State Election Board; DAVID WORLEY, )
in his official capacity as a member of the )
Georgia State Election Board; MATTHEW )
MASHBURN, in his official capacity as a )
member of the Georgia State Election )
Board; ANH LE, in her official capacity as )
a member of the Georgia State Election )
Board; MARGARET BENTLEY, in her )
official capacity as Chairman of the )
SPALDING County Board of Elections )
and Voter Registration; GLENDA )
HENLEY, in her official capacity as )
Secretary of the SPALDING County Board )
of Elections and Voter Registration; )

BETTY BRYANT, VERA MCINTOSH,                    )
and ROY MCCLAIN, in their official              )
capacities as Members of the SPALDING           )
County Board of Elections and Voter             )
Registration; CHARLES DAVE, in his              )
official capacity as BROOKS County              )
Elections Superintendent; ZURICH                )
DESHAZIOR, DON DISTEFANO, and                   )
KAREN MURRAY, in their official                 )
capacities as members of the BROOKS             )
County Board of Elections; ALEX WAN,            )
in his official capacity as Chairman of the     )
FULTON County Registration and                  )
Elections Board; MARK WINGATE,                  )
KATHLEEN RUTH, VERNETTA KEITH                   )
NURIDDIN, and AARON JOHNSON, in                 )
their official capacities as Members of the     )
FULTON County Registration and                  )
Elections Board; KEITH GAMMAGE, in              )
his official capacity as the Solicitor General  )
of FULTON County; and GREGORY W.                )
EDWARDS, in his official capacity as the        )
District Attorney for DOUGHERTY                  )
County,                                         )
                                                )
Defendants.                                     )
_____)

## FULTON COUNTY DEFENDANTS' ANSWER TO PLAINITFFS' AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**COME NOW,** Director Richard Barron, and members of the FCBRE, Alex Wan, Vernetta Nuriddin, Kathleen Ruth, Mark Wingate, and Aaron Johnson, in their official capacities (hereafter "Fulton County Defendants") through counsel, and

respectfully file this their Answer to Plaintiffs' First Amended Complaint showing the Court as follows:

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs lack standing to bring all or a portion of their claims against the Fulton County Defendants.

### SECOND DEFENSE

Plaintiffs have failed to state a claim upon which relief may be granted against the Fulton County Defendants.

### THIRD DEFENSE

Fulton County Defendants were not responsible for the drafting or enactment of S.B. 202 and do not have discretion over whether to comply with validly passed state election laws.  Fulton County Defendants show that they will abide by any order of this Court regarding the constitutionality of S.B.202 or injunctive relief granted as to the enforcement of its provisions and would have done so without being named as defendants in this litigation.

### FOURTH DEFENSE

To the extent the "Introduction" portion of the Complaint contains legal argument and a summary of Plaintiffs' claims and does not require an admission

or denial. To the extent that any response is required, the Fulton County Defendants deny that Plaintiffs are entitled to any relief.

## **FIFTH DEFENSE**

Fulton County Defendants have not breached a duty owed to Plaintiffs.

## **SIXTH DEFENSE**

Fulton County Defendants' compliance with Georgia law is being carried out in good faith, without conscious, reckless, or negligent disregard for the rights of any voter.

## **SEVENTH DEFENSE**

Fulton County Defendants have not subjected Plaintiffs to the deprivation of any rights, due process or equal protection guaranteed by the Georgia Constitution or the United States Constitution.

## **EIGHTH DEFENSE**

Fulton County Defendants are not capable of providing a remedy to Plaintiffs since their powers and duties do not include the ability to determine the voting laws or system of the State of Georgia.

## NINTH DEFENSE

Plaintiffs' claims against the Fulton County Defendants are barred by Eleventh Amendment Immunity.

## TENTH DEFENSE

Subject to and without waiving the foregoing affirmative defenses, Fulton County Defendants respond to the individually numbered paragraphs of the Plaintiff's Complaint as follows:

## NATURE OF THE CASE

1.

Paragraph 1 contains legal conclusions within the purview of the Court and as such does not require an admission or denial, for these reasons the allegations contained in Paragraph 1 are denied.  By way of further answer, Fulton County Defendants are without knowledge or information sufficient to form a response to the allegations contained in Paragraph 1, and for this reason, the allegations contained in Paragraph 1 are also denied.

2.

