## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | Master Case No.:<br>1:21-MI-55555-JPB |
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br><br>    v.<br><br>THE STATE OF GEORGIA, *et al.*,<br><br>    *Defendants*,<br><br>REPUBLICAN NATIONAL<br>COMMITTEE, *et al.*,<br><br>    *Intervenor-Defendants.* | Civil Action No.:<br>1:21-CV-02575-JPB |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

**INTRODUCTION**

Through SB 202, Georgia added additional security and integrity to the State's election process, ensuring that Georgia's citizens can vote both easily and securely. That SB 202 does nothing to undermine the ease with which Georgia citizens can vote is effectively conceded by the Plaintiff (represented by the Department of Justice) when it fails to allege that anyone's right to vote has been or will be denied, abridged, or diluted because of their race. Indeed, the Department does not even claim that SB 202 has any discriminatory effect. Instead, it suggests (incorrectly) that the legislative process leading to SB 202 was tainted by discriminatory intent and that the statute must therefore fall. But the Department well knows that, in this Circuit, "discriminatory intent alone is *insufficient* to establish a violation of Section 2" of the Voting Rights Act. *Johnson v. DeSoto Cnty. Bd. of Comm'rs*, 72 F.3d 1556, 1561 (11th Cir. 1996) (emphasis added).

The Department's failure to allege a discriminatory effect despite its necessity for a Section 2 violation suggests that the Department's real intent here is to intrude into Georgia's constitutional authority to regulate the "time, place, and manner" of its elections, U.S. Const. art. I, § 4, cl. 1, for political reasons. The Department knows that SB 202 imposes reasonable, non-discriminatory, and mainstream requirements on the election process. That, of

course, is why the Department has not challenged identical (or even more restrictive) requirements in left-leaning States such as Delaware, New York, Rhode Island, and New Jersey. It appears, then, that this case is nothing more than an attempt to gain political advantages for candidates aligned with the political party of the incumbent federal Administration, all at the expense of Georgia taxpayers and voters.

This selective civil prosecution of Georgia, despite the existence of other, more obvious targets with similar or more restrictive voting regulations, violates the "equal sovereignty doctrine." And it shows an antipathy for Georgia voters, who will face greater difficulty in ensuring the integrity and fairness of their elections if they are unable to rely upon reasonable election safeguards like those enacted in other states. For each of these reasons, and those addressed more fully below, Plaintiff's claim is without merit.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred by what the U.S. Supreme Court has called the "equal sovereignty doctrine," which rests upon Article IV of the federal Constitution, because Plaintiff has singled out and targeted the State of Georgia for taking the same actions that many other States have taken, yet which Plaintiff has not targeted through civil prosecution.

### Second Affirmative Defense

Plaintiff's selective civil prosecution against Defendants but not against other States with similar or more restrictive election laws violates the Equal Protection and First Amendment rights of Georgia's citizens.  It does so by forcing them, based on their presumed political viewpoints, to assume a risk that their elections will be less secure and subject to greater risk of misconduct, because of the Plaintiff's efforts to thwart Georgia citizens' ability to adopt and enforce laws that are common in other States.

### Third Affirmative Defense

Plaintiff has unclean hands, misusing selective civil prosecution against a State for the apparent purpose of gaining a political advantage for candidates aligned with the political party of the incumbent federal Administration, while ignoring identical or even more restrictive election laws enacted in States dominated by the political party of that Administration.

### Fourth Affirmative Defense

Plaintiff fails to state a claim upon which relief may be granted because, among other things, SB 202 does not have a discriminatory purpose or intent.

### Fifth Affirmative Defense

Contrary to Plaintiff's assertions and assumptions, Section 2 of the Voting Rights Act does not provide for an intent-only claim.

3

**Sixth Affirmative Defense**

If Section 2 of the Voting Rights Act allows for an intent-only claim, it is unconstitutional.  The Eleventh Circuit recognizes "two prongs to an equal protection analysis under the Fourteenth Amendment and a denial or abridgment analysis under the Fifteenth Amendment" namely, discriminatory "intent *and* effect."  *Greater Birmingham Ministries v. Sec'y of State for State of Alabama*, 992 F.3d 1299, 1321 (11th Cir. 2021) (emphasis in original).  Any interpretation of Section 2 that imposes liability on Defendants without one of those two necessary prongs would accordingly exceed Congress's enforcement power under those two amendments.

**Seventh Affirmative Defense**

Plaintiff failed to join necessary and indispensable parties.

