**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | Master Case No.: 1:21-MI-55555-JPB |
| ASIAN AMERICANS ADVANCING JUSTICE – ATLANTA, STEVEN J. PAIK, DEEPUM PATEL, NORA AQUINO, THUY HANG TRAN, THAO TRAN, and ANJALI ENJETI-SYDOW, | NO. 1:21-CV-01333-JPB |
| *Plaintiffs*, | |
| v. | |
| BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State, *et al.,* | |
| *Defendants*, | |
| REPUBLICAN NATIONAL COMMITTEE, *et al.*, | |
| *Intervenor-Defendants.* | |

**STATE DEFENDANTS' ANSWER
TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

## INTRODUCTION

SB 202 updates Georgia's reasonable, nondiscriminatory election rules in response to lessons learned from challenges to the 2018 and 2020 elections. And SB 202 provides procedural safeguards of the type necessary to restore confidence in the integrity of Georgia elections for voters on all sides of the political spectrum. The reforms are also designed to streamline the process of conducting elections in Georgia and reduce the burdens on elections officials. Contrary to the First Amended Complaint, SB 202 expands ballot access beyond previous statutory limits.

Ignoring this expanded access created by SB 202, the First Amended Complaint asks the Court to make permanent various emergency practices that were temporarily permitted by the State during the 2020 and 2021 elections due to the COVID-19 pandemic. Yet there is no basis to do so, as Georgia's election laws, as amended by SB 202, expand every voter's access to voting.

Tellingly, the First Amended Complaint focuses largely on practices most susceptible to abuse, such as the solicitation and harvesting of absentee ballots, and claims that regulation of those practices is "discriminatory." But there is nothing discriminatory about restricting practices that are widely recognized to undermine ballot integrity. Moreover, the claim of

discrimination rests on the *false* assumption that demographic groups Plaintiffs claim to represent are either less competent or less honest than other demographic groups in the Georgia electorate.

Plaintiffs also complain about past long lines and polling place closures. But those resulted from decisions in the Democrat-dominated counties where those problems occurred and have nothing to do with SB 202's reforms, which are designed to reduce similar problems in the future.

In short, Plaintiffs' claims should be rejected because this Court's role "does not extend to second-guessing and interfering with a State's reasonable, nondiscriminatory election rules." *New Ga. Project v. Raffensperger*, 976 F.3d 1278, 1284 (11th Cir. 2020). That is surely so when the alternative is judicial enactment of Plaintiffs' partisan policy goals.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs fail to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs lack standing to bring this action.

### Third Affirmative Defense

Plaintiffs' claims are barred by sovereign immunity and the Eleventh Amendment to the United States Constitution.

### Fourth Affirmative Defense

Plaintiffs have not been subjected to the deprivation of any right, privilege, or immunity under the Constitution or laws of the United States.

### Fifth Affirmative Defense

Plaintiffs failed to join necessary and indispensable parties.

### Sixth Affirmative Defense

Plaintiffs' requested relief is barred by the *Purcell* principle.

### Seventh Affirmative Defense

Plaintiffs' Voting Rights Act Section 2 claims are barred because there is no private right of action under Section 2.

### Eighth Affirmative Defense

Defendants reserve the right to amend their defenses and to add additional ones, including lack of subject matter jurisdiction based on mootness or ripeness, as further information becomes available in discovery.

### RESPONSES

State Defendants respond to the separately numbered paragraphs and prayer for relief contained in the First Amended Complaint below. To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the First Amended Complaint refers to or quotes from external documents, statutes, or other sources, State Defendants may refer to such

materials for their accurate and complete contents; however, State Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiffs; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

State Defendants answer as follows:

## I.  INTRODUCTION[1]

1.      State Defendants deny the allegations in Paragraph 1.

2.      State Defendants deny the allegations in Paragraph 2.

3.      State Defendants admit that, in the distant past, Georgia had racially discriminatory election procedures.   State Defendants deny the remaining allegations in Paragraph 3.

