# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | Master Case No.:<br>1:21-MI-55555-JPB |
| SIXTH DISTRICT OF THE AFRICAN METHODIST EPISCOPAL CHURCH, a Georgia nonprofit organization, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>BRIAN KEMP, Governor of the State of Georgia, in his official capacity, *et al.*,<br><br>*Defendants*,<br><br>REPUBLICAN NATIONAL COMMITTEE, *et al.*,<br><br>*Intervenor-Defendants*. | Civil Action No.:<br>1:21-CV-01284-JPB |

## STATE DEFENDANTS' ANSWER TO
## PLAINTIFFS' FIRST AMENDED COMPLAINT

## INTRODUCTION

SB 202 updates Georgia's reasonable, nondiscriminatory election rules in response to lessons learned from challenges to the 2018 and 2020 elections. And SB 202 provides procedural safeguards of the type necessary to restore confidence in the integrity of Georgia elections for voters on all sides of the political spectrum. The reforms are also designed to streamline the process of conducting elections in Georgia and reduce the burdens on elections officials.  Contrary to the First Amended Complaint, SB 202 expands ballot access beyond previous statutory limits.

Ignoring this expanded access created by SB 202, the First Amended Complaint asks the Court to make permanent various emergency practices that were temporarily permitted by the State during the 2020 and 2021 elections due to the COVID-19 pandemic.  Yet there is no basis to do so, as Georgia's election laws, as amended by SB 202, expand every voter's access to voting.

Tellingly, the First Amended Complaint focuses largely on practices most susceptible to abuse, such as the solicitation and harvesting of absentee ballots, and claims that regulation of those practices is "discriminatory."  But there is nothing discriminatory about restricting practices that are widely recognized to undermine ballot integrity.  Moreover, the claim of

discrimination rests on the *false* assumption that demographic groups Plaintiffs claim to represent are either less competent or less honest than other demographic groups in the Georgia electorate.

Plaintiffs also complain about past long lines and polling place closures. But those resulted from decisions in the Democrat-dominated counties where those problems occurred and have nothing to do with SB 202's reforms, which are designed to reduce similar problems in the future.

In short, Plaintiffs' claims should be rejected because this Court's role "does not extend to second-guessing and interfering with a State's reasonable, nondiscriminatory election rules." *New Ga. Project v. Raffensperger*, 976 F.3d 1278, 1284 (11th Cir. 2020). That is surely so when the alternative is judicial enactment of Plaintiffs' partisan policy goals.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs fail to state a claim upon which relief may be granted because, among other things, SB 202 does not have a discriminatory purpose or intent.

### Second Affirmative Defense

Plaintiffs lack standing to bring this action.

### Third Affirmative Defense

Plaintiffs' claims are barred by sovereign immunity and the Eleventh Amendment to the United States Constitution.

### Fourth Affirmative Defense

Plaintiffs have not been subjected to the deprivation of any right, privilege, or immunity under the Constitution or laws of the United States.

### Fifth Affirmative Defense

Plaintiffs failed to join necessary and indispensable parties.

### Sixth Affirmative Defense

Plaintiffs' requested relief is barred by the *Purcell* principle.

### Seventh Affirmative Defense

Plaintiffs' Voting Rights Act Section 2 claims are barred because there is no private right of action under Section 2.

### Eighth Affirmative Defense

State Defendants reserve the right to amend their defenses and to add additional ones, including lack of subject matter jurisdiction based on the mootness or ripeness doctrines, as further information becomes available in discovery.

## RESPONSES

State Defendants respond to the separately numbered paragraphs and prayer for relief contained in the First Amended Complaint below.  To the extent that any allegation is not expressly admitted herein, it is denied.  Moreover, to the extent that the First Amended Complaint refers to or quotes from external documents, statutes, or other sources, State Defendants may refer to such materials for their accurate and complete contents; however, State Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiffs; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

On those understandings, State Defendants answer as follows:

## INTRODUCTION[1]

1.    Paragraph 1 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required.  By way of further response, State Defendants respectfully refer the Court to the cited authority for a full and

---

[1] For ease of reference, State Defendants refer hereafter to Plaintiffs' headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

accurate statement of its contents and deny any allegations inconsistent therewith.

2.      State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 2 and deny them on that basis.

3.      State Defendants admit the importance of the right to vote.  By way of further response, State Defendants aver that SB 202 was passed for the purpose of protecting that important right.

4.      State Defendants deny the allegations contained in Paragraph 4.

5.      Paragraph 5 contains Plaintiffs' characterization of population data, not allegations of fact, to which no response is required.  By way of further response, State Defendants respectfully refer the Court to the relevant population data for a full and accurate statement of their contents and deny any allegation inconsistent therewith.

6.      State Defendants deny the allegations contained in Paragraph 6.

7.      State Defendants deny that there were barriers to vote in the 2020 General Election and 2021 Runoff Elections. State Defendants admit the remaining allegations contained in Paragraph 7.

8.      Paragraph 8 contains Plaintiffs' characterization of voter turnout data, not allegations of fact, to which no response is required.  By way of further

response, State Defendants respectfully refer the Court to the relevant turnout data for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

9.      Paragraph 9 contains Plaintiffs' characterization of voter turnout data, not allegations of fact, to which no response is required.  By way of further response, State Defendants respectfully refer the Court to the relevant turnout data for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

10.      State Defendants admit that the 2020 elections and 2021 runoff elections took place in a global pandemic. This remaining allegations in Paragraph 10 contain Plaintiffs' characterization of voter turnout and epidemiological data, not allegations of fact, to which no response is required. By way of further response, State Defendants respectfully refer the Court to the relevant turnout data for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

11.      State Defendants deny the allegations contained in Paragraph 11.

12.      State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 12 and deny them on that basis.

13.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 13 and deny them on that basis.

14.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 14 and deny them on that basis.

15.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 15 and deny them on that basis.

16.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 16 and deny them on that basis.

17.     State Defendants admit the allegations contained in Paragraph 17.

18.     Paragraph 18 contains Plaintiffs' legal conclusions and characterizations of election results, legal action, and uncited statements, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the referenced election results, legal actions, and statements for a full and accurate statement of their outcomes and contents and deny any allegation inconsistent therewith.

19.     Paragraph 19 contains Plaintiffs' characterization of voting activity, not allegations of fact, to which no response is required.  By way of further response, State Defendants respectfully refer the Court to the voting activity for a full and accurate description of its results and deny any allegations inconsistent therewith.

