# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | Master Case No.:<br>1:21-MI-55555-JPB |
| THE CONCERNED BLACK CLERGY OF METROPOLITAN ATLANTA, INC., a Georgia nonprofit corporation, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State, *et al.*,<br><br>*Defendants*,<br><br>REPUBLICAN NATIONAL COMMITTEE, *et al.*,<br><br>*Intervenor-Defendants*. | Civil Action No.:<br>1:21-CV-01728-JPB |

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

# INTRODUCTION

SB 202 updates Georgia's reasonable, nondiscriminatory election rules in response to lessons learned from challenges to the 2018 and 2020 elections. And SB 202 provides procedural safeguards of the type necessary to restore confidence in the integrity of Georgia elections for voters on all sides of the political spectrum. The reforms are also designed to streamline the process of conducting elections in Georgia and reduce the burdens on elections officials. Contrary to the Complaint, SB 202 expands ballot access beyond previous statutory limits.

Ignoring this expanded access created by SB 202, the Complaint asks the Court to make permanent various emergency practices that were temporarily permitted by the State during the 2020 and 2021 elections due to the COVID-19 pandemic. Yet there is no basis to do so, as Georgia's election laws, as amended by SB 202, expand every voter's access to voting.

Tellingly, the Complaint focuses largely on practices most susceptible to abuse, such as the solicitation and harvesting of absentee ballots, and claims that regulation of those practices is "discriminatory." But there is nothing discriminatory about restricting practices that are widely recognized to undermine ballot integrity. Moreover, the claim of discrimination rests on the *false* assumption that demographic groups Plaintiffs claim to represent are

either less competent or less honest than other demographic groups in the Georgia electorate.

Plaintiffs also complain about past long lines and polling place closures. But those resulted from decisions in the Democrat-dominated counties where those problems occurred and have nothing to do with SB 202's reforms, which are designed to reduce similar problems in the future.

In short, Plaintiffs' claims should be rejected because this Court's role "does not extend to second-guessing and interfering with a State's reasonable, nondiscriminatory election rules." *New Ga. Project v. Raffensperger*, 976 F.3d 1278, 1284 (11th Cir. 2020).  That is surely so when the alternative is judicial enactment of Plaintiffs' partisan policy goals.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs fail to state a claim upon which relief may be granted because, among other things, SB 202 does not have a discriminatory purpose or intent.

### Second Affirmative Defense

Plaintiffs lack standing to bring this action.

### Third Affirmative Defense

Plaintiffs' claims are barred by sovereign immunity and the Eleventh Amendment to the United States Constitution.

### Fourth Affirmative Defense

Plaintiffs have not been subjected to the deprivation of any right, privilege, or immunity under the Constitution or laws of the United States.

### Fifth Affirmative Defense

Plaintiffs failed to join necessary and indispensable parties.

### Sixth Affirmative Defense

Plaintiffs' requested relief is barred by the *Purcell* principle.

### Seventh Affirmative Defense

Plaintiffs' Voting Rights Act Section 2 claims are barred because there is no private right of action under Section 2.

### Eighth Affirmative Defense

Defendants reserve the right to amend their defenses and to add additional ones, including lack of subject matter jurisdiction based on mootness or ripeness, as further information becomes available in discovery.

### RESPONSES

Defendants respond to the separately numbered paragraphs and prayer for relief contained in the Complaint below. To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete

contents; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiffs; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

Defendants answer as follows:

## I.   INTRODUCTION[1]

1.     Defendants admit that the State of Georgia enacted The Election Integrity Act of 2021 (SB 202) in March 2021. The remainder of Paragraph 1 contains Plaintiffs' characterization of SB 202, its legislative history, and purpose, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to SB 202 for the most accurate statement of its purpose.  To the extent Plaintiffs' inflammatory rhetoric could possibly be construed as allegations of fact, Defendants deny those allegations.

2.     Paragraph 2 contains Plaintiff's characterization of voter and population data, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the

---

[1] For ease of reference, Defendants refer to Plaintiffs' headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

underlying voter and population data for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

3. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations about Plaintiffs in Paragraph 3. The remainder of this paragraph contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in this paragraph.

