# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | Master Case No.: 1:21-MI-55555-JPB |
| GEORGIA STATE CONFERENCE OF THE NAACP, as an organization, *et al.*, | |
| *Plaintiffs*, | Civil Action File No.: 1:21-CV-01259-JPB |
| v. | |
| BRAD RAFFENSPERGER, in his official capacity as the Secretary of State for the State of Georgia, *et al.*, | |
| *Defendants*, | |
| REPUBLICAN NATIONAL COMMITTEE, *et al.*, | |
| *Intervenor-Defendants*. | |

# STATE DEFENDANTS' ANSWER TO
# PLAINTIFFS' FIRST AMENDED COMPLAINT

## INTRODUCTION

SB 202 updates Georgia's reasonable, nondiscriminatory election rules in response to lessons learned from challenges to the 2018 and 2020 elections. And SB 202 provides procedural safeguards of the type necessary to restore confidence in the integrity of Georgia elections for voters on all sides of the political spectrum. The reforms are also designed to streamline the process of conducting elections in Georgia and reduce the burdens on elections officials. Contrary to the Amended Complaint, SB 202 expands ballot access beyond previous statutory limits.

Ignoring this expanded access created by SB 202, the Amended Complaint asks the Court to make permanent various emergency practices that were temporarily permitted by the State during the 2020 and 2021 elections due to the COVID-19 pandemic.  Yet there is no basis to do so, as Georgia's election laws, as amended by SB 202, expand every voter's access to voting.

Tellingly, the Amended Complaint focuses largely on practices most susceptible to abuse, such as the solicitation and harvesting of absentee ballots, and claims that regulation of those practices is "discriminatory."  But there is nothing discriminatory about restricting practices that are widely recognized to undermine ballot integrity.  Moreover, the claim of

discrimination rests on the *false* assumption that demographic groups Plaintiffs claim to represent are either less competent or less honest than other demographic groups in the Georgia electorate.

Plaintiffs also complain about past long lines and polling place closures. But those resulted from decisions in the Democrat-dominated counties where those problems occurred and have nothing to do with SB 202's reforms, which are designed to reduce similar problems in the future.

In short, Plaintiffs' claims should be rejected because this Court's role "does not extend to second-guessing and interfering with a State's reasonable, nondiscriminatory election rules." *New Ga. Project v. Raffensperger*, 976 F.3d 1278, 1284 (11th Cir. 2020). That is surely so when the alternative is judicial enactment of Plaintiffs' partisan policy goals.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs fail to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs lack standing to bring this action.

### Third Affirmative Defense

Plaintiffs' claims are barred by sovereign immunity and the Eleventh Amendment to the United States Constitution.

### Fourth Affirmative Defense

Plaintiffs have not been subjected to the deprivation of any right, privilege, or immunity under the Constitution or laws of the United States.

### Fifth Affirmative Defense

Plaintiffs failed to join necessary and indispensable parties.

### Sixth Affirmative Defense

Plaintiffs' requested relief is barred by the *Purcell* principle.

### Seventh Affirmative Defense

Plaintiffs' Voting Rights Act Section 2 claims are barred because there is no private right of action under Section 2.

### Eighth Affirmative Defense

Defendants reserve the right to amend their defenses and to add additional ones, including lack of subject matter jurisdiction based on mootness or ripeness, as further information becomes available in discovery.

### RESPONSES

State Defendants respond to the separately numbered paragraphs and prayer for relief contained in the Amended Complaint below.  To the extent that any allegation is not admitted herein, it is denied.  Moreover, to the extent that the Amended Complaint refers to or quotes from external documents, statutes, or other sources, State Defendants may refer to such materials for

their accurate and complete contents; however, State Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiffs; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

State Defendants answer as follows:

## PRELIMINARY STATEMENT[1]

1.     State Defendants admit that Plaintiffs filed the Amended Complaint against the named Defendants, and that SB 202 was passed by the Georgia General Assembly on March 25, 2021, and signed into the law the same day.  The remainder of Paragraph 1 sets forth legal conclusions to which no response is required.

2.     State Defendants admit that Democratic candidates won in Georgia in the 2020 Presidential election and in the 2021 Senate runoff election.   To the extent Paragraph 2 sets forth legal conclusions to which no response is required, State Defendants deny them.  All remaining allegations set forth in Paragraph 2 are denied.

