# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | Master Case No.:<br>1:21-MI-55555-JPB |
| THE NEW GEORGIA PROJECT, *et al.*,<br><br>            *Plaintiffs,*<br><br>      v.<br><br>BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State, *et al.,*<br><br>            *Defendants,*<br><br>REPUBLICAN NATIONAL COMMITTEE, *et al.*,<br><br>            *Intervenor-Defendants.* | CIVIL ACTION<br>FILE NO. 1:21-CV-01229-JPB |

## STATE DEFENDANTS' ANSWER TO
## PLAINTIFFS' FIRST AMENDED COMPLAINT

# INTRODUCTION

SB 202 updates Georgia's reasonable, nondiscriminatory election rules in response to lessons learned from challenges to the 2018 and 2020 elections. And SB 202 provides procedural safeguards of the type necessary to restore confidence in the integrity of Georgia elections for voters on all sides of the political spectrum. The reforms are also designed to streamline the process of conducting elections in Georgia and reduce the burdens on elections officials. Contrary to the Amended Complaint, SB 202 expands ballot access beyond previous statutory limits.

Ignoring this expanded access created by SB 202, the Amended Complaint asks the Court to make permanent various emergency practices that were temporarily permitted by the State during the 2020 and 2021 elections due to the COVID-19 pandemic. Yet there is no basis to do so, as Georgia's election laws, as amended by SB 202, expand every voter's access to voting.

Tellingly, the Amended Complaint focuses largely on practices most susceptible to abuse, such as the solicitation and harvesting of absentee ballots, and claims that regulation of those practices is "discriminatory." But there is nothing discriminatory about restricting practices that are widely recognized to undermine ballot integrity. Moreover, the claim of

discrimination rests on the *false* assumption that demographic groups Plaintiffs claim to represent are either less competent or less honest than other demographic groups in the Georgia electorate.

Plaintiffs also complain about past long lines and polling place closures. But those resulted from decisions in the Democrat-dominated counties where those problems occurred and have nothing to do with SB 202's reforms, which are designed to reduce similar problems in the future.

In short, Plaintiffs' claims should be rejected because this Court's role "does not extend to second-guessing and interfering with a State's reasonable, nondiscriminatory election rules." *New Ga. Project v. Raffensperger*, 976 F.3d 1278, 1284 (11th Cir. 2020). That is surely so when the alternative is judicial enactment of Plaintiffs' partisan policy goals.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs fail to state a claim upon which relief may be granted because, among other things, SB 202 does not have a discriminatory purpose or intent.

### Second Affirmative Defense

Plaintiffs lack standing to bring this action.

### Third Affirmative Defense

Plaintiffs' claims are barred by sovereign immunity and the Eleventh Amendment to the United States Constitution.

### Fourth Affirmative Defense

Plaintiffs have not been subjected to the deprivation of any right, privilege, or immunity under the Constitution or laws of the United States.

### Fifth Affirmative Defense

Plaintiffs failed to join necessary and indispensable parties.

### Sixth Affirmative Defense

Plaintiffs' requested relief is barred by the *Purcell* principle.

### Seventh Affirmative Defense

Plaintiffs' Voting Rights Act Section 2 claims are barred because there is no private right of action under Section 2.

### Eighth Affirmative Defense

State Defendants reserve the right to amend their defenses and to add additional ones, including lack of subject matter jurisdiction based on mootness or ripeness, as further information becomes available in discovery.

### RESPONSES

State Defendants respond to the separately numbered paragraphs and prayer for relief contained in the Amended Complaint below.  To the extent

that any allegation is not admitted herein, it is denied.  Moreover, to the extent that the Amended Complaint refers to or quotes from external documents, statutes, or other sources, State Defendants may refer to such materials for their accurate and complete contents; however, State Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiffs; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

State Defendants answer as follows:

The unnumbered introductory paragraph naming parties sets forth legal conclusions to which no response is required and, therefore, State Defendants denies the same. The remaining allegations in this Paragraph are denied.

