IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | Master Case No.: 1:21-MI-55555-JPB |
| UNITED STATES OF AMERICA, *Plaintiff*, v. THE STATE OF GEORGIA, *et al.*, *Defendants*, REPUBLICAN NATIONAL COMMITTEE, *et al.*, *Intervenor-Defendants*. | Civil Action No.: 1:21-CV-02575-JPB |

**STATE DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, CERTIFICATION FOR IMMEDIATE APPEAL**

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................. 1

ARGUMENT ......................................................................................................... 2

    I.    The Department Cannot, and So Does Not, Defend Its Position on *Johnson* and *Brnovich*. .............................................. 2

    II.   The Department's Attempt to Distinguish *Brooks v. Miller* Fails. ................................................................................... 4

    III.  The Department's Arguments Against Certifying an Immediate Appeal Are Unpersuasive. ........................................... 6

CONCLUSION ..................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Avery v. City of Covington*,
  No. 1:18-cv-05417-JPB, 2021 WL 2435872 (N.D. Ga. Mar. 12, 2021) ............ 4

*Brnovich v. Democratic National Committee*, 141 S. Ct. 2321 (2021) .............. 3

*Brooks v. Miller*, 158 F.3d 1230 (11th Cir. 1998) ...................................... 3, 4, 5

*Bryan v. Murphy*, 246 F. Supp. 2d 1256 (N.D. Ga. 2003) ................................. 4

*Johnson v. DeSoto County Board of Commissioners*,
  72 F.3d 1556 (11th Cir. 1996) ........................................................................ 2

*McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251 (11th Cir. 2004) ................... 7

*Thornburg v. Gingles*, 478 U.S. 30 (1986) ........................................................ 5

**Statutes**

28 U.S.C. § 1292(b) ............................................................................................ 7

52 U.S.C. § 10301 .......................................................................................... 1, 7

## INTRODUCTION

The U.S. Department of Justice ("Department") does not dispute that, under binding Eleventh Circuit precedent, every plaintiff asserting a claim under § 2 of the Voting Rights Act ("VRA") must plead and prove discriminatory results. Nor does the Department dispute that there are no exceptions to this rule, because the express language of § 2, which of course governs every § 2 case, demands that plaintiffs demonstrate that the challenged state law "*results* in a denial or abridgement of the right … to vote on account of race." 52 U.S.C. § 10301(a) (emphasis added). Based on the Eleventh Circuit's cases and the unequivocal language of § 2, the one and only claim advanced here by the Department should have been—and should still be—dismissed.

Indeed, the Department doesn't deny that it made a deliberate decision in this case to refrain from alleging discriminatory results. With that decision, the Department has painted itself into a corner: In the Eleventh Circuit, neither the Department nor any § 2 plaintiff may proceed on an allegation that the law at issue was motivated by a discriminatory purpose without also alleging discriminatory results.

To be sure, as the Department urges, reconsideration and certification for immediate appeal are not routinely granted. But Eleventh Circuit case law

clearly requires some course correction here. Accordingly, this Court should either dismiss the Department's claim or permit the State Defendants to take up the matter with the Eleventh Circuit.

## ARGUMENT

### I. The Department Cannot, and So Does Not, Defend Its Position on *Johnson* and *Brnovich*.

In moving for reconsideration, the State Defendants demonstrated that, under the Eleventh Circuit's controlling decision in *Johnson v. DeSoto County Board of Commissioners*, 72 F.3d 1556 (11th Cir. 1996), the one-count complaint filed by the Department should have been dismissed. The reason the Department's complaint should not have survived the State Defendants' motion to dismiss is that the Department's *only* claim is that SB 202 violates § 2 of the VRA because it allegedly was enacted with a discriminatory *purpose*, and the Department deliberately chose not to allege that SB 202 will produce any discriminatory *results*. *Johnson*, however, adopted a bright-line rule that *every* § 2 plaintiff must plead and prove discriminatory results; a purpose-only claim like the Department's may not be brought in a district court in this Circuit. *See* State Defs.' Br. in Support of Mot. 1–6 [Doc. 11-1] ("Br."). The State Defendants also demonstrated in support of their motion that the Department's position on *Johnson*—that it is limited to vote-dilution cases—is

refuted by the Eleventh Circuit's own application of *Johnson* outside of that context in *Brooks v. Miller*, 158 F.3d 1230 (11th Cir. 1998). *See* Br. 7. And the State Defendants put to rest the notion that *Johnson* and *Miller* were undermined in any way by the Supreme Court's decision last Term in *Brnovich v. Democratic National Committee*, 141 S. Ct. 2321 (2021). *See* Br. 8–11.

