**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | MASTER CASE NO. 1:21-MI-55555-JPB |
| THE NEW GEORGIA PROJECT, et al., | |
| *Plaintiffs,* | Case No. 1:21-CV-01229-JPB |
| v. | |
| BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State, *et al.,* | |
| *Defendants.* | |
| GEORGIA STATE CONFERENCE OF THE NAACP, *et al.,* | |
| *Plaintiffs,* | Case No. 1:21-CV-01259-JPB |
| v. | |
| BRAD RAFFENSPERGER, in his official capacity as the Secretary of the State for the State of Georgia, *et al.,* | |
| *Defendants.* | |

SIXTH DISTRICT OF THE AFRICAN
METHODIST EPISCOPAL CHURCH,
*et al.,*

     *Plaintiffs,*

v.

BRIAN KEMP, Governor of the State
of Georgia, in his official capacity, *et
al.,*

     *Defendants.*

CIVIL ACTION

Case No. 1:21-CV-01284-JPB

---

ASIAN AMERICANS ADVANCING
JUSTICE-ATLANTA, *et al.,*

     *Plaintiff,*

v.

BRAD RAFFENSPERGER, in his
official capacity as the Georgia
Secretary of State, *et al.,*

     *Defendants.*

Case No. 1:21-CV-01333-JPB

---

THE CONCERNED BLACK CLERGY
OF METROPOLITAN ATLANTA,
INC., *et al.,*

     *Plaintiffs,*

v.

BRAD RAFFENSPERGER, in his
official capacity as the Georgia
Secretary of State, *et al.,*

     *Defendants.*

Case No. 1:21-CV-01728-JPB

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff,*<br><br>v.<br><br>THE STATE OF GEORGIA, *et al.,*<br><br>    *Defendants.* | Case No. 1:21-CV-2575-JPB |
| VOTE AMERICA, et al.,<br><br>    *Plaintiffs,*<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as the Secretary of State for the State of Georgia, *et al.,*<br><br>    *Defendants.* | Case No. 1:21-CV-01390-JPB |
| COALITION FOR GOOD GOVERNANCE, et al.,<br><br>    *Plaintiffs,*<br><br>v.<br><br>BRIAN KEMP, et al.,<br><br>    *Defendants.* | Civil Action No. 21-cv-02070-JPB |

## **STIPULATED PROTECTIVE ORDER**

In order to facilitate the release of certain information by the parties to this Stipulated Protective Order ("the Order"), the parties in the above-captioned cases (the "Parties") have agreed to the terms of this Order; accordingly, it is ORDERED:

1.      **Parties Bound by this Stipulation and Confidentiality**

**Agreement.**   This Order shall be binding upon all Parties, all Parties'

counsel and their law firms, and their employees, officers, directors, and

agents, testifying and non-testifying experts ("consultants"), and their staff,

and persons made subject to this agreement by its terms.

2.      **Scope and Third Parties.** As used in this Order, the term

"document" shall mean all documents, electronically stored information, and

tangible things within the scope of Fed. R. Civ. P. 26(a)(1)(A)(ii) and 34(a)(1).

A draft or non-identical copy is a separate document within the meaning of this

term. All documents produced in the course of discovery or in response to

requests made by Plaintiffs, including but not limited to, letters dated June 28,

2021 and December 22, 2021 ("documents") shall be subject to this Order as

set forth below. Any Party and all third parties who have received subpoenas

(collectively for purposes of this Order, "Designating Parties") may designate

materials    as    "CONFIDENTIAL"    or    "HIGHLY    CONFIDENTIAL-

ATTORNEYS' EYES ONLY" under this Order if they make a good faith

determination that there is good cause to designate such materials under the

terms of this Order and pursuant to Fed. R. Civ. P. 26(c). The Designating

Party bears the burden of demonstrating that a designation is appropriate, if

challenged.

This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure.

3.   **CONFIDENTIAL Material.** Unless such information is a public record under relevant law, or has previously been publicly released by a government agency (state or local), the following information, whether produced by a Party or third party, shall be deemed "CONFIDENTIAL" for purposes of this Order:

a.   **Particular Individual Information:**

i.   The social security numbers of individuals, in whole or in part;

ii.   The driver's license numbers of individuals;

iii.   The birth dates of individuals;

iv.   The personal telephone numbers of individuals;

v.   The personal email addresses of individuals or other contact information used for electronic messaging;

vi.   The digitized signature of an individual;

vii.   Other government-issued, including tribal government-issued, unique identifiers of individuals;

viii.   All parts of the Georgia statewide voter registration database that are not otherwise available for public

inspection and copying pursuant to federal or Georgia law; and

    ix.    Other information that is not public pursuant to federal or Georgia law that could reveal the identity of a specific individual.

b.    Such other information that the Parties mutually agree in good faith meets the good cause standard and should be considered "CONFIDENTIAL."

c.    Nothing contained herein prohibits any third-party from designating materials if they make a good faith determination that there is good cause to designate such materials under the terms of this Order and pursuant to Fed. R. Civ. P. 26(c).

d.    The Designating Party bears the burden of demonstrating that a designation is appropriate, if challenged.

