UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | MASTER CASE NO. 1:21-mi-55555-JPB |
| THE NEW GEORGIA PROJECT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State, et al., <br><br> Defendants. | CIVIL ACTION NO. 1:21-cv-01229-JPB |

| | |
|---|---|
| GEORGIA STATE CONFERENCE OF THE NAACP, et al., | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO. 1:21-cv-01259-JPB |
| BRAD RAFFENSPERGER, in his official capacity as the Secretary of State for the State of Georgia, et al., | |
| Defendants. | |

| | |
|---|---|
| SIXTH DISTRICT OF THE AFRICAN METHODIST EPISCOPAL CHURCH, et al., | |
| Plaintiffs, | |
| v. | CIVIL ACTION NO. 1:21-cv-01284-JPB |
| BRIAN KEMP, Governor of the State of Georgia, in his official capacity, et al., | |
| Defendants. | |

## **ORDER**

Before the Court is Defendants Brian Kemp, Brad Raffensperger, the State Election Board, Rebecca Sullivan, Sara Ghazal, Matthew Mashburn and Anh Le's (collectively "State Defendants") Motion for Reconsideration or, in the alternative,

Certification for Immediate Appeal ("Motion").  ECF No. 12.  After due consideration of the Motion, the Court finds as follows:

I. **BACKGROUND**

The plaintiffs in the above-styled cases (collectively "Plaintiffs") filed this action seeking a declaration that certain provisions of Georgia Senate Bill 202 ("SB 202") violate the United States Constitution and federal statutes, such as the Voting Rights Act.

State Defendants filed motions to dismiss on the merits and for lack of jurisdiction (standing), which the Court denied in detailed orders.  *See* No. 1:21-cv-01229, ECF No. 86; No. 1:21-cv-01259, ECF No. 64; and No. 1:21-cv-01284, ECF No. 110  (collectively the "Orders").  In the Orders, the Court addressed State Defendants' arguments that Plaintiffs lacked standing and declined to dismiss the actions on that basis.  The Court also found that Plaintiffs stated a plausible claim for relief and therefore dismissal for failure to state a claim was not appropriate.

State Defendants seek reconsideration of the Orders on the grounds that "the Supreme Court's recent holding in *Whole Woman's Health v. Jackson*[, 142 S. Ct. 522, 534 (2021),] casts doubt on the correctness of the Orders" with respect to standing.  ECF No. 12-1 at 1.  In particular, State Defendants argue that Plaintiffs

have not satisfied the traceability and redressability prongs of the standing analysis.

However, State Defendants' Motion merely rehashes the same traceability and redressability arguments that they previously raised in their motions to dismiss. The Court expressly addressed and rejected those arguments.[1] *See* No. 1:21-cv-01229, ECF No. 86 at 13-16.

Plaintiffs respond that the decision in *Whole Woman's Health* does not require reconsideration of the Court's Orders because it is inapposite. They contend that the statute at issue in *Whole Woman's Health* explicitly precluded enforcement of the statute by state officials, whereas in this case, SB 202 assigns enforcement authority to State Defendants. Therefore, Plaintiffs conclude that the

---

[1] County Defendants, not State Defendants, raised the traceability and redressability arguments in the *New Georgia Project* matter. State Defendants appear to misconstrue the Court's footnote that they waived those **arguments** by not raising them as a finding that they waived the **issue** of subject matter jurisdiction. Of course, it is well-settled that subject matter jurisdiction cannot be waived and can be raised at any time. The point is that State Defendants appeared to concede their traceability and redressability arguments by not raising them. *See Intelligent Inv. Int'l LLC v. Fu*, No. 1:17-CV-05296-RWS, 2020 WL 11191447, at *2 (N.D. Ga. Oct. 19, 2020) (noting that the plaintiff "effectively concede[d]" a specific argument relating to a motion by failing to raise it). To avoid any further confusion, however, the Court will issue an amended order that revises the respective footnote.

Court correctly found that the traceability and redressability requirements are satisfied in this case.

## II. **DISCUSSION**

"Courts may grant relief under . . . Local Rule 7.2E only if the moving party clears a high hurdle." *Chesnut v. Ethan Allen Retail, Inc.*, 17 F. Supp. 3d 1367, 1370 (N.D. Ga. 2014). Indeed, Local Rule 7.2(E) dictates that "[m]otions for reconsideration shall not be filed as a matter of routine practice" and may be filed only when "absolutely necessary." "Reconsideration is only 'absolutely necessary' where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003).

Thus, Local Rule 7.2E does not afford a dissatisfied party "an opportunity to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of [the order], introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." *Chesnut*, 17 F. Supp. 3d at 1370. In other words, a motion for reconsideration is not "an opportunity to show the court how it 'could have done it better.'" *Bryan*, 246 F. Supp. 2d at 1259 (quoting *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995)).

Here, as Plaintiffs point out, *Whole Woman's Health* does not provide a basis for reconsideration of the Court's Orders as it does not apply to the facts of these cases. Indeed, State Defendants' Motion is not based on any of the applicable grounds for reconsideration. It does not point to new evidence, clear error or an intervening change in law. To the contrary, the Motion reflects mere disagreement with the Court's conclusion and simply repackages already rejected arguments to see if the Court will change its mind.

Accordingly, relief is not warranted, and State Defendants' Motion (ECF No. 12) is **DENIED**.[2]

**SO ORDERED** this 21st day of April, 2022.

_____
J. P. BOULEE
United States District Judge

---

[2] The Court also declines to certify the standing question for immediate appeal because State Defendants have not satisfied the requirements for such extraordinary relief. For example, even if State Defendants were to prevail on appeal, the same parties and overall claims would remain in this case because State Defendants' Motion concerns only one out of the several counts in each plaintiff's complaint. Therefore, an immediate appeal would not materially advance the termination of this litigation, which is a requirement for such relief. *See* 28 U.S.C. § 1292(b) (stating that an order may be certified for immediate appeal if the district court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation").