## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | Master Case No.: 1:21-MI-55555-JPB |
| THE NEW GEORGIA PROJECT, *et al.*, <br><br> *Plaintiffs*, <br> v. <br><br> BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State, *et al.*, <br><br> *Defendants*, <br><br> REPUBLICAN NATIONAL COMMITTEE, *et al.*, <br><br> *Intervenor-Defendants.* | Civil Action No.: 1:21-cv-01229-JPB |

**NGP Plaintiffs' Unopposed Motion and Memorandum
in Support for Leave to File a Second Amended Complaint**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiffs New Georgia Project, Black Voters Matter Fund, Rise, Inc., Elbert Solomon, Fannie Marie Jackson Gibbs, and Jauan Durbin ("NGP Plaintiffs") move to amend their First Amended Complaint, *New Georgia Project., et al. v. Raffensperger, et al.*, No. 1:21-cv-01229-JPB, ECF No. 39 (hereafter, "Amended Complaint"). NGP Plaintiffs have obtained consent from the State Defendants, Intervenor Defendants, Spalding

County Defendants, Fulton County Defendants, Brooks County Defendants, and Defendant Gregory Edwards.[1]

Through this proposed Second Amended Complaint, NGP Plaintiffs seek to eliminate: (1) challenges to certain provisions under Count I (undue burden on the right to vote), and (2) challenges to certain provisions under Count II (Section 2 claim under the Voting Rights Act). NGP Plaintiffs also seek to make clerical alterations to reflect updates in public official defendants pursuant to Fed. R. Civ. P. 25(d), updates to counsels' signature block, updates to the ages of each individual plaintiff, and to add a reference to 42 U.S.C. § 1983 under Count II. Attached to this motion as Exhibit 1 is a redline comparison of the Amended Complaint with the proposed Second Amended Complaint. Attached to this motion as Exhibit 2 is the proposed Second Amended Complaint.

A party may amend its pleading "with the opposing party's consent or the court's leave," and courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989) ("[U]nless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial."); Order Granting the United States' Consent Motion and Mem. in Support for Leave to File

---

[1] NGP Plaintiffs have sought Defendant Keith Gammage's position on this request several times. As of the filing of this Motion, Mr. Gammage has not provided any position.

Amended Compl., ECF No. 769; Order Granting Plaintiffs' Unopposed Motion for Leave to File Amended Compl., ECF No. 792.

Because the proposed Second Amended Complaint will not contain any new allegations, Defendants will not be required to file a new answer. *See Daniel v. Dekalb Cnty. Sch. Dist.,* No. 1:10-CV-3455, 2013 WL 12095217, at *4 (N.D. Ga. Dec. 23, 2013), *report and recommendation adopted,* 2014 WL 12519801 (N.D. Ga. Feb. 26, 2014), *aff'd,* 600 F. App'x 632 (11th Cir. 2014) ("[W]hen the defendant answers an original complaint and the amended complaint makes substantially the same allegations, the denials in the original complaint suffices as a denial to substantially similar averments in the amended complaint . . . ."); *Peak v. ReliaStar Life Ins. Co.*, No. 1:16-CV-3491-AT, 2018 WL 6380772, at *2 (N.D. Ga. Sept. 28, 2018) (same).

Given that no responsive pleadings will be required, and that State Defendants, Intervenors, Spalding County Defendants, Fulton County Defendants, Brooks County Defendants, and Defendant Gregory Edwards do not oppose the filing of the proposed Second Amended Complaint, granting Plaintiffs leave to amend their Amended Complaint will cause no delay in the case or prejudice to any party. Rather, it will only narrow the issues to be decided in the case. *See Doe v. City of Riverdale*, No. 1:05-CV-1956-RWS, 2006 WL 8432700, at *1 (N.D. Ga. Jan. 24, 2006) ("[A]llowing Plaintiff to amend his Complaint to remove an unavailing claim

. . . would achieve, rather than frustrate, the efficient resolution of this controversy.").

For the reasons set forth above, NGP Plaintiffs respectfully request that the Court grant their motion to amend their Amended Complaint and file the attached Second Amended Complaint.

Respectfully submitted, this 24th day of January 2024.

Halsey G. Knapp, Jr.
Georgia Bar No. 425320
Joyce Gist Lewis
Georgia Bar No. 296261
Adam M. Sparks
Georgia Bar No. 341578
KREVOLIN & HORST, LLC
1201 W. Peachtree St., NW
One Atlantic Center, Suite 3250
Atlanta, GA 30309
Telephone: (404) 888-9700
Facsimile: (404) 888-9577
hknapp@khlawfirm.com
jlewis@khlwafirm.com
sparks@khlawfirm.com

*/s/ Uzoma N. Nkwonta*
Uzoma N. Nkwonta*
Jacob D. Shelly*
Melinda K. Johnson*
Tina Meng Morrison*
Marcos Mocine-McQueen*
Samuel T. Ward-Packard*
ELIAS LAW GROUP LLP
250 Massachusetts Ave NW
Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
unkwonta@elias.law
jshelly@elias.law
mjohnson@elias.law
tmengmorrison@elias.law
mmcqueen@elias.law
swardpackard@elias.law

*Admitted pro hac vice*

*Attorneys for Plaintiffs New Georgia Project, Black Voters Matter Fund, Rise, Inc., Elbert Solomon, Fannie Marie Jackson Gibbs, and Jauan Durbin*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of L.R. 5.1, using font type of Times New Roman and a point size of 14.

Dated: January 24, 2024                              */s/ Uzoma N. Nkwonta*
                                                     *Counsel for NGP Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2024, I electronically filed this document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

Dated: January 24, 2024                              */s/ Uzoma N. Nkwonta*
                                                     *Counsel for NGP Plaintiffs*