# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | Master Case No.<br>1:21-MI-55555-JPB |

## NON-PARTY MEMBERS' RESPONSES AND OBJECTIONS TO CONSOLIDATED PLAINTIFFS' SUBPOENAS FOR PRODUCTION OF DOCUMENTS

Non-Parties Lieutenant Governor Geoff Duncan, Senator Max Burns, Senator Dean Burke, Senator Jason Anivitarte, Senator Mike Dugan, Senator Steve Gooch, Senator Bo Hatchett, President Pro Tem Butch Miller, Senator Jeff Mullis, Senator Brian Strickland, Senator Randy Roberston, Senator John Kennedy, Senator Blake Tillery, Speaker David Ralston, Representative Barry Fleming, Representative Alan Powell, Representative Shaw Blackmon, Representative Buddy DeLoach, Representative Houston Gaines, Speaker Pro Tem Jan Jones, Representative Chuck Martin, Representative Bonnie Rich, Representative Lynn Smith, Representative Rick Williams, Former Senator William Ligon, and Former Senator Bill Heath (hereafter collectively referred to the "Non-Party Members"), pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), hereby state their objections to the Consolidated Plaintiffs' subpoenas for the production of documents, as follows:

## GENERAL OBJECTIONS

1.      Non-Party Members object to their subpoenas generally on the grounds that the time for production of documents specified in the subpoena, June 13, 2022, fails to allow a reasonable time for the Non-Party Members to comply with said subpoenas. Per agreement with Consolidated Plaintiffs, Non-Party Members agree to produce documents in response to the subpoenas via a rolling production beginning on June 27, 2022.

2.      Non-Party Members also object to their subpoenas as a whole on the grounds that they seek expansive discovery that intrudes upon the legislative privilege and the important Constitutional and public interest in the separation of powers and the free exchange of ideas between citizens and their elected representatives.

3.      Non-Party Members object to the subpoenas as a whole on the grounds that they seek expansive discovery that falls outside of the relevance and proportionality guidelines established in FRCP 26 and which impose a discovery burden on the Non-Party Members that vastly outweighs the probative value of the information sought.

4.      Non-Party Members hereby state their general objections to the definitions and instructions included in the Consolidated Plaintiffs' subpoenas as follows:

<u>Definition 21</u>: The terms "regarding," "related to," and "relating to" shall be construed in the broadest sense to mean referring to, describing, concerning, reflecting, alluding to, responding to, connected with, commenting on, with respect to, about, discussing, showing, analyzing, constituting, and/or evidencing, in any manner, whether directly or indirectly, the subject matter of the Request.

<u>Response</u>: Non-Party Members object to Definition 21 on the grounds that it renders the affected Requests vague, ambiguous, speculative, overbroad, unduly burdensome, and unreasonable. Defining such terms "in the broadest sense" falls short of Consolidated Plaintiffs' duty to describe the sought-after documents with "reasonable particularity" and to avoid imposing undue burden or expense on the Non-Party Members. Non-Party Members will interpret the terms "regarding," "related to," and "relating to" to mean documents that refer to, describe, reflect, show, analyze, or evidence the subject matter of the Request within the four corners of the document.

<u>Instruction 11</u>: Each document produced must include all attachments and enclosures.

<u>Response</u>: Non-Party Members object to Instruction 11 on the grounds that it seeks to impose a greater obligation on the Non-Party Members than is required under the Federal Rules of Civil Procedure ("FRCP"), specifically <u>FRCP 26</u> and <u>45</u>. For document families that contain non-responsive, personal, confidential, or privileged documents, Non-Party Members will substitute a slip sheet in place of the withheld document indicating the basis for withholding. All privileged documents so withheld will be logged on the Non-Party Members' privilege log.

Instruction 17:      If any document requested herein was at one time in existence, but has been lost, discarded, destroyed, transferred to others not subject to Your control, or otherwise disposed of, You shall furnish a list identifying each such document and setting forth the following information with respect to each such document: its date, author(s), sender(s), addressee(s) and recipient(s), subject matter, length, attachments, and the location in which it was maintained. In each instance, explain the circumstances of its loss, discarding, or destruction, including the person(s) responsible for authorizing the disposition and the date thereof, and provide a description of Your efforts to locate the document and copies of it.

Response: Non-Party Members object to Instruction No. 17 on the grounds that it seeks to require Non-Party Members to create a new document for use in the parties' litigation, which exceeds the burden imposed on non-parties under FRCP 45. Non-Party Members further object to this Instruction because it imposes an undue burden and expense on non-parties, as compliance would require the Non-Party Members to investigate and effectively recreate documents that may have been lost, discarded, or destroyed as far back as November 2018.

Instruction 20:      These Requests are continuing in nature, and You shall revise or supplement Your responses, and produce additional documents, whenever You obtain different or additional relevant knowledge, information, or belief from the time of Your initial response through to the end of trial.

Response: Non-Party Members object to Instruction No. 20 on the grounds that they are not parties to the litigation and, therefore, not subject to the continuing duty to supplement discovery responses imposed on parties under FRCP 26(e). No continuing obligation is imposed on non-parties under FRCP 45. Non-Party Members also object to this Instruction on the grounds that it imposes an unreasonable and undue burden on non-parties to participate in the parties' litigation

through the end of trial. The Non-Party Members will collect, review, and, if

appropriate, produce documents from the beginning of the date ranges specified in

the subpoenas through May, 13, 2022, the date they were served with the subpoenas,

at which time they shall deem their performance under the subpoenas to be complete.

Instruction 21: Subject to any ESI protocol that may be entered into by the parties, all documents are to be produced in electronic form. Documents produced electronically should be produced in native format with all metadata intact. For any election or voter data file, please produce in CSV format if available. If this is not available, please produce in PDF format. For other documents, to the extent documents can be accurately represented in black and white, they should be produced in single-page Tagged Image File Format ("TIFF"), together with any related field-delimited load files (e.g., Concordance DAT, CSV, OPT, LOG). Each TIFF document shall be produced with an image load file in standard Opticon (*.log) format that reflects the parent / child relationship and also includes the beginning Bates number; ending Bates number; beginning Attachment Bates number; ending Attachment Bates number; custodian; date sent (for email messages); date modified (for email and non-email messages) where information is available; author (for email and non-email messages); and subject (for email messages). The TIFF images shall also be accompanied by extracted text or, for those files that do not have extracted text upon being processed (such as hard copy documents), optical character recognition ("OCR") text data; such extracted text or OCR text data shall be provided in document level form and named after the TIFF image. Documents that contain redactions shall be OCR'd after the redaction is applied to the image, and the OCR will be produced in place of extracted text at the document level. Notwithstanding the foregoing, the parties may negotiate a separate production format (including native format) for any documents not reasonably producible or readable as standard image files, such as audio files or large spreadsheets.

