# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | Master Case No.: 1:21-MI-55555-JPB |

## STATE DEFENDANTS' MOTION TO EXTEND DISCOVERY

Discovery has been ongoing in this case for 13 months, and more remains to be done. Although the State Defendants have gone to great lengths to complete discovery under the current schedule—producing more than one million pages of records and participating in dozens of depositions—they are unable to complete discovery by the current March 31, 2023 deadline.

Accordingly, the State Defendants respectfully request that the Court extend the current discovery schedule by two months. Additionally, as explained below, the State Defendants propose that the extended schedule include a date by which fact discovery will conclude. Finally, the State Defendants request that the Court vacate the current summary judgment briefing schedule and set a post-discovery status conference to address whether to consolidate these cases for the purposes of summary judgment briefing and, if so, how the Parties plan to conduct such briefing. The Parties have conferred about this request and Plaintiffs have indicated that they will oppose the

requested relief.[1] The Intervenor Defendants take no position on the requested relief.

## ARGUMENT

There is good cause to grant the requested relief. On December 23, 2021, this Court consolidated these cases for the limited purposes of discovery. [Doc. 1]. Since then, the Parties have engaged in an extraordinary amount of discovery. For instance, the various Plaintiffs have served the State with 96 requests for production, 38 interrogatories, and 29 requests for admissions. And, as Plaintiffs continue to serve additional discovery requests, those numbers are likely to grow. To date, the State Defendants have produced 1.36 million pages of records, the various Plaintiff groups have produced nearly 90,000 pages of records,[2] and tens of thousands more pages have been produced by counties and third parties.

---

[1] Here, the State Defendants raised this issue with Plaintiffs during lengthy meet and confer discussions in January before the Parties filed their January 27, 2023 motion to extend. [Doc. 387]. At that time, the State Defendants expressed their concern that discovery could not be completed without at least a two-month extension. But, in the face of strong opposition from Plaintiffs, the State Defendants agreed to proceed with discovery in February to see how much could be completed before moving for an extension. In advance of this Motion, the Plaintiffs confirmed that they remain opposed to any extension.

[2] Of course, the number of pages Plaintiffs have produced would be significantly higher, but for their broad reliance on various associational privileges to withhold nearly every communication they exchange with members or third-party organizations.

Beyond written discovery, the Parties have also completed many depositions. For instance, the State Defendants have conducted nearly 30 depositions.[3] And the State Defendants are scheduled to conduct additional depositions of Plaintiffs over the upcoming days. Similarly, Plaintiffs have taken many depositions of State and county officials, as well as third parties. And, like the State Defendants, Plaintiffs are still planning to take several more depositions of State and county officials, as well as third parties.

In short, over the past 13 months, the Parties have engaged in extensive discovery. However, it has become clear that it is infeasible to complete the remaining discovery tasks by March 31, 2023. That is not because any Party has been dragging its feet, but rather because Plaintiffs' approach to these cases simply requires a lengthy discovery schedule. Rather than coordinating their efforts to file a single targeted complaint, the various Plaintiffs orchestrated their efforts to spread broad allegations and claims across several complaints. Once discovery began, the Plaintiffs continued their broad approach, requiring the State Defendants to conduct extremely broad searches that resulted in more than a million pages being produced thus far. And, even when the State Defendants explained that certain individuals Plaintiffs

---

[3] To accomplish this, the State Defendants went to great lengths to accommodate Plaintiffs' preferred discovery schedule, conducting as many as four concurrent depositions on many days.

3

suggested deposing had no knowledge of the matters involved in this litigation, Plaintiffs demanded to nonetheless conduct those depositions. While Plaintiffs are certainly permitted to take such a broad approach, they must accept that it will require additional time. Indeed, as set forth below, each aspect of discovery requires additional time.

*Written discovery.* To begin, written discovery remains ongoing, and Plaintiffs' efforts to force these tasks into the compressed time remaining has caused the State Defendants significant obstacles. For instance, although the State Defendants asked the various Plaintiff groups to confirm earlier this year—before depositions—that each had completed its document production, Plaintiffs are still producing documents. In fact, many Plaintiff groups (including the Department of Justice) that previously stated they had completed producing records are nonetheless continuing to produce documents. In some instances, Plaintiffs have produced hundreds of additional pages of records just days before their scheduled Rule 30(b)(6) depositions. That has put a significant strain on the State Defendants' resources, which could be alleviated by extending discovery and ensuring that there is a clear cut-off date for fact discovery.