Fulton County Defendants admit the allegations in Paragraph 2.

3.

Fulton County Defendants admit the allegations in Paragraph 3.

4.

The allegations in Paragraph 4 contain legal conclusions within the purview of the Court and as such does not require an admission or denial, for these reasons the allegations contained in Paragraph 4 are denied.

5.

The allegations in Paragraph 5 contain legal conclusions within the purview of the Court and as such does not require an admission or denial, for these reasons the allegations contained in Paragraph 5 are denied.

6.

The allegations in Paragraph 6 contain legal conclusion within the purview of the Court and as such do not require admission or denial, for these reasons the allegations contained in Paragraph 6 are denied.

7.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 7.

8.

Fulton County Defendants assert that the statements cited in Paragraph 8 speak for themselves.

9.

Fulton County Defendants admit the allegations of Paragraph 9.

10.

The allegations of Paragraph 10 state legal conclusions within the purview of the Court and as such do not require admission or denial, for these reasons the allegations in Paragraph 10 are denied.

11.

The allegations of Paragraph 11 state legal conclusions within the purview of the Court and as such do not require admission or denial, for these reasons the allegations in Paragraph 11 are denied.

## JURISDICTION AND VENUE

12.

The allegations of Paragraph 12 state legal conclusions state legal conclusions within the purview of the Court and as such do not require admission or denial, for these reasons the allegations in Paragraph 12 are denied.

13.

Fulton County Defendants admit the allegations of Paragraph 13.

14.

Fulton County Defendants admit the allegations of Paragraph 14.

15.

The allegations of Paragraph 15 contain legal conclusions within the purview of the Court and as such do not require admission or denial, for these reasons the allegations in Paragraph 15 are denied. Fulton County Defendants are without sufficient knowledge and information concerning the operations of the New Georgia Project, Black Voters Matter Fund and Rise, Inc. Fulton County Defendants admit that Jauan Durbin is a registered voter in Fulton County.

16.

Fulton County Defendants admit the allegations of Paragraph 16.

## **PARTIES**

17.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 17.

18.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 18.

19.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 19.

20.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 20.

21.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 21.

22.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 22.

23.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 23.

24.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 24.

25.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 25.

26.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 26.

27.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 27.

28.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 28.

29.

Fulton County Defendants admit the Jauan Durbin is a registered voter in Fulton County, and that Senate Bill 202 reduced the time for casting a ballot in future

runoff elections. Fulton County Defendants are without sufficient knowledge or information to either admit or deny the remaining allegations in Paragraph 29.

30.

Fulton County Defendants assert that the law referenced in Paragraph 30 speaks for itself.

31.

Fulton County Defendants assert that the law referenced in Paragraph 31 speaks for itself.

32.

Fulton County Defendants assert that the law referenced in Paragraph 32 speaks for itself.

33.

Fulton County Defendants are without sufficient knowledge and information to either admit or deny the allegations in Paragraph 33.

34.

Fulton County Defendants are without sufficient knowledge and information to either admit or deny the allegations in Paragraph 34.

35.

Fulton County Defendants deny that Alex Wan is the Chairman of the Fulton County Board of Registration and Elections and that Vernetta Nuriddin is a member of the Fulton County Board of Registration and Elections.   Fulton County Defendants further answer that the laws cited in Paragraph 35 speak for themselves.

36.

Fulton County Defendants admit the allegations in Paragraph 36.

37.

Fulton County Defendants are without sufficient knowledge and information to either admit or deny the allegations in Paragraph 37.

## **STATEMENT OF FACTS AND LAW**

38.

Fulton County Defendants are without sufficient knowledge and information to either admit or deny the allegations in Paragraph 38.

39.

Fulton County Defendants are without sufficient knowledge and information to either admit or deny the allegations in Paragraph 39.

40.

Fulton County Defendants are without sufficient knowledge and information to either admit or deny the allegations in Paragraph 40.

41.

Fulton County Defendants are without sufficient knowledge and information to either admit or deny the allegations in Paragraph 41.

42.

Fulton County Defendants are without sufficient knowledge and information to either admit or deny the allegations as stated in Paragraph 42.

43.

Fulton County Defendants are without sufficient knowledge and information to either admit or deny the allegations in Paragraph 43.

44.

Fulton County Defendants are without sufficient knowledge and information to either admit or deny the allegations in Paragraph 44.