**Eighth Affirmative Defense**

Plaintiff's claims are precluded by the equitable doctrine of laches.

**Ninth Affirmative Defense**

Plaintiff's requested relief is barred by the *Purcell* principle.

**Tenth Affirmative Defense**

Defendants reserve the right to amend their defenses and to add additional ones, including lack of subject matter jurisdiction based on the

mootness or ripeness doctrines, as further information becomes available in discovery.

## RESPONSES

Defendants respond below to the separately numbered paragraphs and prayer for relief contained in the Complaint. To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

Defendants answer as follows:

1. Defendants admit that the State of Georgia enacted The Election Integrity Act of 2021 (SB 202) in March 2021. The remainder of Paragraph 1 contains Plaintiff's characterization of SB 202 and the purposes behind its enactment, not allegations of fact, to which no response is required. To the extent a response is required, Defendants deny Plaintiff's characterization and respectfully refer the Court to SB 202 for the most accurate statement of its purpose.

2.     The bullet points in Paragraph 2 contain Plaintiff's characterization of SB 202, rather than allegations of fact, to which no response is required.   To the extent a response is deemed necessary, Defendants deny Plaintiff's characterization.   By way of further response, Defendants respectfully refer the Court to the text of SB 202 for a full and accurate statement of its contents and its provisions.   Defendants deny the final sentence of Paragraph 2.

3.     Paragraph 3 contains Plaintiff's conclusions of law and characterization of this action, not allegations of fact, to which no response is required.   To the extent a response is deemed necessary, Defendants admit that the Attorney General has enforcement authority under the Voting Rights Act but deny that SB 202 violates the Voting Rights Act.

4.     Defendants admit that SB 202 was signed into law on March 25, 2021, and that SB 202 enacted several measures to strengthen the integrity of Georgia's electoral system.   The remainder of Paragraph 4 contains Plaintiff's conclusions of law and characterization of this action, not allegations of fact, to which no response is required.   By way of further response, Defendants respectfully refer the Court to the text of SB 202 for a full and accurate statement of its contents and its provisions.

5.     Defendants deny the allegations in Paragraph 5.

6

## JURISDICTION AND VENUE[1]

6.    Defendants admit the allegations in Paragraph 6.

7.    Defendants admit the allegations in Paragraph 7.

## PARTIES

8.    Defendants admit that the Attorney General has enforcement authority under the Voting Rights Act but deny that SB 202 violates the Voting Rights Act.

9.    Defendants admit the allegations in Paragraph 9.

10.    Defendants admit the allegations in Paragraph 10.

11.    Defendants admit that Defendant Brad Raffensperger is the Georgia Secretary of State and an ex officio, non-voting member of the State Election Board, and that he is sued his official capacity. Defendants deny the remaining allegations in Paragraph 11.

## ALLEGATIONS

### Population and Voter Participation Data

12.    Defendants admit that the allegations contained in Paragraph 12 accurately reflect the 2010 Census population estimates.

---

[1] For ease of reference, Defendants refer to Plaintiff's headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

13.     Paragraph 13 contains Plaintiff's characterization of Census estimates, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the cited Census estimates and deny any allegation inconsistent therewith.

14.     Paragraph 14 contains Plaintiff's characterization of Census estimates, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the cited Census estimates and deny any allegation inconsistent therewith.

15.     Paragraph 15 contains Plaintiff's characterization of Census estimates and survey data, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the cited Census estimates and survey data for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

16.     Paragraph 16 contains Plaintiff's characterization of survey data, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the cited survey for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

17.     Defendants admit the contained in Paragraph 17.

18.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 18.

19.     Defendants admit the allegations contained in Paragraph 19.

20.     Defendants admit the allegations contained in Paragraph 20.

21.     Defendants admit that in 2018, approximately 6.89 percent of Black voters and 4.24 percent of white voters cast an absentee by mail ballot. The remainder of Paragraph 21 contains Plaintiff's characterization of voter data, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the cited data for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

22.     Defendants admit that more voters voted by absentee ballot in the 2020 elections.  For the remainder of Paragraph 22, Defendants respectfully refer the Court to the underlying voter data for a full and correct statement of their contents and deny any allegation inconsistent therewith.

**Socio-Economic Data**

23.     Paragraph 23 contains Plaintiff's characterization of survey data, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the cited survey for a full

and accurate statement of its contents and deny any allegations inconsistent therewith.