4.      Paragraph 4 sets forth legal conclusions to which no response is required, and, therefore, State Defendants deny them. SB 202 speaks for itself. State Defendants deny the remaining allegations in this Paragraph.

5.      Paragraph 5 sets forth legal conclusions to which no response is required.   The remaining portions of this paragraph contain Plaintiffs'

---

[1] For ease of reference, State Defendants refer to Plaintiffs' headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

characterization of voting data.  State Defendants respectfully refer the Court to the referenced voting data for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

6.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 6 and deny them on that basis.

7.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 7 and deny them on that basis.

8.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 8 and deny them on that basis.

9.     State Defendants admit that the legislature stated that its reasoning for passing SB 202 was to restore voters' confidence in Georgia's election administration. State Defendants admit that Secretary Raffensperger stated in January 2021 that Georgia experienced "safe, secure, honest elections."  State Defendants deny the remaining allegations contained in Paragraph 9.

10.     State Defendants deny the allegations in Paragraph 10.

11.     Paragraph 11 sets forth legal conclusions to which no response is required, and Defendants therefore deny them. State Defendants deny the remaining allegations in this Paragraph.

12.     Paragraph 12 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. The cited legal authority speaks for itself. State Defendants deny the remaining allegations in this Paragraph.

13.     Paragraph 13 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny the remaining allegations in this Paragraph.

## II.     JURISDICTION AND VENUE

14.     Paragraph 14 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny the remaining allegations in this Paragraph.

15.     State Defendants admit that this Court has federal-question jurisdiction for claims arising under the Voting Rights Act. State Defendants deny the remaining allegations in Paragraph 15.

16.     State Defendants admit the allegations in Paragraph 16.

17.    To the extent the Court has jurisdiction over this matter, Defendants admit that venue is proper in this Court.  State Defendants deny the remaining allegations in Paragraph 17.

18.    Paragraph 18 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself.

### III.   PARTIES

19.    Defendants deny the allegations contained in Paragraph 19.

20.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 20 and deny them on that basis.

21.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 21 and deny them on that basis.

22.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 22 and deny them on that basis.

23.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 23 and deny them on that basis.

24.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 24 and deny them on that basis.

25.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 25 and deny them on that basis.

26.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 26 and deny them on that basis.

27.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 27 and deny them on that basis.

28.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 28 and deny them on that basis.

29.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 29 and deny them on that basis.

30.    Paragraph 30 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  State Defendants deny all remaining allegations in this Paragraph.

31.    State Defendants admit that Secretary Raffensperger is the Secretary of State of Georgia.  Paragraph 31 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself.  State Defendants deny all remaining allegations in this Paragraph.

32.    Defendants deny the allegations contained in the first sentence of this paragraph.  By way of further response, Defendants aver that the current State Election Board Members are Sara Ghazal, Matthew Mashburn, Edward Lindsey, and Janice Johnston.  The remaining portions of this paragraph set forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself.  State Defendants deny all remaining allegations in Paragraph 32.

33.    Defendants admit that counties are responsive for conducting elections.  By way of further answer, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

34.     State Defendants admit that the defendants named in Paragraph 34 are sued in their official capacities.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 34 and deny them on that basis.

35.     State Defendants admit that the defendant named in Paragraph 35 is sued in her official capacity.  Paragraph 35 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 35 and deny them on that basis.

36.     Paragraph 36 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 36 and deny them on that basis.

37.     State Defendants admit that the defendants named in Paragraph 37 are sued in their official capacities.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 37 and deny them on that basis.

38.     Paragraph 38 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 38 and deny them on that basis.

39.     Paragraph 39 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 39 and deny them on that basis.

40.     State Defendants admit that the defendants named in Paragraph 40 are sued in their official capacities.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 40 and deny them on that basis.

41.     Paragraph 41 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 41 and deny them on that basis.

42.     Paragraph 42 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself.  State Defendants lack sufficient knowledge or information

with which to form a belief as to the truth of the remaining allegations in Paragraph 42 and deny them on that basis.

43.    State Defendants admit that the defendants named in Paragraph 43 are sued in their official capacities.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 43 and deny them on that basis.