20.     State Defendants deny the allegations contained in Paragraph 20.

21.     State Defendants deny the allegations contained in Paragraph 21.

22.     State Defendants deny the allegations contained in Paragraph 22 and further state that the provisions of SB 202 speak for themselves.

23.     State Defendants deny the allegations contained in the first two sentence of Paragraph 23.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in this paragraph and deny them on that basis.

24.     State Defendants deny the allegations contained in the first two sentences of Paragraph 24.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in this paragraph and deny them on that basis.

25.     State Defendants deny the allegations contained in Paragraph 25.

26.    Paragraph 26 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required.  To the extent a response is deemed necessary, State Defendants deny the allegations contained in this paragraph.

27.   Paragraph 27 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required.  To the extent a response is deemed necessary, State Defendants deny the allegations contained in this paragraph.

28.   Paragraph 28 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required.  To the extent a response is deemed necessary, State Defendants deny the allegations contained in this paragraph.

29.    Paragraph 29 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required. State Defendants deny the remaining allegations in this paragraph.

30.    Paragraph 30 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required.  By way of further response, State Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

31.    Paragraph 31 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required.  To the extent a response is deemed necessary, State Defendants deny the allegations contained in this paragraph.

## PARTIES

### Plaintiffs

32.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 32 and deny them on that basis.

33.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 33 and deny them on that basis.

34.    State Defendants deny the allegations contained in Paragraph 34.

35.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 35 and deny them on that basis.

36.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 36 and deny them on that basis.

37.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 37 and deny them on that basis.

38.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 38 and deny them on that basis.

39.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 39 and deny them on that basis.

40.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 40 and deny them on that basis.

41.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 41 and deny them on that basis.

42.     State Defendants deny the allegations regarding the effects of SB 202. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 42 and deny them on that basis.

43.     State Defendants deny the allegations regarding the effects of SB 202. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 43 and deny them on that basis.

44.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 44 and deny them on that basis.

45.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 45 and deny them on that basis.

46.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 46 and deny them on that basis.

47.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 47 and deny them on that basis.

48.     State Defendants deny the allegations regarding the effects of SB 202. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 48 and deny them on that basis.

49.     State Defendants deny the allegations regarding the effects of SB 202. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 49 and deny them on that basis.

50.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 50 and deny them on that basis.

51.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 51 and deny them on that basis.

52.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 52 and deny them on that basis.

53.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 53 and deny them on that basis.

54.     State Defendants deny the allegations regarding the effects of SB 202. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 54 and deny them on that basis.

55.     State Defendants deny the allegations regarding the effects of SB 202.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 55 and deny them on that basis.

56.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 56 and deny them on that basis.

57.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 57 and deny them on that basis.

58.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 58 and deny them on that basis.

59.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 59 and deny them on that basis.

60.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 60 and deny them on that basis.

61.     State Defendants deny the allegations regarding the effects of SB 202. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 61 and deny them on that basis.

62.     State Defendants deny the allegations regarding the effects of SB 202. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 62 and deny them on that basis.

63.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 63 and deny them on that basis.

64.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 64 and deny them on that basis.

65.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 65 and deny them on that basis.

66.     State Defendants deny the allegations regarding the effects of SB 202. State Defendants lack sufficient knowledge or information with which to

form a belief as to the truth of the remaining allegations contained in Paragraph 66 and deny them on that basis.

67.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 67 and deny them on that basis.

68.     State Defendants deny the allegations regarding the effects of SB 202. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 68 and deny them on that basis.

69.     State Defendants deny the allegations regarding the effects of SB 202. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 69 and deny them on that basis.

70.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 70 and deny them on that basis.

71.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 71 and deny them on that basis.

72.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 72 and deny them on that basis.

73.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 73 and deny them on that basis.

74.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 74 and deny them on that basis.

75.   State Defendants deny the allegations regarding the effects of SB 202. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 75 and deny them on that basis.

76.   State Defendants deny the allegations regarding the effects of SB 202. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 76 and deny them on that basis.

77.   State Defendants deny the allegations regarding the effects of SB 202. State Defendants lack sufficient knowledge or information with which to

form a belief as to the truth of the remaining allegations contained in Paragraph 77 and deny them on that basis.

78. State Defendants deny the allegations regarding the effects of SB 202. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 78 and deny them on that basis.

79. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 79 and deny them on that basis.

80. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 80 and deny them on that basis.

81. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 81 and deny them on that basis.

82. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 82 and deny them on that basis.

83. State Defendants deny the allegations regarding the effects of SB 202. State Defendants lack sufficient knowledge or information with which to

form a belief as to the truth of the remaining allegations contained in Paragraph 83 and deny them on that basis.

84.   State Defendants deny the allegations regarding the effects of SB 202. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 84 and deny them on that basis.

85.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 85 and deny them on that basis.

86.   State Defendants deny the allegations regarding the effects of SB 202. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 86 and deny them on that basis.

87.   State Defendants deny the allegations regarding the effects of SB 202. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 87 and deny them on that basis.

88.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 88 and deny them on that basis.

89.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 89 and deny them on that basis.

90.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 90 and deny them on that basis.

91.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 91 and deny them on that basis.

92.     State Defendants deny the allegations regarding the effects of SB 202.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 92 and deny them on that basis.

## Defendants

93.     State Defendants admit the allegations contained in Paragraph 93.

94.     State Defendants admit that Brad Raffensperger is the Secretary of State, that his office issues non-binding guidance to county election officials, and that he is named in his official capacity.  The remaining allegations are

legal conclusions to which no response is required, and State Defendants deny all remaining allegations in Paragraph 94.

95.   State Defendants admit the allegations contained in Paragraph 95.  By way of further response, State Defendants aver that local county election officials are responsible for implementing many election statutes and procedures.

96.   State Defendants admit the allegations contained in Paragraph 96, except that the current members of the State Election Board are Sara Tindall Ghazal, Janice Johnston, Edward Lindsey, and Matthew Mashburn. Because this is an official-capacity suit, they are automatically substituted.

97.   State Defendants admit that the Fulton County Board of Registration and Elections is responsible for the administration of elections in Fulton County.   The remaining allegations in Paragraph 97 are legal conclusions to which no response is required. By way of further response, State Defendants respectfully refer the Court to the relevant statutes for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

98.   This answer is filed on behalf of the State Defendants, who lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 98.