4. The first sentence of Paragraph 4 contains Plaintiffs' characterization of election results, not allegations of fact, to which no response is required. Defendants admit the allegations in the second and third sentences of this paragraph.

5. Defendants admit that there were multiple methods to cast ballots in the 2020 elections. Defendants admit the allegations contained in the last two sentences of Paragraph 5. The remainder of this paragraph contains Plaintiffs' characterization of election results, not allegations of fact, to which no response is required.

6. The first two sentences of Paragraph 6 contain Plaintiff's characterization of voter data, not allegations of fact, to which no response is

required.  Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in this paragraph.

7.    Defendants admit that a Democratic candidate for President won the state of Georgia, and the allegations contained in the final sentence of this paragraph. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 7.

8.    Defendants deny the allegations in Paragraph 8.

9.    Defendants deny the allegations stated or implied in Paragraph 9.

10.    Defendants deny the allegations in the first two sentences of Paragraph 10.   The remainder of this paragraph contains Plaintiffs' characterization of legal actions, recounts, and a statement allegedly made by Secretary Raffensperger, not allegations of fact, to which no response is required.  By way of further answer, Defendants respectfully refer the Court to the referenced legal actions, recounts, and letter for a full and accurate statement of their contents and deny any allegation inconsistent therewith.

11.    Paragraph 11 contains Plaintiff's characterization of a statement allegedly made by Representative Ralston, not allegations of fact, to which no response is required.  By way of further answer, Defendants respectfully refer

the Court to the referenced statement for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

12.     Defendants admit that multiple recounts, audits, and court cases were conducted and that they did not alter the outcomes of any contests.  The remaining portions of Paragraph 12 contain Plaintiff's characterization of the same and associated statements, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the referenced statements for a full and accurate statement of their contents and deny any allegations in consistent therewith. The last sentence of this paragraph contains a legal conclusion to which no response is required.

## II.    JURISDICTION AND VENUE

13.     Defendants admit that this Court has federal-question jurisdiction for claims arising under the Voting Rights Act. State Defendants deny the remaining allegations in Paragraph 13.

14.     Paragraph 14 sets forth legal conclusions to which no response is required, and Defendants therefore deny them. Defendants deny the remaining allegations in this Paragraph.

15.     Paragraph 15 sets forth legal conclusions to which no response is required, and Defendants therefore deny them.  The cited legal authority speaks for itself.

16.     Defendants admit the allegations contained in Paragraph 16.

17.     To the extent the Court has jurisdiction over this matter, Defendants admit that venue is proper in this Court.

### III.   PARTIES

18.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 18.

19.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 19.

20.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 20.

21.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 21. To the extent that this paragraph includes Plaintiffs' characterization of the effects of SB 202, not allegations of fact, no response is required to those characterizations.

22.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 22.

23.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 23.

24.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 24.

25.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 25.

26.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 26. To the extent that this paragraph includes Plaintiffs' characterization of the effects of SB 202, not allegations of fact, no response is required to those characterizations.

27.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 27.

28.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 28.

29.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 29.

30.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 30.

31.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 31.

32.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 32. To the extent that this paragraph includes Plaintiffs' characterization of the effects of SB 202, not allegations of fact, no response is required to those characterizations.

33.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 33.

34.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 34.

35.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 35.

36.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 36.

37.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 37.

38.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 38. To the extent that this paragraph includes Plaintiffs' characterization of the effects of SB 202, not allegations of fact, no response is required to those characterizations.

39.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 39.

40.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 40.

41.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 41. To the extent that this paragraph includes Plaintiffs' characterization of the effects of SB 202, not allegations of fact, no response is required to those characterizations.

42.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 42.

43.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 43.

44.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 44.

45.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 45. To the extent that this paragraph includes Plaintiffs' characterization of the effects of SB 202, not allegations of fact, no response is required to those characterizations.

11

46.   Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 46.

47.   Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 47.

48.   Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 48.

49.   Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 49. To the extent that this paragraph includes Plaintiffs' characterization of the effects of SB 202, not allegations of fact, no response is required to those characterizations.

50.   Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 50.

51.   Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 51.

52.   Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 52. To the extent that this paragraph includes Plaintiffs' characterization of the effects of SB 202, not allegations of fact, no response is required to those characterizations.