---

[1] For ease of reference, State Defendants refer to Plaintiffs' headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

3.      Paragraph 3 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them and state that SB 202 speaks for itself.  The remaining allegations in this Paragraph are denied.

4.      State Defendants admit that, for elections conducted during the COVID pandemic, the level of absentee voting increased.  Paragraph 4 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them and state that SB 202 speaks for itself. State Defendants deny the remaining allegations in this Paragraph.

5.      Paragraph 5 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them and state that SB 202 speaks for itself.  The remaining allegations in this Paragraph are denied.

6.      Paragraph 6 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them and state that SB 202 speaks for itself.  The remaining allegations in this Paragraph are denied.

7.      Paragraph 7 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants

deny them and state that SB 202 speaks for itself.  The remaining allegations in this Paragraph are denied.

8.    Paragraph 8 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.

## JURISDICTION AND VENUE

9.    State Defendants admit that this Court has federal-question jurisdiction for claims arising under the Voting Rights Act.  State Defendants deny the allegations set forth in Paragraph 9.

10.    State Defendants admit the allegations contained in Paragraph 10 but deny that Plaintiffs are entitled to a declaratory judgment.

11.    State Defendants admit the allegations set forth in Paragraph 11 of the Amended Complaint.

12.    To the extent the Court has jurisdiction over this matter, State Defendants admit that venue is proper in this Court.

## PARTIES

13.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 13 and deny them on that basis.

14.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 14 and deny them on that basis.

15.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 15 and deny them on that basis.

16.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 16 and deny them on that basis.

17.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 17 and deny them on that basis.

18.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 18 and deny them on that basis.

19.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 19 and deny them on that basis.

20.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 20 and deny them on that basis.

21.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 21 and deny them on that basis.

22.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 22 and deny them on that basis.

23.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 23 and deny them on that basis.

24.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 24 and deny them on that basis.

25.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 25 and deny them on that basis.

26.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 26 and deny them on that basis.

27.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 27 and deny them on that basis.

28.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 28 and deny them on that basis.

29.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 29 and deny them on that basis.

30.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 30 and deny them on that basis.

31.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 31 and deny them on that basis.

32.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 32 and deny them on that basis.

33.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 33 and deny them on that basis.

34.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 34 and deny them on that basis.

35.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 35 and deny them on that basis.

36.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 36 and deny them on that basis.

37.     Paragraph 37 states legal conclusions that require no response, and State Defendants therefore deny them.  State Defendants further state that SB 202 speaks for itself. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 37 and deny them on that basis.

38.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 38 and deny them on that basis.

39.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 39 and deny them on that basis.

40.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 40 and deny them on that basis.

41.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 41 and deny them on that basis.

42.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 42 and deny them on that basis.

43.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 43 and deny them on that basis.

44.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 44 and deny them on that basis.

45.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 45 and deny them on that basis.

46.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 46 and deny them on that basis.

47.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 47 and deny them on that basis.

48.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 48 and deny them on that basis.

49.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 49 and deny them on that basis.

50.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 50 and deny them on that basis.

51.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 51 and deny them on that basis.

52.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 52 and deny them on that basis.

53.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 53 and deny them on that basis.

54.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 54 and deny them on that basis.

55.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 55 and deny them on that basis.

56.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 56 and deny them on that basis.

57.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 57 and deny them on that basis.

58.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 58 and deny them on that basis.

59.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 59 and deny them on that basis.

60.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 60 and deny them on that basis.

61.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 61 and deny them on that basis.

62.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 62 and deny them on that basis.

63.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 63 and deny them on that basis.

64.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 64 and deny them on that basis.

65.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 65 and deny them on that basis.

66.    Paragraph 66 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them and further state that SB 202 speaks for itself.  The remaining allegations in this Paragraph are denied.

67.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 67 and deny them on that basis.    To the extent Paragraph 67 also sets forth legal conclusions to which no response is required, State Defendants deny them and

15

further state that SB 202 speaks for itself.  The remaining allegations in this Paragraph are denied.