### NATURE OF THE CASE[1]

1.      State Defendants admit the allegations contained in the first three sentences of Paragraph 1.  The final sentence contains Plaintiffs' characterization of voting behavior, not allegations of fact, to which no response is required.

---

[1] For ease of reference, State Defendants refer to Plaintiffs' headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

2.     The first sentence of Paragraph 2 contains Plaintiffs' characterization of voter turnout and its effect on election outcomes, not allegations of fact, to which no response is required.  State Defendants admit the remaining allegations set forth in Paragraph 2 of the Amended Complaint.

3.     State Defendants admit that a risk-limiting audit and a recount of the presidential race were conducted in the aftermath of the November 2020 election.  State Defendants further admit that lawsuits were filed related to the results of the election.  The remainder of Paragraph 3 contains Plaintiffs' characterization of these audits, recounts, lawsuits, and a statement made by Secretary Raffensperger, not allegations of fact, to which no response is required.  By way of further response, State Defendants respectfully refer the Court to the referenced audits, recounts, lawsuits, and statement for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

4.     State Defendants admit that, following the 2021 runoff election, the General Assembly passed SB 202 that made changes to Georgia election laws. State Defendants further admit that SB 202 makes changes related to the administration of absentee voting, polling locations, in-person voting, and the timelines for elections. By way of further response, State Defendants

respectfully refer the Court to the text of SB 202 for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

5.     State Defendants deny the allegations contained in Paragraph 5 of the Amended Complaint.

6.     The first sentence of Paragraph 6 contains Plaintiffs' characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required.  By way of further response, State Defendants respectfully refer the Court to the relevant legislative history and the text of SB 202 for a full and accurate statement of its contents and deny any allegations inconsistent therewith.  State Defendants deny the allegation that SB 202's provisions "have nothing to do with the integrity of the ballot."

7.     State Defendants deny the allegations contained in Paragraph 7.

8.     Paragraph 8 contains Plaintiffs' characterization of statements made by Secretary Raffensperger, not allegations of fact, to which no response is required.  By way of further response, State Defendants respectfully refer the Court to the cited statements for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

9.     Paragraph 9 contains Plaintiffs' legal conclusions and characterization of SB 202's legislative history, lawsuits, and statements made by Secretary Raffensperger, not allegations of fact, to which no response is

required, and, therefore, State Defendants deny them. By way of further response, State Defendants respectfully refer the Court to the referenced legislative history, lawsuits, and statements for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

10.     State Defendants deny the allegations set forth in Paragraph 10 of the Amended Complaint.

11.     State Defendants deny the allegations set forth in Paragraph 11 of the Amended Complaint.

## JURISDICTION AND VENUE

12.     Paragraph 12 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them. State Defendants deny the remaining allegations in Paragraph 12.

13.     State Defendants admit that this Court has federal-question jurisdiction for claims arising under the Voting Rights Act. State Defendants deny the remaining allegations in Paragraph 13.

14.     State Defendants admit the allegations set forth in Paragraph 14.

15.     To the extent the Court has jurisdiction over this matter, State Defendants admit that venue is proper in this Court. State Defendants lack sufficient information and knowledge with which to form a belief as to the accuracy of the allegations contained in the second sentence of Paragraph 15.

16.     Paragraph 16 sets forth legal conclusions to which no response is required, and State Defendants therefore deny them.  The cited legal authority speaks for itself.

## PARTIES

17.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 17.

18.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 18.

19.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 19.

20.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 20.

21.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 21.

22.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 22.

23.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 23.

24.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 24.

25.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 25.

26.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 26.

27.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 27.

28.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 28.

29.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 29.

30.     State Defendants admit that Secretary Raffensperger is the Secretary of State of Georgia. State Defendants further admit that the Secretary has responsibilities under law related to elections, including making available the absentee-ballot application form. State Defendants deny the remaining allegations contained in Paragraph 30.