In the face of these legal points, the most that the Department can say in its opposition brief is that its position is "at least arguable." Department Opp. to Defs.' Mot. 2, 7 [Doc. 19] ("Opp."). But nowhere in the Department's paper is an actual argument that its stance on *Johnson* is even *arguably* correct.

Instead, the Department's submission amounts to *move along, there's nothing to see here*. The Department notes the State Defendants made a *Johnson* argument in support of their motion to dismiss the first time around. *See* Opp. 4–6. That is true. Of course, had the State Defendants not raised *Johnson* before, they could not now seek reconsideration based on *Johnson*.

But the motion for reconsideration did not simply press rewind and replay the State Defendants' prior argument. The brief supporting the motion cogently explained why the *order* denying the motion to dismiss was clearly inconsistent with *Johnson*. The Department admits that a motion for reconsideration is properly granted where there is "a need to correct a clear

3

error of law." Opp. 2 (quoting *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003)). Such a need exists here. The order denying the State Defendants' motion to dismiss the Department's complaint, *see* Order, *United States v. State of Georgia*, No. 1:21-cv-02575-JPB (Dec. 9, 2021) [Doc. 69], committed a clear error of law by failing to follow *Johnson*. This Court has in the past granted reconsideration to correct a clear error of law, *see Avery v. City of Covington*, No. 1:18-cv-05417-JPB, 2021 WL 2435872, at *2–4 (N.D. Ga. Mar. 12, 2021), and it should do so here as well.

## II. The Department's Attempt to Distinguish *Brooks v. Miller* Fails.

Although the Department fails to engage the State Defendants' arguments about *Johnson* and *Brnovich*, it addresses *Brooks* in a footnote. *See* Opp. 5 n.1. The plaintiffs in *Brooks*, like the Department here, "argue[d] that a showing of discriminatory purpose alone is sufficient for a violation of § 2." *Brooks*, 158 F.3d at 1237. The Eleventh Circuit rejected that argument, including for the reason that "we are bound by *Johnson* … which held that discriminatory intent alone, in the absence of a showing of discriminatory effect, is insufficient to establish a violation of § 2." *Id*.

The Department argues that "*Brooks* was itself a vote-dilution case" and thus is subject to its view that *Johnson* applies only in such cases. Opp. 5 n.1. The argument fails for two reasons. First, it does not matter what kind of § 2

4

case *Brooks* was because, by its terms, the rule of *Johnson* and *Brooks* applies to *all* § 2 cases, full stop.

Second, *Brooks* was not a vote-dilution case. The *Brooks* plaintiffs challenged Georgia's primary runoff rule, which requires a runoff election in the event no candidate in a primary election receives a majority of votes. The *Brooks* plaintiffs—in addition to arguing that the runoff rule had a discriminatory purpose and violated § 2 for that reason alone—argued that the runoff rule produced discriminatory results because the "challenged provision discouraged blacks from running for office." 158 F.3d at 1237. That may be a *candidate*-dilution claim, but it is not a *vote*-dilution claim.

Indeed, *Brooks* recognized that the plaintiffs' claim was "distinct" from a vote-dilution claim. 158 F.3d at 1239. The Court stated that "[t]he *Gingles* case involved a vote dilution claim against the use of multi-member districts. … Because the requirement of a majority of the votes in a primary election *is distinct* from the establishment of a multi-member district such as that at issue in the *Gingles* case, Georgia's majority vote provision does not fit neatly into the analytical framework set out in *Gingles*." *Id.* at 1238–39 (citing *Thornburg v. Gingles*, 478 U.S. 30 (1986)) (emphasis added). The Eleventh Circuit then proceeded to review the district court's application of a modified *Gingles* test

5

and to affirm the district court's rejection of the plaintiffs' discriminatory results claim.