**4.** **"HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY"** **Material:** Unless such information has previously been deemed a public record by a federal or state court located in Georgia, or has previously been publicly released by a government agency (state or local), the following information, whether produced by a Party or third-party, shall be deemed "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material for the

purposes of this Order; however, the fact that such information is listed in this Order shall not be construed as a waiver of a Party's objections to the production or disclosure of said information or as an agreement to produce such information absent a further order of this Court:

    **a.**    **Particular Individual Information:**

        i.    Information that would compromise the secrecy of a voter's ballot if publicly disclosed;

        ii.    Other information that is protected from disclosure under federal or Georgia law that could reveal the identity of a specific individual.

    **b.**    **Particular Information Regarding Security:**

        i.    Methods, tools, and instrumentalities of security tests, audits, and investigations, but not findings (unless disclosure of such findings would create a threat to the security of voting systems or other State infrastructure); and

        ii.    Information related to security of voting systems that would create a threat to the ongoing security of such systems if publicly disclosed.

    c.    The Designating Party bears the burden of demonstrating that a designation is appropriate, if challenged.

**5.** **Designation** **of** **"CONFIDENTIAL"** **Material** **and**
**Application of Confidentiality Provisions.** The designation of material in
the form of documents, discovery responses, or other tangible material other
than depositions or other pre-trial testimony shall be made by the Designating
Party by affixing the legend "CONFIDENTIAL" on each page containing
information to which the designation applies. The designation of deposition
testimony shall be in accordance with paragraph 6 below. All material
designated "CONFIDENTIAL" that is not reduced to documentary, tangible,
or physical form or that cannot be conveniently designated in the manner set
forth above shall be designated by the Designating Party by informing the
Party receiving the document or information ("the Receiving Party") of the
designation in writing. The confidentiality rules in this Order will apply to all
material marked "CONFIDENTIAL."

    a.    **Basic Principles.** A Receiving Party may use "CONFIDENTIAL"
information that is disclosed or produced by any Designating Party
in connection with this case only for prosecuting, defending, or
attempting to settle this litigation.  "CONFIDENTIAL" material
may be disclosed only to the categories of persons and under the
conditions described in this Order. "CONFIDENTIAL" material
must be stored and maintained by a Receiving Party at a location

and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

b.    **Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, any material designated "CONFIDENTIAL" may only be disclosed to:

i.    counsel of record in this action, as well as employees and agents of counsel to whom it is reasonably necessary to disclose the information for this litigation;

ii.    experts and consultants, and their staff, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

iii.    the Court, court personnel, and court reporters and their staff;

iv.    copy or imaging services retained by counsel to assist in the duplication of "CONFIDENTIAL" material, including E-discovery vendors, after execution of the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

v.      language translation vendors retained by counsel to assist in the translation of "CONFIDENTIAL" material, after execution of the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

vi.     during, or in preparation for, their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court;

vii.    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

viii.   Parties, only after execution of the "Acknowledgement and Agreement to Be Bound" (Exhibit A); and

ix.     employees, officers, representatives, and directors of Parties, to whom disclosure is reasonably necessary for this litigation, only after execution of the "Acknowledgement and Agreement to Be Bound" (Exhibit A), and

x.      any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

c.      **Filing "CONFIDENTIAL" Material.**  Any documents (including briefs), tangible things or information designated as Confidential that are submitted to the court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court in accordance with the procedures outlined in Section III.k. of the Court's Standing Order Regarding Civil Litigation. A party seeking to file a document with the Court under seal shall comply with the procedures set forth in NDGA Local Rules, Appendix H, Section II.J.2 and Section III.k of the Court's Standing Order.

With the exception of Particular Individual Information, before filing "CONFIDENTIAL" material or discussing or referencing such material in court filings, the filing Party shall confer with the Designating Party to determine whether the Designating Party will remove the "CONFIDENTIAL" designation, whether the document can be redacted, or whether a motion to seal is warranted. With respect to Particular Individual

11

Information, any such information included in a Court filing shall be redacted without the need for any meet and confer process. If the Parties cannot agree on the handling of "CONFIDENTIAL" material in court filings, then the Party seeking to file such material must either move to file the material under seal or for a court order permitting filing on the public record.

6. **Designation of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Material and Application of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Provisions.** The designation of material in the form of documents, discovery responses, or other tangible materials other than depositions or other pre-trial testimony shall be made by the Designating Party by affixing the legend "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" on each page containing information to which the designation applies. The designation of deposition testimony shall be in accordance with paragraph 7 below. All material designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" that is not reduced to documentary, tangible, or physical form or that cannot be conveniently designated in the manner set forth above shall be designated by the Designating Party by informing the Receiving Party of the designation in writing. All documents designated "HIGHLY

CONFIDENTIAL-ATTORNEYS' EYES ONLY" by any Party shall be governed by this section.

    a.    **Basic Principles.** A Receiving Party may use "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material may be disclosed only to the categories of persons and under the conditions described in this Order. "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

    b.    **Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, any material designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" may only be disclosed to:

i.      counsel of record in this action, as well as employees and agents of counsel to whom it is reasonably necessary to disclose the information for this litigation;

ii.     experts and consultants, and their staff, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

iii.    the Court, court personnel, and court reporters and their staff;

iv.     copy or imaging services retained by counsel to assist in the duplication of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material, after execution of the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

v.      language translation vendors retained by counsel to assist in the translation of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material, after execution of the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

vi.    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court;

vii.    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

viii.    E-discovery vendors, only after execution of the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

c.    **Filing "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Material.** Any documents (including briefs), tangible things or information designated as Confidential that are submitted to the court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court in accordance with the procedures outlined in Section III.k. of the Court's Standing Order Regarding Civil Litigation. A party seeking to file a document with the Court under seal shall comply with the

procedures set forth in NDGA Local Rules, Appendix H, Section II.J.2 and Section III.k of the Court's Standing Order.