Response:  Non-Party Members object to Instruction No. 21 on the grounds

that the requested production format is ambiguous and/or contradictory because it

appears to request production of electronic documents multiple formats, specifically,

"Native" format, with all metadata intact, and Tiff format with a load file containing

specified metadata ("Tiff + format"). Non-Party Members are not required to produce the same ESI in more than one form. FRCP 45(e)(1)(C). To the extent the Non-Party Members have non-privileged documents that are responsive to the subpoena, such documents will be produced in the Tiff + format specified in the subpoenas.

## SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION

Request 1: All documents and communications received, created, considered, or sent by You from January 1, 2020 through the present that reflect or discuss the rationale(s), purpose(s), interpretation(s), or analysis behind S.B. 202 and/or Predecessor Bills, including any proposed amendments to S.B. 202 and/or Predecessor Bills.

Response: Non-Party Members object to this Request on the grounds that it seeks documents that probe into the subjective motivations of the Non-Party Members and/or were received, created, considered, or sent by the Non-Party Members in the performance of their official legislative duties and are therefore protected from discovery by the doctrine of legislative privilege. The Non-Party Members further object on the grounds that this Request seeks documents protected by the attorney-client privilege and the attorney work product doctrine. The expansive document collection, review, and production sought by this Request into privileged matters fails the relevance and proportionality test set forth in FRCP 26 and imposes a discovery burden on non-parties that Plaintiffs are required by FRCP 45 to avoid.

Additionally, the Non-Party Members object to this Request as overly broad and unduly burdensome to the extent it seeks "all documents and communications received" by the Non-Party Members, without regard for whether such documents and communications were considered, or even reviewed, by them. Non-Party Members "received" a substantial number of communications that are potentially responsive to this Request as written that were neither reviewed nor considered by the Non-Party Members. Such communications are not relevant to the Parties' claims and defenses in this case, and the burden of time and expense imposed on the Non-Party Members by the review and production of such documents is disproportional to the needs of the case (FRCP 26) and required to be avoided pursuant to FRCP 45(d)(1).

The Non-Party Members' document collection and review is not yet complete, and so the Non-Party Members cannot state with certainty at this time that documents responsive to this Request will be withheld on the basis of the foregoing objections. However, the Non-Party Members anticipate withholding responsive documents on the basis of the aforementioned privilege objections. All privileged documents so withheld will be logged as required by FRCP 45(e)(2)(ii), and Non-Party Members will produce said log upon completion of their review and production of documents. However, absent an agreement with Consolidated Plaintiffs to limit the scope of their discovery into legislatively privileged materials

and the significant financial burden imposed thereby, including the voluminous review and logging thereof, Non-Party Members intend to seek relief from the Court, including, but not limited to, cost-shifting.

Subject to these objections, the Non-Party Members will review potentially responsive documents and communications that they created, sent, or considered and will produce all responsive, non-privileged documents in their possession, custody, or control, if any such documents are found to exist.

Request 2:   All communications from January 1, 2020 through the present between You and any Defendant, including the Defendant's current or former staff or employees, related to S.B. 202 and/or Predecessor Bills, including any proposed amendments to S.B. 202 and/or Predecessor Bills.

Response: Non-Party Members object to this Request on the grounds that it seeks documents that probe into the subjective motivations of the Non-Party Members and/or were received, created, considered, or sent by the Non-Party Members in the performance of their official legislative duties and are therefore protected from discovery by the doctrine of legislative privilege. Non-Party Members further object on the grounds that this Request seeks documents protected by the attorney-client privilege and the attorney work product doctrine. The expansive document collection, review, and production sought by this Request into privileged matters fails the relevance and proportionality test set forth in FRCP 26 and imposes a discovery burden on non-parties that Plaintiffs are required by FRCP 45 to avoid.

SGR/38534272.1

The Non-Party Members' document collection and review is not yet complete, and so the Non-Party Members cannot state with certainty at this time that documents responsive to this Request will be withheld on the basis of the foregoing objections. However, the Non-Party Members anticipate withholding responsive documents on the basis of the aforementioned privilege objections. All privileged documents so withheld will be logged as required by FRCP 45(e)(2)(ii), and Non-Party Members will produce said log upon completion of their review and production of documents. However, absent an agreement with Consolidated Plaintiffs to limit the scope of their discovery into legislatively privileged materials and the significant financial burden imposed thereby, including the voluminous review and logging thereof, Non-Party Members intend to seek relief from the Court, including, but not limited to, cost-shifting.

Subject to these objections, Non-Party Members will produce all responsive, non-privileged documents in their possession, custody, or control, if any such documents are found to exist.

Request 3:   All communications from January 1, 2020 through the present between You and any Georgia state agency, including the agency's current or former staff or employees, related to S.B. 202 and/or Predecessor Bills, including any proposed amendments to S.B. 202 and/or Predecessor Bills.

Response: Non-Party Members object to this Request on the grounds that it seeks documents that probe into the subjective motivations of the Non-Party Members and/or were received, created, considered, or sent by the Non-Party

Members in the performance of their official legislative duties and are therefore protected from discovery by the doctrine of legislative privilege. Non-Party Members further object on the grounds that this Request seeks documents protected by the attorney-client privilege and the attorney work product doctrine. The expansive document collection, review, and production sought by this Request into privileged matters fails the relevance and proportionality test set forth in FRCP 26 and imposes a discovery burden on non-parties that Plaintiffs are required by FRCP 45 to avoid.

The Non-Party Members' document collection and review is not yet complete, and so the Non-Party Members cannot state with certainty at this time that documents responsive to this Request will be withheld on the basis of the foregoing objections. However, the Non-Party Members anticipate withholding responsive documents on the basis of the aforementioned privilege objections. All privileged documents so withheld will be logged as required by FRCP 45(e)(2)(ii), and Non-Party Members will produce said log upon completion of their review and production of documents. However, absent an agreement with Consolidated Plaintiffs to limit the scope of their discovery into legislatively privileged materials and the significant financial burden imposed thereby, including the voluminous review and logging thereof, Non-Party Members intend to seek relief from the Court, including, but not limited to, cost-shifting.

Subject to these objections, Non-Party Members will produce all responsive, non-privileged documents in their possession, custody, or control, if any such documents are found to exist.

Request 4:    All communications from January 1, 2020 through the present between You and non-legislators (other than the parties referred to in Request Nos. 2 and 3), including Your constituents, regarding any provision in S.B. 202 and/or Predecessor Bills, including any proposed amendments to S.B. 202 and/or Predecessor Bills.