Moreover, Plaintiffs are still serving discovery requests and subpoenas for records, which will require additional time to address. *See, e.g.*, [Doc. 444] (February 28, 2023 Certificate of Service of subpoena to State ADA

4

Coordinator). Accordingly, the State Defendants' proposed schedule will allow the Parties additional time to complete written discovery.

*Fact depositions.* There are also still several fact depositions remaining to be taken. In an effort to complete depositions under the current schedule, the State Defendants approached Plaintiffs in December with a list of everyone they intended to depose.[4] And the State Defendants proposed conducting those depositions in January and February to ensure they could be completed before expert discovery. Yet, Plaintiffs did not produce any witnesses until February 13, which left an extremely compressed schedule for completing Plaintiffs' depositions before expert depositions were scheduled to begin. In an effort to nonetheless complete these depositions, the State Defendants conducted 27 depositions in a mere 13 days. Even with that pace, however, the State Defendants are still waiting to depose additional Plaintiffs.[5]

Additionally, Plaintiffs waited until March to schedule many fact depositions of State officials, including seeking Rule 30(b)(6) depositions. Recognizing the schedule and possible challenges, the State Defendants

---

[4] Plaintiffs apparently did not initially understand the list to be a request for availability, and thus State Defendants provided Plaintiffs a list of available dates with the number of concurrent depositions the State Defendants could take so that Plaintiffs could provide availability.

[5] The State Defendants also understand that Plaintiffs remain in discussions about scheduling county depositions of Fulton County and DeKalb County, who are named as defendants in this litigation.

5

advised Plaintiffs in December 2022 that four State officials would not be available to sit for depositions during the legislative session, which runs through March 29, 2023.[6] For those witnesses, the State Defendants advised they would not be available for depositions after mid-January, but Plaintiffs never responded to that proposal.[7] Rather, Plaintiffs now propose taking depositions of several State officials during the period currently set aside for expert depositions.[8]

In short, more than a dozen fact depositions remain to be taken, and the current schedule does not afford sufficient time to do so.

*Expert discovery.* For similar reasons, the State Defendants cannot complete expert depositions under the current three-week schedule for such depositions. When the State Defendants previously agreed to that schedule, they were unaware that Plaintiffs would rely on 19 experts—many of whom produced expert reports that significantly overlap the reports provided by other Plaintiff's experts. This alone calls into question whether Plaintiffs are

---

[6] 2023 Georgia Senate Resolution 6, available online at https://www.legis.ga.gov/legislation/63484.

[7] Although Plaintiffs now point to additional document productions from the State Defendants in January and February as a reason they could not conduct these depositions earlier, they cannot explain why they did not even attempt to schedule the depositions in December or early January.

[8] Plaintiffs likely propose doing so as they can spread the tasks across the ninety-nine attorneys representing them.

heeding this Court's direction to coordinate their discovery efforts. [Doc. 84 at 4]. When combined with the State Defendants' three experts, that leaves 22 expert depositions to be conducted, and Plaintiffs have proposed locations outside of the Northern District of Georgia for nearly all of their experts.[9]

Even if the Parties could conduct one expert deposition each business day of the current expert-deposition period, there would not be enough days in the existing schedule. And that says nothing about requirements for travel and preparation, or the fact that Plaintiffs are demanding also to take several depositions of State officials during that same period.

Accordingly, the State Defendants' proposed schedule will alleviate these issues by creating a separate period for expert depositions after fact depositions are completed, and by extending the expert-deposition period to account for the unexpectedly high number of experts Plaintiffs opted to retain.