45.

Fulton County Defendants admit the allegations in Paragraph 45.

46.

Fulton County Defendants admit the allegations in Paragraph 46.

47.

Fulton County Defendants are without sufficient knowledge and information to either admit or deny the allegations in Paragraph 47.

48.

Fulton County Defendants are without sufficient knowledge and information to either admit or deny the allegations in Paragraph 48.

49.

Fulton County Defendants admit the allegations of Paragraph 49.

50.

Fulton County denies the allegations of Paragraph 50 as stated.

51.

Fulton County Defendants are without sufficient knowledge and information to either admit or deny the allegations in Paragraph 51.

52.

Fulton County Defendants are without sufficient knowledge and information to either admit or deny the allegations in Paragraph 52.

53.

Fulton County Defendants admit that they offered extended early voting hours, outdoor drop boxes and mobile voting to give voters additional opportunities

to cast a ballot. Fulton County Defendants are without sufficient knowledge or information to either admit or deny the remaining allegations of Paragraph 53.

54.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations of Paragraph 54.

55.

Fulton County Defendants admit the allegations of Paragraph 55.

56.

Fulton County Defendants admit the allegations of Paragraph 56.

57.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations of Paragraph 57

58.

Fulton County Defendants assert that the statements referenced in Paragraph 58 speak for themselves.

59.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations of Paragraph 59.

60.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations of Paragraph 60.

61.

Fulton County Defendants assert that the letter referenced in Paragraph 61 speaks for itself.

62.

Fulton County Defendants assert that the letter referenced in Paragraph 62 speaks for itself.

63.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 63.

64.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 64.

65.

Fulton County Defendants assert that the statements referenced in Paragraph 65 speak for themselves.

66.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 66.

67.

Fulton County Defendants admit the allegations of Paragraph 67.

68.

Fulton County Defendants admit the allegations of Paragraph 68.

69.

The allegations of Paragraph 69 contain legal conclusions within the purview of the Court and as such do not require admission or denial, for these reasons the allegations in Paragraph 69 are denied.

70.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 70.

71.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 71.

72.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 72.

73.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 73.   The study referenced in Paragraph 73 speaks for itself.

74.

The study referenced in Paragraph 74 speaks for itself.

75.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 75.

76.

Fulton County Defendants admit the allegations in Paragraph 76.

77.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 77.

78.

Fulton County Defendants admit the allegations in Paragraph 78.

79.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 79.

80.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 80.

81.

Fulton County Defendants admit the allegations in Paragraph 81.

82.

Fulton County Defendants admit the allegations in Paragraph 82.

83.

Fulton County Defendants admit the allegations in Paragraph 83.

84.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 84.

85.

Fulton County Defendants admit the allegations in Paragraph 85.

86.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 86.

87.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 87.

88.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 88.

89.

Fulton County Defendants admit the allegations in Paragraph 89.

90.

Fulton County Defendants assert that the bill referenced in Paragraph 90 speaks for itself.

91.

Fulton County Defendants assert that the bill referenced in Paragraph 91 speaks for itself.

92.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 92.

93.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 93.

94.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 94.

95.

Fulton County Defendants admit the allegations in Paragraph 95.

96.

Fulton County Defendants admit the allegations in Paragraph 96.

97.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 97.

98.

Fulton County Defendants that the study referenced in Paragraph 98 speaks for itself.

99.

Paragraph 99 asserts legal conclusions within the purview of the Court and as such do not require admission or denial, for these reasons the allegations in Paragraph 99 are denied.

100.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 100.

101.

Fulton County Defendants admit the allegations in Paragraph 101.

102.

Paragraph 102 asserts a legal conclusion within the purview of the Court and as such do not require admission or denial, for these reasons the allegations in Paragraph 102 are denied.

103.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 103.

104.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 104.

105.

Fulton County Defendants admit the allegations in Paragraph 105.

106.

Fulton County Defendants deny the allegations in Paragraph 106 as stated.

107.

Fulton County Defendants deny the allegations in Paragraph 107.

108.

Fulton County Defendants admit the allegations in Paragraph 108.

109.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 109.

110.

Paragraph 110 asserts a legal conclusion that does not require admission or denial.

111.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 111.

112.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 112.

113.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 113.

114.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 114.

115.

Fulton County Defendants assert that the public statement referenced in Paragraph 115 speaks for itself.