24.     Paragraph 24 contains Plaintiff's characterization of survey data, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the cited survey for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

25.     Paragraph 25 contains Plaintiff's characterization of survey data, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the cited survey for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

26.     Paragraph 26 contains Plaintiff's characterization of survey data, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the cited survey for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

27.     Paragraph 27 contains Plaintiff's characterization of survey data, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the cited survey for a full

and accurate statement of its contents and deny any allegations inconsistent therewith.

28.   Paragraph 28 contains Plaintiff's characterization of survey data, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the cited survey for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

29.   Paragraph 29 contains Plaintiff's characterization of survey data, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the cited survey for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

**The State of Georgia's History of Discrimination**

30.   Paragraph 30 contains Plaintiff's characterization of the cited cases, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to those cases for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

31.   Defendants admit that the State of Georgia was previously subject to the preclearance requirement of Section 5 of the Voting Rights Act.  The

remainder of Paragraph 31 contains Plaintiff's characterization of authority and legal conclusions, not allegations of fact, to which no response is required. By way of further response, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

32.     Paragraph 32 contains a legal conclusion, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

33.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 33.

34.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 34.

**Provisions of SB 202**

35.     Defendants admit that SB 202 makes several changes to Georgia's election laws. Defendants deny Plaintiff's characterizations of SB 202 in this paragraph, and respectfully refer the Court to the text of SB 202 for a full and accurate statement of its contents.

**A.      Government-Mailed Absentee Ballot Applications**

36.     Defendants admit the allegations contained in Paragraph 36, but note that this was done through emergency measures to mitigate risks associated with in-person voting during the COVID-19 pandemic.

37.     Defendants admit that more voters voted by absentee ballots in the June 2020 primary than in previous elections.

38.     Defendants admit the allegations contained in Paragraph 38.

39.     Defendants admit that the State did not distribute unsolicited absentee ballot applications for the November 2020 or January 2021 elections. Defendants deny Plaintiff's allegations of the reason for that decision.  The remainder of Paragraph 39 contains Plaintiffs' characterization the cited interview, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the cited interview for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

40.     Defendants admit the allegations contained in Paragraph 40.

41.     Defendants admit the allegations contained in Paragraph 41.

42.     Defendants admit the allegations contained in Paragraph 42.

**B.     Third-Party-Provided Absentee Ballot Applications**

43.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 43.  The remainder of this paragraph contains legal conclusions, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

44.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 44.

**C.     Identification Requirement for Requesting an Absentee Ballot**

45.     Defendants admit that photo identification has been required to vote in-person in Georgia since 2006 and that, prior to SB 202, the identity of voters voting by absentee ballots was verified by other means.

46.     Defendants admit the allegations contained in Paragraph 46.

47.     Defendants admit the allegations contained in Paragraph 47.

48.     Defendants admit the allegations contained in Paragraph 48.

49.     Defendants admit the allegations contained in Paragraph 49.

50.     Defendants admit the allegations contained in Paragraph 50.

51.     Defendants lack sufficient knowledge or information with which to form a belief as to the accuracy of the allegations contained in Paragraph 51.

52.     Paragraph 52 contains Plaintiff's characterization of legislative debates, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the record of such debates for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

53.     Paragraph 53 contains Plaintiff's characterization of publicly available statements made on Twitter, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the cited statements for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

54.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 54.

**D.     Window to Request Absentee Ballots**

55.     Paragraph 55 contains Plaintiff's legal conclusions, not allegations of fact, to which no response is required.

56.     Paragraph 56 contains Plaintiff's legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court

to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

57.     Paragraph 57 contains Plaintiff's legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

58.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 58.

59.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 59.

**E.     Drop Boxes**

60.     Defendants admit the allegations contained in Paragraph 60.

61.     Defendants admit the allegations contained in Paragraph 61.

62.     Paragraph 62 contains Plaintiff's characterization of authority and legal conclusions, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the relevant authority for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

63. Defendants admit that voters used drop boxes to return ballots in the November 2020 and January 2021 elections. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 63.

64. Defendants admit that many voters used drop boxes to return ballots in the November 2020 and January 2021 elections. By way of further response, Defendants respectfully refer the Court to the cited article that Plaintiff characterizes in Paragraph 64 for a full and accurate statement of its content and deny any allegations inconsistent therewith.

65. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 65.

66. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 66.