44.    State Defendants admit that the defendant named in Paragraph 44 is sued in her official capacity. Paragraph 44 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 44 and deny them on that basis.

45.    Paragraph 45 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 45 and deny them on that basis.

46.    State Defendants admit that the defendant named in Paragraph 46 are sued in their official capacities. State Defendants lack sufficient

knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 46 and deny them on that basis.

47.     State Defendants admit that the defendant named in Paragraph 47 is sued in his official capacity. Paragraph 47 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 47 and deny them on that basis.

48.     Paragraph 48 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. The cited legal authority speaks for itself. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 48 and deny them on that basis.

49.     State Defendants admit that the defendants named in Paragraph 49 are sued in their official capacities. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 49 and deny them on that basis.

50.     State Defendants admit that the defendant named in Paragraph 50 is sued in her official capacity. Paragraph 50 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.

13

State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 50 and deny them on that basis.

## IV.    FACTUAL ALLEGATIONS

### A.    Georgia AAPI Voters and the Recent Elections

51.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 51.

52.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 52 and deny them on that basis.

53.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 53 and deny them on that basis.

54.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 54 and deny them on that basis.

55.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 55 and deny them on that basis.

56.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 56 and deny them on that basis.

57.     State Defendants admit the accuracy of the voting data contained in the third and fourth sentences of Paragraph 57.  The remainder of this paragraph contains Plaintiffs' characterization of the voting data, not allegations of fact, to which no response is required.  By way of further response, State Defendants respectfully refer the Court to the referenced voting data for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

58.     State Defendants admit that, before the June 2020 primary, the Secretary Raffensperger mailed absentee ballot applications in English to Georgia voters. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 58 and deny them on that basis.

59.     State Defendants deny the allegations in Paragraph 59.

60.     State Defendants admit that Secretary Raffensperger, Governor Kemp, and Lieutenant Governor Duncan made statements defending the integrity of Georgia elections. State Defendants deny the remaining allegations in Paragraph 60.

**B.      Racial Discrimination and Voting in Georgia**

61.     State Defendants admit that, in the distant past, Georgia had a history of racial discrimination.  Paragraph 61 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

62.     State Defendants admit that Georgia formerly was a covered jurisdiction under Section 5 of the Voting Rights Act. Paragraph 62 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself.  State Defendants note that most of the identified "categories" have been recognized as lawful by the Supreme Court of the United States and other federal courts. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 62 and deny them on that basis.

63.     Paragraph 63 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself.  State Defendants deny all remaining allegations in this Paragraph.

64.    Paragraph 64 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  State Defendants deny all remaining allegations in this Paragraph.

65.    Paragraph 65 sets forth legal conclusions, not allegations of fact, to which no response is required.  State Defendants deny all remaining allegations in this Paragraph.

66.    State Defendants admit that 313,000 voters were removed but deny the allegations in Paragraph 66.

67.    Paragraph 67 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  State Defendants deny all remaining allegations in this Paragraph.

68.    Paragraph 68 of the Complaint sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 68 and deny them on that basis.

69.    Paragraph 69 of the Complaint sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants lack sufficient knowledge or information with which to form

a belief as to the truth of the remaining allegations in Paragraph 69 and deny them on that basis.

70.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 70 and deny them on that basis.

71.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 71 and deny them on that basis.

72.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 72 and deny them on that basis.

### C.    The Challenged Laws

#### 1.    SB 202's Legislative History

73.    State Defendants admit that Jon Ossoff and Raphael Warnock are Georgia's U.S. Senators, and that the legislature formed the House Special Committee on Election Integrity.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 73 and deny them on that basis.

74.    State Defendants admit that the Georgia General Assembly passed SB 202 on March 25, 2021.  Paragraph 74 sets forth legal conclusions

to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in this Paragraph.

75.    Paragraph 75 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.   State Defendants deny all remaining allegations in this Paragraph.

76.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 76 and deny them on that basis.

77.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 77 and deny them on that basis.

78.    Paragraph 78 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 78 and deny them on that basis.

79.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 79 and deny them on that basis.