99.   This answer is filed on behalf of the State Defendants, who lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 99 and deny them on that basis.  The remaining allegations are legal conclusions to which no response is required. By way of further response, State Defendants respectfully refer the Court to the relevant statutes for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

100.   State Defendants admit that the DeKalb County Board of Registration and Elections is responsible for the administration of elections in DeKalb County.   The remaining allegations in Paragraph 100 are legal conclusions to which no response is required. By way of further response, State Defendants respectfully refer the Court to the relevant statutes for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

101.   This answer is filed on behalf of the State Defendants, who lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 101.  By way of further response, Defendants

102.   This answer is filed on behalf of the State Defendants, who lack sufficient knowledge or information with which to form a belief as to the truth

of the allegations contained in Paragraph 102 and deny them on that basis. The remaining allegations are legal conclusions to which no response is required. By way of further response, State Defendants respectfully refer the Court to the relevant statutes for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

103.   State Defendants admit that the Gwinnett County Board of Registration and Elections is responsible for the administration of elections in Gwinnett County.   The remaining allegations in Paragraph 103 are legal conclusions to which no response is required. By way of further response, State Defendants respectfully refer the Court to the relevant statutes for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

104.   This answer is filed on behalf of the State Defendants, who lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 104.

105.   This answer is filed on behalf of the State Defendants, who lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 105 and deny them on that basis. The remaining allegations are legal conclusions to which no response is required. By way of further response, State Defendants respectfully refer the

Court to the relevant statutes for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

106.  State Defendants admit that the Cobb County Board of Elections and Registration is responsible for the administration of elections in Cobb County.  The remaining allegations in Paragraph 106 are legal conclusions to which no response is required. By way of further response, State Defendants respectfully refer the Court to the relevant statutes for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

107.  This answer is filed on behalf of the State Defendants, who lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 107.

108.  This answer is filed on behalf of the State Defendants, who lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 108 and deny them on that basis. The remaining allegations are legal conclusions to which no response is required. By way of further response, State Defendants respectfully refer the Court to the relevant statutes for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

109.  State Defendants admit that the Hall County Board of Elections and Registration is responsible for the administration of elections in Hall

County.  The remaining allegations in Paragraph 109 are legal conclusions to which no response is required. By way of further response, State Defendants respectfully refer the Court to the relevant statutes for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

110.   This answer is filed on behalf of the State Defendants, who lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 110.

111.   This answer is filed on behalf of the State Defendants, who lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 111 and deny them on that basis. The remaining allegations are legal conclusions to which no response is required. By way of further response, State Defendants respectfully refer the Court to the relevant statutes for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

112. State Defendants admit that the Clayton County Board of Elections and Registration is responsible for the administration of elections in Clayton County.   The remaining allegations in Paragraph 112 are legal conclusions to which no response is required. By way of further response, State Defendants respectfully refer the Court to the relevant statutes for a full and

25

accurate statement of their contents and deny any allegations inconsistent therewith.

113.   This answer is filed on behalf of the State Defendants, who lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 113.

114.   This answer is filed on behalf of the State Defendants, who lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 114 and deny them on that basis. The remaining allegations are legal conclusions to which no response is required. By way of further response, State Defendants respectfully refer the Court to the relevant statutes for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

115.   State Defendants admit that the Richmond County Board of Elections is responsible for the administration of elections in Richmond County.   The remaining allegations in Paragraph 115 are legal conclusions to which no response is required. By way of further response, State Defendants respectfully refer the Court to the relevant statutes for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

116.   This answer is filed on behalf of the State Defendants, who lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 116.

117.   This answer is filed on behalf of the State Defendants, who lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 117 and deny them on that basis. The remaining allegations are legal conclusions to which no response is required. By way of further response, State Defendants respectfully refer the Court to the relevant statutes for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

118.   State Defendants admit that the Bibb County Board of Elections is responsible for the administration of elections in Bibb County.  The remaining allegations in Paragraph 118 are legal conclusions to which no response is required. By way of further response, State Defendants respectfully refer the Court to the relevant statutes for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

119.   This answer is filed on behalf of the State Defendants, who lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 119.

120.   This answer is filed on behalf of the State Defendants, who lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 120 and deny them on that basis. The remaining allegations are legal conclusions to which no response is required. By way of further response, State Defendants respectfully refer the Court to the relevant statutes for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

121.   State Defendants admit the allegations contained in Paragraph 121.

122.   State Defendants admit the allegations contained in Paragraph 122.

123.   State Defendants admit that the Chatham County Board of Elections is responsible for the administration of elections in Chatham County. The remaining allegations in Paragraph 123 are legal conclusions to which no response is required. By way of further response, State Defendants respectfully refer the Court to the relevant statutes for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

124.   This answer is filed on behalf of the State Defendants, who lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 124.

125.   State Defendants admit the allegations contained in Paragraph 125.

126.   This answer is filed on behalf of the State Defendants, who lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 126.

127.   State Defendants admit that the Clarke County Board of Elections and Registration is responsible for the administration of elections in Clarke County.  The remaining allegations in Paragraph 127 are legal conclusions to which no response is required. By way of further response, State Defendants respectfully refer the Court to the relevant statutes for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

128.   This answer is filed on behalf of the State Defendants, who lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 128.

129.   This answer is filed on behalf of the State Defendants, who lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 129 and deny them on that basis. The remaining allegations are legal conclusions to which no response is required. By way of further response, State Defendants respectfully refer the

Court to the relevant statutes for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

130.   State Defendants admit that the Columbia County Board of Elections is responsible for the administration of elections in Columbia County. The remaining allegations in Paragraph 130 are legal conclusions to which no response is required. By way of further response, State Defendants respectfully refer the Court to the relevant statutes for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

131.   This answer is filed on behalf of the State Defendants, who lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 131.

132.   State Defendants admit the allegations contained in Paragraph 132.

133.   This answer is filed on behalf of the State Defendants, who lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 133.

## JURISDICTION AND VENUE

134.   State Defendants admit that this Court has federal-question jurisdiction for claims arising under the Voting Rights Act. State Defendants deny the remaining allegations in Paragraph 134.

30

135.   Paragraph 135 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny the remaining allegations in this Paragraph.

136.   Paragraph 136 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny the remaining allegations in this Paragraph.