53.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 53.

54.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 54.

55.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 55. To the extent that this paragraph includes Plaintiffs' characterization of the effects of SB 202, not allegations of fact, no response is required to those characterizations.

56.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 56.

57.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 57.

58.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 58.

59.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 59. To the extent that this paragraph includes Plaintiffs' characterization of the effects of SB 202, not allegations of fact, no response is required to those characterizations.

60.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 60.

61.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 61.

62.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 62. To the extent that this paragraph includes Plaintiffs' characterization of the effects of SB 202, not allegations of fact, no response is required to those characterizations.

63.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 63.

64.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 64.

65.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 65. To the extent that this paragraph includes Plaintiffs' characterization of the effects of SB 202, not allegations of fact, no response is required to those characterizations.

66.     Defendants admit that Defendant Brad Raffensperger is the Georgia Secretary of State. The remainder of Paragraph 66 contains legal conclusions, not allegations of fact, to which no response is required.

67.     Defendants deny the allegations contained in the first sentence of Paragraph 67. By way of further response, Defendants aver that the current State Election Board Members are Sara Ghazal, Matthew Mashburn, Edward Lindsey, and Janice Johnston. The remainder of this paragraph contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required.

## IV.    FACTUAL ALLEGATIONS

### Georgia Has a History of Racial Discrimination in Voting

68.     Defendants admit that events have occurred in the State previously that have harmed racial minorities but deny any implication that these events are relevant to the claims brought in this action. The remainder of Paragraph 68 contains Plaintiff's characterization of the cited cases, not allegations of fact, to which no response is required. By way of further response, Defendants respectfully refer the Court to those cases for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

69.     Defendants admit that events have occurred in the State previously that have harmed racial minorities but deny any implication that these events are relevant to the claims brought in this action.  The remainder of Paragraph 69 contains Plaintiff's legal conclusions, not allegations of fact, to which no response is required.

70.     The first two sentences of Paragraph 70 contain Plaintiffs' characterization of the cited laws, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the cited laws for a full and accurate statement of their contents and deny any allegation inconsistent therewith.   Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in this paragraph.

71.     Paragraph 71 contains Plaintiffs' characterization of the cited constitutional amendment, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the cited constitutional amendment for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

72.     Paragraph 72 contains Plaintiffs' characterization of the cited laws, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the cited laws for

a full and accurate statement of their contents and deny any allegation inconsistent therewith.

73.   Paragraph 73 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required.

74.   Paragraph 74 contains Plaintiffs' characterization of the cited laws, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the cited laws for a full and accurate statement of their contents and deny any allegation inconsistent therewith.

75.   Defendants admit that the State of Georgia was previously subject to the preclearance requirement of Section 5 of the Voting Rights Act.  The remainder of Paragraph 75 contains Plaintiff's characterization of authority and legal conclusions, not allegations of fact, to which no response is required. By way of further response, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

76.   Defendants admit that the State of Georgia was previously subject to the preclearance requirement of Section 5 of the Voting Rights Act.  The remainder of Paragraph 76 contains Plaintiff's characterization of authority and legal conclusions, not allegations of fact, to which no response is required.

By way of further response, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

77.     Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 77.

78.     Paragraph 78 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required.

79.     Defendants deny the allegations contained in Paragraph 79.

80.     Paragraph 80 contains Plaintiffs' characterization of election laws, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the referenced election laws for a full and accurate statement of their contents and deny any allegations inconsistent therewith.   Defendants deny the remaining allegations contained in this paragraph.

81.     Defendants deny the allegations contained in Paragraph 81.

### Racial and Ethnic Demographics of Voting in Georgia

82.     Defendants deny the allegations contained in the final sentence of Paragraph 82.   Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in this paragraph.

83.    Defendants admit that the number of Black and Hispanic voters on its registration rolls has grown in recent years. Defendants lack sufficient knowledge and information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 83.

84.    Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in this paragraph.

85.    Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 85.