68.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 68 and deny them on that basis.  To the extent that Paragraph 68 also sets forth legal conclusions to which no response is required, State Defendants deny them and further state that SB 202 speaks for itself.  The remaining allegations in this Paragraph are denied.

69.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 69 and deny them on that basis.    To the extent Paragraph 69 also sets forth legal conclusions to which no response is required, State Defendants deny them.  SB 202 speaks for itself.  The remaining allegations in this Paragraph are denied.

70.    State Defendants deny the allegations set forth in Paragraph 70 and further state that SB 202 speaks for itself.

71.    State Defendants admit that Secretary Raffensperger is the Secretary of State of Georgia and that he is an *ex officio* non-voting member of the State Election Board. State Defendants further admit that responsibilities of the Secretary are set forth in applicable statutes.  State Defendants deny the remaining allegations set forth in Paragraph 71.

72.     State Defendants deny the allegations contained in Paragraph 72. By way of further response, State Defendants aver that the current State Election Board Members are Sara Ghazal, Matthew Mashburn, Edward Lindsey, and Janice Johnston.

73.     State Defendants admit that the duties of the members of the State Board of Election are set forth in statute.  Paragraph 73 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  SB 202 and the other cited authority speak for themselves.  The remaining allegations in this Paragraph are denied.

74.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 74 and deny them on that basis.

75.     State Defendants admit that the Fulton County Board of Registrations and Elections is responsible for the administration of elections in Fulton County and further state that each cited statutory provision speaks for itself.

76.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 76 and deny them on that basis.

77.    State Defendants admit that the Gwinnett County Board of Registrations and Elections is responsible for the administration of elections in Gwinnett County and further state that each cited statutory provision speaks for itself.

78.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 78 and deny them on that basis.

79.    State Defendants admit that the Cobb County Board of Registrations and Elections is responsible for the administration of elections in Cobb County and further state that each cited statutory provision speaks for itself.

## STATEMENT OF FACTS

### Georgia's History of Racial Discrimination in Voting

80.    State Defendants admit that Georgia has a history of racial discrimination that is long in the past.  Paragraph 80 sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  The cited and quoted materials speak for themselves.

81.    Paragraph 81 sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  State Defendants admit

that at one time Georgia was a "covered jurisdiction" under Section 5 of the Voting Rights Act. The remaining allegations in this Paragraph are denied.

82.    Paragraph 82 sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.   The remaining allegations in this Paragraph are denied.

83.    Paragraph 83 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  The remaining allegations in this Paragraph are denied.

84.    Paragraph 84 sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.   The remaining allegations in this Paragraph are denied.

85.    Paragraph 85 sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.   The remaining allegations in this Paragraph are denied.

86.    Paragraph 86 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  The remaining allegations in this Paragraph are denied.

87.    Paragraph 87 sets forth legal conclusions to which no response is required.  By way of further response, State Defendants state that the voter

list maintenance at issue is required by the National Voter Registration Act. The remaining allegations set forth in Paragraph 87 are denied.

88.    Paragraph 88 sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  State Defendants admit that the 2010 Brooks County investigation did not result in any convictions. State Defendants deny the remaining allegations in Paragraph 88.

89.    Paragraph 89 sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  State Defendants deny the remaining allegations in Paragraph 89.

90.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 90 and deny them on that basis.

91.    State Defendants deny the allegations set forth in Paragraph 91.

**Racial and Ethnic Demographics of Voting in Georgia**

92.    State Defendants admit only that the Secretary of State's office maintains certain voting information and demographic statistics.   The remaining allegations set forth in Paragraph 92 are denied.

93.    State Defendants admit that the share of registered voters who are white has decreased in Georgia in recent years.  To the extent that the allegations in Paragraph 93 are inconsistent with the demographic data, State

Defendants deny those allegations. State Defendants deny the remaining allegations in Paragraph 93.

94.    State Defendants admit the allegations in Paragraph 94.

95.    State Defendants admit that in 2018, Republican candidates were elected to the offices of Governor, Lt. Governor, Secretary of State and Attorney General and that the Secretary's election went into a runoff.  State Defendants deny the remaining allegations in Paragraph 95.

96.    State Defendants admit the allegations set forth in Paragraph 96.

97.    State Defendants admit that the share of registered and actual voters who were white decreased between 2016 and 2020-21.  State Defendants deny the remaining allegations in Paragraph 97.