31.     State Defendants deny the first sentence of Paragraph 31.  By way of further response, State Defendants aver that Edward Lindsey replaced Rebecca Sullivan on the State Election Board. State Defendants further admit that the duties of members of the State Election Board are set forth in statute and respectfully refer the Court to the cited authority for a full and accurate statement of its contents and deny any allegations inconsistent therewith. State Defendants deny the remaining allegations contained in Paragraph 31 of the Amended Complaint.

32.     State Defendants deny the first sentence of Paragraph 32.  By way of further response, State Defendants aver that the current State Election Board Members are Matthew Mashburn, Sara Ghazal, Edward Lindsey, and Janice Johnston.  State Defendants further admit that the duties of members of the State Election Board are set forth in statute and respectfully refer the Court to the cited authority for a full and accurate statement of its contents and deny any allegations inconsistent therewith. State Defendants deny the remaining allegations contained in Paragraph 32 of the Amended Complaint.

33.     State Defendants admit that the Spalding County Board of Elections and Registration is responsible for the administration of elections in Spalding County. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 33.

34.     State Defendants admit that the Brooks County Board of Elections is responsible for the administration of elections in Brooks County. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 34.

35.     State Defendants admit that the Fulton County Board of Elections and Registration is responsible for the administration of elections in Fulton County.  State Defendants lack sufficient knowledge or information with which

to form a belief as to the truth of the remaining allegations contained in Paragraph 35.

36.     State Defendants admit that Keith E. Gammage is the Solicitor General of Fulton County. State Defendants further admit that Solicitors General have responsibilities in statute related to bringing misdemeanor criminal charges.  State Defendants deny the remaining allegations set forth in Paragraph 36.

37.     State Defendants admit that Gregory W. Edwards is the District Attorney for Dougherty Judicial Circuit, which includes Dougherty County. State Defendants further admit that District Attorneys have responsibilities in statute related to bringing criminal charges. State Defendants deny the remaining allegations set forth in Paragraph 37.

## STATEMENT OF FACTS AND LAW

### The 2020 Election in Georgia

38.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 38.

39.     State Defendants admit that Georgia voters participated in the 2020 elections at record rates and that the use of absentee voting increased

significantly in a pandemic. State Defendants deny the remaining allegations set forth in Paragraph 39 of the Amended Complaint.

40.    State Defendants admit the allegations set forth in Paragraph 40 of the Amended Complaint.

41.    State Defendants admit the allegations set forth in Paragraph 41 of the Amended Complaint.

42.    State Defendants admit that, pursuant to an emergency State Election Board rule that allowed counties to choose to utilize drop boxes under certain requirements including placement on government property and 24/7 video surveillance, voters used those drop boxes to return absentee ballots to election officials. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 42.

43.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 43.

44.    State Defendants admit that, pursuant to the emergency State Election Board rule, some counties chose not to use drop boxes, others chose to use a single drop box, and others chose to place dozens of drop boxes. State

13

Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 44.

45.     State Defendants admit that Fulton County offered two mobile voting units for early voting for the 2020 general election. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 45.

46.     State Defendants admit that Fulton County has the largest Black population in Georgia and admits that Fulton County is the only Georgia county that used mobile voting units in the 2020 general. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 46.

47.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 47.

48.     State Defendants admit that nearly 50% of the population of Douglas County is Black according to the 2020 Census estimates. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 48.

49.     State Defendants admit the allegations set forth in Paragraph 49.

50.     State Defendants deny the allegations set forth in Paragraph 50.

51.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 51.

52.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 52.

53.    State Defendants admit that counties offered extended early voting hours and outdoor drop boxes during the 2020 general election and 2021 runoff election. State Defendants further admit that Fulton County offered mobile voting units in the 2020 general election. State Defendants deny the remaining allegations set forth in Paragraph 53.