*Brooks* confirms that *Johnson* is correctly read to apply to all § 2 claims. At the very least, *Brooks* proves that *Johnson* applies in cases other than vote-dilution cases. What *Brooks* does *not* prove or even suggest is that the Department's complaint in this case is somehow shielded from the *Johnson* rule that discriminatory results must be pleaded and proved in every § 2 case.

### III. The Department's Arguments Against Certifying an Immediate Appeal Are Unpersuasive.

As to the State Defendants' alternative request for certification for immediate appeal, the Department makes two unpersuasive arguments.

First, the Department argues that the State Defendants have not shown a "substantial ground for difference of opinion." Opp. 8. The State Defendants agree, but only to this extent: There are no substantial grounds supporting *the Department's* opinion as to *Johnson*. The Department ticks off several reasons why it believes this Court was right to hold that § 2 permits purpose-only claims. *See* Opp. 9.[1] But, tellingly, the Department does not say that holding

---

[1] One of those reasons warrants a reply here. The Department seems to believe that its complaint states a proper § 2 claim merely because the complaint makes "an allegation under the 'totality of the circumstances.'" Opp. 9 (slightly misquoting VRA § 2(b), now codified at 52 U.S.C. § 10301(b)). But as the State Defendants have previously explained, subsection 2(b), which

6

comports with the clear teaching of *Johnson*. A substantial ground for difference of opinion might not exist if the Eleventh Circuit is "in complete and unequivocal agreement with the district court." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004) (quotation marks omitted). But the Eleventh Circuit's *Johnson* and *Brooks* decisions are in *disagreement* with this Court's ruling. Thus, the substantial ground factor is met here.

In addition, the Department admits that a substantial ground for difference of opinion exists when "the circuits are split on the issue." Opp. 8 (quotation marks omitted). And, as previously explained, the Ninth Circuit and the Eleventh Circuit are split on the question whether a § 2 violation may be shown based on intent alone. *See* Br. 10–11. So that disagreement likewise supports State Defendants' request for certification.

Second, the Department argues that certification would not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). *See* Opp. 10–11. Wrong again. The Department does not dispute that the question whether *Johnson* and *Brooks* require all § 2 plaintiffs to plead and prove discriminatory results is a "controlling question of law" for purposes of §

---

references the "totality of circumstances," describes a method for proving discriminatory *results*, and the Department has made clear that its claim is bottomed on *purpose* alone. *See* Br. 6.

7

1292(b). The Department's argument that obtaining an answer to that controlling question would not materially advance the ultimate termination of the litigation fails for the obvious reason that, if the Eleventh Circuit decides that question in favor of the State Defendants, then the Department's purpose-only claim must be dismissed—in other words, terminated. If the Department's claim is dismissed, as it should be, that would obviously "materially advance the ultimate termination of this litigation."

## CONCLUSION

The Department simply has no good answer to the showing made by the State Defendants that this Court's order refusing to dismiss the Department's purpose-only Section 2 claim is in clear conflict with the Eleventh Circuit's *Johnson* and *Brooks*—or at least that certification of an interlocutory appeal on that question is warranted. Accordingly, this Court should grant the motion for reconsideration or alternatively grant certification for immediate appeal. *Johnson* and *Brooks* control here.

Respectfully submitted,

Christopher M. Carr
Attorney General
Georgia Bar No. 112505
Bryan K. Webb
Deputy Attorney General
Georgia Bar No. 743580
Russell D. Willard
Senior Assistant Attorney General
Georgia Bar No. 760280
Charlene McGowan
Assistant Attorney General
Georgia Bar No. 697316
**State Law Department**
40 Capitol Square, S.W.
Atlanta, Georgia 30334

*/s/ Gene C. Schaerr*
Gene C. Schaerr*
Special Assistant Attorney General
Erik Jaffe*
H. Christopher Bartolomucci*
Brian J. Field*
Riddhi Dasgupta*
Joshua J. Prince*
Annika M. Boone*
**SCHAERR | JAFFE LLP**
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com
*Admitted *pro hac vice*

9

                                    Bryan P. Tyson
                                    Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
**Taylor English Duma LLP**
1600 Parkwood Circle, Suite 200
Atlanta, Georgia 30339
(678) 336-7249

*Counsel for State Defendants*

Dated:  February 3, 2022

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing reply brief has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Gene C. Schaerr*
Gene C. Schaerr