Before filing "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material or discussing or referencing such material in court filings, the filing Party shall confer with the Designating Party to determine whether the Designating Party will remove the "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" designation, whether the document can be redacted, or whether a motion to seal is warranted. If the Parties cannot agree on the handling of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material in court filings, then the Party seeking to file such material must either move to file the material under seal or for a court order permitting filing on the public record.

7.    **Designation of Deposition Testimony.** In order to designate deposition testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," the Designating Party shall give prompt notice that it will seek the protections of this Order either at the deposition or within twenty-one (21) days after receipt of the final deposition transcript, in accordance with the provisions and restrictions of this Order. Unless otherwise designated at or during the deposition, all deposition testimony shall be

16

treated as if designated "CONFIDENTIAL" until the expiration of such twenty-one (21) day period.

**8.    Documents, Things, and Information Produced by Non-Parties.**  Any Party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" any documents or things produced by a non-party in this action that contain information deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" by the Designating Party by providing written notice of the designation to all counsel of record and to counsel for the disclosing non-party within thirty (30) days after the Designating Party receives the produced document or thing. If no Party designates the document or thing as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" within the thirty (30) day period, and if the disclosing non-party has not designated the document or thing as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY", then the document or thing shall be considered not to contain any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information.

**9.    Use of Documents Containing Redacted CONFIDENTIAL Information.** The Parties and their counsel and experts agree to redact "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES

ONLY" information from documents before: (a) using such documents at trial, any hearing, or any court proceeding; (b) attaching such documents to any publicly-filed pleading or filing; or (c) using such documents in any other way where the documents could be seen by the public or by anyone not bound by this Order.

10.    **Other Redactions.** Nothing in this Order precludes the Parties from making redactions for privilege or for other legal reasons before documents are produced.

11.    **Inadvertent Disclosure.**

a.    **"CONFIDENTIAL" and "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."** A Party that has inadvertently produced "CONFIDENTIAL" Information or "or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information without so designating it may at any time re-designate such information as "CONFIDENTIAL" or "or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." The inadvertent or unintentional disclosure of "CONFIDENTIAL" or "or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information shall not be deemed a waiver, in whole or in part, of any Party's claims of confidentiality. If a Party inadvertently or unintentionally produces "CONFIDENTIAL" Information or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY"

Information without designating it as such in accordance with the provisions of this Order, that Party shall promptly upon discovery, either: (a) demand the return or destruction of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information; or (b) furnish a properly marked substitute copy, along with written notice to all Parties that such document or information is deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" and should be treated as such in accordance with the provisions of this Order. Each Receiving Party must treat such document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" from the date such notice is received, but each Receiving Party shall have no liability for any disclosures of such information that were made prior to re-designation. If prior to receiving such notice, the Receiving Party had disclosed the inadvertently undesignated material to persons or entities not authorized to receive it under this Order, the Receiving Party must report such disclosure to the Designating Party and make reasonable efforts to retrieve it, and the Receiving Party must make reasonable efforts thereafter to assure that the material is treated in accordance with the provisions of this Order.

b. **Information subject to a claim of privilege or protection as trial-preparation material.** In the event that information subject to a claim

of privilege or protection as trial-preparation material is produced in the course of this litigation, the production does not operate as a waiver if (1) the disclosure was inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder of the privilege or protection took reasonable steps to rectify the error, including following Federal Rule of Civil Procedure 26(b)(5)(B).

**12.    Challenge of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Designations.** Any Party who wishes to challenge the propriety of the designation of Information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" may do so by providing written notice to the Designating Party at any time up to ten (10) days before the pretrial conference or ten (10) days before trial, whichever is earlier. The notice shall (a) attach a copy of each document subject to challenge, or identify each such document by production number or other appropriate designation, and (b) set forth the reason for such objection. The objecting Party and the Designating Party shall attempt in good faith to resolve any challenge on an informal basis. If an agreement cannot be reached, the objecting Party may seek a decision from the Court with respect to the propriety of the designation. The subject material will continue to be protected under this Protective Order until the Court orders otherwise.

20

13.     **No Waiver.** The inadvertent failure to assert a claim of attorney-client or other privilege or protection under the work product doctrine shall not constitute a waiver of the right to claim a privilege or protection. Any Party may challenge any such claim of privilege or protection on any ground.

14.     **Order Remains in Effect.** This Order shall remain in effect throughout the course of this litigation and during any appeals. Following the termination of this litigation, the Order shall remain in effect for CONFIDENTIAL information derived from properly designated documents, and the Court shall retain jurisdiction to enforce this provision.