Response: Non-Party Members object to this Request on the grounds that it seeks documents that probe into the subjective motivations of the Non-Party Members and/or were received, created, considered, or sent by the Non-Party Members in the performance of their official legislative duties and are protected from discovery by the doctrine of legislative privilege. The Non-Party Members further object on the grounds that this Request seeks documents protected by the attorney-client privilege and the attorney work product doctrine. The Non-Party Members also object to this request on the grounds that it seeks documents protected by spousal privilege. The expansive document collection, review, and production sought by this Request into privileged matters fails the relevance and proportionality test set forth in FRCP 26 and imposes a discovery burden on non-parties that Plaintiffs are required by FRCP 45 to avoid.

Additionally, the Non-Party Members object to this Request as overly broad and unduly burdensome to the extent it seeks all communications with any person in the world not previously specified, including, presumably, the Non-Party

Members' family members, without regard for whether such communications played any role in the Non-Party Members' consideration of, or actions regarding, S.B. 202 and/or the Predecessor Bills.  Additionally, the Non-Party Members "received" a substantial number of communications that are potentially responsive to this Request as written that were neither reviewed nor considered by the Non-Party Members. Such communications are not relevant to the Parties' claims and defenses in this case, and the burden of time and expense imposed on the Non-Party Members by their discovery is disproportional to the needs of the case (FRCP 26) and required to be avoided pursuant to FRCP 45(d)(1).

The Non-Party Members' document collection and review is not yet complete, and so the Non-Party Members cannot state with certainty at this time that documents responsive to this Request will be withheld on the basis of the foregoing objections. However, the Non-Party Members anticipate withholding responsive documents on the basis of the aforementioned privilege objections. All privileged documents so withheld will be logged as required by FRCP 45(e)(2)(ii), and Non-Party Members will produce said log upon completion of their review and production of documents. However, absent an agreement with Consolidated Plaintiffs to limit the scope of their discovery into legislatively privileged materials and the significant financial burden imposed thereby, including the voluminous

review and logging thereof, Non-Party Members intend to seek relief from the Court, including, but not limited to, cost-shifting.

Subject to these objections, the Non-Party Members will review potentially responsive communications that they created, sent, or considered and will produce all responsive, non-privileged documents in their possession, custody, or control, if any such documents are found to exist.

Request 5:   All documents and communications received, created, considered, or sent by You from January 1, 2020 through March 25, 2021 that relate to or discuss election-related lawsuits or judicial opinions in Georgia state or federal courts.

Response: Non-Party Members object to this Request on the grounds that it seeks documents that probe into the subjective motivations of the Non-Party Members and/or were received, created, considered, or sent by the Non-Party Members in the performance of their official legislative duties and are protected from discovery by the doctrine of legislative privilege. The Non-Party Members further object on the grounds that this Request seeks documents protected by the attorney-client privilege and the attorney work product doctrine. The expansive document collection, review, and production sought by this Request into privileged matters fails the relevance and proportionality test set forth in FRCP 26 and imposes a discovery burden on non-parties that Plaintiffs are required by FRCP 45 to avoid.

The Non-Party Members also object to this Request as overly broad and unduly burdensome to the extent it seeks "all documents and communications

received" by the Non-Party Members, without regard for whether such documents and communications were considered, or even reviewed, by them.  The Non-Party Members "received" a substantial number of communications that are potentially responsive to this Request as written that were neither reviewed nor considered by the Non-Party Members. Such communications are not relevant to the Parties' claims and defenses in this case, and the burden of time and expense imposed on the Non-Party Members by their discovery is disproportional to the needs of the case (FRCP 26) and required to be avoided pursuant to FRCP 45(d)(1).

The Non-Party Members' document collection and review is not yet complete, and so the Non-Party Members cannot state with certainty at this time that documents responsive to this Request will be withheld on the basis of the foregoing objections. However, the Non-Party Members anticipate withholding responsive documents on the basis of the aforementioned privilege objections. All privileged documents so withheld will be logged as required by FRCP 45(e)(2)(ii), and Non-Party Members will produce said log upon completion of their review and production of documents. However, absent an agreement with Consolidated Plaintiffs to limit the scope of their discovery into legislatively privileged materials and the significant financial burden imposed thereby, including the voluminous review and logging thereof, Non-Party Members intend to seek relief from the Court, including, but not limited to, cost-shifting.

Subject to these objections, the Non-Party Members will review potentially responsive communications that they created, sent, or considered and will produce all responsive, non-privileged documents in their possession, custody, or control, if any such documents are found to exist.

Request 6: Any reports, studies, estimates, or analyses received, created, considered, or sent by You from January 1, 2020 through the present relating to S.B. 202 and/or Predecessor Bills.

Response: Non-Party Members object to this Request as being vague, as it is not apparent how the "reports, studies, estimates, or analyses" sought by this Request differ from, and are not subsumed within, the "documents" sought by Request 1. Absent clarification from the Consolidated Plaintiffs as to the distinction between this Request and Request 1, if any, the Non-Party Members interpret the two Requests as overlapping, and incorporate their response to Request 1 here in its entirety. The Non-Party Members reserve the right to withdraw such objections, or assert new ones, if necessary, upon receipt of additional clarification from the Consolidate Plaintiffs.

Request 7: All documents and communications from November 6, 2020 through the present related to statements by You in support of or opposition to S.B. 202 and/or Predecessor Bills, including any proposed amendments to S.B. 202 and/or Predecessor Bills.

Response: Non-Party Members object to this Request on the grounds that it seeks documents that probe into the subjective motivations of the Non-Party Members and/or were received, created, considered, or sent by the Non-Party

Members in the performance of their official legislative duties and are protected from discovery by the doctrine of legislative privilege. The Non-Party Members further object on the grounds that this Request seeks documents protected by the attorney-client privilege and the attorney work product doctrine. The expansive document collection, review, and production sought by this Request into privileged matters fails the relevance and proportionality test set forth in FRCP 26 and imposes a discovery burden on non-parties that Plaintiffs are required by FRCP 45 to avoid.

The Non-Party Members' document collection and review is not yet complete, and so the Non-Party Members cannot state with certainty at this time that documents responsive to this Request will be withheld on the basis of the foregoing objections. However, the Non-Party Members anticipate withholding responsive documents on the basis of the aforementioned privilege objections. All privileged documents so withheld will be logged as required by FRCP 45(e)(2)(ii), and Non-Party Members will produce said log upon completion of their review and production of documents. However, absent an agreement with Consolidated Plaintiffs to limit the scope of their discovery into legislatively privileged materials and the significant financial burden imposed thereby, including the voluminous review and logging thereof, Non-Party Members intend to seek relief from the Court, including, but not limited to, cost-shifting.