*Summary judgment.* Finally, there is one additional element of the State Defendants' proposed schedule. The State Defendants propose vacating the current summary-judgment-briefing schedule and, instead, scheduling a post-discovery status conference (or status report) to discuss a briefing schedule. As noted, there has been a significant lack of coordination amongst the Plaintiffs

---

[9] While Plaintiffs also noted that several experts are willing to participate in depositions over Zoom, the State Defendants maintain that depositions conducted by videoconference—particularly expert depositions—are problematic and should be the exception, rather than the norm.

during discovery. For instance, within the span of just one month, different Plaintiff groups have told the State Defendants that they might, might not, and certainly will conduct a Rule 30(b)(6) deposition of the Secretary of State's Office—despite the fact that State Defendants have already made available 7 current and former members of the Secretary of State's staff. Negotiating sometimes-conflicting statements from various Plaintiff groups has been a theme, which has required substantial efforts on the State Defendants' part.

As relevant here, this approach to discovery raises the distinct possibility that the Plaintiffs will not coordinate their summary judgment briefing. Rather, it appears likely that the various Plaintiff groups will each file their own summary judgment motion, in whole or in part. Under the current schedule, the Parties have only one month to file oppositions to summary judgment motions. [Doc. 400]. Considering the breadth of the claims here, those motions are likely to be voluminous. And, when considering the likelihood that Plaintiffs will file multiple motions, the State Defendants will be unable to respond to each of those motions on the short timeframe currently provided.

Rather, the State Defendants propose that the Parties confer after discovery concludes about how each Party plans to approach summary judgment briefing. Only after that information is known can the Parties

propose a schedule.[10]  And, considering that the Court's December 23, 2021 Order only consolidated these cases for the purposes of discovery [Doc. 1 at 5], the State Defendants believe that the Parties and the Court should address these issues once discovery is complete and each Party has a better sense of how it will approach summary-judgment briefing.

## CONCLUSION

Without an extension, there are only four weeks left of discovery.  In that time, the parties must complete many tasks, including: (1) conducting more than a dozen fact depositions; (2) conducting twenty-two expert depositions scattered across the country; (3) responding to many pending discovery requests; (4) conferring about (and likely addressing with the Court) Plaintiffs' recent efforts to obtain privileged documents from multiple Parties' attorneys; and (5) resolving any additional discovery issues that arise.

Accordingly, the State Defendants respectfully request additional time to complete these tasks.  And they submit that a two-month extension of the current schedule is reasonable under these circumstances.  Accordingly, the State Defendants respectfully request that the Court enter the accompanying proposed order.

---

[10] For instance, if the Plaintiffs agree to file a single summary judgment motion, it is possible that the State Defendants can file an opposition within one month.  But if the Plaintiffs wish to file separate motions (either in full or in part), additional time will be needed.

Respectfully submitted this 3rd day of March, 2023.

                        Christopher M. Carr
                        Attorney General
                        Georgia Bar No. 112505
                        Bryan K. Webb
                        Deputy Attorney General
                        Georgia Bar No. 743580
                        Russell D. Willard
                        Senior Assistant Attorney General
                        Georgia Bar No. 760280
                        Elizabeth Vaughan
                        Assistant Attorney General
                        Georgia Bar No. 762715
                        **State Law Department**
                        40 Capitol Square, S.W.
                        Atlanta, Georgia 30334
                        Atlanta, Georgia 30334

                        */s/ Gene C. Schaerr*
                        Gene C. Schaerr*
                        Special Assistant Attorney General
                        Erik Jaffe*
                        H. Christopher Bartolomucci*
                        Brian J. Field*
                        Edward H. Trent*
                        Nicholas P. Miller*
                        Christina Martinez Squiers*
                        Joshua J. Prince*
                        Annika B. Barkdull*
                        **SCHAERR | JAFFE LLP**
                        1717 K Street NW, Suite 900
                        Washington, DC 20006
                        (202) 787-1060
                        gschaerr@schaerr-jaffe.com

                        **Admitted pro hac vice*

                        Bryan P. Tyson
                        Special Assistant Attorney General
                        Georgia Bar No. 515411

>btyson@taylorenglish.com
>Bryan F. Jacoutot
>Georgia Bar No. 668272
>bjacoutot@taylorenglish.com.
>Diane Festin LaRoss
>Georgia Bar No. 430830
>dlaross@taylorenglish.com
>**Taylor English Duma LLP**
>1600 Parkwood Circle
>Suite 200
>Atlanta, Georgia 30339
>(678) 336-7249
>
>*Counsel for State Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Gene C. Schaerr*
Gene C. Schaerr