116.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 116.

117.

Paragraph 117 asserts a legal conclusion that does not require admission or denial.  By way of further response, the bill referenced in Paragraph 117 speaks for itself.

118.

The bill referenced in Paragraph 118 speaks for itself.

119.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 119.

120.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 120.

121.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 121.

122.

The bill referenced in Paragraph 22 speaks for itself.

123.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 123.

124.

Fulton County Defendants admit the allegations in Paragraph 124.

125.

The sections of the bill referenced in Paragraph 125 speak for themselves.

126.

The section of the bill referenced in Paragraph 126 speaks for itself.

127.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 127.

128.

Fulton County Defendants admit the allegations in Paragraph 128.

129.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 129.

130.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 130.

131.

Fulton County Defendants admit the allegations in Paragraph 131.

132.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 132.

133.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 133.

134.

Fulton County Defendants admit the allegations in Paragraph 134.

135.

The law referenced in Paragraph 135 speaks for itself.

136

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 136.

137.

The caselaw referenced in Paragraph 137 speak for themselves.

138.

The case referenced in Paragraph 138 speaks for itself.

139.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 139.

140.

The robocall referenced in Paragraph 140 speaks for itself.

141.

The statements cited in Paragraph 141 speak for themselves.

142.

The statements cited in Paragraph 142 speak for themselves.

143.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 143.

144.

The statements referenced in Paragraph 144 speak for themselves.

145.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 145.

146.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 146.

147.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 147.

148.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 148.

149.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 149.

150.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 150.

151.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 151.

152.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 152.

153.

The survey and study referenced in Paragraph 153 speak for themselves.

154.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 154.

## **CLAIMS FOR RELIEF**

## **COUNT I**

155.

Fulton County Defendants reallege and incorporate Paragraphs 1 through 154, as though fully set forth herein.

156.

The cases cited in Paragraph 156 speak for themselves.

157.

The cases cited in Paragraph 157 speak for themselves.

158.

Paragraph 158 asserts a legal conclusion within the purview of the Court and as such does not require admission or denial, for these reasons the allegations in Paragraph 158 are denied.

159.

Fulton County Defendants admit the allegations in Paragraph 159.

160.

Paragraph 160 asserts a legal conclusion within the purview of the Court and as such does not require admission or denial, for these reasons the allegations in Paragraph 160 are denied.

161.

Paragraph 161 asserts a legal conclusion within the purview of the Court and as such does not require admission or denial, for these reasons the allegations in Paragraph 161 are denied.

162.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny that voters are subjected to ongoing abuse and intimidation as alleged in Paragraph 162.  The remaining allegations in Paragraph 162 are admitted.

163.

Fulton County Defendants deny the allegations of Paragraph 163 as stated.

164.

Paragraph 164 asserts a legal conclusion within the purview of the Court and as such does not require admission or denial, for these reasons the allegations in Paragraph 164 are denied.

165.

Fulton County Defendants are without sufficient knowledge or information to either admit or deny the allegations in Paragraph 165.

166.

Paragraph 166 asserts a legal conclusion within the purview of the Court and as such does not require admission or denial, for these reasons the allegations in Paragraph 166 are denied.

## **COUNT II**

167.

Fulton County Defendants reallege and incorporate by reference Paragraphs 1 through 166, as though fully set forth herein.

168.

The code section referenced in Paragraph 168 speaks for itself.

169.

The case referenced in Paragraph 169 speaks for itself.

170.

The case referenced in Paragraph 170 speaks for itself.

171.

Paragraph 171 asserts a legal conclusion within the purview of the Court and as such do not require admission or denial, for these reasons the allegations in Paragraph 171 are denied.

172.

Paragraph 172 asserts a legal conclusion within the purview of the Court and as such do not require admission or denial, for these reasons the allegations in Paragraph 172 are denied. Further, the case cited in Paragraph 172 speaks for itself.

173.

The case cited in Paragraph 173 speaks for itself.

174.

Fulton County Defendants admit that there is a history of voting related discrimination in Georgia.   Fulton County Defendants are without sufficient knowledge and information to either admit or deny the remaining allegations in Paragraph 174.

175.

Paragraph 175 asserts legal conclusions within the purview of the Court and as such do not require admission or denial, for these reasons the allegations in Paragraph 175 are denied.