67. Paragraph 67 contains Plaintiff's legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required. By way of further response, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

68. Paragraph 68 contains Plaintiff's legal conclusions and characterization of SB 202, not allegations of fact, to which no response is

17

required.  By way of further response, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

69.    Paragraph 69 contains Plaintiff's legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

70.    Paragraph 70 contains Plaintiff's legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

71.    Paragraph 71 contains Plaintiff's legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

**F.      Food and Drink Distribution**

72.    Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 72.

73.    Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in this Paragraph 73.

74.    Paragraph 74 contains Plaintiff's legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

75.    Paragraph 75 contains Plaintiff's legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

**G.      Out-of-Precinct Provisional Ballots**

76.    Paragraph 76 contains Plaintiff's legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court

to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

77.   Paragraph 77 contains Plaintiff's legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

78.   Paragraph 78 contains Plaintiff's legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

79.   Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 79.

80.   Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 80.

**SB 202's Historical Background**

81.   Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 81.

82.     Paragraph 82 contains Plaintiff's characterization of population data, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to relevant population data for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

83.     Defendants admit the allegations contained in the first sentence of Paragraph 83.  Defendants further admit the allegations contained in the first half of the second sentence, but lack sufficient knowledge or information with which to form a belief as to the truth of the allegation that this "defied typical voting patterns for Black voters."  Defendants lack sufficient information or knowledge with which to form a belief as to the truth of the remaining allegations contained in Paragraph 83.

84.     Defendants admit that Stacey Abrams ran for Governor in 2018. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 84.

85.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 85.

86.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 86.

87.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 87.

88.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 88.

89.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 89.

90.     Paragraph 90 contains Plaintiff's characterization of voting data. Defendants respectfully refer the Court to the referenced voting data for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

91.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 91.   Defendants admit the allegations contained in the second sentence.

92.     Defendants admit the allegations contained in Paragraph 92.

93.     Defendants admit that "many voters cast absentee ballots" and utilized drop boxes.  Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in the remaining portions of Paragraph 93.

94.     Defendants admit the allegations in Paragraph 94.

95.    Defendants admit that many precincts saw an increase in voter turnout.

96.    Defendants admit that Georgia voters elected Senators Warnock and Ossoff.

97.    Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 97.

98.    Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 98.

99.    Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 99.

100.    Defendants admit that the elections in 2020 and 2021 in Georgia garnered significant media attention for many reasons.

101.    Defendants admit that Georgia law allowed voters three days after the election to cure their rejected ballots for the November 2020 general election.  Defendants deny the remaining allegations contained in Paragraph 101.

102.    Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 102.

23

103.  Defendants admit that there were legal challenges brought relating to the election results in Georgia and that those challenges were covered in the national news.

104.  Defendants admit that there were legal challenges brought relating to the election results in Georgia, but lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 104.

105.  Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 105.

106.  Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 106.

107.  Defendants admit that multiple recounts were conducted and that those recounts did not alter the outcomes of any contests.  The remaining portions of Paragraph 107 contain Plaintiff's characterization of those recounts, not allegations of fact, to which no response is required.

108.  Defendants admit that multiple recounts were conducted and that those recounts did not alter the outcomes of any contests.  The remaining portions of Paragraph 108 contain Plaintiff's characterization of those recounts, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the cited

statement for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

109. Defendants admit that there were several civil actions filed challenging the 2020 election results. The remaining portions of Paragraph 109 contain Plaintiff's characterization of those lawsuits, not allegations of fact, to which no response is required. By way of further response, Defendants respectfully refer the Court to the referenced lawsuits for a full and accurate depiction of their allegations and resolution, and deny any allegation inconsistent therewith. Defendants deny the remaining allegations contained in Paragraph 109.

110. Defendants admit that there were several civil actions filed challenging the 2020 election results, and that some of the lawyers who filed those lawsuits testified at state legislative committee hearings. The remaining portions of Paragraph 110 contain Plaintiff's characterization of those legislative proceedings, not allegations of fact, to which no response is required. By way of further response, Defendants respectfully refer the Court to the referenced legislative proceedings for a full and accurate statement of their contents and deny any allegation inconsistent therewith.

111. Paragraph 111 contains Plaintiff's characterization of an interview, not allegations of fact, to which no response is required. By way of

further response, Defendants respectfully refer the Court to the cited interview for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

### Legislative History and Enactment of SB 202

112.   Defendants admit the allegations contained in Paragraph 112.

113.   Defendants admit the allegations contained in Paragraph 113.

114.   Paragraph 114 contains Plaintiff's characterization of the cited article, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the cited article for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

115.   Defendants admit the allegations contained in Paragraph 115 but deny that they have any bearing on the claims included in this action.