80.    State Defendants admit that the Georgia House passed SB 202 and transmitted the bill to the Senate.  Paragraph 80 sets forth legal conclusions

19

to which no response is required, and State Defendants therefore deny them. SB 202 speaks for itself.  State Defendants deny SB 202 was enacted under procedures unusual to the 45-day session of the Georgia legislature.  State Defendants SB lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 80 and deny them on that basis.

81.    State Defendants admit that Governor Kemp signed SB 202 into law on March 25, 2021, and that State Rep. Cannon was removed from the State Capitol on that date.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 81 and deny them on that basis.

### 2.    Impact of SB 202 Provisions on the AAPI Community

#### a.    Restricted Timeframes to Request and Receive Absentee Ballots

82.    State Defendants admit that Georgia voters have used absentee voting for numerous election cycles.  State Defendants deny all remaining allegations in Paragraph 82.

83.    State Defendants admit that Georgia voters have used absentee voting for numerous election cycles. Paragraph 83 sets forth legal conclusions

to which no response is required, and State Defendants therefore deny them. State Defendants deny all remaining allegations in Paragraph 83.

84.     Paragraph 84 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.

85.     Paragraph 85 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

86.     Paragraph 86 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

87.     This paragraph contains Plaintiffs' characterization of voting data. State Defendants respectfully refer the Court to the referenced voting data for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

88.     Paragraph 88 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself. State Defendants deny that SB 202's absentee ballot provisions severely restrict or deny anyone the right to vote.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 88 and deny them on that basis.

89.    Paragraph 89 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 89 and deny them on that basis.

90.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 90 and deny them on that basis.

91.    Paragraph 91 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  State Defendants deny all remaining allegations in this Paragraph.

### b.    Barriers to Access Secure Ballot Drop Boxes

92.    Paragraph 92 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  State Defendants deny that any Georgia statutory authority for drop boxes existed before SB 202, and that the emergency rule permitting temporary use of drop boxes during the pandemic had or could have had permanent effect. State Defendants deny all remaining allegations in this Paragraph.

93.    Paragraph 93 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  State Defendants deny that any Georgia statutory authority for drop boxes existed before SB 202, and

that the emergency rule permitting temporary use of drop boxes during the pandemic had or could have had permanent effect. State Defendants deny all remaining allegations in this Paragraph.

94.     State Defendants admit that the emergency orders permitting the use of drop boxes during the pandemic included the requirements set forth in Paragraph 94.

95.     State Defendants deny the allegations in Paragraph 95.

96.     State Defendants admit that SB 202 provides the first statutory authority for election officials in Georgia to use drop boxes.  Paragraph 96 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself.  State Defendants deny all remaining allegations in this Paragraph.

97.     State Defendants admit that SB 202 provides the first statutory authority for election officials in Georgia to use of drop boxes.  Paragraph 97 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself.  State Defendants deny all remaining allegations in this Paragraph.

98.     State Defendants admit that SB 202 provides the first statutory authority for election officials in Georgia to use of drop boxes.  Paragraph 98 sets forth legal conclusions to which no response is required, and State

Defendants therefore deny them.  SB 202 speaks for itself.  State Defendants deny all remaining allegations in this Paragraph.

99.    State Defendants admit that SB 202 provides the first statutory authority for election officials in Georgia to use of drop boxes.  Paragraph 99 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself.  State Defendants deny all remaining allegations in this Paragraph.

100.   State Defendants admit that SB 202 provides the first statutory authority for election officials in Georgia to use of drop boxes.  Paragraph 100 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself.  State Defendants deny all remaining allegations in this Paragraph.

101.   State Defendants deny the allegations in Paragraph 101.

### c.    Prohibition Against Proactive Mailing of Ballot Applications

102.   State Defendants admit the allegations in Paragraph 102.

103.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 103 and deny them on that basis.

104.   Paragraph 104 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

105.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 105 and deny them on that basis.