137.   State Defendants admit the allegations in Paragraph 137.

138.   To the extent the Court has jurisdiction over this matter, State Defendants admit that venue is proper in this Court. State Defendants deny the remaining allegations in Paragraph 138.

## FACTUAL ALLEGATIONS

**A.    Georgia has a long history and ongoing record of racial discrimination in voting.**

139.   State Defendants deny the allegations contained in the first sentence of Paragraph 139.  The remaining portions of this paragraph contain Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required.  By way of further response, State Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

140.   Paragraph 140 contains Plaintiffs' characterization of historical events, not allegations of fact, to which no response is required.   By way of further response, State Defendants admit that events have occurred in the State previously that have harmed racial minorities.   But State Defendants deny any implication that these events are relevant to the claims brought in this action.

141.   State Defendants admit the allegations contained in Paragraph 141 but deny any implication that these events are relevant to the claims brought in this action.

142.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegation that certain electoral results in the 1800s were "due primarily to the support of Black voters."   State Defendants admit the remaining allegations contained in Paragraph 142 but deny any implication that these events are relevant to the claims brought in this action.

143.   Paragraph 143 contains Plaintiffs' characterization of historical events, not allegations of fact, to which no response is required.   By way of further response, State Defendants admit that events have occurred in the State previously that have harmed racial minorities.   But State Defendants

deny any implication that these events are relevant to the claims brought in this action.

144.   Paragraph 144 contains Plaintiffs' characterization of historical events, not allegations of fact, to which no response is required.  By way of further response, State Defendants admit that events have occurred in the State previously that have harmed racial minorities.  But State Defendants deny any implication that these events are relevant to the claims brought in this action.

145.   Paragraph 145 contains Plaintiffs' characterization of historical events, not allegations of fact, to which no response is required.  By way of further response, State Defendants admit that events have occurred in the State previously that have harmed racial minorities.  But State Defendants deny any implication that these events are relevant to the claims brought in this action.

146.   Paragraph 146 contains Plaintiffs' characterization of historical events, not allegations of fact, to which no response is required.  By way of further response, State Defendants admit that events have occurred in the State previously that have harmed racial minorities.  But State Defendants deny any implication that these events are relevant to the claims brought in this action.

147.  Paragraph 147 contains Plaintiffs' characterization of historical events, not allegations of fact, to which no response is required.  By way of further response, State Defendants admit that events have occurred in the State previously that have harmed racial minorities.  But State Defendants deny any implication that these events are relevant to the claims brought in this action.

148.  Paragraph 148 contains Plaintiffs' characterization of historical events, not allegations of fact, to which no response is required.  By way of further response, State Defendants admit that events have occurred in the State previously that have harmed racial minorities.  But State Defendants deny any implication that these events are relevant to the claims brought in this action.

149.  Paragraph 149 contains Plaintiffs' characterization of a legal action, not allegations of fact, to which no response is required.  By way of further response, State Defendants respectfully refer the Court to the cited legal action for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

150.  Paragraph 150 contains Plaintiffs' characterization of the cited report, not allegations of fact, to which no response is required.  By way of further response, State Defendants respectfully refer the Court to the cited

report for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

151. Paragraph 151 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required and is denied on that basis.

152. Paragraph 152 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required and is denied on that basis. State Defendants further state that the cited objections include actions by counties unrelated to the actions of the State.

153. The first sentence of Paragraph 153 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required and is denied on that basis. State Defendants deny the remaining allegations in this paragraph.

154. The first sentence of Paragraph 154 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required and is denied on that basis. The remainder of this paragraph contains Plaintiffs' characterization of the cited statement, not allegations of fact, to which no response is required. By way of further response, State Defendants respectfully refer the Court to the cited statement for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

155.   State Defendants deny the allegations contained in the first sentence of Paragraph 155.   The remaining allegations of this paragraph contain Plaintiffs' legal conclusions, not allegations of fact, to which no response is required and is denied on that basis. By way of further response, State Defendants respectfully refer the Court to the cited report for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

156.   The State Defendants deny the allegations contained in Paragraph 156.

157.   The first sentence of Paragraph 157 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required and is denied on that basis.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in the remaining portions of this paragraph and deny them on that basis.

158.   State Defendants deny the allegations contained in the first sentence of Paragraph 158.   The second sentence contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required.   The third sentence contains Plaintiffs' characterization of voter data, not allegations of fact, to which no response is required.   By way of further response, State

Defendants respectfully refer the Court to the cited data for a full and accurate statement of their contents and deny any allegations inconsistent therewith. The State Defendants deny the allegations contained in the fourth sentence of this paragraph, and lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in this paragraph and deny them on that basis.

159.   The first sentence of Paragraph 159 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in this paragraph and deny them on that basis.

160.   State Defendants deny the allegations contained in Paragraph 160.

161.   Paragraph 161 contains Plaintiffs' characterization of voter data and press reports, as well as legal conclusions, not allegations of fact, to which no response is required and deny them on that basis.  By way of further response, State Defendants respectfully refer the Court to the cited material for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

162. State Defendants deny the allegations contained in the first sentence of Paragraph 162. The remainder of this paragraph contains Plaintiffs' characterization of voter data and the cited report, not allegations of fact, to which no response is required. By way of further response, State Defendants respectfully refer the Court to the cited material for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

163. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 163 and deny them on that basis.

164. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 164 and deny them on that basis.

165. Paragraph 165 contains Plaintiffs' characterization of investigations and legal actions, not allegations of fact, to which no response is required and is denied on that basis. By way of further response, State Defendants respectfully refer the Court to the cited legal actions for a full and accurate statement of their contents and deny any allegations inconsistent therewith. State Defendants deny the remaining allegations in this paragraph.

38

166. Paragraph 166 contains Plaintiffs' characterization of investigations and legal actions, not allegations of fact, to which no response is required and is denied on that basis. By way of further response, State Defendants respectfully refer the Court to the cited legal actions for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

167. State Defendants admit the allegations contained in the first sentence of Paragraph 167, and deny the allegations contained in the final sentence of this paragraph. The remaining portions of this paragraph contain legal conclusions, not allegations of fact, to which no response is required. By way of further response, State Defendants respectfully refer the Court to the cited statutes for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

168. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 168 and deny them on that basis. The remaining portions of this paragraph contain Plaintiffs' legal conclusions, not allegations of fact, to which no response is required.