86.    Defendants lack sufficient knowledge and information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 86.

87.    Defendants lack sufficient knowledge and information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 87.

### The General Assembly Rushed SB 202 Through the Legislative Process, Ignoring the Obvious Impact on Georgia Voters, Especially Voters of Color

88.    Paragraph 88 contains Plaintiffs' characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required. By way of further response, Defendants respectfully refer the Court to the

relevant legislative history for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

89.     Paragraph 89 contains Plaintiffs' characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required. By way of further response, Defendants respectfully refer the Court to the relevant legislative history for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

90.     Paragraph 90 contains Plaintiffs' characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required. By way of further response, Defendants respectfully refer the Court to the relevant legislative history for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

91.     Defendants deny the allegations in the first sentence of Paragraph 91. The remainder of this paragraph includes Plaintiffs' characterization of statements made by Rep. Barry Fleming, to which no answer is required. By way of further answer, Defendants refer the Court to those statements for a complete and accurate representation of their contents and deny all allegations inconsistent therewith.

92.     The first sentence of Paragraph 92 contains Plaintiffs' characterization of various accusations and legal actions that followed the

2020 election, not allegations of fact, to which no response is required. By way of further response, Defendants respectfully refer the Court to the referenced materials for a full and accurate statement of their contents and deny any allegation inconsistent therewith. The remainder of this paragraph consists of Plaintiffs' characterization of several statements allegedly made by Secretary Raffensperger, not allegations of fact, to which no response is required. By way of further response, Defendants respectfully refer the Court to the referenced statements for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

93. The first portion of Paragraph 93 contains Plaintiffs' characterizations of statements allegedly made by Secretary Raffensperger, not allegations of fact, to which no response is required. By way of further response, Defendants respectfully refer the Court to the referenced statement for a full and accurate statement of their contents. The remainder of this paragraph contains Plaintiffs' characterization of SB 202, not allegations of fact, to which no response is required. By way of further response, Defendants respectfully refer the Court to the text of SB 202 for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

94. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 94.

95.     Paragraph 95 includes Plaintiffs' characterization of statements allegedly made by Governor Kemp and Lieutenant Governor Duncan to which no answer is required. By way of further answer, Defendants respectfully refer the Court to those statements for a full and accurate statement of their contents, and deny any allegation inconsistent therewith.

96.     Paragraph 96 contains Plaintiffs' characterization of lawsuits and legal conclusions, not allegations of fact, to which no response is required.  By way of further answer, Defendants respectfully refer the Court to the records in those lawsuits for a full and accurate statement of their contents, and deny any allegation inconsistent therewith.

97.     Paragraph 97 contains Plaintiffs' characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required. By way of further response, Defendants respectfully refer the Court to the relevant legislative history for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

98.     Paragraph 98 contains Plaintiffs' characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required. By way of further response, Defendants respectfully refer the Court to the relevant legislative history for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

99.   Paragraph 99 contains Plaintiffs' characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required. By way of further response, Defendants respectfully refer the Court to the relevant legislative history for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

100.   Paragraph 100 contains Plaintiffs' characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required. By way of further response, Defendants respectfully refer the Court to the relevant legislative history for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

101.   Paragraph 101 contains Plaintiffs' characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required. By way of further response, Defendants respectfully refer the Court to the relevant legislative history for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

102.   Paragraph 102 contains Plaintiffs' characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required. By way of further response, Defendants respectfully refer the Court to the relevant legislative history for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

103.   Paragraph 103 contains Plaintiffs' characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required. By way of further response, Defendants respectfully refer the Court to the relevant legislative history for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

104.   Paragraph 104 contains Plaintiffs' characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required. By way of further response, Defendants respectfully refer the Court to the relevant legislative history for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

105.   Paragraph 105 contains Plaintiffs' characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required. By way of further response, Defendants respectfully refer the Court to the relevant legislative history for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

106.   Paragraph 106 contains Plaintiffs' characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required. By way of further response, Defendants respectfully refer the Court to the relevant legislative history for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

107.   Paragraph 107 contains Plaintiffs' characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required. By way of further response, Defendants respectfully refer the Court to the relevant legislative history for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

108.   Paragraph 108 contains Plaintiffs' characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required. By way of further response, Defendants respectfully refer the Court to the relevant legislative history for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