98.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 98 and deny them on that basis.  The remaining allegations set forth in Paragraph 98 are denied.

99.    State Defendants admit that early voting and voting by mail increased in the 2020 and 2021 elections.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 99 and deny them on that basis.

100.   State Defendants admit that a greater percentage of voters voted by mail in the 2020 and 2021 elections.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 100 and deny them on that basis.

101.   State Defendants deny the allegations contained in Paragraph 101.

102.   State Defendants deny the allegations contained in Paragraph 102.

103.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 103 and deny them on that basis.   Paragraph 103 also sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them. State Defendants deny the allegations made on information and belief.

104.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 104 and deny them on that basis.   Paragraph 104 also sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them. State Defendants deny the allegations made on information and belief.

105.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 105 and deny them on that basis.

106.   Paragraph 106 sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 106 and deny them on that basis.

107.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 107 and deny them on that basis.  State Defendants deny the allegations made on information and belief.

108.   State Defendants admit that certain polling locations have been changed or consolidated, and that those decisions were made by county elections officials.  State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations in Paragraph 108 and deny them on that basis.

109.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 109 and deny them on that basis.

110.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 110.

### The 2020 and 2021 Elections

111.  State Defendants admit the allegations in Paragraph 111.

112.   State Defendants admit that more Georgians voted in the Presidential election in 2020 and in the Senate runoff election in 2021 than in prior elections and that some voters voted by absentee ballot voting, voted early, and utilized drop boxes.   State Defendants deny the remaining allegations in Paragraph 112.

113.   State Defendants deny the allegations set forth in Paragraph 113.

114.   State Defendants admit that early voting and absentee-by-mail voting increased in 2020. The remaining allegations set forth in Paragraph 114 are denied.

115.   State Defendants admit that President Biden won the November election in Georgia in 2020 and that Rev. Raphael Warnock was one of the candidates who won the senatorial runoff election in 2021.   The remaining allegations set forth in Paragraph 115 are denied.

116.   State Defendants admit that there was litigation challenging the 2020 election in Georgia and that the Secretary of State's office investigated a number of complaints related to the election. State Defendants further admit

that Secretary Raffensperger made the referenced statements. State Defendants deny the remainder of the allegations in Paragraph 116.

### The Legislative History of SB 202

117.   State Defendants admit that SB 202 was introduced in the General Assembly in 2021, and deny the remaining allegations in Paragraph 117.

118.   State Defendants admit that SB 202 was not the only election reform bill introduced in the Georgia legislature in 2021. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations with respect to whether agendas were posted for all committee hearings on election reform bills that the Georgia legislature considered in 2021, and deny those allegations on that basis. State Defendants deny all remaining allegations in Paragraph 118.

119.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 119 and deny them on that basis.

120.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 120 and deny them on that basis.

121.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 121 and deny them on that basis.

122.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 122 and deny them on that basis.

123.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 123 and deny them on that basis.

124.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 124 and deny them on that basis.

125.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 125 and deny them on that basis.

126.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 126 and deny them on that basis.

127.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 127 and deny them on that basis.

128.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 128 and deny them on that basis.

129.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 129 and deny them on that basis.

130.   State Defendants admit the allegations contained in Paragraph 130.

131.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 131 and deny them on that basis.

132.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 132 and deny them on that basis.

## The Challenged Provisions of SB 202

133.   State Defendants admit that SB 202 is 98 pages long and that the bill made changes to Georgia election law.   State Defendants deny the remaining allegations set forth in Paragraph 133.

134.   State Defendants admit that in Georgia, absentee ballots have been cast in Georgia elections.  Paragraph 134 also sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them. State Defendants state that SB 202 speaks for itself, and deny all remaining allegations in this Paragraph.

135.  Paragraph 135 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them. State Defendants state that SB 202 speaks for itself, and deny all remaining allegations in this Paragraph.

136.  Paragraph 136 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  State Defendants state that SB 202 speaks for itself, and deny all remaining allegations in this Paragraph.

137.  Paragraph 137 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants

deny them. State Defendants state that SB 202 and the cited legal authority speak for themselves, and deny all remaining allegations in this Paragraph.