54.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 54.

55.    State Defendants admit that the Democratic candidate for President won Georgia's electoral votes for the first time since 1992 and for only the second time since President Carter's election in 1980. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 55.

56.     State Defendants admit that the Democratic candidates for both of Georgia's U.S. Senate seats, including Reverend Raphael Warnock, won the 2021 runoff election. State Defendants further admit that Sen. Warnock is the first Black person ever to represent Georgia in the U.S. Senate. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 56.

57.     State Defendants deny the allegations set forth in Paragraph 57.

58.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations set forth in Paragraph 58, and therefore deny those allegations.

59.     State Defendants deny the allegations set forth in Paragraph 59.

60.     State Defendants admit that lawsuits were filed related to the 2020 general election and 2021 runoff election and that those lawsuits were unsuccessful.   The   remainder   of   Paragraph   60   contains   Plaintiffs' characterization of those lawsuits and legal conclusions, not allegations of fact, to which no response is required.  By way of further response, State Defendants respectfully refer the Court to the referenced lawsuits for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

61.     State Defendants admit that the text produced in Paragraph 61 is a quote from a letter from Secretary Raffensperger to members of Congress

regarding Georgia's 2020 election. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in this paragraph.

62.     Paragraph 62 contains Plaintiffs' characterization of statements made by Secretary Raffensperger, not allegations of fact, to which no response is required.  By way of further response, State Defendants respectfully refer the Court to the cited statements for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

63.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 63.

64.     State Defendants admit that Speaker Ralston announced the formation of a special committee on election integrity at the beginning of the 2021 legislative session.

65.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 65.

66.     State Defendants deny the allegations contained in Paragraph 66.

## The Challenged Laws

67.   State Defendants admit that the Georgia General Assembly passed legislation that amended Georgia's election laws. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 67.

68.   Paragraph 68 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required.  By way of further response, State Defendants respectfully refer the Court to the text of SB 202 for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

69.   State Defendants deny the allegations set forth in Paragraph 69.

70.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 70.

71.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 71.

72.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 72.

73. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 73.

74. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 74.

75. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 75.

76. Paragraph 76 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required, and State Defendants deny those conclusions. By way of further response, State Defendants respectfully refer the Court to the text of SB 202 for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

77. State Defendants deny the allegations set forth in Paragraph 77.

78. State Defendants deny the allegations set forth in Paragraph 78.

79. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 79.

80.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 80.

81.   Paragraph 81 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required, and State Defendants deny those conclusions. The text of SB 202 speaks for itself, and State Defendants deny any allegations inconsistent therewith.

82.   Paragraph 82 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required, and State Defendants deny those conclusions. The text of SB 202 speaks for itself, and State Defendants deny any allegations inconsistent therewith.

83.   State Defendants admit that Fulton County utilized mobile voting units for early voting in the 2020 general election. State Defendants lack sufficient knowledge or information with Paragraph 83.

84.   State Defendants deny the allegations set forth in Paragraph 84.

85.   State Defendants deny the allegations set forth in Paragraph 85. State Defendants further state that SB 202 was the first statutory authorization of drop boxes, and the emergency rules authorizing the

temporary use of drop boxes in 2020 and 2021 had expired when SB 202 was enacted.

86.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 86.

87.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 87.

88.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 88.

89.   State Defendants deny the allegations set forth in Paragraph 89.

90.   Paragraph 90 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required, and State Defendants deny those conclusions. The text of SB 202 speaks for itself, and State Defendants deny any allegations inconsistent therewith.

91.   Paragraph 91 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required, and State Defendants deny those conclusions. The text of SB 202

speaks for itself, and State Defendants deny any allegations inconsistent therewith.

92.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 92.

93.    State Defendants deny the allegations set forth in Paragraph 93.

94.    State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 94.

95.    Paragraph 95 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, State Defendants deny the same. The remaining allegations in this Paragraph are denied.