15.     **Destruction of Un-Redacted Documents Containing CONFIDENTIAL Information.** This Paragraph applies to documents that contain un-redacted "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" information. Except as otherwise prohibited by federal law (including the Federal Records Act, 44 U.S.C. § 3301 *et seq.)* or the law of Georgia, within ninety days after final disposition of this case not subject to further appeal, the Parties and their counsel and experts, and all other persons having possession, custody, or control of such documents, shall either: (a) return all such documents and any copies thereof to the individual or entity that produced the documents; or (b) destroy hard copies of such documents and all copies thereof with a shredder and make reasonable efforts to delete all

electronic copies of such documents from all systems and databases. Notwithstanding the above requirement, the Parties are entitled to retain (a) one copy of pleadings, expert reports, exhibits, or other documents made part of the court record containing un-redacted CONFIDENTIAL information and (b) un-redacted CONFIDENTIAL information that is incorporated in attorney work product so long as the Parties restrict access to such information to those persons who are permitted access under the Order.

16. **Action by the Court.** Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make any Orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial, including the ability to order removal of a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" designation.

17. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of any Party or any other person with standing concerning the subject matter.

18. **No Prior Judicial Determination.** This Order is entered based on the presentations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any CONFIDENTIAL documents or information

are subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**19.    Persons Bound and Retroactivity.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the Parties and their employees, officers, directors, and agents, testifying experts and consultants, and their staff, and persons made subject to this Order by its terms. This Order shall apply to all documents in this litigation, including any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information, appropriately marked as such, that was produced prior to the Order being signed.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD this

22nd day of February, 2022.

| | |
|---|---|
| Pamela S. Karlan | Christopher M. Carr |
| Principal Deputy Assistant | Attorney General |
| Attorney General | Georgia Bar No. 112505 |
| | Bryan K. Webb |
| */s/ Maura Eileen O'Connor* | Deputy Attorney General |
| T. Christian Herren, Jr. | Georgia Bar No. 743580 |
| John A. Russ IV | Russell D. Willard |
| Jasmyn G. Richardson | Senior Assistant Attorney General |
| Rachel R. Evans | Georgia Bar No. 760280 |
| Ernest A. McFarland | Charlene McGowan |
| Maura Eileen O'Connor | Assistant Attorney General |
| Elizabeth M. Ryan | Georgia Bar No. 697316 |
| Sejal Jhaveri | STATE LAW DEPARTMENT |
| Attorneys, Voting Section | 40 Capitol Square, S.W. |
| Civil Rights Division | Atlanta, Georgia 30334 |
| U.S. DEPARTMENT OF JUSTICE | |
| 4 Constitution Square | */s/ Gene C. Schaerr* |
| 150 M Street NE, Room 8.923 | Gene C. Schaerr* |
| Washington, D.C. 20530 | Special Assistant Attorney General |
| Phone: (800) 253-3931 | Erik Jaffe* |
| Fax: (202) 307-3961 | H. Christopher Bartolomucci* |
| john.russ@usdoj.gov | Brian J. Field* |
| eileen.oconnor2@usdoj.gov | Riddhi Dasgupta* |
| | Joshua J. Prince* |
| | SCHAERR | JAFFE LLP |
| Kurt R. Erskine | 1717 K Street NW, Suite 900 |
| United States Attorney | Washington, DC 20006 |
| Northern District of Georgia | (202) 787-1060 |
| | gschaerr@schaerr-jaffe.com |

*Admitted pro hac vice

24

/s/ Aileen Bell Hughes
Aileen Bell Hughes
Georgia Bar No. 375505
Assistant U.S. Attorney
OFFICE OF THE UNITED STATES
ATTORNEY
600 U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303
Phone: (404) 581-6000
Fax: (404) 581-6181

Attorneys for Plaintiff the United
States of America

/s/ Bryan L. Sells
Bryan L. Sells
Georgia Bar No. 635562
THE LAW OFFICE OF BRYAN
SELLS, LLC
PO Box 5493
Atlanta, Georgia 31107
Tel: (404) 480-4212
Email: bryan@bryansellslaw.com

/s/ Bryan P. Tyson
Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
(678) 336-7249

Attorneys for State Defendants and
Dougherty County Defendant

/s/ Daniel W. White
Daniel W. White
Georgia Bar No. 153033
HAYNIE, LITCHFIELD &
 WHITE, PC
222 Washington Avenue
Marietta, GA  30060
(770) 422-8900
dwhite@hlw-law.com

Attorneys for Brooks County and Cobb
County Defendants

*Admitted pro hac vice

Jon Greenbaum*
Ezra D. Rosenberg*
Julie M. Houk*
jgreenbaum@lawyerscommittee.org
erosenberg@lawyerscommittee.org
jhouk@lawyerscommittee.org
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1500 K Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 662-8600
Facsimile: (202) 783-0857

Vilia Hayes*
Neil Oxford*
Gregory Farrell*
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