Subject to these objections, the Non-Party Members will produce responsive documents related to public statements and statements made outside of the legislative process, if any such documents exist.

Request 8:   All documents and communications received, created, considered, or sent by You from January 1, 2020 through the present regarding the impact or potential impact of S.B. 202 and/or Predecessor Bills on voters of color, voters with disabilities, voters with mobility impairments, voters with limited English proficiency, voters aged 18 to 25, and/or voters based on their partisan or political affiliation.

Response: Non-Party Members object to this Request on the grounds that it seeks documents that probe into the subjective motivations of the Non-Party Members and/or were received, created, considered, or sent by the Non-Party Members in the performance of their official legislative duties and are protected from discovery by the doctrine of legislative privilege. The Non-Party Members further object on the grounds that this Request seeks documents protected by the attorney-client privilege and the attorney work product doctrine. The expansive document collection, review, and production sought by this Request into privileged matters fails the relevance and proportionality test set forth in FRCP 26 and imposes a discovery burden on non-parties that Plaintiffs are required by FRCP 45 to avoid.

Additionally, the Non-Party Members object to this Request as overly broad and unduly burdensome to the extent it seeks "all documents and communications received" by the Non-Party Members, without regard for whether such documents and communications were considered, or even reviewed, by them.  The Non-Party

Members "received" a substantial number of communications that are potentially responsive to this Request as written that were neither reviewed nor considered by the Non-Party Members. Such communications are not relevant to the Parties' claims and defenses in this case, and the burden of time and expense imposed on the Non-Party Members by their discovery is disproportional to the needs of the case (FRCP 26) and required to be avoided pursuant to FRCP 45(d)(1).

The Non-Party Members' document collection and review is not yet complete, and so the Non-Party Members cannot state with certainty at this time that documents responsive to this Request will be withheld on the basis of the foregoing objections. However, the Non-Party Members anticipate withholding responsive documents on the basis of the aforementioned privilege objections. All privileged documents so withheld will be logged as required by FRCP 45(e)(2)(ii), and Non-Party Members will produce said log upon completion of their review and production of documents. However, absent an agreement with Consolidated Plaintiffs to limit the scope of their discovery into legislatively privileged materials and the significant financial burden imposed thereby, including the voluminous review and logging thereof, Non-Party Members intend to seek relief from the Court, including, but not limited to, cost-shifting.

Subject to these objections, the Non-Party Members will review potentially responsive documents and communications that they created, sent, or considered and

will produce all responsive, non-privileged documents in their possession, custody, or control, if any such documents are found to exist.

Request 9:   All documents and communications received, created, considered, or sent by You from January 1, 2020 through the present regarding the impact or potential impact of S.B. 202 and/or Predecessor Bills on:
   a.  Voter registration in any federal, state, or local elections to be held in Georgia;
   b.  Voter turnout in any federal, state, or local elections to be held in Georgia;
   c.  Absentee voting (including but not limited to absentee-by-mail applications and absentee ballot drop boxes) or early, in-person voting in Georgia; and/or
   d.  The impact or potential impact on wait times at the polls in Georgia.

   Response: Non-Party Members object to this Request on the grounds that it seeks documents that probe into the subjective motivations of the Non-Party Members and/or were received, created, considered, or sent by the Non-Party Members in the performance of their official legislative duties and are protected from discovery by the doctrine of legislative privilege. The Non-Party Members further object on the grounds that this Request seeks documents protected by the attorney-client privilege and the attorney work product doctrine. The expansive document collection, review, and production sought by this Request into privileged matters fails the relevance and proportionality test set forth in FRCP 26 and imposes a discovery burden on non-parties that Plaintiffs are required by FRCP 45 to avoid.

   Additionally, the Non-Party Members object to this Request as overly broad and unduly burdensome to the extent it seeks "all documents and communications received" by the Non-Party Members, without regard for whether such documents and communications were considered, or even reviewed, by them. The Non-Party

Members "received" a substantial number of communications that are potentially responsive to this Request as written that were neither reviewed nor considered by the Non-Party Members. Such communications are not relevant to the Parties' claims and defenses in this case, and the burden of time and expense imposed on the Non-Party Members by their discovery is disproportional to the needs of the case (FRCP 26) and required to be avoided pursuant to FRCP 45(d)(1).

The Non-Party Members' document collection and review is not yet complete, and so the Non-Party Members cannot state with certainty at this time that documents responsive to this Request will be withheld on the basis of the foregoing objections. However, the Non-Party Members anticipate withholding responsive documents on the basis of the aforementioned privilege objections. All privileged documents so withheld will be logged as required by FRCP 45(e)(2)(ii), and Non-Party Members will produce said log upon completion of their review and production of documents. However, absent an agreement with Consolidated Plaintiffs to limit the scope of their discovery into legislatively privileged materials and the significant financial burden imposed thereby, including the voluminous review and logging thereof, Non-Party Members intend to seek relief from the Court, including, but not limited to, cost-shifting.

Subject to these objections, the Non-Party Members will review potentially responsive documents and communications that they created, sent, or considered and

will produce all responsive, non-privileged documents in their possession, custody, or control, if any such documents are found to exist.

Request 10: All documents and communications received, created, considered, or sent by You from January 1, 2020 through the present regarding the need to require information about a voter's date of birth when the voter applies for and requests an absentee ballot.

Response: Non-Party Members object to this Request on the grounds that it seeks documents that probe into the subjective motivations of the Non-Party Members and/or were received, created, considered, or sent by the Non-Party Members in the performance of their official legislative duties and are protected from discovery by the doctrine of legislative privilege. The Non-Party Members further object on the grounds that this Request seeks documents protected by the attorney-client privilege and the attorney work product doctrine. The expansive document collection, review, and production sought by this Request into privileged matters fails the relevance and proportionality test set forth in FRCP 26 and imposes a discovery burden on non-parties that Plaintiffs are required by FRCP 45 to avoid.

Additionally, the Non-Party Members object to this Request as overly broad and unduly burdensome to the extent it seeks "all documents and communications received" by the Non-Party Members, without regard for whether such documents and communications were considered, or even reviewed, by them. The Non-Party Members "received" a substantial number of communications that are potentially responsive to this Request as written that were neither reviewed nor considered by

the Non-Party Members. Such communications are not relevant to the Parties' claims and defenses in this case, and the burden of time and expense imposed on the Non-Party Members by their discovery is disproportional to the needs of the case (FRCP 26) and required to be avoided pursuant to FRCP 45(d)(1).