176.

Paragraph 176 asserts a legal conclusion within the purview of the Court and as such does not require admission or denial, for these reasons the allegations in Paragraph 176 are denied.

## COUNT III

177.

Fulton County Defendants reallege and incorporate by reference Paragraphs 1 through 176.

178.

The cases cited in Paragraph 178 speak for themselves.

179.

The case cited in paragraph 179 speaks for itself.

180.

The case cited in paragraph 180 speaks for itself.

181.

Paragraph 181 asserts a legal conclusion within the purview of the Court and as such does not require admission or denial, for these reasons the allegations in Paragraph 181 are denied.  By way of further answer, the case cited in Paragraph 181 speaks for itself.

182.

Fulton County Defendants admit the allegations in Paragraph 182.

183.

Fulton County Defendants are without sufficient knowledge and information to either admit or deny the allegations in Paragraph 183.

184.

Paragraph 184 asserts a legal conclusion within the purview of the Court and as such does not require admission or denial, for these reasons the allegations in Paragraph 184 are denied.

## **COUNT IV**

185.

Fulton County Defendants adopt and restate all responses to Paragraphs 1 through 184 of this Answer as if specifically set forth in the paragraph.

186.

Paragraph 186 asserts a legal conclusion within the purview of the Court and as such does not require admission or denial, for these reasons the allegations in Paragraph 186 are denied.

187.

Paragraph 187 asserts a legal conclusion within the purview of the Court and as such does not require admission or denial, for these reasons the allegations in Paragraph 187 are denied.

188.

Paragraph 188 asserts a legal conclusion within the purview of the Court and as such does not require admission or denial, for these reasons the allegations in Paragraph 188 are denied.

189.

Paragraph 189 asserts a legal conclusion within the purview of the Court and as such does not require admission or denial, for these reasons the allegations in Paragraph 189 are denied.

## COUNT V

190.

Fulton County Defendants reallege and incorporate by reference Paragraphs 1 through 189 as though fully set forth herein.

191.

Paragraph 191 asserts a legal conclusion within the purview of the Court and as such does not require admission or denial, for these reasons the allegations in Paragraph 191 are denied.

192.

The case cited in Paragraph 192 speaks for itself.

193.

Fulton County Defendants admit that the allegation in Paragraph 193.

194.

The case cited in Paragraph 194 speaks for itself.

195.

Fulton County Defendants admit that SB 202 requires electors applying for voting by absentee ballot to provide a unique identifier, such as a driver's license or state identification number.   Fulton County Defendants are without sufficient

knowledge or information to either admit or deny the remaining allegations in Paragraph 195.

196.

Fulton County Defendants deny the allegations in Paragraph 196 as stated.

197.

Paragraph 197 asserts a legal conclusion within the purview of the Court and as such does not require admission or denial, for these reasons the allegations in Paragraph 197 are denied.

## RESPONSE TO PRAYERS

(a).

Paragraph (a) contains a request for relief that requires no response. To the extent a response is required from Fulton County Defendants, Fulton County Defendants state that they will comply with Georgia law and defer questions of constitutionality to the Court.

(b).

Paragraph (b) contains a request for relief that requires no response. To the extent a response is required from Fulton County Defendants, Fulton County Defendants state that they will comply with Georgia law and defer questions of violations of the Voting Rights Act to the Court.

(c).

Paragraph (c) contains a request for relief that requires no response. To the extent a response is required from Fulton County Defendants, Fulton County Defendants state that they will comply with Georgia law and defer questions of constitutionality to the Court.

(d)

Paragraph (d) contains a request for relief that requires no response. To the extent a response is required from Fulton County Defendants, Fulton County Defendants state that they will comply with Georgia law and defer questions of violations of the Civil Rights Act to the Court.

(e)

Paragraph (e) contains a request for relief that requires no response. To the extent a response is required from Fulton County Defendants, Fulton County Defendants deny that the requested relief is justified or appropriate, unless the Court finds the challenged provisions unconstitutional or otherwise in violation of Federal law

(e) [sic]

Paragraph (e) [sic] contains a request for relief that requires no response. To the extent a response is required from Fulton County Defendants, Fulton County

Defendants deny that the requested relief is justified or appropriate, particularly since the Fulton County Defendants did not participate in the drafting or enactment of the challenged provisions and have no discretion to ignore them absent a Court order.