116.   Defendants admit that the Senate Ethics Committee held a hearing SB 202 on March 3, 2021.  The remaining portions of Paragraph 116 contain Plaintiff's characterization of that hearing, not allegations of fact, to which no response is required.  By of further response, Defendants respectfully refer the Court to the cited hearing for a full and accurate statement of the statements made and deny any allegations inconsistent therewith.

117.   Defendants admit the allegations contained in the first two sentences of Paragraph 117.   Defendants further admit the allegations contained in the third sentence of Paragraph 117 but deny that they have any bearing on this action.

118.   Defendants admit the allegations contained in Paragraph 118.

119.   Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 119.

120.   Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 120.

121.   Defendants admit that the Special Committee on Election Integrity met on March 18.  The remaining portion of Paragraph 121 contains Plaintiff's characterization of a statement allegedly made by Representative Burnough, not allegations of fact, to which no response is required.  By way of further answer, Defendants respectfully refer the Court to the referenced statement for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

122.   Paragraph 122 contains Plaintiff's characterization of legislative proceedings, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the referenced

proceedings for a full and accurate statement of their contents and deny any allegation in consistent therewith.

123.   Paragraph 123 contains Plaintiff's characterization of legislative proceedings, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the referenced proceedings for a full and accurate statement of their contents and deny any allegation in consistent therewith.

124.   Paragraph 124 contains Plaintiff's characterization of legislative proceedings, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the referenced proceedings for a full and accurate statement of their contents and deny any allegation in consistent therewith.

125.   Defendants admit that the House Special Committee met on March 22 and voted favorably on the 90-page substitute bill. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegation that a vote was held "within an hour."

126.   Paragraph 126 contains Plaintiff's characterization of legislative proceedings, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the referenced proceedings for a full and accurate statement of their contents and deny any

allegation in consistent therewith.  Moreover, Defendants deny the implication that it is uncommon for legislators to voice or objections about legislation during the legislative process.

127.   Paragraph 127 contains Plaintiff's characterization of legislative proceedings, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the referenced proceedings for a full and accurate statement of their contents and deny any allegation in consistent therewith.  Moreover, Defendants deny the implication that it is uncommon for legislators to voice or objections about legislation during the legislative process.

128.   Defendants admit that the House debated SB 202 on March 25.  The remaining portions of Paragraph 128 contain Plaintiff's characterization of legislative proceedings, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the referenced proceedings for a full and accurate statement of their contents and deny any allegation in consistent therewith.  Moreover, Defendants deny the implication that it is uncommon for legislators to voice or objections about legislation during the legislative process.

129.   Paragraph 129 contains Plaintiff's characterization of legislative proceedings and multiple levels of hearsay, not allegations of fact, to which no

response is required.  By way of further response, Defendants respectfully refer the Court to the referenced proceedings for a full and accurate statement of their contents and deny any allegation in consistent therewith.  Moreover, Defendants deny the implication that it is uncommon for legislators to voice or objections about legislation during the legislative process

130.   Defendants admit the allegations contained in Paragraph 130, but deny that they have any bearing on the claims included in this action.

131.   Paragraph 131 contains Plaintiff's characterization of legislative proceedings, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the referenced proceedings for a full and accurate statement of their contents and deny any allegation in consistent therewith.

132.   Defendants admit the allegations contained in Paragraph 132, but deny that they have any bearing on the claims included in this action.

133.   Defendants admit that Governor Kemp signed SB 202 in a room with other individuals.  Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 133.

**Passage of SB 202 was Motivated by Discriminatory Purpose**

134.   Defendants deny the allegations contained in Paragraph 134.

135.   Defendants deny the allegations contained in Paragraph 135.

136.   Defendants deny each of the allegations stated or implied in Paragraph 136.

137.   Paragraph 137 contains legal conclusions, not allegations of fact, to which no response is required. To the extent that this paragraph contains factual allegations to which a response is necessary, Defendants deny those factual allegations.

138.   Defendants deny the allegations stated or implied in Paragraph 138.

139.   Defendants deny the allegations stated or implied in Paragraph 139.

140.   Defendants deny the allegations stated or implied in Paragraph 140.

141.   Defendants deny the allegations stated or implied in Paragraph 141.

142.   Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 142.

143.   Defendants deny the allegations stated or implied in Paragraph 143.

144.   Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 144.