106.   Paragraph 106 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

107.   Paragraph 107 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 107 and deny them on that basis.

108.   State Defendants deny the allegations in Paragraph 108.

### d.   Additional and Burdensome Identification Requirement

109.   Paragraph 109 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

110.   Paragraph 110 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  State Defendants deny all remaining allegations in this Paragraph.

111.   Paragraph 111 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

112.   State Defendants deny the allegations in Paragraph 112.

### e.   Criminalization of Assistance in Returning Completed Ballot Applications

113.   Paragraph 113 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 113 and deny them on that basis.

114.   Paragraph 114 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself. State Defendants deny all remaining allegations in this Paragraph.

115.   Paragraph 115 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  SB 202 speaks for itself. State Defendants lack sufficient knowledge or information with which to form

a belief as to the truth of the allegations in Paragraph 115 and deny them on that basis.

116.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 116 and deny them on that basis.

117.   State Defendants deny the allegations in Paragraph 117.

## CLAIMS FOR RELIEF
## COUNT ONE
### Violation of Section 2 of the Voting Rights Act
### 52 U.S.C. 10301, et seq.
### (Intentional Racial Discrimination and Discriminatory Results)

118.   State Defendants incorporate by reference and reallege their responses to Plaintiffs' preceding allegations as if fully restated herein.

119.   Paragraph 119 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself.

120.   Paragraph 120 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself.   State Defendants deny all remaining allegations in this Paragraph.

121.   Paragraph 121 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  State Defendants deny all remaining allegations in this Paragraph.

122.   Paragraph 122 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  State Defendants deny all remaining allegations in this Paragraph.

## COUNT TWO
## Fourteenth and Fifteenth Amendments
## U.S. Const. amend., XIV; 42 U.S.C. §  1983(Intentional Race Discrimination)

123.   State Defendants incorporate by reference and reallege their responses to Plaintiffs' preceding allegations as if fully restated herein.

124.   Paragraph 124 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself.

125.   Paragraph 125 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself.

126.   Paragraph 126 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself.

127.   Paragraph 127 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself.

128.   State Defendants deny the allegations in Paragraph 128.

129.   State Defendants deny the allegations in Paragraph 129.

130.   State Defendants deny the allegations in Paragraph 130.

131.   State Defendants deny the allegations contained in Paragraph 131.

## COUNT THREE
### First and Fourteenth Amendments
### U.S. Const. amend. XIV; 42 U.S.C. § 1983
### (Undue Burden on the Right to Vote)

132.   State Defendants incorporate by reference and reallege their responses to Plaintiffs' preceding allegations as if fully restated herein.

133.   Paragraph 133 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authorities speak for themselves.

134.   State Defendants deny the allegations in Paragraph 134.

135.   State Defendants deny the allegations in Paragraph 135.

136.   State Defendants deny the allegations in Paragraph 136.

137.   State Defendants deny the allegations in Paragraph 137.

**Prayer for Relief**

Defendants deny that Plaintiffs are entitled to any relief they seek.

Defendants further deny every allegation not specifically admitted in this

Answer.

Respectfully submitted this 21st day of January, 2022.

Respectfully submitted,

Christopher M. Carr
Attorney General
Georgia Bar No. 112505
Bryan K. Webb
Deputy Attorney General
Georgia Bar No. 743580
Russell D. Willard
Senior Assistant Attorney General
Georgia Bar No. 760280
Charlene McGowan
Assistant Attorney General
Georgia Bar No. 697316
**State Law Department**
40 Capitol Square, S.W.
Atlanta, Georgia 30334

*/s/ Gene C. Schaerr*
Gene C. Schaerr*
Special Assistant Attorney General
Erik Jaffe*
H. Christopher Bartolomucci*
Brian J. Field*
Riddhi Dasgupta*
Joshua J. Prince*
**SCHAERR | JAFFE LLP**
1717 K Street NW, Suite 900
Washington, DC 20006

30

(202) 787-1060
gschaerr@schaerr-jaffe.com
*Admitted pro hac vice*

Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
**Taylor English Duma LLP**
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
(678) 336-7249

*Counsel for State Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing document has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Gene C. Schaerr*
Gene C. Schaerr