169. The first sentence of Paragraph 169 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required and is

denied on that basis.  The remaining portions of this paragraph contain Plaintiffs' characterization of an uncited statement, not allegations of fact, to which no response is required.  By way of further response, State Defendants respectfully refer the Court to the cited statement for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

170.  Paragraph 170 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required and is denied on that basis.

171.  Paragraph 171 contains Plaintiffs' characterization of legislative history, not allegations of fact, to which no response is required and is denied on that basis.  By way of further response, State Defendants respectfully refer the Court to the cited legislative history for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

172.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 172 and deny them on that basis.

173.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 173 and deny them on that basis.

174.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 174 and deny them on that basis.

175.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 175 and deny them on that basis.

176.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 176 and deny them on that basis.

177.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 177 and deny them on that basis.

178.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 178 and deny them on that basis.

179.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 179 and deny them on that basis.

180.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 180 and deny them on that basis.

181. State Defendants deny the allegations contained in the first sentence of Paragraph 181.   The remainder of this paragraph contains Plaintiffs' characterization of legal action, not allegations of fact, to which no response is required.   By way of further response, State Defendants respectfully refer the Court to the cited legal actions for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

## B.   Georgians with disabilities have also experienced historical and widespread discrimination

182.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 182 and deny them on that basis.

183.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 183 and deny them on that basis.

184.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 184 and deny them on that basis.

185.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 185 and deny them on that basis.

186.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 186 and deny them on that basis.  State Defendants further state that county election officials are responsible for the location and layout of voting precincts.

187.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 187 and deny them on that basis.

188.   State Defendants deny the allegations contained in the second sentence of Paragraph 188.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in this paragraph and deny them on that basis.

189.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 189 and deny them on that basis.

190.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in the first and last sentences of Paragraph 190 and deny them on that basis.   The

remainder of this paragraph contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required.

191.    State Defendants deny the allegations contained in Paragraph 191.

192.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 192 and deny them on that basis.

193.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 193 and deny them on that basis.

**C.    Georgia has an increasing number of voters of color.**

194.    State Defendants deny that there are discriminatory provisions in Georgia law. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 194 and deny them on that basis.

195.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 195 and deny them on that basis. By way of further response, State Defendants respectfully refer the Court to the cited data for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

196.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 196. By way of further response, State Defendants respectfully refer the Court to the cited data for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

197.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 197. By way of further response, State Defendants respectfully refer the Court to the cited data for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

198.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 198. By way of further response, State Defendants respectfully refer the Court to the cited data for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

199.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 199. By way of further response, State Defendants respectfully refer the Court to the cited data for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

200.   Paragraph 200 contains Plaintiffs' characterization of survey data, not allegations of fact, to which no response is required.  By way of further response, State Defendants respectfully refer the Court to the cited data for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

201.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 201 and deny them on that basis.

202.   Paragraph 202 contains Plaintiffs' characterization of survey data, not allegations of fact, to which no response is required.  By way of further response, State Defendants respectfully refer the Court to the cited data for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

203.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 203.

204.   Paragraph 204 contains Plaintiffs' characterization of survey data, not allegations of fact, to which no response is required.  By way of further response, State Defendants respectfully refer the Court to the cited data for a

full and accurate statement of their contents and deny any allegations inconsistent therewith.

205.   State Defendants admit the allegations included in the final sentence of Paragraph 205.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in this paragraph and deny them on that basis.

206.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 206 and deny them on that basis.

**D. Black voter participation reached historic levels in the 2020 primary election, General Election, and the Runoff Elections.**

207.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 207 and deny them on that basis.

208.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 208 and deny them on that basis.

209.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 209 and deny them on that basis.

210.   State Defendants admit that turnout was record-setting for the 2020 election cycle.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 210 and deny them on that basis. By way of further response, State Defendants respectfully refer the Court to the cited data for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

211.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 211. By way of further response, State Defendants respectfully refer the Court to the cited data for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

212.   State Defendants admit that more than 1.3 million absentee ballots were cast in the 2020 General Election. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 212. By way of further response, State Defendants respectfully refer the Court to the cited data for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

213.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 213 and deny them on that basis.

214.   State Defendants admit that drop boxes were used in the 2020 election cycle in some counties under an emergency rule that has since expired. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 214. By way of further response, State Defendants respectfully refer the Court to the cited data for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

215.   State Defendants admit the first three sentences of Paragraph 215. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in this paragraph.

216.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 216 and deny them on that basis.

217.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 217 and deny them on that basis.

218.   State Defendants admit that President Biden won Georgia's electoral votes and that Senators Warnock and Ossoff were elected in runoff elections.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 218.

**E.   The Georgia General Assembly passed S.B. 202 immediately following historic Black voter participation in the General Election and Runoff Elections, in a flawed and nontransparent process.**

219.   State Defendants admit that the General Assembly passed SB 202 on March 25, 2021. State Defendants deny the remaining allegations contained in Paragraph 219.

**1.   *S.B. 202 was passed in a hostile, racially charged environment following the General Election and Runoff Elections***

220.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 220 and deny them on that basis.

221.   State Defendants admit that lawsuits were filed after the 2020 election and were unsuccessful in changing any election outcome. State Defendants lack sufficient knowledge or information with which to form a

belief as to the truth of the remaining allegations contained in Paragraph 221 and deny them on that basis.

222.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 223 and deny them on that basis.

223.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 223 and deny them on that basis.

224.   State Defendants admit that post-election litigation filed in 2020 was unsuccessful in changing election outcomes. The remaining allegations in Paragraph 224 contain Plaintiffs' characterization of the referenced legal actions, not allegations of fact, to which no response is required.  By way of further response, State Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

225.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 225.  By way of further response, State Defendants respectfully refer the Court to the cited report for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

226.   State Defendants admit that Senators Ossoff and Warnock were elected in runoff elections and admit that Speaker Ralston formed a Special Committee on Election Integrity chaired by Rep. Barry Fleming, and that Rep. Alan Powell was its vice chair. This remaining allegations in Paragraph 226 contain Plaintiffs' characterization of SB 202, its timing, and its legislative history, not allegations of fact, to which no response is required.

227.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 227. The remaining allegations in this paragraph contain Plaintiffs' legal conclusions and characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required.