109.   Paragraph 109 contains Plaintiffs' characterization of the legislative process, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the relevant legislative history for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

**SB 202 Places Undue Burdens on the Exercise of the Right to Vote, Especially for Black Voters and Other Voters of Color**

110.   Defendants deny the allegations contained in Paragraph 110.

111.   Defendants deny the allegations in Paragraph 111.

**SB 202 Erects New Obstacles to Absentee Voting**

112. Paragraph 112 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

113. Paragraph 113 contains Plaintiff's legal conclusions, not allegations of fact, to which no response is required.

114. Paragraph 114 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

115. Paragraph 115 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

116. Paragraph 116 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is

required.  By way of further response, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

117. Paragraph 117 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

118. Paragraph 118 contains Plaintiffs' legal conclusions, characterization of SB 202, and characterization of voting data, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the cited material for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

119. Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 119.

120. Defendants deny the allegations in Paragraph 120.

121. Defendants deny the allegations in Paragraph 121.

**SB 202 Limits Access to Drop Boxes**

122.   Defendants admit that during the COVID-19 pandemic, some voters were able to use drop boxes to return their absentee ballots under an emergency rule that has since expired.  By way of further response, Defendants aver that SB 202 statutorily provided for drop boxes for the first time.

123.   Defendants admit that during the COVID-19 pandemic, some voters were able to use drop boxes to return their ballots.  By way of further response, State Defendants aver that SB 202 statutorily provided for drop boxes for the first time.  Defendants deny the remaining allegations contained in Paragraph 123.

124.  Defendants lack sufficient knowledge about the allegations in Paragraph 124 with which to form a belief as to the truth of those allegations.

125.   Paragraph 125 contains Plaintiffs' characterization of SB 202, rather than allegations of fact, to which no response is required.  To the extent a response is deemed necessary, Defendants deny Plaintiff's characterization.  By way of further response, Defendants respectfully refer the Court to the text of SB 202 for a full and accurate statement of its contents and its provisions and deny any allegations inconsistent therewith.

126.   Defendants lack sufficient knowledge or information with which to form a belief as to the accuracy of the allegations contained in Paragraph 126.

127.   Paragraph 127 contains Plaintiffs' characterization of SB 202, rather than allegations of fact, to which no response is required.  To the extent a response is deemed necessary, Defendants deny Plaintiff's characterization. By way of further response, Defendants respectfully refer the Court to the text of SB 202 for a full and accurate statement of its contents and its provisions and deny any allegations inconsistent therewith.

128.   The first two sentences of Paragraph 128 contain Plaintiffs' characterization of SB 202, rather than allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the text of SB 202 for a full and accurate statement of its contents and its provisions and deny any allegations inconsistent therewith.  By way of further answer, Defendants lack sufficient knowledge about the allegations in the last sentence with which to form a belief as to the truth of those allegations.

129.   Paragraph 129 contains Plaintiffs' legal conclusions as well as their characterization of SB 202, rather than allegations of fact, to which no response is required.   To the extent a response is deemed necessary, Defendants deny Plaintiffs' conclusions and characterization.   By way of further response, Defendants respectfully refer the Court to the text of SB 202 for a full and accurate statement of its contents and its provisions and deny any allegations inconsistent therewith.

130.   Defendants deny the allegations contained in Paragraph 130.

131.   Defendants deny the allegations contained in Paragraph 131.

132.   Defendants deny the allegations contained in Paragraph 132.

### SB 202 Prohibits Mobile Voting Units

133.   Paragraph   133   contains   Plaintiff's   legal   conclusions,   not allegations of fact, to which no response is required.

134.   Defendants admit that Fulton County utilized two mobile voting units for early voting in the 2020 general election, which was the first and only time mobile voting units have ever been utilized by any Georgia county. Defendants lack sufficient knowledge or information with which to form a belief as to the accuracy of the remaining allegations in Paragraph 134.

135.   Paragraph 135 contains Plaintiffs' legal conclusions as well as their characterization of SB 202, rather than allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the text of SB 202 for a full and accurate statement of its contents and   its   provisions   and   deny   any   allegations   inconsistent   therewith. Defendants deny that Plaintiffs or their members make "regular use of mobile voting units."