138.   Paragraph 138 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  State Defendants state that SB 202 and the cited authority speak for themselves, and deny all remaining allegations in this Paragraph.

139.   Paragraph 139 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  The remaining allegations in this Paragraph are denied.

140.    Paragraph 140 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them and further state that SB 202 speaks for itself.  The remaining allegations in this Paragraph are denied.

141.   Paragraph 141 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  State Defendants further state that SB 202 speaks for itself.  The remaining allegations in this Paragraph are denied.

142.  Paragraph 142 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them. State Defendants further state that SB 202 speaks for itself.  State Defendants deny all remaining allegations in this Paragraph.

143.  Paragraph 143 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them and further state that SB 202 speaks for itself.  The remaining allegations in this Paragraph are denied.

144.  Paragraph 144 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  State Defendants further state that SB 202 speaks for itself.  State Defendants deny all remaining allegations in Paragraph 144.

145.  Paragraph 145 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them. State Defendants further state that SB 202 speaks for itself, and deny all remaining allegations in this Paragraph.

146.  Paragraph 146 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants

deny them. State Defendants further state that SB 202 speaks for itself, and deny all remaining allegations in this Paragraph.

147. Paragraph 147 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them. State Defendants further state that SB 202 speaks for itself, and deny all remaining allegations in this Paragraph.

148. Paragraph 148 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them. State Defendants further state that SB 202 speaks for itself, and deny all remaining allegations in this Paragraph.

149. Paragraph 149 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them. State Defendants further state that SB 202 speaks for itself, and deny all remaining allegations in this Paragraph.

150. Paragraph 150 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them. State Defendants further state that SB 202 speaks for itself, and deny all remaining allegations in this Paragraph.

151. Paragraph 151 of the Amended Complaint sets forth legal conclusions to which no response is required. State Defendants further state

that SB 202 speaks for itself. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 151 with respect to voter conduct, and deny them on that basis. State Defendants deny all remaining allegations in Paragraph 151.

152.   Paragraph 152 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them. State Defendants further state that SB 202 speaks for itself, and deny all remaining allegations in this Paragraph.

153.   Paragraph 153 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them. State Defendants further state that SB 202 speaks for itself, and deny all remaining allegations in this Paragraph.

154.   Paragraph 154 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them. State Defendants admit that, under the emergency orders in effect for the 2020 and 2021 elections, county officials had discretion regarding the drop boxes that were not authorized by statute and were used for the first time in those elections.  State Defendants deny all remaining allegations in this Paragraph.

155. Paragraph 155 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them. State Defendants further state that SB 202 speaks for itself, and deny all remaining allegations in this Paragraph.

156. Paragraph 156 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them. State Defendants further state that SB 202 speaks for itself, and that SB 202 provides the first-ever statutory authorization for drop boxes. State Defendants deny all remaining allegations in this Paragraph.

157. Paragraph 157 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them. State Defendants further state that SB 202 speaks for itself, and deny all remaining allegations in this Paragraph.

158. Paragraph 158 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them. State Defendants further state that SB 202 speaks for itself, and deny all remaining allegations in this Paragraph.

159. Paragraph 159 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants

deny them. State Defendants further state that SB 202 speaks for itself, and deny all remaining allegations in this Paragraph.

160. Paragraph 160 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them. State Defendants further state that SB 202 speaks for itself, and deny all remaining allegations in this Paragraph.

161. Paragraph 161 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them. State Defendants further state that SB 202 speaks for itself, and deny all remaining allegations in this Paragraph.

162. Paragraph 162 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them. State Defendants further state that SB 202 speaks for itself, and deny all remaining allegations in this Paragraph.

163. Paragraph 163 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  State Defendants further state that SB 202 speaks for itself, and deny all remaining allegations in this Paragraph.

164. Paragraph 164 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants

deny them. State Defendants further state that SB 202 speaks for itself, and deny all remaining allegations in this Paragraph.

165. Paragraph 165 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them. State Defendants further state that SB 202 speaks for itself, and deny all remaining allegations in this Paragraph.

166. Paragraph 166 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them. State Defendants further state that SB 202 speaks for itself, and deny all remaining allegations in this Paragraph.

167. Paragraph 167 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them. State Defendants further state that SB 202 speaks for itself, and deny all remaining allegations in this Paragraph.