96.    Paragraph 96 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required, and State Defendants deny those conclusions. The text of SB 202 speaks for itself, and State Defendants deny any allegations inconsistent therewith.

97.    State Defendants deny the allegations set forth in Paragraph 97.

98.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 98.

99.     State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 99.

100.   State Defendants deny the allegations set forth in Paragraph 100.

101.   Paragraph 101 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required, and State Defendants deny those conclusions. The text of SB 202 speaks for itself, and State Defendants deny any allegations inconsistent therewith.

102.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 102.

103.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 103.

104.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 104.

105.   State Defendants deny the allegations set forth in Paragraph 105.

106.   Paragraph 106 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required, and State Defendants deny those conclusions. The text of SB 202 speaks for itself, and State Defendants deny any allegations inconsistent therewith.

107.   State Defendants deny the allegations set forth in Paragraph 107.

108.   Paragraph 108 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required, and State Defendants deny those conclusions. The text of SB 202 speaks for itself, and State Defendants deny any allegations inconsistent therewith.

109.   State Defendants deny the allegations set forth in Paragraph 109.

110.   State Defendants deny the allegations set forth in Paragraph 110 of the Amended Complaint.

### The Rushed Legislative Process and Pretextual Justifications
### for SB 202

111.   State Defendants deny the allegations in Paragraph 111.

112.   Paragraph 112 contains Plaintiffs' characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required. By way of further response, State Defendants respectfully refer the Court to the relevant legislative history for a full and accurate statement of its contents and deny any allegations inconsistent therewith. To the extent that this paragraph contains factual allegations to which a response is necessary, State Defendants deny those factual allegations.

113.   This paragraph contains Plaintiffs' characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required. By way of further response, State Defendants respectfully refer the Court to the relevant legislative history for a full and accurate statement of its contents and deny any allegations inconsistent therewith. To the extent that this paragraph contains factual allegations to which a response is necessary, State Defendants deny those factual allegations.

114.   Paragraph 114 contains Plaintiffs' characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required. By way of further response, State Defendants respectfully refer the Court to

the relevant legislative history for a full and accurate statement of its contents and deny any allegations inconsistent therewith. To the extent that this paragraph contains factual allegations to which a response is necessary, State Defendants deny those factual allegations.

115.   Paragraph 115 contains Plaintiffs' characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required. By way of further response, State Defendants respectfully refer the Court to the relevant legislative history for a full and accurate statement of its contents and deny any allegations inconsistent therewith. To the extent that this paragraph contains factual allegations to which a response is necessary, State Defendants deny those factual allegations.

116.   This paragraph contains Plaintiffs' characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required. By way of further response, State Defendants respectfully refer the Court to the relevant legislative history for a full and accurate statement of its contents and deny any allegations inconsistent therewith. To the extent that this paragraph contains factual allegations to which a response is necessary, State Defendants deny those factual allegations.

117.   Paragraph 117 contains Plaintiffs' characterization of SB 202 and its legislative history, not allegations of fact, to which no response is required.

By way of further response, State Defendants respectfully refer the Court to the relevant legislative history for a full and accurate statement of its contents and deny any allegations inconsistent therewith. To the extent that this paragraph contains factual allegations to which a response is necessary, State Defendants deny those factual allegations.

118.   Paragraph 118 contains Plaintiffs' legal conclusions as well as their characterization of SB 202, rather than allegations of fact, to which no response is required.   By way of further response, State Defendants respectfully refer the Court to the text of SB 202 for a full and accurate statement of its contents and its provisions and deny any allegations inconsistent therewith. To the extent that this paragraph contains factual allegations to which a response is necessary, State Defendants deny those factual allegations.