*Attorneys for Plaintiffs Georgia State
Conference of the NAACP, Georgia
Coalition for the People's Agenda, Inc.,
League of Women Voters of Georgia,
Inc., GALEO Latino Community
Development Fund, Inc., Common
Cause and Lower Muskogee Creek
Tribe*

/s/ A. Ali Sabzevari
Jack R. Hancock
Georgia Bar No. 322450
jhancock@fmglaw.com
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com
FREEMAN MATHIS & GARY, LLP
661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
*Attorneys for Chatham County and
Clayton County Defendants*

/s/ Gregory C. Sowell
Gregory C. Sowell
Georgia Bar No. 668655
COOK & TOLLEY, LLP
304 East Washington Street
Athens, GA 30601
(706) 549-6111
gregsowell@cooktolley.com
*Attorneys for Clarke County
Defendants*

*Admitted pro hac vice

/s/ Sean J. Young
Sean J. Young (Bar 790399)
syoung@acluga.org
Rahul Garabadu (Bar 553777)
rgarabadu@acluga.org
ACLU FOUNDATION OF GEORGIA,
INC.
P.O. Box 77208
Atlanta, Georgia 30357
Telephone: (678) 981-5295
Facsimile: (770) 303-0060

/s/ Sophia Lin Lakin
Sophia Lin Lakin*
slakin@aclu.org
Davin M. Rosborough*
drosborough@aclu.org
Jonathan Topaz*
jtopaz@aclu.org
Dale E. Ho*
dho@aclu.org
ACLU FOUNDATION
125 Broad Street, 18th Floor
New York, New York 10004
Telephone: (212) 519-7836
Facsimile: (212) 549-2539

/s/ Thomas L. Cathey
Thomas L. Cathey
Georgia Bar No. 116622
Jordan T. Bell
Georgia Bar No. 899345
HULL BARRETT, P.C.
Post Office Box 1564
Augusta, Georgia 30903-1564
(t) (706) 722-4481 | (f) (706) 722-9779
TCathey@hullbarrett.com
JBell@hullbarrett.com
Attorneys for Columbia County
Defendants

/s/ Laura K. Johnson
Laura K. Johnson
Georgia Bar No. 392090
Bennett D. Bryan
Ga. Bar No. 157099
Irene B. Vander Els
Georgia Bar No. 033663
Shelley D. Momo
Georgia Bar No. 239608
DEKALB COUNTY LAW
DEPARTMENT
1300 Commerce Drive, 5th Floor
Decatur, Georgia 30030
Telephone:  (404) 371-3011
Facsimile:  (404) 371-3024
lkjohnson@dekalbcountyga.gov
benbryan@dekalbcountyga.gov
ivanderels@dekalbcountyga.gov
sdmomo@dekalbcountyga.gov

Attorneys for DeKalb County
Defendants

*Admitted pro hac vice

27

Susan P. Mizner*
smizner@aclu.org
ACLU FOUNDATION, INC.
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0781

Brian Dimmick*
bdimmick@aclu.org
ACLU FOUNDATION, INC.
915 15th Street NW
Washington, D.C. 20005
Telephone: (202) 731-2395

/s/ Leah C. Aden
Leah C. Aden*
laden@naacpldf.org
John S. Cusick*
jcusick@naacpldf.org
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, New York 10006
Telephone: (212) 965-2200
Facsimile: (212) 226-7592

/s/ Debo P. Adegbile
Debo P. Adegbile*
debo.adegbile@wilmerhale.com
Ilya Feldsherov*
ilya.feldsherov@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

/s/ Patrick D. Jaugstetter
Patrick D. Jaugstetter
Georgia Bar No. 389680
JARRARD & DAVIS, LLP
222 Webb Street
Cumming, GA  30040
(678) 455-7150
patrickj@jarrard-davis.com
Attorneys for Forsyth County
Defendants

OFFICE OF THE FULTON COUNTY
ATTORNEY
Y. Soo Jo
County Attorney
Georgia Bar Number: 385817
Soo.jo@fultoncountyga.gov
Kaye W. Burwell
Georgia Bar Number: 775060
kaye.burwell@fultoncountyga.gov
Cheryl Ringer
Georgia Bar Number: 557420
cheryl.ringer@fultoncountyga.gov

/s/ David R. Lowman
David Lowman
Georgia Bar Number: 460298
david.lowman@fultoncountyga.gov
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (office)
(404) 730-6324 (facsimile)

Attorneys for Fulton County
Defendants

*Admitted pro hac vice

28

George P. Varghese*
*george.varghese@wilmerhale.com*
Stephanie Lin*
*stephanie.lin@wilmerhale.com*
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Tania Faransso*
*tania.faransso@wilmerhale.com*
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Nana Wilberforce*
*nana.wilberforce@wilmerhale.com*
WILMER CUTLER PICKERING
HALE AND DORR LLP
350 South Grand Avenue,
Suite 2400
Los Angeles, California 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

*Attorneys for Plaintiffs Sixth District
of the African Methodist Episcopal
Church, Delta Sigma Theta Sorority,
Georgia ADAPT, Georgia Advocacy
Office, and Southern Christian
Leadership Conference*