The Non-Party Members' document collection and review is not yet complete, and so the Non-Party Members cannot state with certainty at this time that documents responsive to this Request will be withheld on the basis of the foregoing objections. However, the Non-Party Members anticipate withholding responsive documents on the basis of the aforementioned privilege objections. All privileged documents so withheld will be logged as required by FRCP 45(e)(2)(ii), and Non-Party Members will produce said log upon completion of their review and production of documents. However, absent an agreement with Consolidated Plaintiffs to limit the scope of their discovery into legislatively privileged materials and the significant financial burden imposed thereby, including the voluminous review and logging thereof, Non-Party Members intend to seek relief from the Court, including, but not limited to, cost-shifting.

Subject to these objections, the Non-Party Members will review potentially responsive documents and communications that they created, sent, or considered and will produce all responsive, non-privileged documents in their possession, custody, or control, if any such documents are found to exist.

SGR/38534272.1

<u>Request 11</u>: All documents and communications received, created, considered, or sent by You from November 2018 through March 2021 related to the amendment to House Bill 316, signed into law by the Governor of Georgia on April 2, 2019, removing the requirement that voters provide their date of birth on absentee ballot return envelopes, as well as any consideration of that amendment in the enactment of S.B. 202 and/or Predecessor Bills.

<u>Response</u>: Non-Party Members object to this Request on the grounds that it seeks documents that probe into the subjective motivations of the Non-Party Members and/or were received, created, considered, or sent by the Non-Party Members in the performance of their official legislative duties and are protected from discovery by the doctrine of legislative privilege. The Non-Party Members further object on the grounds that this Request seeks documents protected by the attorney-client privilege and the attorney work product doctrine. The expansive document collection, review, and production sought by this Request into privileged matters fails the relevance and proportionality test set forth in <u>FRCP 26</u> and imposes a discovery burden on non-parties that Plaintiffs are required by <u>FRCP 45</u> to avoid.

Additionally, the Non-Party Members object to this Request as overly broad and unduly burdensome to the extent it seeks "all documents and communications received" by the Non-Party Members, without regard for whether such documents and communications were considered, or even reviewed, by them.  The Non-Party Members "received" a substantial number of communications that are potentially responsive to this Request as written that were neither reviewed nor considered by the Non-Party Members. Such communications are not relevant to the Parties'

claims and defenses in this case, and the burden of time and expense imposed on the Non-Party Members by their discovery is disproportional to the needs of the case (FRCP 26) and required to be avoided pursuant to FRCP 45(d)(1).

The Non-Party Members' document collection and review is not yet complete, and so the Non-Party Members cannot state with certainty at this time that documents responsive to this Request will be withheld on the basis of the foregoing objections. However, the Non-Party Members anticipate withholding responsive documents on the basis of the aforementioned privilege objections. All privileged documents so withheld will be logged as required by FRCP 45(e)(2)(ii), and Non-Party Members will produce said log upon completion of their review and production of documents. However, absent an agreement with Consolidated Plaintiffs to limit the scope of their discovery into legislatively privileged materials and the significant financial burden imposed thereby, including the voluminous review and logging thereof, Non-Party Members intend to seek relief from the Court, including, but not limited to, cost-shifting.

Subject to these objections, the Non-Party Members will review potentially responsive documents and communications that they created, sent, or considered and will produce all responsive, non-privileged documents in their possession, custody, or control, if any such documents are found to exist.

<u>Request 12</u>: All documents and communications received, created, considered, or sent by You from January 1, 2020 through the present related to the creation of the Georgia Republican Party Election Confidence Task Force or related to the "Report of the Election Confidence Task Force."

    <u>Response</u>: Non-Party Members object to this Request on the grounds that it

seeks documents that probe into the subjective motivations of the Non-Party

Members and/or were received, created, considered, or sent by the Non-Party

Members in the performance of their official legislative duties and are protected

from discovery by the doctrine of legislative privilege. The Non-Party Members

further object on the grounds that this Request seeks documents protected by the

attorney-client privilege and the attorney work product doctrine. The expansive

document collection, review, and production sought by this Request into privileged

matters fails the relevance and proportionality test set forth in <u>FRCP 26</u> and imposes

a discovery burden on non-parties that Plaintiffs are required by <u>FRCP 45</u> to avoid.

    Additionally, the Non-Party Members object to this Request as overly broad

and unduly burdensome to the extent it seeks "all documents and communications

received" by the Non-Party Members, without regard for whether such documents

and communications were considered, or even reviewed, by them.  The Non-Party

Members "received" a substantial number of communications that are potentially

responsive to this Request as written that were neither reviewed nor considered by

the Non-Party Members. Such communications are not relevant to the Parties'

claims and defenses in this case, and the burden of time and expense imposed on the

Non-Party Members by their discovery is disproportional to the needs of the case (FRCP 26) and required to be avoided pursuant to FRCP 45(d)(1).

The Non-Party Members' document collection and review is not yet complete, and so the Non-Party Members cannot state with certainty at this time that documents responsive to this Request will be withheld on the basis of the foregoing objections. However, the Non-Party Members anticipate withholding responsive documents on the basis of the aforementioned privilege objections. All privileged documents so withheld will be logged as required by FRCP 45(e)(2)(ii), and Non-Party Members will produce said log upon completion of their review and production of documents. However, absent an agreement with Consolidated Plaintiffs to limit the scope of their discovery into legislatively privileged materials and the significant financial burden imposed thereby, including the voluminous review and logging thereof, Non-Party Members intend to seek relief from the Court, including, but not limited to, cost-shifting.

Subject to these objections, the Non-Party Members will review potentially responsive documents and communications that they created, sent, or considered and will produce all responsive, non-privileged documents in their possession, custody, or control, if any such documents are found to exist.

<u>Request 13</u>: All documents and communications received, created, considered, or sent by You from November 6, 2020 through the present related to oral and written testimony, public comments, and other documents submitted into the record of any legislative hearing, committee meeting, or Georgia House of Representatives or Georgia Senate floor review of S.B. 202 and/or Predecessor Bills, including any amendments to S.B. 202 and/or Predecessor Bills.

<u>Response</u>: Non-Party Members object to this Request on the grounds that it seeks documents that probe into the subjective motivations of the Non-Party Members and/or were received, created, considered, or sent by the Non-Party Members in the performance of their official legislative duties and are protected from discovery by the doctrine of legislative privilege. The Non-Party Members further object on the grounds that this Request seeks documents protected by the attorney-client privilege and the attorney work product doctrine. The expansive document collection, review, and production sought by this Request into privileged matters fails the relevance and proportionality test set forth in <u>FRCP 26</u> and imposes a discovery burden on non-parties that Plaintiffs are required by <u>FRCP 45</u> to avoid.