(f)

Paragraph (f) contains a request for relief that requires no response

**WHEREFORE**, having answered Plaintiffs' Amended Complaint and stated defenses and objections, Fulton County Defendants respectfully requests that Plaintiffs' claims be dismissed, Plaintiffs' prayers for relief be denied in each and every particular with all costs taxed to the Plaintiffs, and Fulton County Defendants be granted such other relief as this Court may deem just and proper.

Respectfully submitted this 21st day of January, 2022.

**OFFICE OF THE COUNTY ATTORNEY**

**/s/ Y. Soo Jo**
County Attorney
Georgia Bar Number: 385817
Soo.jo@fultoncountyga.gov

**/s/ Cheryl Ringer**
Georgia Bar Number: 557420
cheryl.ringer@fultoncountyga.gov

<u>**/s/ David R. Lowman**</u>
Georgia Bar Number: 460298
david.lowman@fultoncountyga.gov

**OFFICE OF THE COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
Telephone: (404) 612-0246

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1</u>

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

**/s/ David R. Lowman**
David Lowman
Georgia Bar Number: 460298
david.lowman@fultoncountyga.gov

**OFFICE OF THE COUNTY ATTORNEY**
141 Pryor Street S.W., Suite 4038
Atlanta, Georgia 30303
(404) 612-0246
(404) 730-6324 (Facsimile)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

IN RE GEORGIA SENATE BILL 202    )
    )      CIVIL ACTION FILE NO.
    )
    )        1:21-mi-55555-JPB
_____)

THE NEW GEORGIA PROJECT,    )    CIVIL ACTION FILE NO.
BLACK VOTERS MATTER FUND, and  )  1:21-CV-1229-JPB
RISE, INC.,    )
    )
Plaintiffs,    )
    )
v.    )
    )
BRAD RAFFENSPERGER, in his official  )
capacity as the Georgia Secretary of State;  )
REBECCA SULLIVAN,in her official  )
capacity as the Vice Chair of the Georgia  )
State Election Board; DAVID WORLEY,  )
in his official capacity as a member of the  )
Georgia State Election Board; MATTHEW  )
MASHBURN,in his official capacity as a  )
member of the Georgia State Election  )
Board; ANH LE, in her official capacity as  )
a member of the Georgia State Election  )
Board; MARGARET BENTLEY, in her  )
official capacity as Chairman of the  )
SPALDING County Board of Elections  )
and Voter Registration; GLENDA  )
HENLEY, in her official capacity as  )
Secretary of the SPALDING County Board  )

of Elections and Voter Registration;                    )
BETTY BRYANT, VERA MCINTOSH,                             )
and ROY MCCLAIN, in their official                      )
capacities as Members of the SPALDING                   )
County Board of Elections and Voter                     )
Registration; CHARLES DAVE, in his                      )
official capacity as BROOK                              )
County Elections Superintendent; ZURICH                 )
DESHAZIOR, DON DISTEFANO, and                           )
KAREN MURRAY, in their official                         )
capacities as members of the BROOKS                     )
County Board of Elections; ALEX WAN,                    )
in his official capacity as Chairman of the             )
FULTON County Registration and                          )
Elections Board; MARK WINGATE,                          )
KATHLEEN RUTH, VERNETTA KEITH                           )
NURIDDIN, and AARON JOHNSON, in                         )
their official capacities as Members of the             )
FULTON County Registration and                          )
Elections Board; KEITH GAMMAGE, in                      )
his official capacity as the Solicitor General          )
of FULTON County; and GREGORY W.                        )
EDWARDS, in his official capacity as the                )
District Attorney for DOUGHERTY                         )
County,                                                 )
                                                        )
Defendants.                                             )
_____)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the **FULTON COUNTY**

**DEFENDANTS ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

**FOR DECLARATORY AND INJUNCTIVE RELIEF** with the Clerk of the court

using the CM/ECF system, which automatically sends email notification of such

filing to all attorneys of record.

This 21st day of January, 2022.

*/s/ David R. Lowman*
David R. Lowman
Georgia Bar No. 460298
david.lowman@fultoncountyga.gov

**OFFICE OF THE COUNTY ATTORNEY**
141 Pryor Street S.W., Suite 4038
Atlanta, Georgia 30303
(404) 612-0246
(404) 730-6324 (Facsimile)