145.   Defendants deny the allegations stated or implied in Paragraph 145.

146.   Defendants deny the allegations stated or implied in Paragraph 146.

147.   Defendants deny the allegations stated or implied in Paragraph 147.

148.   Defendants deny the allegations stated or implied in Paragraph 148.

149.   Defendants deny the allegations stated or implied in Paragraph 149.

150.   Defendants deny the allegations stated or implied in Paragraph 150.

151.   Defendants deny the allegations stated or implied in Paragraph 151.

152.   The first sentence of Paragraph 152 contains Plaintiffs' characterization of population data, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the referenced population data for a full and accurate statement

of their contents and deny any allegations inconsistent therewith. Defendants further admit that a majority of voters in Georgia voted for the country's first Black Vice President and Georgia's first Black U.S. Senator.  Defendants lack sufficient knowledge or information with which to form a belief as to the truth the remaining allegations contained in Paragraph 152.

153.   Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 153.

154.   Defendants admit that multiple recounts were conducted and that those recounts did not alter the outcomes of any contests.  The remaining portions of Paragraph 154 contain Plaintiff's characterization of those recounts and associated statements, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the referenced statements for a full and accurate statement of their contents and deny any allegations in consistent therewith.  To the extent that this paragraph contains factual allegations to which a response is deemed necessary, Defendants deny those factual allegations.

155.   Paragraph 155 contains Plaintiff's characterization of legislative proceedings, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the referenced proceedings for a full and accurate statement of their contents and deny any

allegation in consistent therewith. To the extent that this paragraph contains factual allegations to which a response is necessary, Defendants deny those factual allegations.

156. Defendants deny the factual allegations stated or implied in Paragraph 156.

157. Paragraph 157 contains Plaintiff's characterization of legislative proceedings, not allegations of fact, to which no response is required. By way of further response, Defendants respectfully refer the Court to the referenced proceedings for a full and accurate statement of their contents and deny any allegation in consistent therewith. To the extent that this paragraph contains factual allegations to which a response is necessary, Defendants deny those factual allegations.

158. Paragraph 158 contains Plaintiff's legal conclusions to which no response is required. To the extent that this paragraph contains factual allegations to which a response is necessary, Defendants deny those factual allegations.

## CAUSE OF ACTION

## Section 2 of the Voting Rights Act, 52 U.S.C. § 10301

159. Defendants incorporate by reference and reallege their responses to the foregoing allegations as if fully restated herein.

160. Paragraph 160 contains Plaintiff's legal conclusions, not allegations of fact, to which no response is required.  To the extent that this paragraph contains factual allegations to which a response is necessary, Defendants deny those factual allegations.

161. Paragraph 161 contains Plaintiff's legal conclusions, not allegations of fact, to which no response is required.  To the extent that this paragraph contains factual allegations to which a response is necessary, Defendants deny those factual allegations.

162. Paragraph 162 contains Plaintiff's legal conclusions, not allegations of fact, to which no response is required.  To the extent that this paragraph contains factual allegations to which a response is necessary, Defendants deny those factual allegations.

163. Paragraph 163 contains Plaintiff's legal conclusions, not allegations of fact, to which no response is required.  To the extent that this paragraph contains factual allegations to which a response is necessary, Defendants deny those factual allegations.

164. Defendants deny the allegations contained in Paragraph 164.

165. Defendants deny the allegations contained in Paragraph 165.

## PRAYER FOR RELIEF

The remaining portions of Plaintiff's Compliant contain its request for relief, to which no response is required. To the extent a response is deemed necessary, Defendants deny that Plaintiff is entitled to any relief whatsoever.

Respectfully submitted this 21st day of January 2022.

Christopher M. Carr
Attorney General
Georgia Bar No. 112505
Bryan K. Webb
Deputy Attorney General
Georgia Bar No. 743580
Russell D. Willard
Senior Assistant Attorney General
Georgia Bar No. 760280
Charlene McGowan
Assistant Attorney General
Georgia Bar No. 697316
**State Law Department**
40 Capitol Square, S.W.
Atlanta, Georgia 30334

*/s/ Gene C. Schaerr*
Gene C. Schaerr*
Special Assistant Attorney General
Erik Jaffe*
H. Christopher Bartolomucci*
Brian J. Field*
Riddhi Dasgupta*
Joshua J. Prince*
**Schaerr | Jaffe LLP**
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com
*Admitted pro hac vice*

Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
**Taylor English Duma LLP**
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
(678) 336-7249

*Counsel for Defendants*

Dated:  January 21, 2022

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing document has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Gene C. Schaerr*
Gene C. Schaerr