228. Paragraph 228 contains Plaintiffs' characterization of the cited statements.  By way of further response, State Defendants respectfully refer the Court to the cited statements for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

### 2.   *The Georgia General Assembly passed S.B. 202 with little process or regard for the ideals of an open democracy*

229.   Paragraph 229 contains Plaintiffs' characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required and is denied on that basis.  By way of further response, State Defendants

respectfully refer the Court to the relevant committee rules and notices for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

230.   Paragraph 230 contains Plaintiffs' characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required and is denied on that basis.  By way of further response, State Defendants respectfully refer the Court to the relevant committee rules and notices for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

231.   Paragraph 231 contains Plaintiffs' characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required and is denied on that basis.  By way of further response, State Defendants respectfully refer the Court to the relevant committee rules and notices for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

232.   Paragraph 232 contains Plaintiffs' characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required and is denied on that basis.  By way of further response, State Defendants respectfully refer the Court to the relevant committee rules and notices for a

full and accurate statement of its contents and deny any allegations inconsistent therewith.

233.   Paragraph 233 contains Plaintiffs' characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required and is denied on that basis.  By way of further response, State Defendants respectfully refer the Court to the relevant committee rules and notices for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

234.   Paragraph 234 contains Plaintiffs' characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required and is denied on that basis.  By way of further response, State Defendants respectfully refer the Court to the relevant committee rules and notices for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

235.   Paragraph 235 contains Plaintiffs' characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required and is denied on that basis.  By way of further response, State Defendants respectfully refer the Court to the relevant committee rules and notices for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

236.   Paragraph 236 contains Plaintiffs' characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required and is denied on that basis.  By way of further response, State Defendants respectfully refer the Court to the relevant committee rules and notices for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

237.   Paragraph 237 contains Plaintiffs' characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required and is denied on that basis.  By way of further response, State Defendants respectfully refer the Court to the relevant committee rules and notices for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

238.   Paragraph 238 contains Plaintiffs' characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required and is denied on that basis.  By way of further response, State Defendants respectfully refer the Court to the relevant committee rules and notices for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

239.   Paragraph 239 contains Plaintiffs' characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required

and is denied on that basis.  By way of further response, State Defendants respectfully refer the Court to the relevant committee rules and notices for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

240.   Paragraph 240 contains Plaintiffs' characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required and is denied on that basis.  By way of further response, State Defendants respectfully refer the Court to the relevant committee rules and notices for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

241.   Paragraph 241 contains Plaintiffs' characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required and is denied on that basis.  By way of further response, State Defendants respectfully refer the Court to the relevant committee rules and notices for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

242.   Paragraph 242 contains Plaintiffs' characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required and is denied on that basis.  By way of further response, State Defendants

respectfully refer the Court to the relevant statement for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

243.   Paragraph 243 contains Plaintiffs' characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required and is denied on that basis.   By way of further response, State Defendants respectfully refer the Court to the relevant floor debate and rules for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

244.   State Defendants admit that Governor Kemp signed SB 202 on March 25, 2021. The remaining allegations in Paragraph 244 contain Plaintiffs' characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required and is denied on that basis.   By way of further response, State Defendants respectfully refer the Court to the relevant journals and records for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

245.   State Defendants admit that Rep. Cannon was removed from the Capitol on March 25, 2021. The remaining allegations in Paragraph 245 contain Plaintiffs' characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required and is denied on that basis. By way of further response, State Defendants respectfully refer the Court to

the relevant state records for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

**F.    The challenged provisions of S.B. 202 place limitations on opportunities for voters to exercise their right to vote.**

### 1.    *Sections 20 & 26, mobile voting unit restrictions*

246. Paragraph 246 contains legal conclusions to which no response is required and is denied on that basis.

247. State Defendants admit that, during the 2020 elections, mobile voting units were employed by one county, Fulton County, for the first time. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 247 and deny them on that basis.

248. Paragraph 248 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required and is denied on that basis.  By way of further response, State Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

2. ***Section 25, new identification requirements, timing parameters, and wet signature requirements for requesting an absentee ballot***

249. Paragraph 249 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required and is denied on that basis. By way of further response, State Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

250. Paragraph 250 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required and is denied on that basis. By way of further response, State Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

251. Paragraph 251 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required and is denied on that basis. By way of further response, State Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

252.  Paragraph 252 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required and is denied on that basis.  By way of further response, State Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

253.  Paragraph 253 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required and is denied on that basis.  By way of further response, State Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

254.  Paragraph 254 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required and is denied on that basis.  By way of further response, State Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

3.   *Sections 27 & 28, new identification requirements for casting an absentee ballot*

255.  Paragraph 255 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required and is denied on that basis.  By way of further response, State Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

256.  Paragraph 256 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required and is denied on that basis.  By way of further response, State Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

257.  Paragraph 257 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required and is denied on that basis.  By way of further response, State Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

258. Paragraph 258 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required and is denied on that basis.  By way of further response, State Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

259. Paragraph 259 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required and is denied on that basis.  By way of further response, State Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

### 4.   *Section 26, secure drop box limitations*

260. State Defendants admit that during the COVID-19 pandemic, some voters were able to use outdoor drop boxes to return their ballots under emergency rules that have since expired.  By way of further response, State Defendants aver that SB 202 statutorily provided for drop boxes for the first time. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 260 and they are denied on that basis.

261.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 261 and they are denied on that basis.

262.   State Defendants admit the allegations in Paragraph 262. By way of further response, State Defendants respectfully refer the Court to the cited authority for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

263.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 263 and they are denied on that basis.

264. Paragraph 264 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required and they are denied on that basis.  By way of further response, State Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

265.   Paragraph 265 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required and they are denied on that basis.  By way of further response, State Defendants respectfully refer the Court to the cited authority for a full and

accurate statement of their contents and deny any allegations inconsistent therewith.

266. Paragraph 266 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required and they are denied on that basis. By way of further response, State Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

267. Paragraph 267 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required and they are denied on that basis. By way of further response, State Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

### 5.   *Section 28, runoff early voting restriction*

268. Paragraph 268 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required and they are denied on that basis. By way of further response, State Defendants respectfully refer the Court to the cited authority for a full and

accurate statement of their contents and deny any allegations inconsistent therewith.

**6.** *Section 33, Line Relief Ban*

269. Paragraph 269 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required and they are denied on that basis. By way of further response, State Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

270. Paragraph 270 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required and they are denied on that basis. By way of further response, State Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

**7.** *Sections 34 & 35, out-of-precinct provisional ballot*

271. Paragraph 271 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required and is denied on that basis.

272.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 272 and they are denied on that basis.