136.   Defendants deny the allegations contained in Paragraph 136.

137.   Defendants deny the allegations contained in Paragraph 137.

**SB 202 Restricts Early Voting in Runoff Elections**

138.   Paragraph 138 contains Plaintiffs' legal conclusions as well as their characterization of SB 202, rather than allegations of fact, to which no response is required.   To the extent a response is deemed necessary, Defendants deny Plaintiffs' conclusions and characterization.   By way of further response, Defendants respectfully refer the Court to the text of SB 202 for a full and accurate statement of its contents and its provisions and deny any allegations inconsistent therewith.

139.   Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 139.

140.   Defendants deny the allegations contained in Paragraph 140.

141.   Defendants deny the allegations contained in Paragraph 141.

142.   Defendants deny the allegations contained in Paragraph 142.

**SB 202 Makes "Line Warming" a Criminal Offense**

143.   Paragraph 143 contains Plaintiffs' characterization of the referenced statement and SB 202, not allegations of fact, to which no response is required.   By way of further response, Defendants respectfully refer the Court to the referenced statements and the text of SB 202 for a full and accurate statement of their contents and deny anything inconsistent therewith.

144. Paragraph 144 contains Plaintiffs' legal conclusions as well as their characterization of SB 202, rather than allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the text of SB 202 for a full and accurate statement of its contents and its provisions and deny any allegations inconsistent therewith.

145. Paragraph 145 contains Plaintiffs' legal conclusions as well as their characterization of SB 202, rather than allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the text of SB 202 for a full and accurate statement of its contents and its provisions and deny any allegations inconsistent therewith.

146. Defendants admit the that Plaintiffs accurately quote SB 202 in the first sentence of Paragraph 146.  The second sentence contains Plaintiffs' characterization of the cited report, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the cited report for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

147. The first sentence of Paragraph 147 contains Plaintiffs' argument, not allegations of fact, to which no response is required.  Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in the second and third sentences of this

paragraph.  The final sentence contains Plaintiffs' characterization of the cited statistics, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to those statistics for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

148.   Defendants deny the allegations contained in the first sentence of Paragraph 148, and further state that Defendants do not "structure" voting precincts, which is a county responsibility.   Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in this paragraph.

149.   Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 149. Defendants further state that counties operate voting precincts.  The last sentence contains Plaintiffs' characterization of the cited "national study," not allegations of fact, to which no response is required. By way of further response, Defendants respectfully refer the Court to that study for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

150.   Defendants deny the allegations contained in Paragraph 150.

151.   Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 151. Defendants further state that counties operate voting precincts.  By way of further response, Defendants respectfully refer the Court to the cited article for a full and accurate statement of its contents and deny any allegation inconsistent therewith.

152.   Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 152.

153.   Defendants deny that "state officials allow these lines to occur year after year."  Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 153.

154.   Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 154.

155.   Defendants deny the allegations contained in Paragraph 155.

**SB 202 Invalidates Out-of-Precinct Provisional Ballots**

156.   Paragraph 156 contains Plaintiffs' legal conclusions as well as their characterization of SB 202, rather than allegations of fact, to which no response is required.   To the extent a response is deemed necessary, Defendants deny Plaintiffs' conclusions and characterization.   By way of

further response, Defendants respectfully refer the Court to the text of SB 202 for a full and accurate statement of its contents and its provisions and deny any allegations inconsistent therewith.

157.   Defendants admit the allegations contained in Paragraph 157.

158.   Defendants deny that SB 202 disenfranchises voters. The remainder of Paragraph 158 contains Plaintiffs' legal conclusions as well as their characterization of SB 202, rather than allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the text of SB 202 for a full and accurate statement of its contents and its provisions and deny any allegations inconsistent therewith.

159.  Paragraph 159 contains Plaintiffs' legal conclusions as well as their characterization of SB 202, rather than allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the text of SB 202 for a full and accurate statement of its contents and its provisions and deny any allegations inconsistent therewith.

160.   Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 160.

161.  This first two sentences of Paragraph 161 contain Plaintiffs' characterization of population data, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer

the Court to the cited data for a full and accurate statement of their contents and deny any allegations inconsistent therewith.   Defendants deny the allegations contained in the final sentence of this paragraph.