168. Paragraph 168 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them. State Defendants further state that SB 202 speaks for itself, and deny all remaining allegations in this Paragraph.

169. Paragraph 169 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants

deny them. State Defendants further state that SB 202 speaks for itself, and deny all remaining allegations in this Paragraph.

## CLAIMS FOR RELIEF

## COUNT I

**42 U.S.C. § 1983 and 52 U.S.C. § 10301
(Discriminatory Purpose in Violation of the
Fourteenth and Fifteenth Amendments to the United States
Constitution and Section 2 of the Voting Rights Act,
Against all Defendants)**

170.   Defendants incorporate by reference and reallege their responses to Plaintiffs' preceding allegations as if fully restated herein.

171.   Paragraph 171 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.   The cited statute speaks for itself.   State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

172.   Paragraph 172 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.   The cited constitutional provisions speak for themselves. State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

173.   Paragraph 173 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them. The quoted constitutional provision speaks for itself. State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

174.   Paragraph 174 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  The quoted constitutional provision speaks for itself. State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

175.   Paragraph 175 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them. The quoted statutory provision speaks for itself.  State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

176.   Paragraph 176 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.   The cited statute speaks for itself. State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

177.   Paragraph 177 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.   The cited statutes and constitutional provisions speak for themselves. State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

178.   Paragraph 178 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them. The cited authority speaks for itself. State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

179.   Paragraph 179 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.   SB 202 speaks for itself.   State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

180.   State Defendants deny the allegations in Paragraph 180.

181.   Paragraph 181 of Plaintiffs' Amended Complaint sets forth  legal conclusions to which no response is required and, therefore, State Defendants deny them.   SB 202 speaks for itself. State Defendants deny Plaintiffs'

characterizations of the law, and all other allegations stated or implied in this Paragraph.

182.   State Defendants deny the allegations contained in Paragraph 182.

183.   Paragraph 183 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

184.   Paragraph 184 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them. State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

185.   Paragraph 185 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  State Defendants deny Plaintiffs' characterizations of the facts and the law, and all other allegations stated or implied in this Paragraph.

186.   Paragraph 186 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

187.   Paragraph 187 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

188.   Paragraph 188 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

189.   Paragraph 189 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

190.   State Defendants deny that Plaintiffs are entitled to any relief they seek.

## COUNT II

### (Violation of Section 2 of the Voting Rights Act of 1965
### 52 U.S.C. § 10301, et seq.)

191.   Defendants incorporate by reference and reallege their responses to Plaintiffs' preceding allegations as if fully restated herein.

192.   Paragraph 192 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  The cited and quoted statutory provision speaks for itself.  State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

193.   Paragraph 193 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.   The cited and quoted legal authority speaks for itself. State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

194.   Paragraph 194 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.   SB 202 speaks for itself. State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

195.   Paragraph 195 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  The cited legal authority speaks for itself.  State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

196.   State Defendants admit Georgia's history of racial discrimination in the distant past.  Paragraph 196 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

197.   Paragraph 197 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

198.   Paragraph 198 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

199.   Paragraph 199 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.   SB 202 speaks for itself.   State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

200.   Paragraph 200 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants

deny them.  The cited statutes speak for themselves.  State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

201.   Paragraph 201 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph, State Defendants deny that Plaintiffs are entitled to any relief they seek.

### COUNT III

**42 U.S.C. § 1983**
**(Burden On The Fundamental Right To Vote**
**First And Fourteenth Amendments)**

202.   Defendants incorporate by reference and reallege their responses to Plaintiffs' preceding allegations as if fully restated herein.

203.   Paragraph 203 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them. The cited statute speaks for itself.  State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

204.   Paragraph 204 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants

deny them.  The cited constitutional provisions speak for themselves.  State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

205.   Paragraph 205 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.   The cited statutes and constitutional provisions speak for themselves.  State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

206.   Paragraph 206 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  The cited legal authorities speak for themselves.  State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

207.   Paragraph 207 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.   The cited and quoted legal authority speaks for itself. State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

208.   Paragraph 208 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants

deny them.  The cited legal authority speaks for itself.  State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

209.  Paragraph 209 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  SB 202 speaks for itself.  State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

210.  Paragraph 210 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

211.  Paragraph 211 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

212.  Paragraph 212 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  SB 202 speaks for itself.  State Defendants deny Plaintiffs'

characterizations of the law, and all other allegations stated or implied in this Paragraph.