119.   Paragraph 119 contains Plaintiffs' legal conclusions as well as their characterization of SB 202, rather than allegations of fact, to which no response is required.   By way of further response, State Defendants respectfully refer the Court to the text of SB 202 for a full and accurate statement of its contents and its provisions and deny any allegations inconsistent therewith. To the extent that this paragraph contains factual

allegations to which a response is necessary, State Defendants deny those factual allegations.

120.   Paragraph 120 contains Plaintiffs' legal conclusions as well as their characterization of SB 202, rather than allegations of fact, to which no response is required.   By way of further response, State Defendants respectfully refer the Court to the text of SB 202 for a full and accurate statement of its contents and its provisions and deny any allegations inconsistent therewith. To the extent that this paragraph contains factual allegations to which a response is necessary, State Defendants deny those factual allegations.

121.   State Defendants deny the allegations contained in Paragraph 121.

122.   Paragraph 122 contains Plaintiffs' legal conclusions as well as their characterization of SB 202, rather than allegations of fact, to which no response is required.   By way of further response, State Defendants respectfully refer the Court to the text of SB 202 for a full and accurate statement of its contents and its provisions and deny any allegations inconsistent therewith.   To the extent that this paragraph contains factual allegations to which a response is necessary, State Defendants deny those factual allegations.

123.    State Defendants deny the allegations in Paragraph 123.

124.    State Defendants admit that SB 202 changed the selection process for members of the State Election Board Members and respectfully refer the Court to the text of SB 202 for a full and accurate statement of its contents and its provisions and deny any allegations inconsistent therewith.

125.    State Defendants admit that SB 202 amended the authority of the State Election Board and respectfully refer the Court to the text of SB 202 for a full and accurate statement of its contents and its provisions and deny any allegations inconsistent therewith.

126.    State Defendants deny the allegations contained in the first sentence of Paragraph 126.  The remaining portion of this paragraph contains Plaintiffs' legal conclusions as well as their characterization of SB 202, rather than allegations of fact, to which no response is required.  By way of further response, State Defendants respectfully refer the Court to the text of SB 202 for a full and accurate statement of its contents and its provisions and deny any allegations inconsistent therewith.  To the extent that this paragraph contains factual allegations to which a response is necessary, State Defendants deny those factual allegations.

127.    State Defendants deny the allegations in Paragraph 127.

## Racial Discrimination and Voting in Georgia

128.   State Defendants admit that events have occurred in the State previously that have harmed racial minorities but deny any implication that these events are relevant to the claims brought in this action.  Defendants deny Plaintiffs' characterization of SB 202.

129.   State Defendants admit that events have occurred in the State previously that have harmed racial minorities but deny any implication that these events are relevant to the claims brought in this action.

130.   State Defendants admit that events have occurred in the State previously that have harmed racial minorities but deny any implication that these events are relevant to the claims brought in this action.

131.   State Defendants admit that events have occurred in the State previously that have harmed racial minorities but deny any implication that these events are relevant to the claims brought in this action.

132.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 132.

133.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 133.

134.   State Defendants deny Plaintiffs' allegations about SB 202, its purpose, or what "spurred" its passage. The text of SB 202 speaks for itself, and State Defendants deny any allegations regarding its purpose inconsistent therewith.   State Defendants admit the remaining allegations contained in Paragraph 134.

135.   State Defendants admit that Georgia formerly was a covered jurisdiction under Section 5 of the Voting Rights Act. The remaining portion of Paragraph 135 contains legal conclusions, not allegations of fact, to which no response is required.

136.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 136.

137.   Paragraph 137 contains Plaintiffs' characterization of the cited cases, not allegations of fact, to which no response is required.   By way of further response, State Defendants respectfully refer the Court to those cases for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

138.   Paragraph 138 contains Plaintiffs' characterization of the cited cases, not allegations of fact, to which no response is required.   By way of further response, State Defendants respectfully refer the Court to those cases

for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

139.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 139.

140.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 140.

141.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 141.

142.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 142.

143.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 143.