OFFICE OF THE FULTON COUNTY
ATTORNEY
Y. Soo Jo
County Attorney
Georgia Bar Number: 385817
Soo.jo@fultoncountyga.gov
Kaye W. Burwell
Deputy County Attorney
Georgia Bar Number: 775060
kaye.burwell@fultoncountyga.gov

*/s/ Steven Rosenberg*
Steven Rosenberg
Deputy County Attorney
Georgia Bar No. 614560
Steven.Rosenberg@fultoncountyga.gov
Amelia M. Joiner
Assistant County Attorney
Georgia Bar No. 362825
amelia.joiner@fultoncountyga.gov
Emilie O. Denmark
Assistant County Attorney
Georgia Bar No. 185110
emilie.denmark@fultoncountyga.gov
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (office)
(404) 730-6324 (facsimile)

*Attorneys for Defendant Fulton
County Solicitor Gammage*

*Admitted pro hac vice*

/s/ Nancy G. Abudu
Nancy G. Abudu (Bar 001471)
*nancy.abudu@splcenter.org*
Pichaya Poy Winichakul (Bar 246858)
*poy.winichakul@splcenter.org*
SOUTHERN POVERTY LAW
CENTER
P.O. Box 1287
Decatur, Georgia 30031-1287
Telephone: (404) 521-6700
Facsimile: (404) 221-5857


/s/ Adam S. Sieff
Adam S. Sieff*
*adamsieff@dwt.com*
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Fl.
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Facsimile: (213) 633-6899

Matthew Jedreski*
*mjedreski@dwt.com*
Grace Thompson*
*gracethompson@dwt.com*
Brittni Hamilton*
*brittnihamilton@dwt.com*
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Telephone: (206) 622-3150
Facsimile: (206) 757-7700

/s/ Tuwanda Rush Williams
Tuwanda Rush Williams
Deputy County Attorney
Georgia Bar No. 619545

/s/ Melanie F. Wilson
Melanie F. Wilson
Senior Assistant County Attorney
Georgia Bar No. 768870
GWINNETT COUNTY
DEPARTMENT OF LAW
75 Langley Drive
Lawrenceville, Georgia 30046-6900
(770) 822-8700

*Attorneys for Gwinnett County
Defendants*

/s/ Kristin K. Bloodworth
Kristin K. Bloodworth
Georgia Bar No. 940859
STEWART, MELVIN & FROST
P.O. Box 3280
Gainesville, Georgia 30503
770/536-0101 (phone)
kbloodworth@smf-law.com

*Attorneys for Hall County Defendants*

*Admitted pro hac vice

David M. Gossett*
*davidgossett@dwt.com*
DAVIS WRIGHT TREMAINE LLP
1301 K Street NW, Suite 500
Washington, D.C.  20005-7048
Telephone: (202) 973-4288
Facsimile: (202) 973-4499

*Attorneys for Plaintiffs Georgia
Muslim Voter Project, Women Watch
Afrika, Latino Community Fund
Georgia, and The Arc of the United
States*

/s/ Uzoma N. Nkwonta
Uzoma N. Nkwonta*
Jacob D. Shelly*
Jyoti Jasrasaria*
Tina Meng*
Marcos Mocine-McQueen*
Spencer McCandless*
ELIAS LAW GROUP LLP
10 G St. NE, Suite 600
Washington, D.C. 20002
Telephone: (202) 968-4490
unkwonta@elias.law
jshelly@elias.law
jjasrasaria@elias.law
tmeng@elias.law
mmcqueen@elias.law
smccandless@elias.law
Halsey G. Knapp, Jr.
Georgia Bar No. 425320
Joyce Gist Lewis
Georgia Bar No. 296261
Adam M. Sparks
Georgia Bar No. 341578

*Admitted pro hac vice

/s/ William H. Noland
William H. Noland
Georgia Bar No. 545605
william@nolandlawfirmllc.com
Grace Simms Martin
Georgia Bar No. 279182
grace@nolandlawfirmllc.com
NOLAND LAW FIRM, LLC
5400 Riverside Drive, Suite 205
Macon, Georgia 31210
(478) 621-4980 telephone
(478) 621-4282 facsimile

*Attorneys for Macon-Bibb County
Defendants*

/s/ Rachel N. Mack
Rachel N. Mack
Deputy General Counsel
Georgia Bar No. 104990
AUGUSTA LAW DEPARTMENT
535 Telfair Street
Building 3000
Augusta, Georgia 30901
(706) 842-5550
rmack@augustaga.gov

*Attorneys for Richmond County
Defendants*

31

KREVOLIN & HORST, LLC
1201 W. Peachtree St., NW
One Atlantic Center, Suite 3250
Atlanta, GA 30309
Telephone: (404) 888-9700
Facsimile: (404) 888-9577
hknapp@khlawfirm.com
jlewis@khlwafirm.com
sparks@khlawfirm.com

*Attorneys for Plaintiffs The New
Georgia Project, Black Voters
Matter Fund, Rise, Inc., Elbert
Solomon, Fannie Marie Jackson
Gibbs, and Jauan Durbin*