The Non-Party Members' document collection and review is not yet complete, and so the Non-Party Members cannot state with certainty at this time that documents responsive to this Request will be withheld on the basis of the foregoing objections. However, the Non-Party Members anticipate withholding responsive documents on the basis of the aforementioned privilege objections. All privileged documents so withheld will be logged as required by <u>FRCP 45(e)(2)(ii)</u>, and Non-Party Members will produce said log upon completion of their review and

production of documents. However, absent an agreement with Consolidated Plaintiffs to limit the scope of their discovery into legislatively privileged materials and the significant financial burden imposed thereby, including the voluminous review and logging thereof, Non-Party Members intend to seek relief from the Court, including, but not limited to, cost-shifting.

Subject to these objections, the Non-Party Members will produce responsive documents regarding oral and written testimony, public comments, and other documents submitted into the record of any legislative hearing, if any such documents exist.

Request 14: All documents and communications received, created, considered, or sent by You from November 6, 2020 through the present related to the fiscal impact of S.B. 202 and/or Predecessor Bills.

Response: Non-Party Members object to this Request on the grounds that it seeks documents that probe into the subjective motivations of the Non-Party Members and/or were received, created, considered, or sent by the Non-Party Members in the performance of their official legislative duties and are protected from discovery by the doctrine of legislative privilege. The Non-Party Members further object on the grounds that this Request seeks documents protected by the attorney-client privilege and the attorney work product doctrine. The expansive document collection, review, and production sought by this Request into privileged

matters fails the relevance and proportionality test set forth in FRCP 26 and imposes a discovery burden on non-parties that Plaintiffs are required by FRCP 45 to avoid.

Additionally, the Non-Party Members object to this Request as overly broad and unduly burdensome to the extent it seeks "all documents and communications received" by the Non-Party Members, without regard for whether such documents and communications were considered, or even reviewed, by them.  The Non-Party Members "received" a substantial number of communications that are potentially responsive to this Request as written that were neither reviewed nor considered by the Non-Party Members. Such communications are not relevant to the Parties' claims and defenses in this case, and the burden of time and expense imposed on the Non-Party Members by their discovery is disproportional to the needs of the case (FRCP 26) and required to be avoided pursuant to FRCP 45(d)(1).

The Non-Party Members' document collection and review is not yet complete, and so the Non-Party Members cannot state with certainty at this time that documents responsive to this Request will be withheld on the basis of the foregoing objections. However, the Non-Party Members anticipate withholding responsive documents on the basis of the aforementioned privilege objections. All privileged documents so withheld will be logged as required by FRCP 45(e)(2)(ii), and Non-Party Members will produce said log upon completion of their review and production of documents. However, absent an agreement with Consolidated

Plaintiffs to limit the scope of their discovery into legislatively privileged materials and the significant financial burden imposed thereby, including the voluminous review and logging thereof, Non-Party Members intend to seek relief from the Court, including, but not limited to, cost-shifting.

Subject to these objections, the Non-Party Members will review potentially responsive documents and communications that they created, sent, or considered and will produce all responsive, non-privileged documents in their possession, custody, or control, if any such documents are found to exist.

Request 15: Documents sufficient to show the date and time when draft versions of S.B. 202 and/or Predecessor Bills were publicly posted to any Georgia General Assembly website.

Response: Non-Party Members will produce documents responsive to this Request.

Request 16: All documents and communications received, created, considered, or sent by You from January 1, 2020 through the present discussing voter fraud with respect to any elections in Georgia from January 1, 2016 through the present, including any instances of voter fraud in connection with (a) early or absentee voting (including absentee-by-mail applications), (b) drop boxes, (c) mobile voting units, or (d) the provision of food or drink to voters waiting in line by political candidates or campaigns within 150 feet of a polling place or 25 feet of voters standing in line and by poll workers.

Response: Non-Party Members object to this Request on the grounds that it seeks documents that probe into the subjective motivations of the Non-Party Members and/or were received, created, considered, or sent by the Non-Party Members in the performance of their official legislative duties and are protected

from discovery by the doctrine of legislative privilege. The Non-Party Members further object on the grounds that this Request seeks documents protected by the attorney-client privilege and the attorney work product doctrine. The expansive document collection, review, and production sought by this Request into privileged matters fails the relevance and proportionality test set forth in FRCP 26 and imposes a discovery burden on non-parties that Plaintiffs are required by FRCP 45 to avoid.

Additionally, the Non-Party Members object to this Request as overly broad and unduly burdensome to the extent it seeks "all documents and communications received" by the Non-Party Members, without regard for whether such documents and communications were considered, or even reviewed, by them.  The Non-Party Members "received" a substantial number of communications that are potentially responsive to this Request as written that were neither reviewed nor considered by the Non-Party Members. Such communications are not relevant to the Parties' claims and defenses in this case, and the burden of time and expense imposed on the Non-Party Members by their discovery is disproportional to the needs of the case (FRCP 26) and required to be avoided pursuant to FRCP 45(d)(1).

The Non-Party Members' document collection and review is not yet complete, and so the Non-Party Members cannot state with certainty at this time that documents responsive to this Request will be withheld on the basis of the foregoing objections. However, the Non-Party Members anticipate withholding responsive

documents on the basis of the aforementioned privilege objections. All privileged documents so withheld will be logged as required by FRCP 45(e)(2)(ii), and Non-Party Members will produce said log upon completion of their review and production of documents. However, absent an agreement with Consolidated Plaintiffs to limit the scope of their discovery into legislatively privileged materials and the significant financial burden imposed thereby, including the voluminous review and logging thereof, Non-Party Members intend to seek relief from the Court, including, but not limited to, cost-shifting.

Subject to these objections, the Non-Party Members will review potentially responsive documents and communications that they created, sent, or considered and will produce all responsive, non-privileged documents in their possession, custody, or control, if any such documents are found to exist.

Request 17: All documents and communications received, created, considered, or sent by You from January 1, 2020 through the present regarding any person or entity offering food, drink, assistance, or general support to voters in line at a polling place in Georgia.

Response: Non-Party Members object to this Request on the grounds that it seeks documents that probe into the subjective motivations of the Non-Party Members and/or were received, created, considered, or sent by the Non-Party Members in the performance of their official legislative duties and are protected from discovery by the doctrine of legislative privilege. The Non-Party Members further object on the grounds that this Request seeks documents protected by the

attorney-client privilege and the attorney work product doctrine. The expansive document collection, review, and production sought by this Request into privileged matters fails the relevance and proportionality test set forth in FRCP 26 and imposes a discovery burden on non-parties that Plaintiffs are required by FRCP 45 to avoid.

Additionally, the Non-Party Members object to this Request as overly broad and unduly burdensome to the extent it seeks "all documents and communications received" by the Non-Party Members, without regard for whether such documents and communications were considered, or even reviewed, by them.  The Non-Party Members "received" a substantial number of communications that are potentially responsive to this Request as written that were neither reviewed nor considered by the Non-Party Members. Such communications are not relevant to the Parties' claims and defenses in this case, and the burden of time and expense imposed on the Non-Party Members by their discovery is disproportional to the needs of the case (FRCP 26) and required to be avoided pursuant to FRCP 45(d)(1).