273.   Paragraph 273 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required and they are denied on that basis. By way of further response, State Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

> **8.**   ***Section 47, felony punishment for acceptance of an absentee ballot for delivery or return if not a family member or caregiver***

274.   Paragraph 274 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required and is denied on that basis. By way of further response, State Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

> **G.**   **S.B. 202 severely burdens all voters, and discriminates against Black voters, other voters of color, disabled voters, and other historically disenfranchised communities, in particular.**

275.   State Defendants deny the allegations contained in Paragraph 275.

276. State Defendants deny the allegations contained in Paragraph 276.

### 1.   *Elimination of mobile voting units*

277. State Defendants deny the allegations contained in the first sentence of Paragraph 277. With respect to the quotation in the fourth sentence of this paragraph, State Defendants respectfully refer the Court to the cited material for a full and accurate statement of its contents and deny any allegations inconsistent therewith. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in the second through the ninth sentences. State Defendants deny the tenth and eleventh sentences in this paragraph and deny the remaining allegations in this paragraph.

### 2.   *Additional requirements for absentee voting*

278. State Defendants deny the allegations contained in the first sentence of Paragraph 278. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in this paragraph and deny them on that basis.

279. State Defendants deny the allegations contained in Paragraph 279.

280.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 280 and deny them on that basis.   By way of further response, State Defendants respectfully refer the Court to the cited survey for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

281.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 281 and deny them on that basis.

282.   State Defendants deny the allegations contained in the first and second sentences of Paragraph 282.   The final sentence contains Plaintiffs' characterization of the cited study, not allegations of fact, to which no response is required and is denied on that basis.   By way of further response, State Defendants respectfully refer the Court to the cited study for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

283. Paragraph 283 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required and is denied on that basis.

284.   State Defendants admit that the General Election and Runoff Elections featured record-setting turnout and an increased use in absentee

ballots. The remaining allegations in Paragraph 284 contain Plaintiffs' characterization of voter data, not allegations of fact, to which no response is required. By way of further response, State Defendants respectfully refer the Court to the cited data for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

285. Paragraph 285 contains Plaintiffs' characterization of the cited report, not allegations of fact, to which no response is required. By way of further response, State Defendants respectfully refer the Court to the cited data for a full and accurate statement of their contents and deny any allegations inconsistent therewith. The State Defendants deny the remaining allegations in this paragraph.

### 3.   *Restrictions on distribution of absentee ballots*

286.   Paragraph 286 contains Plaintiffs' characterization of voter data, not allegations of fact, to which no response is required. By way of further response, State Defendants respectfully refer the Court to the cited data for a full and accurate statement of their contents and deny any allegations inconsistent therewith. State Defendants deny the remaining allegations in this paragraph.

287.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 287 and deny them on that basis.

### 4.      *Restrictions on drop boxes*

288.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 288 and deny them on that basis.

289.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 289 and deny them on that basis.

290.   State Defendants deny the allegations contained in Paragraph 290.

### 5.      *Prohibiting provisional ballots cast in the wrong precinct*

291.   Paragraph 291 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required and is denied on that basis.   By way of further response, State Defendants respectfully refer the Court to the text of SB 202 for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

292.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 292 and deny them on that basis.

293.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 293 and deny them on that basis.

### 6.   *The early voting runoff restrictions*

294. The first sentence of Paragraph 294 contains Plaintiffs' characterization of SB 202, not allegations of fact, to which no response is required.  By way of further response, State Defendants respectfully refer the Court to the text of SB 202 for a full and accurate statement of their contents and deny any allegations inconsistent therewith.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in this paragraph and deny them on that basis.

295.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 295 and deny them on that basis.

### 7.      *The Line Relief Ban*

296.    Paragraph 296 contains Plaintiffs' characterization of SB 202, not allegations of fact, to which no response is required and is denied on that basis. By way of further response, State Defendants respectfully refer the Court to the text of SB 202 for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

297.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 297 and deny them on that basis.

298.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 298 and deny them on that basis.

### 8.      *Criminalizing the acceptance of an absentee ballot for delivery or return*

299.    Paragraph 299 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required and is denied on that basis.

300.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 300 and deny them on that basis.

301.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 301 and deny them on that basis.

**9.**   ***The cumulative effects of the challenged provisions***

302.   State Defendants admit the that Plaintiffs accurately quote SB 202 in the first sentence of Paragraph 302.   The second sentence contains Plaintiffs' characterization of the cited report, not allegations of fact, to which no response is required.   By way of further response, State Defendants respectfully refer the Court to the cited report for a full and accurate statement of their contents and deny any allegations inconsistent therewith.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in this paragraph and deny them on that basis.

303.   State Defendants deny the allegations contained in the first sentence of Paragraph 303.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in this paragraph and deny them on that basis.

304.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph

304 and deny them on that basis. By way of further response, State Defendants respectfully refer the Court to the cited report for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

305.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 305 and deny them on that basis.

306.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 306 and deny them on that basis.

307.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 307 and deny them on that basis.   By way of further response, State Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

308.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 308 and deny them on that basis.   By way of further response, State Defendants respectfully refer the Court to the cited Tweet for a full and

accurate statement of its contents and deny any allegation inconsistent therewith.

309.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 309 and deny them on that basis.

310.   State Defendants deny that they "allow these lines to occur year after year." State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 310 and deny them on that basis.

311.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 311 and deny them on that basis.

312.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 312 and deny them on that basis.

313.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 313 and deny them on that basis.

314.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 314 and deny them on that basis.

315.   Paragraph 315 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required and is denied on that basis.

316.   Paragraph 316 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required and is denied on that basis. By way of further response, State Defendants respectfully refer the Court to the cited Official Election Bulletin and statute for a full and accurate statement of their contents and deny any allegation inconsistent therewith.

317.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 317 and deny them on that basis.

318.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 318 and deny them on that basis.

319.   State Defendants deny the allegations contained in Paragraph 319.

**10.**   ***S.B. 202's provisions deny qualified individuals with disabilities an equal opportunity to participate in and benefit from voting***

320.   State Defendants deny the allegations contained in Paragraph 320.

321.   State Defendants deny the allegations contained in Paragraph 321.

322.   State Defendants deny the allegations contained in Paragraph 322.

323.   State Defendants deny the allegations contained in Paragraph 323.

**11.**   ***The disparate burdens and barriers imposed by individual provisions of S.B. 202 and the combined effect of the provisions will exponentially harm voters with multiple and/or intersecting race and disability identities***

324.   State Defendants deny the allegations contained in Paragraph 324.

325.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 325 and deny them on that basis.

326. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 326 and deny them on that basis.

327. Paragraph 327 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required and is denied on that basis.  By way of further response, State Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

328. Paragraph 328 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required and is denied on that basis.  By way of further response, State Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

### <u>FIRST CLAIM FOR RELIEF</u>
**Violation of Section 2 of the Voting Rights Act**
**52 U.S.C. § 10301, *et seq.***
**(Intentional Racial Discrimination & Discriminatory Results)**

329. State Defendants incorporate their responses to the foregoing paragraphs as if set forth fully herein.

330. Paragraph 330 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required and is denied on that basis.

331. Paragraph 331 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required and is denied on that basis.

332. State Defendants deny the allegations contained in Paragraph 332.

333. State Defendants deny the allegations contained in Paragraph 333.

**SECOND CLAIM FOR RELIEF**
**Fourteenth and Fifteenth Amendments**
**U.S. Const. amend., XIV, XV; 42 U.S.C. §1983**
**(Intentional Race Discrimination)**

334. State Defendants incorporate their responses to the foregoing paragraphs as if set forth fully herein.

335. Paragraph 335 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required and is denied on that basis.

336. State Defendants deny the allegations contained in Paragraph 336.

337. State Defendants deny the allegations contained in this paragraph.

### THIRD CLAIM FOR RELIEF
**First and Fourteenth Amendments**
**U.S. Const. amend. XIV; 42 U.S.C. §1983**
**(Undue Burden on the Right to Vote)**

338.   State Defendants incorporate their responses to the foregoing paragraphs as if set forth fully herein.

339.   Paragraph 339 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required and is denied on that basis.

340.   State Defendants deny the allegations contained in Paragraph 340.

341.   State Defendants deny the allegations contained in Paragraph 341.

### FOURTH CLAIM FOR RELIEF
**Freedom of Speech / Expression**
**U.S. Const. amend. I; 42 U.S.C. §1983**

342.   State Defendants incorporate their responses to the foregoing paragraphs as if set forth fully herein.

343.   Paragraph 343 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required and is denied on that basis.

344.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 344 and deny them on that basis.

345.   State Defendants deny the allegations contained in Paragraph 345.

346.   State Defendants deny the allegations contained in Paragraph 346.

347.   Paragraph 347 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required and is denied on that basis.

348.   State Defendants deny the allegations contained in Paragraph 348.

**FIFTH CLAIM FOR RELIEF**
**Title II of the Americans with Disabilities Act**
**42 U.S.C. §§ 12131, et seq.**
**(Discrimination on the Basis of Disability by State and Local Government Entities)**

349.   State Defendants incorporate their responses to the foregoing paragraphs as if set forth fully herein.

350.   State Defendants deny the allegations contained in the last sentence of Paragraph 350. The remaining allegations in this paragraph contain Plaintiffs' legal conclusions, not allegations of fact, to which no response is required and are denied on that basis.

351.   State Defendants deny the allegations contained in Paragraph 351.

352. Paragraph 352 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required and is denied on that basis.

353. Paragraph 353 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required and is denied on that basis.

354. Paragraph 354 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required and is denied on that basis.

355. Paragraph 355 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required and is denied on that basis.

356. Paragraph 356 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required and is denied on that basis.

357. State Defendants deny the allegations contained in Paragraph 357.

358. State Defendants deny the allegations contained in Paragraph 358.

359. State Defendants deny the allegations contained in Paragraph 359.

360. State Defendants deny the allegations contained in Paragraph 360.

<u>**SIXTH CLAIM FOR RELIEF**</u>
**Section 504 of the Rehabilitation Act**
**29 U.S.C. § 794**
**(Discrimination on the Basis of Disability by Recipients of Federal Financial Assistance)**

361.   State Defendants incorporate by reference their responses to the foregoing paragraphs as if set forth fully herein.

362.   Paragraph 362 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required and is denied on that basis.

363.   Paragraph 363 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required and is denied on that basis.

364.   Paragraph 364 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required and is denied on that basis.

365.   Paragraph 365 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required and is denied on that basis.

366.   Paragraph 366 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required and is denied on that basis.

367.   Paragraph 367 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required and is denied on that basis.

368.   Paragraph 368 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required and is denied on that basis.

369. Paragraph 369 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required and is denied on that basis.

370. State Defendants deny the allegations contained in Paragraph 370.

371. State Defendants deny the allegations contained in Paragraph 371.

## SEVENTH CLAIM FOR RELIEF
### Violation of the Civil Rights Act of 1964
### 52 U.S.C. §10101, 42 U.S.C. § 1983

372. Paragraph 372 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required and is denied on that basis.

373. Paragraph 373 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required and is denied on that basis. By way of further response, State Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

374. Paragraph 374 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required and is denied on that basis. By way of further response, State Defendants respectfully refer the Court to the cited authority for a full and

accurate statement of their contents and deny any allegations inconsistent therewith.

375. Paragraph 375 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required and is denied on that basis.  By way of further response, State Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

376. Paragraph 376 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required and is denied on that basis.

## <u>PRAYER FOR RELIEF</u>

The remaining portions of Plaintiffs' Amended Compliant contain its request for relief, to which no response is required.  To the extent a response is deemed necessary, State Defendants deny that Plaintiffs are entitled to any relief whatsoever.

Respectfully submitted this 21st day of January, 2022.

Christopher M. Carr
Attorney General
Georgia Bar No. 112505
Bryan K. Webb
Deputy Attorney General
Georgia Bar No. 743580
Russell D. Willard
Senior Assistant Attorney General
Georgia Bar No. 760280
Charlene McGowan
Assistant Attorney General
Georgia Bar No. 697316
**State Law Department**
40 Capitol Square, S.W.
Atlanta, Georgia 30334

*/s/ Gene C. Schaerr*
Gene C. Schaerr*
Special Assistant Attorney General
Erik Jaffe*
H. Christopher Bartolomucci*
Brian J. Field*
Riddhi Dasgupta*
Joshua J. Prince*
**SCHAERR | JAFFE LLP**
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com
*Admitted pro hac vice*

Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com

86

Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
**Taylor English Duma LLP**
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
(678) 336-7249

*Counsel for State Defendants*

**CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing document has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Gene C. Schaerr*
Gene C. Schaerr