162.   Defendants deny the allegations contained in Paragraph 162.

**SB 202 Allows Unlimited Challenges to the Qualifications of Voters**

163.   Paragraph 163 contains Plaintiffs' legal conclusions as well as their characterization of SB 202, rather than allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the text of SB 202 for a full and accurate statement of its contents and its provisions and deny any allegations inconsistent therewith.

164.   Defendants deny the allegations contained in Paragraph 164.

165.   Defendants deny the allegations contained in Paragraph 165.

**SB 202 Permits the State Election Board to Take Over County Election Administration**

166.   Paragraph 166 contains Plaintiffs' legal conclusions as well as their characterization of SB 202, rather than allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the text of SB 202 for a full and accurate statement of its contents and its provisions and deny any allegations inconsistent therewith.

167.   Paragraph 167 contains Plaintiffs' legal conclusions as well as their characterization of SB 202, rather than allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the text of SB 202 for a full and accurate statement of its contents and its provisions and deny any allegations inconsistent therewith.

168.   Paragraph 168 contains Plaintiffs' legal conclusions as well as their characterization of SB 202, rather than allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the text of SB 202 for a full and accurate statement of its contents and its provisions and deny any allegations inconsistent therewith.

169.   Paragraph 169 contains Plaintiffs' legal conclusions as well as their characterization of SB 202 and the cited case, rather than allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the text of SB 202 and the cited text for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

170.   Paragraph 170 contains Plaintiffs' characterization of statements made by Secretary Raffensperger, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the

37

Court to the cited statements for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

171.   Paragraph 171 contains Plaintiffs' characterization of statements made by Secretary Raffensperger, not allegations of fact, to which no response is required.   By way of further response, Defendants respectfully refer the Court to the cited statements for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

172.   Paragraph 172 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

## FIRST CLAIM FOR RELIEF
### Violation of Section 2 of the Voting Rights Act
### 52 U.S.C. § 10301, et seq.
### (Intentional Racial Discrimination & Discriminatory Results)

173.   Defendants incorporate by reference and reallege their responses to Plaintiffs' preceding allegations as if fully restated herein.

174. Paragraph 174 contains Plaintiff's legal conclusions, not allegations of fact, to which no response is required.

175.  Paragraph 175 contains Plaintiff's legal conclusions, not allegations of fact, to which no response is required.

176.  Paragraph 176 contains Plaintiffs' characterization of SB 202, not allegations of fact, to which no response is required.  By way of further response, Defendants respectfully refer the Court to the text of SB 202 for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

177.  Paragraph 177 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in this paragraph.

178.  Paragraph 178 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in this paragraph.

**SECOND CLAIM FOR RELIEF**
**Fourteenth Amendment**
**U.S. Const. amend., XIV; 42 U.S.C. § 1983**
**(Intentional Race Discrimination)**

179.  Defendants incorporate by reference and reallege their responses to Plaintiffs' preceding allegations as if fully restated herein.

180. Paragraph 180 contains Plaintiffs' legal conclusions and characterization of this action, not allegations of fact, to which no response is required.  By way of further answer, Defendants respectfully refer this Court to the cited authority for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

181. Paragraph 181 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in this paragraph.

182. Paragraph 182 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in this paragraph.

183. Paragraph 183 contains Plaintiffs' legal conclusions and characterization of this action, not allegations of fact, to which no response is required. By way of further answer, Defendants respectfully refer this Court to the text of the cited authority for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

184. Paragraph 184 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required.  To the extent a response

is deemed necessary, Defendants deny the allegations contained in this paragraph.

### THIRD CLAIM FOR RELIEF
### Fifteenth Amendment
### U.S. Const. amend., XV; 42 U.S.C. § 1983
### (Intentional Race Discrimination in Voting)

185.   Defendants incorporate by reference and reallege their responses to Plaintiffs' preceding allegations as if fully restated herein.