213.   Paragraph 213 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

214.   Paragraph 214 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.   SB 202 speaks for itself.   State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

215.   Paragraph 215 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.  State Defendants deny that Plaintiffs are entitled to any relief they seek.

## COUNT IV

### 42 U.S.C. § 1983
### (Freedom of Speech and Association
### First And Fourteenth Amendments)

216.   Defendants incorporate by reference and reallege their responses to Plaintiffs' preceding allegations as if fully restated herein.

217.   Paragraph 217 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

218.   Paragraph 218 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.   The cited statute speaks for itself.   State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

219.   Paragraph 219 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.   SB 202 and the cited statute speak for themselves.   State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

220.   Paragraph 220 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.   SB 202 speaks for itself.   State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

221.   Paragraph 221 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.   SB 202 speaks for itself. State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

222.   Paragraph 222 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.   SB 202 speaks for itself. State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.   State Defendants deny that Plaintiffs are entitled to any relief they seek.

## COUNT V

### 42 U.S.C. § 1983
### (Freedom of Expressive Conduct and Speech in
### Providing Food and Drink
### First And Fourteenth Amendments)

223.   Defendants incorporate by reference and reallege their responses to Plaintiffs' preceding allegations as if fully restated herein.

224.   Paragraph 224 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  The cited constitutional provisions speak for themselves.  State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

225.   Paragraph 225 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.   SB 202 speaks for itself. State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

226.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 226 and deny them on that basis.

227.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations in Paragraph 227 and deny them on that basis.

228.   Paragraph 228 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.   SB 202 speaks for itself.   State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

229.   Paragraph 229 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

230.   Paragraph 230 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.   SB 202 speaks for itself.   State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

231.   Paragraph 231 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.   SB 202 speaks for itself.   State Defendants deny Plaintiffs'

characterizations of the law, and all other allegations stated or implied in this Paragraph.

232.   Paragraph 232 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.   SB 202 speaks for itself.   State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph. State Defendants deny that Plaintiffs are entitled to any relief they seek.

## COUNT VI

### 52 U.S.C. § 10101, 42 U.S.C. § 1983
### (Immaterial Voting Requirement)

233.   Defendants incorporate by reference and reallege their responses to Plaintiffs' preceding allegations as if fully restated herein.

234.   Paragraph 234 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  The cited and quoted statute speaks for itself. State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

235.   Paragraph 235 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants

deny them.   SB 202 speaks for itself.   State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

236.   Paragraph 236 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.   SB 202 speaks for itself.   State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

237.   Paragraph 237 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny them.  The cited statutes speak for themselves. State Defendants deny Plaintiffs' characterizations of the law, and all other allegations stated or implied in this Paragraph.

238.   State Defendants deny that Plaintiffs are entitled to any relief they seek.

## PRAYER FOR RELIEF

State Defendants deny that Plaintiffs are entitled to any relief they seek as set forth in their Prayer for Relief.   State Defendants further deny every allegation not specifically admitted in this Answer.

Respectfully submitted this 21st day of January 2022.

Christopher M. Carr
Attorney General
Georgia Bar No. 112505
Bryan K. Webb
Deputy Attorney General
Georgia Bar No. 743580
Russell D. Willard
Senior Assistant Attorney General
Georgia Bar No. 760280
Charlene McGowan
Assistant Attorney General
Georgia Bar No. 697316
**State Law Department**
40 Capitol Square, S.W.
Atlanta, Georgia 30334

*/s/ Gene C. Schaerr*
Gene C. Schaerr*
Special Assistant Attorney General
Erik Jaffe*
H. Christopher Bartolomucci*
Brian J. Field*
Riddhi Dasgupta*
Joshua J. Prince*
**SCHAERR | JAFFE LLP**
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com
*Admitted pro hac vice*

Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272

53

bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
**Taylor English Duma LLP**
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
(678) 336-7249

*Counsel for State Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing document has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Gene C. Schaerr*
Gene C. Schaerr