144.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 144.

145.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 145.

146.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 146.

147.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 147.

148.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 148.

149.   Paragraph 149 contains Plaintiffs' characterization of population data, not allegations of fact, to which no response is required.  By way of further response, State Defendants respectfully refer the Court to the cited data for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

150.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 150.

151.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 151.

152.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 152.

153.   Paragraph 153 contains Plaintiffs' characterization of survey data, not allegations of fact, to which no response is required.  By way of further response, State Defendants respectfully refer the Court to the cited survey for a full and accurate statement of its contents and deny any allegations inconsistent therewith. State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in this paragraph.

154.   State Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 154.

## CLAIMS FOR RELIEF

## COUNT I

## First and Fourteenth Amendments U.S. Const. Amend. I and XIV, 42 U.S.C. § 1983, 28 U.S.C. §§ 2201, 2202 Undue Burden on the Right to Vote (Brought Against All Defendants)

155.   State Defendants incorporate by reference and reallege their responses to the allegations in the cited paragraphs as if fully restated herein.

156.   Paragraph 156 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required. To the extent that this paragraph contains factual allegations to which a response is necessary, State Defendants deny those factual allegations.

157.   Paragraph 157 contains Plaintiffs' characterization of the cited cases, not allegations of fact, to which no response is required.  By way of further response, State Defendants respectfully refer the Court to those cases for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

158.   State Defendants deny the allegations in Paragraph 158.

159.   Paragraph 159 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required. To the extent that this

paragraph contains factual allegations to which a response is necessary, State Defendants deny those factual allegations.

160. Paragraph 160 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required.  By way of further response, State Defendants respectfully refer the Court to the cited authority for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

161. Paragraph 161 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required.  By way of further response, State Defendants respectfully refer the Court to the cited authority for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

162. Paragraph 162 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required.  By way of further response, State Defendants respectfully refer the Court to the cited authority for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

163. Paragraph 163 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required.  By way of further response, State Defendants respectfully refer the

Court to the cited authority for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

164.  State Defendants deny the allegations contained in the first sentence of Paragraph 164.  The second sentence of this paragraph contains Plaintiffs' characterization of statements made by Secretary Raffensperger, not allegations of fact, to which no response is required.  By way of further response, State Defendants respectfully refer the Court to the referenced statements for a full and accurate statement of their contents and deny any allegations inconsistent therewith.  State Defendants admit that there was record turnout in the 2020 general election and 2021 U.S. Senate runoff, but deny the remaining portions of the third sentence of this paragraph.

165.  Paragraph 165 contains Plaintiffs' characterization of the cited study, not allegations of fact, to which no response is required.  By way of further response, State Defendants respectfully refer the Court to the cited study for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

166.  State Defendants deny the allegations contained in Paragraph 166.

## COUNT II

### Section 2 of the Voting Rights
### Act 52 U.S.C. § 10301, *et seq.*
### Intentional Racial Discrimination & Discriminatory Results
### (Brought Against All Defendants)

167.   State Defendants incorporate by reference and reallege their responses to the allegations in the cited paragraphs as if fully restated herein.

168.   Paragraph 168 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required.   By way of further response, State Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

169.   Paragraph 169 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required.   By way of further response, State Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

170.   Paragraph 170 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required.   By way of further response, State Defendants respectfully refer the Court to the cited authorities

for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

171. State Defendants deny the allegations contained in Paragraph 171.

172. State Defendants deny the allegations contained in Paragraph 172.

173. Paragraph 173 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required.  By way of further response, State Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

174. State Defendants admit that events have occurred in the State previously that have harmed racial minorities but deny any implication that these events are relevant to the claims brought in this action.