*/s/ Phi Nguyen*
Phi Nguyen
 (Georgia Bar No. 578019)
Meredyth L. Yoon
 (Georgia Bar No. 204566)
Laura Murchie
 (*pro hac vice* application pending)
ASIAN AMERICANS ADVANCING
JUSTICE-ATLANTA
5680 Oakbrook Parkway, Suite 148
Norcross, Georgia 30093
(404) 585 8446 (Telephone)
(404) 890 5690 (Facsimile)
*pnguyen@advancingjustice-atlanta.org*
*myoon@advancingjustice-atlanta.org*
*lmurchie@advancingjustice-atlanta.org*

*/s/ Karl P. Broder*
Karl P. Broder
Ga. State Bar No. 185273
100 South Hill St. - Suite 600
Griffin, Georgia 30223
(770) 227-4000
(770) 229-8524
kbroder@beckowen.com
BECK, OWEN, & MURRAY

*Attorneys for Spalding County
Defendants*

*/s/ Tyler R. Green*
Tyler R. Green*
Cameron T. Norris*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tyler@consovoymccarthy.com

John E. Hall, Jr.
  Georgia Bar No. 319090
William Bradley Carver, Sr.
  Georgia Bar No. 115529
W. Dowdy White
  Georgia Bar No. 320879
Alex B. Kaufman
  Georgia Bar No. 136097
James Cullen Evans
  Georgia Bar No. 797018
HALL BOOTH SMITH, P.C.
191 Peachtree St. NE, Ste. 2900
Atlanta, GA 30303
(404) 954-6967

*Attorneys for Intervenor-Defendants*

*Admitted pro hac vice*

*/s/ Eileen Ma*
Eileen Ma*
Kimberly Leung*
ASIAN AMERICANS ADVANCING
JUSTICE-ASIAN LAW CAUCUS
55 Columbus Avenue
San Francisco, CA 94111
(415) 896 1701 (Telephone)
(415) 896 1702 (Facsimile)
*eileenm@advancingjustice-alc.org*
*kimberly@advancingjustice-alc.org*


*/s/ Niyati Shah*
Niyati Shah*
Terry Ao Minnis*º
ASIAN AMERICANS ADVANCING
JUSTICE-AAJC
1620 L Street, NW, Suite 1050
Washington, DC 20036
(202) 815 1098 (Telephone)
(202) 296 2318 (Facsimile)
*nshah@advancingjustice-*
*aajc.orgtminnis@advancingjustice-*
*aajc.org*

ºNot Admitted in DC

*Admitted pro hac vice

*/s/ R. Adam Lauridsen*
Leo L. Lam*
R. Adam Lauridsen*
Connie P. Sung*
Candice Mai Khanh Nguyen*
Luis G. Hoyos*
Rylee Kercher Olm*
KEKER, VAN NEST AND
PETERS LLP
San Francisco, CA 94111-1809
(415) 391 5400  (Telephone)
(415) 397 7188 (Facsimile)
*llam@keker.com*
*alauridsen@keker.com*
*csung@keker.com*
*cnguyen@keker.com*
*lhoyos@keker.com*
*rolm@keker.com*

*Attorneys for Plaintiffs Asian
Americans Advancing Justice–Atlanta,
Steven J. Paik, Deepum Patel, Nora
Aquino, Thuy Hang Tran, Thao Tran,
and Anjali Enjeti-Sydow*

*/s/ Kurt Kastorf*
Kurt Kastorf
KASTORF LAW, LLC
1387 Iverson Street, N.E., Suite 100
Atlanta, GA 30307
Telephone: (404) 900-0330
kurt@kastorflaw.com

*Admitted pro hac vice*

34

Judith Browne Dianis*
Gilda R. Daniels
Georgia Bar No. 762762
Sabrina Khan*
Jess Unger*
ADVANCEMENT PROJECT
1220 L Street, N.W., Suite 850
Washington, DC 20005
Telephone: (202) 728-9557
Jbrowne@advancementproject.org
Gdaniels@advancementproject.org
Skhan@advancementproject.org
Junger@advancementproject.org

*Admitted pro hac vice

Clifford J. Zatz*
William Tucker*
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 624-2500
CZatz@crowell.com
WTucker@crowell.com

*Attorneys for Plaintiffs The Concerned
Black Clergy of Metropolitan Atlanta,
Inc., The Justice Initiative, Inc.,
Samuel Dewitt Proctor Conference,
Inc., Mijente, Inc., Sankofa United
Church of Christ Limited, Metropolitan
Atlanta Baptist Ministers Union, Inc.,
First Congregational Church, United
Church of Christ Incorporated, Georgia
Latino Alliance for Human Rights,
Inc., Faith in Action Network, Greater
Works Ministries Network, Inc.,
Exousia Lighthouse International
C.M., Inc.*

*Admitted pro hac vice*

*/s/ Robert B. Remar*
Robert B. Remar
(Ga. Bar No. 600575)
Katherine L. D'Ambrosio
(Ga. Bar No. 780128)
SMITH, GAMBRELL & RUSSELL
1105 W. Peachtree St. N.E.
Suite 1000
Atlanta, GA  30309
404-815-3500 (telephone)
404-815-3509 (facsimile)
rremar@sgrlaw.com
kdambrosio@sgrlaw.com