The Non-Party Members' document collection and review is not yet complete, and so the Non-Party Members cannot state with certainty at this time that documents responsive to this Request will be withheld on the basis of the foregoing objections. However, the Non-Party Members anticipate withholding responsive documents on the basis of the aforementioned privilege objections. All privileged documents so withheld will be logged as required by FRCP 45(e)(2)(ii), and Non-

Party Members will produce said log upon completion of their review and production of documents. However, absent an agreement with Consolidated Plaintiffs to limit the scope of their discovery into legislatively privileged materials and the significant financial burden imposed thereby, including the voluminous review and logging thereof, Non-Party Members intend to seek relief from the Court, including, but not limited to, cost-shifting.

Subject to these objections, the Non-Party Members will review potentially responsive documents and communications that they created, sent, or considered and will produce all responsive, non-privileged documents in their possession, custody, or control, if any such documents are found to exist.

Request 18: All documents and communications received, created, considered, or sent by You from January 1, 2020 through the present discussing voter confidence and/or election integrity with respect to any elections in Georgia from January 1, 2016 through the present.

Response: Non-Party Members object to this Request on the grounds that it seeks documents that probe into the subjective motivations of the Non-Party Members and/or were received, created, considered, or sent by the Non-Party Members in the performance of their official legislative duties and are protected from discovery by the doctrine of legislative privilege. The Non-Party Members further object on the grounds that this Request seeks documents protected by the attorney-client privilege and the attorney work product doctrine. The expansive document collection, review, and production sought by this Request into privileged

matters fails the relevance and proportionality test set forth in FRCP 26 and imposes a discovery burden on non-parties that Plaintiffs are required by FRCP 45 to avoid.

Additionally, the Non-Party Members object to this Request as overly broad and unduly burdensome to the extent it seeks "all documents and communications received" by the Non-Party Members, without regard for whether such documents and communications were considered, or even reviewed, by them. The Non-Party Members "received" a substantial number of communications that are potentially responsive to this Request as written that were neither reviewed nor considered by the Non-Party Members. Such communications are not relevant to the Parties' claims and defenses in this case, and the burden of time and expense imposed on the Non-Party Members by their discovery is disproportional to the needs of the case (FRCP 26) and required to be avoided pursuant to FRCP 45(d)(1).

The Non-Party Members' document collection and review is not yet complete, and so the Non-Party Members cannot state with certainty at this time that documents responsive to this Request will be withheld on the basis of the foregoing objections. However, the Non-Party Members anticipate withholding responsive documents on the basis of the aforementioned privilege objections. All privileged documents so withheld will be logged as required by FRCP 45(e)(2)(ii), and Non-Party Members will produce said log upon completion of their review and production of documents. However, absent an agreement with Consolidated

Plaintiffs to limit the scope of their discovery into legislatively privileged materials and the significant financial burden imposed thereby, including the voluminous review and logging thereof, Non-Party Members intend to seek relief from the Court, including, but not limited to, cost-shifting.

Subject to these objections, the Non-Party Members will review potentially responsive documents and communications that they created, sent, or considered and will produce all responsive, non-privileged documents in their possession, custody, or control, if any such documents are found to exist.

Request 19: All documents and communications received, created, considered, or sent by You from January 1, 2020 through the present relating to any data, studies, or statistics on voting patterns, including the methods by which voters register to vote, apply for an absentee ballot, and/or cast a ballot, by partisan or political affiliation in Georgia.

Response: Non-Party Members object to this Request on the grounds that it seeks documents that probe into the subjective motivations of the Non-Party Members and/or were received, created, considered, or sent by the Non-Party Members in the performance of their official legislative duties and are protected from discovery by the doctrine of legislative privilege. The Non-Party Members further object on the grounds that this Request seeks documents protected by the attorney-client privilege and the attorney work product doctrine. The expansive document collection, review, and production sought by this Request into privileged

matters fails the relevance and proportionality test set forth in FRCP 26 and imposes a discovery burden on non-parties that Plaintiffs are required by FRCP 45 to avoid.

Additionally, the Non-Party Members object to this Request as overly broad and unduly burdensome to the extent it seeks "all documents and communications received" by the Non-Party Members, without regard for whether such documents and communications were considered, or even reviewed, by them.  The Non-Party Members "received" a substantial number of communications that are potentially responsive to this Request as written that were neither reviewed nor considered by the Non-Party Members. Such communications are not relevant to the Parties' claims and defenses in this case, and the burden of time and expense imposed on the Non-Party Members by their discovery is disproportional to the needs of the case (FRCP 26) and required to be avoided pursuant to FRCP 45(d)(1).

The Non-Party Members' document collection and review is not yet complete, and so the Non-Party Members cannot state with certainty at this time that documents responsive to this Request will be withheld on the basis of the foregoing objections. However, the Non-Party Members anticipate withholding responsive documents on the basis of the aforementioned privilege objections. All privileged documents so withheld will be logged as required by FRCP 45(e)(2)(ii), and Non-Party Members will produce said log upon completion of their review and production of documents. However, absent an agreement with Consolidated

Plaintiffs to limit the scope of their discovery into legislatively privileged materials and the significant financial burden imposed thereby, including the voluminous review and logging thereof, Non-Party Members intend to seek relief from the Court, including, but not limited to, cost-shifting.

Subject to these objections, the Non-Party Members will review potentially responsive documents and communications that they created, sent, or considered and will produce all responsive, non-privileged documents in their possession, custody, or control, if any such documents are found to exist.

Request 20: All documents and communications received, created, considered, or sent by You from January 1, 2020 through the present relating to any data, studies, or statistics on voting patterns, including the methods by which voters register to vote, apply for an absentee ballot, and/or cast a ballot, by race or ethnic group in Georgia.

Response: Non-Party Members object to this Request as being ambiguous, as it appears to request the same documents and communications "relating to any data, studies, or statistics on voting patterns" requested in Request 19. Absent clarification from the Consolidated Plaintiffs as to the distinction between this Request and Request 19, if any, the Non-Party Members interpret the two Requests as overlapping, and incorporate their response to Request 19 here in its entirety. The Non-Party Members reserve the right to withdraw such objections, or assert new ones, if necessary, upon receipt of additional clarification from the Consolidate Plaintiffs.