186. Paragraph 186 contains Plaintiff's legal conclusions, not allegations of fact, to which no response is required. By way of further response, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

187. Paragraph 187 contains Plaintiff's legal conclusions, not allegations of fact, to which no response is required. By way of further response, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

188. Paragraph 188 contains Plaintiff's legal conclusions and characterizations of the cited cases, not allegations of fact, to which no response is required. By way of further response, Defendants respectfully refer

the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

189. Paragraph 189 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in this paragraph.

## FOURTH CLAIM FOR RELIEF
### First and Fourteenth Amendments
### U.S. Const. amend. XIV; 42 U.S.C. § 1983
### (Undue Burden on the Right to Vote)

190.  Defendants incorporate by reference and reallege their responses to Plaintiffs' preceding allegations as if fully restated herein.

191. Paragraph 191 contains Plaintiff's legal conclusions, not allegations of fact, to which no response is required. By way of further response, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

192. Paragraph 192 contains Plaintiff's legal conclusions and characterizations of the cited cases, not allegations of fact, to which no response is required. By way of further response, Defendants respectfully refer

the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

193. Paragraph 193 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in this paragraph. By way of further response, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

194. Paragraph 194 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in this paragraph.

## FIFTH CLAIM FOR RELIEF
### Freedom of Speech / Expression
### U.S. Const. amend. I; 42 U.S.C. § 1983

195. Defendants incorporate by reference and reallege their responses to Plaintiffs' preceding allegations as if fully restated herein.

196. Paragraph 196 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in this paragraph.

### SIXTH CLAIM FOR RELIEF
**Title II of the Americans with Disabilities Act,
42 U.S.C. § 12131 et seq.
(Discrimination Against Individuals with Disabilities)**

197.  Defendants incorporate by reference and reallege their responses to Plaintiffs' preceding allegations as if fully restated herein.

198.  Paragraph 198 contains Plaintiff's legal conclusions, not allegations of fact, to which no response is required. By way of further response, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

199.  Paragraph 199 contains Plaintiff's legal conclusions, not allegations of fact, to which no response is required. By way of further response, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

200.  Paragraph 200 contains Plaintiff's legal conclusions, not allegations of fact, to which no response is required. By way of further response, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

201. Paragraph 201 contains Plaintiff's legal conclusions, not allegations of fact, to which no response is required. By way of further response, Defendants respectfully refer the Court to the cited authority for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

202. Paragraph 202 contains Plaintiff's legal conclusions, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in this paragraph.

203. Defendants deny the allegations contained in Paragraph 203.

204. Defendants lack sufficient knowledge of Plaintiffs' members and/or constituents to form a belief about their medical conditions. The remainder of Paragraph 204 contains Plaintiff's legal conclusions, not allegations of fact, to which no response is required. By way of further response, Defendants deny that SB 202 will impact individuals with disabilities.

205. Paragraph 205 contains Plaintiffs' characterization of SB 202, rather than allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendants deny Plaintiffs' characterization. By way of further response, Defendants respectfully refer the Court to the text

of SB 202 for a full and accurate statement of its contents and its provisions and deny any allegations inconsistent therewith.

206. Paragraph 206 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in this paragraph.

207. Paragraph 207 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in this paragraph.

## PRAYER FOR RELIEF

The remaining portions of Plaintiffs' Compliant contain its request for relief, to which no response is required. To the extent a response is deemed necessary, Defendants deny that Plaintiffs are entitled to any relief they seek.

Respectfully submitted this 21st day of January, 2022.

Christopher M. Carr
Attorney General
Georgia Bar No. 112505
Bryan K. Webb
Deputy Attorney General
Georgia Bar No. 743580
Russell D. Willard
Senior Assistant Attorney General
Georgia Bar No. 760280

Charlene McGowan
Assistant Attorney General
Georgia Bar No. 697316
**State Law Department**
40 Capitol Square, S.W.
Atlanta, Georgia 30334

*/s/ Gene C. Schaerr*
Gene C. Schaerr*
Special Assistant Attorney General
Erik Jaffe*
H. Christopher Bartolomucci*
Brian J. Field*
Riddhi Dasgupta*
Joshua J. Prince*
**SCHAERR | JAFFE LLP**
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com
*Admitted pro hac vice*

Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
**Taylor English Duma LLP**
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
(678) 336-7249

*Counsel for Defendants*

47

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing document has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

/s/ Gene C. Schaerr
Gene C. Schaerr