175. State Defendants deny the allegations contained in Paragraph 175.

176. State Defendants deny the allegations contained in Paragraph 176.

## COUNT III

**First Amendment**
**U.S. Const. Amend. I, 42 U.S.C. § 1983, 28 U.S.C. §§ 2201, 2202**
**Violation of the Rights to Freedom of Political Association and**
**Expression (Brought Against All Defendants)**

177.   State Defendants incorporate by reference and reallege their responses to the allegations in the cited paragraphs as if fully restated herein.

178.   Paragraph 178 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required.   By way of further response, State Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

179.   Paragraph 179 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required.   By way of further response, State Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

180.   Paragraph 180 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required.   By way of further response, State Defendants respectfully refer the Court to the cited authorities

for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

181.   Paragraph 181 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required.   By way of further response, State Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

182.   State Defendants admit that SB 202's enactment occurred after the 2020 general election and 2021 runoff election, but deny the remaining allegations contained in Paragraph 182.

183.   State Defendants deny the allegations contained in Paragraph 183.

184.   State Defendants deny the allegations contained in Paragraph 184.

## COUNT IV

### First Amendment
### U.S. Const. Amend. I, 42 U.S.C. § 1983, 28 U.S.C. §§ 2201, 2202
### Violation of the Rights to Freedom of Speech and Expression
### (Brought Solely Against Gammage and Edwards)

185.   State Defendants incorporate by reference and reallege their responses to the allegations in the cited paragraphs as if fully restated herein.

186. Paragraph 186 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required.  By way of further response, State Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

187. State Defendants deny the allegations in Paragraph 187.

188. Paragraph 188 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required.  To the extent a response is required, State Defendants deny Plaintiffs' characterization and respectfully refer the Court to SB 202 for the most accurate statement of its purpose.

189. State Defendants deny the allegations contained in Paragraph 189.

## COUNT V

**Civil Rights Act**
**52 U.S.C. § 10101, 42 U.S.C. § 1983, 28 U.S.C. §§ 2201, 2202**
**Immaterial Voting Requirement**
**(Brought Against All Defendants Except Gammage and Edwards)**

190. State Defendants incorporate by reference and reallege their responses to the allegations in the cited paragraphs as if fully restated herein.

191. Paragraph 191 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required.  By way of further response, State Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

192. Paragraph 192 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required.  By way of further response, State Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

193. State Defendants admit the allegations in Paragraph 193 but further aver that any voter whose absentee ballot is rejected for this reason must be given notice and the opportunity to cure their ballot.

194. Paragraph 194 contains Plaintiffs' legal conclusions, not allegations of fact, to which no response is required.  By way of further response, State Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their contents and deny any allegations inconsistent therewith.

195. Paragraph 195 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is

required.  By way of further response, State Defendants respectfully refer the Court to the cited authority for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

196. Paragraph 196 contains Plaintiffs' legal conclusions and characterization of SB 202, not allegations of fact, to which no response is required.  By way of further response, State Defendants respectfully refer the Court to the cited authority for a full and accurate statement of its contents and deny any allegations inconsistent therewith.

197. State Defendants deny the allegations contained in Paragraph 197.

Respectfully submitted this 21st day of January, 2022.

Christopher M. Carr
Attorney General
Georgia Bar No. 112505
Bryan K. Webb
Deputy Attorney General
Georgia Bar No. 743580
Russell D. Willard
Senior Assistant Attorney General
Georgia Bar No. 760280
Charlene McGowan
Assistant Attorney General
Georgia Bar No. 697316
**State Law Department**
40 Capitol Square, S.W.
Atlanta, Georgia 30334

*/s/ Gene C. Schaerr*
Gene C. Schaerr*
Special Assistant Attorney General
Erik Jaffe*
H. Christopher Bartolomucci*
Brian J. Field*
Riddhi Dasgupta*
Joshua J. Prince*
**SCHAERR | JAFFE LLP**
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com
*Admitted pro hac vice*

Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
**Taylor English Duma LLP**
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
(678) 336-7249

*Counsel for State Defendants*

45

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing document has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Gene C. Schaerr*
Gene C. Schaerr