*/s/ Jonathan Diaz*
Jonathan Diaz
Danielle Lang*
Jonathan Diaz*
Rob Weiner*
Caleb Jackson*
Hayden Johnson*
Valencia Richardson*
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Ste. 400
Washington, D.C. 20005
Tel: (202) 736-2200
Fax: (202) 736-2222
dlang@campaignlegalcenter.org
jdiaz@campaignlegalcenter.org
rweiner@campaignlegalcenter.org
cjackson@campaignlegalcenter.org
hjohnson@campaignlegalcenter.org
vrichardson@campaignlegalcenter.org

*Attorneys for Plaintiffs VoteAmerica,
Voter Participation Center, and Center
for Voter Information*

*\*Admitted pro hac vice*

37

*/s/ Bruce P. Brown*
_____

Bruce P. Brown
Georgia Bar No. 064460
BRUCE P. BROWN LAW LLC
1123 Zonolite Rd. NE
Suite 6
Atlanta, Georgia 30306
( 404) 386-6856
bbrown@brucepbrownlaw.com

*/s/ Greg K. Hecht*
_____

Greg K. Hecht
Georgia Bar No. 003860
HECHT WALKER, P. C.
205 Corporate Center Dr.
Suite B
Stockbridge, Georgia 30281
(404) 348-4881
greg@hmhwlaw.com

*/s/ Cary Ichter*
_____

Cary Ichter
Georgia Bar No. 382515
ICHTER DAVIS LLC
3340 Peachtree Road NE
Suite 1530
Atlanta, Georgia 30326
(404) 869-7600
Clchter@Ichterdavis.com

*\*Admitted pro hac vice*

/s/ Shea E. Roberts
Shea E. Roberts
Georgia Bar No. 608874
GIACOMA ROBERTS & DAUGHDRILL LLC
945 East Paces Rd., Suite 2750
Atlanta, Georgia 30326
(404) 924-2850
sroberts@grdlegal.com

*Attorneys for Plaintiffs Coalition for
Good Governance, Adam Sidrley,
Ernestine Thomas-Clark, Antwan
Lang, Patricia Pullar, Judy Mcnichols,
Jackson County Democratic
Committee, Georgia Advancing
Progress Political Action Committee,
Ryan Graham, Rhonda Martin, Jeanne
Dufort, Aileen Nakamura, Elizabeth
Throop, and Bradley Friedman*

*Admitted pro hac vice

39

PURSUANT TO STIPULATION, IT IS SO ORDERED, this 22nd day of

__February__ , 2022.

_____
Hon. J. P. Boulee
United States District Judge
Northern District of Georgia

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | MASTER CASE NO. 1:12-MI-55555-JPB |
| THE NEW GEORGIA PROJECT, et al., | |
| *Plaintiffs,* | Case No. 1:21-CV-01229-JPB |
| v. | |
| BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State, *et al.*, | |
| *Defendants.* | |
| GEORGIA STATE CONFERENCE OF THE NAACP, *et al.*, | |
| *Plaintiffs,* | Case No. 1:21-CV-01259-JPB |
| v. | |
| BRAD RAFFENSPERGER, in his official capacity as the Secretary of the State for the State of Georgia, *et al.*, | |
| *Defendants.* | |

SIXTH DISTRICT OF THE AFRICAN
METHODIST EPISCOPAL CHURCH,
*et al.*,

     *Plaintiffs,*

v.

BRIAN KEMP, Governor of the State
of Georgia, in his official capacity, *et
al.*,

     *Defendants.*

CIVIL ACTION

Case No. 1:21-CV-01284-JPB

---

ASIAN AMERICANS ADVANCING
JUSTICE-ATLANTA,

     *Plaintiff,*

v.

BRAD RAFFENSPERGER, in his
official capacity as the Georgia
Secretary of State, *et al.*,

     *Defendants.*

Case No. 1:21-CV-01333-JPB

---

THE CONCERNED BLACK CLERGY
OF METROPOLITAN ATLANTA,
INC., *et al.*,

     *Plaintiffs,*

v.

BRAD RAFFENSPERGER, in his
official capacity as the Georgia
Secretary of State, *et al.*,

     *Defendants.*

Case No. 1:21-CV-01728-JPB

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff,* | Case No. 1:21-CV-2575-JPB |
| v. | |
| THE STATE OF GEORGIA, *et al.,* | |
| *Defendants.* | |
| VOTE AMERICA, et al., | |
| *Plaintiffs,* | |
| v. | Case No. 1:21-CV-01390-JPB |
| BRAD RAFFENSPERGER, in his official capacity as the Secretary of State for the State of Georgia, *et al.,* | |
| *Defendants.* | |
| COALITION FOR GOOD GOVERNANCE, et al., | |
| *Plaintiffs,* | |
| v. | Civil Action No. 21-cv-02070-JPB |
| BRIAN KEMP, et al., | |
| *Defendants.* | |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order dated January __, 2022 in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United

States District Court for the Northern District of Georgia in matters relating

to the Stipulated Protective Order.

The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties for contempt of court or any other penalty otherwise imposed by the United States District Court for the Northern District of Georgia.


Signed: _____ by _____ (print name)

Business Address: _____

Date: _____