Request 21: All documents and communications received, created, considered, or sent by You from January 1, 2020 through the present that reflect the use or consideration of any of the following voting mechanisms or processes by Georgia voters from January 1, 2016 through the present, disaggregated by geographic location (including county, city, or precinct), partisan or political affiliation, racial or ethnic identification, age group, disability, English proficiency, or any other demographic characteristics:

a. Absentee voting, including but not limited to absentee-by-mail applications and absentee ballot drop boxes;
b. Early, in-person voting;
c. Out-of-precinct provisional voting; and/or
d. Mobile voting units.

Response: Non-Party Members object to this Request on the grounds that it seeks documents that probe into the subjective motivations of the Non-Party Members and/or were received, created, considered, or sent by the Non-Party Members in the performance of their official legislative duties and are protected from discovery by the doctrine of legislative privilege. The Non-Party Members further object on the grounds that this Request seeks documents protected by the attorney-client privilege and the attorney work product doctrine. The expansive document collection, review, and production sought by this Request into privileged matters fails the relevance and proportionality test set forth in FRCP 26 and imposes a discovery burden on non-parties that Plaintiffs are required by FRCP 45 to avoid.

Additionally, the Non-Party Members object to this Request as overly broad and unduly burdensome to the extent it seeks "all documents and communications received" by the Non-Party Members, without regard for whether such documents and communications were considered, or even reviewed, by them. The Non-Party

Members "received" a substantial number of communications that are potentially responsive to this Request as written that were neither reviewed nor considered by the Non-Party Members. Such communications are not relevant to the Parties' claims and defenses in this case, and the burden of time and expense imposed on the Non-Party Members by their discovery is disproportional to the needs of the case (FRCP 26) and required to be avoided pursuant to FRCP 45(d)(1).

The Non-Party Members' document collection and review is not yet complete, and so the Non-Party Members cannot state with certainty at this time that documents responsive to this Request will be withheld on the basis of the foregoing objections. However, the Non-Party Members anticipate withholding responsive documents on the basis of the aforementioned privilege objections. All privileged documents so withheld will be logged as required by FRCP 45(e)(2)(ii), and Non-Party Members will produce said log upon completion of their review and production of documents. However, absent an agreement with Consolidated Plaintiffs to limit the scope of their discovery into legislatively privileged materials and the significant financial burden imposed thereby, including the voluminous review and logging thereof, Non-Party Members intend to seek relief from the Court, including, but not limited to, cost-shifting.

Subject to these objections, the Non-Party Members will review potentially responsive documents and communications that they created, sent, or considered and

will produce all responsive, non-privileged documents in their possession, custody, or control, if any such documents are found to exist.

<u>Request 22</u>: All copies of Georgia General Assembly rules, including rules for the Georgia House of Representatives Special Committee on Election Integrity and the Georgia Senate Ethics Committee, received, created, considered, or sent by You during the 2021-2022 Legislative Session.

<u>Response</u>: To the extent this Request can be interpreted to seek copies of Georgia General Assembly rules not specified in the Request, the Non-Party Members object to the Request as ambiguous and as seeking documents that are neither relevant to the Parties' claims or defenses, nor proportional to the needs of the case.

Subject to those objections, Non-Party Members will produce a copy of the General Assembly rules, including committee rules, that are relevant to the parties' claims and defenses.

Respectfully submitted June 10, 2022.

/s/ Alex Khoury

Alex Khoury
Georgia Bar No. 416978
akhoury@sgrlaw.com
**SMITH, GAMBRELL & RUSSELL LLP**
1105 W. Peachtree St. NE, Suite 1000
Atlanta, Georgia 30309
Telephone: (404) 815-3526
Facsimile: (404) 685-6826

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | Master Case No.<br>1:21-MI-55555-JPB |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 10, 2022, I served the foregoing **NON-PARTY MEMBERS' RESPONSES AND OBJECTIONS TO CONSOLIDATED PLAINTIFFS' SUBPOENAS FOR PRODUCTION OF DOCUMENTS** via email service upon all counsel of record addressed as follows:

| | |
|---|---|
| Tania Faransso<br>tania.faransso@wilmerhale.com | Bryan L. Sells<br>bryan@bryansellslaw.com |
| Leah C. Aden<br>laden@naacpldf.org | Jon Greenbaum<br>jbreenbaum@lawyerscommittee.org |
| Debo P. Adegbile<br>debo.adegbile@wilmerhale.com | Jordan Ludwig<br>jludwig@crowell.com |
| Vilia B. Hayes<br>vilia.hayes@hugheshubbard.com | George P. Varghese<br>george.varghese@wilmerhale.com |
| Uzoma N. Nkwonta<br>unkwonta@elias.law | Nana Wilberforce<br>nana.wilberforce@wilmerhale.com |
| Sophia Lin Lakin<br>slakin@aclu.org | Halsey G. Knapp, Jr.<br>hknapp@khlawfirm.com |
| Susan P. Mizner<br>smizner@aclu.org | Brian Dimmick<br>bdimmick@aclu.org |
| Phi Nguyen<br>pnguyen@advanceingjustice-atlanta.org | Sean J. Young<br>syoung@acluga.org |
| Eileen Ma<br>eileenma@advancingjustice-alc.org | Nancy G. Abudu<br>nancy.abudu@splcenter.org |

| | |
|---|---|
| Niyati Shah<br>nshah@advancingjustice-aajc.org | Adam S. Sieff<br>adamsieff@dwt.com |
| R. Adam Lauridsen<br>llam@keker.com | Matthew Jedreski<br>mjedreski@dwt.com |
| David M. Gossett<br>davidgossett@dwt.com | Kurt Kastorf<br>kurt@kastorflaw.com |
| Judith Browne Dianis<br>jbrowne@advancementproject.org | Jasmyn G. Richardson<br>Jasmyn.richardson@usdoj.gov |
| Clifford J. Zatz<br>czatz@crowell.com | Tyler R. Green<br>tyler@consovoymccarthy.com |
| Bryan P. Tyson<br>btyson@taylorenglish.com | Daniel W. White<br>dwhite@hlw-law.com |
| A. Ali Sabzevari<br>asabzevari@fmglaw.com | Gregory C. Sowell<br>gregsowell@cooktolley.com |
| Thomas L. Cathey<br>tcathey@hullbarrett.com | Laura K. Johnson<br>lkjohnson@dekalbcountyga.gov |
| Patrick D. Jaugstetter<br>patrickj@jarrad-davis.com | David R. Lowman<br>david.lowman@fultconcountyga.gov |
| Steven Rosenberg<br>steven.rosenberg@fultoncountyga.gov | Kristin K. Bloodworth<br>kbloodworth@smf-law.com |
| William H. Noland<br>william@nolandlawfirmllc.com | Rachel N. Mack<br>rmack@augustaga.gov |
| Karl P. Broder<br>kbroder@beckowen.com | |