# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | Master Case No.:<br>1:21-MI-55555-JPB |

**STATE DEFENDANTS' RESPONSES AND OBJECTIONS
TO CBC AND AAAJ PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO STATE DEFENDANTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants Brad Raffensperger, Sara Ghazal, Matthew Mashburn, Edward Lindsey, Janice Johnston, and William Duffey, Jr. ("State Defendants") hereby respond to the CBC and AAAJ Plaintiffs' First Set of Requests for Production of Documents to State Defendants ("Requests").

## PRELIMINARY STATEMENTS

1. State Defendants have responded to the Requests as they interpret and understand them. If Plaintiffs subsequently assert an interpretation of any Request that differs from State Defendants' understanding, State Defendants reserve the right to supplement or amend their objections and/or responses.

2. These Responses are based on information currently known to State Defendants and are provided without prejudice to State Defendants'

right to produce or rely on any subsequently discovered facts, contentions, or documents that State Defendants may later learn of, recall, or discover.

3. State Defendants reserve the right to continue and complete their investigation and discovery of the facts, and to rely at trial or in other proceedings on documents in addition to those provided herein, regardless of whether such information is newly discovered or newly in existence. State Defendants are not withholding any information except as discussed below.

4. State Defendants reserve the right to revise, amend, correct, supplement, modify or clarify their objections and responses in accordance with the Federal Rules of Civil Procedure.

## OBJECTIONS TO DEFINITIONS

1. State Defendants object to Definition 3 because it includes attorneys for State Defendants. Plaintiffs cannot, through that definition, impose an obligation on State Defendants to disclose information protected by the attorney-client privilege and/or the attorney work product doctrine.

## RESPONSES TO REQUESTS

1. All communications between You and Ali Alexander, Lin Wood, Sidney Powell, Scott Presler, or Michael Coudrey.

**RESPONSE:** State Defendants object to this Request as it seeks documents that, even if they exist, are not relevant to any party's claim or defense and are not proportional to the needs of the case. *See* Fed. R. Civ.

P. 26(b)(1). State Defendants further object to this Request as overly broad and unduly burdensome because it fails to include any limitation on the subject matter or time frame of such communications.

For the foregoing reasons, the State Defendants will not produce any documents in response to this Request, to the extent any responsive documents exist.

2. All communications between You and any "Stop the Steal" or Capitol Riot organizers and participants.

**RESPONSE:** State Defendants object to this Request as it seeks documents that, even if they exist, are not relevant to any party's claim or defense and are not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). State Defendants further object to this Request as overly broad and unduly burdensome because it fails to include any limitation on the subject matter or time frame of such communications. Additionally, State Defendants object to this Request as the terms "organizers" and "participants" are undefined, vague, confusing, and overly broad.

For the foregoing reasons, the State Defendants will not produce any documents in response to this Request, to the extent any responsive documents exist.

3. All documents concerning any and all meetings between You and Ali Alexander, Lin Wood, Sidney Powell, Scott Presler, or Michael Coudrey.

3

**RESPONSE:** State Defendants object to this Request as it seeks documents that, even if they exist, are not relevant to any party's claim or defense and are not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). State Defendants further object to this Request as overly broad and unduly burdensome because it fails to include any limitation on the subject matter or time frame of such documents or meetings. Additionally, State Defendants object to this Request as the term "meetings" is undefined, vague, confusing, and overly broad.

For the foregoing reasons, the State Defendants will not produce any documents in response to this Request, to the extent any responsive documents exist.

4. All documents concerning any and all meetings between You and any "Stop the Steal" or Capitol Riot organizers and participants. This Request includes, but is not limited to, all meetings where David Shafer and any other members of the executive management of the Georgia Republican Party were present in person and/or remotely via Zoom, telephone, or other technology.

**RESPONSE:** State Defendants object to this Request as it seeks documents that, even if they exist, are not relevant to any party's claim or defense and are not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). State Defendants further object to this Request as overly broad and unduly burdensome because it fails to include any limitation on the subject matter or time frame of such documents or meetings. Additionally, State

4

Defendants object to this Request as the terms "meetings," "organizers," and "participants" are undefined, vague, confusing, and overly broad.

For the foregoing reasons, the State Defendants will not produce any documents in response to this Request, to the extent any responsive documents exist.

5. All documents concerning the planning and coordination of the Georgia State Capitol Meeting. A copy of the documents purportedly signed at this meeting are attached and incorporated herein by reference as Exhibit 1. This Request includes, but is not limited to, all communications concerning the planning and coordination of the Georgia State Capitol Meeting; all documents received by You and prepared by You concerning the planning and coordination of the Georgia State Capitol Meeting; and all documents concerning how the sixteen (16) electors who signed the "Certificate of the Votes of the 2020 Georgia Electors" in Exhibit 1 were chosen.

**RESPONSE:** State Defendants object to this Request as it seeks documents that, even if they exist, are not relevant to any party's claim or defense and are not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). State Defendants further object to this Request as the terms "planning" and "coordination" are undefined, vague, confusing, and overly broad.

For the foregoing reasons, the State Defendants will not produce any documents in response to this Request, to the extent any responsive documents exist.

6. All documents supporting any claim by You that the sixteen (16) individuals who signed the "Certificate of the Votes of the 2020 Election" in

5

Exhibit 1 were the "duly elected and qualified electors for President and Vice President from the State of Georgia."

**RESPONSE:** State Defendants object to this Request as it seeks documents that, even if they exist, are not relevant to any party's claim or defense and are not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). State Defendants further object to this Request as the term "claim" is undefined, vague, confusing, and overly broad.

For the foregoing reasons, the State Defendants will not produce any documents in response to this Request, to the extent any responsive documents exist.

7. All communications between You and John A. Isakson, Patrick Gartland, C.J. Pearson, and Susan Holmes concerning the submission of a Certificate of the Votes of the 2020 Election by electors casting votes for Donald J. Trump (President) and Michael R. Pence (Vice President).

**RESPONSE:** State Defendants object to this Request as it seeks documents that, even if they exist, are not relevant to any party's claim or defense and are not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

For the foregoing reason, the State Defendants will not produce any documents in response to this Request, to the extent any responsive documents exist.

8. All communications between You and John A. Isakson, Patrick Gartland, C.J. Pearson, and Susan Holmes concerning their decision not to participate in the Georgia State Capitol Meeting.

6

**RESPONSE:** State Defendants object to this Request as it seeks documents that, even if they exist, are not relevant to any party's claim or defense and are not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

For the foregoing reason, the State Defendants will not produce any documents in response to this Request, to the extent any responsive documents exist.

9. All documents evidencing the election, appointment, or assignment of David Shafer as the Presiding Officer of the Georgia Electoral College as stated in Exhibit 1.

**RESPONSE:** State Defendants object to this Request as it seeks documents that, even if they exist, are not relevant to any party's claim or defense and are not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). State Defendants further object to this Request because the terms "election, appointment, or assignment" are undefined, vague, confusing, and overly broad.

For the foregoing reasons, the State Defendants will not produce any documents in response to this Request, to the extent any responsive documents exist.

10. All communications to You from the offices of the President of the United States Senate, Archivist of the United States of America, Secretary of State of Georgia, and the Chief Judge of the United States District Court for the Northern District of Georgia regarding the Georgia Republican Party

7

Chairman, David Shafer's certified mailing of the "Certificate of Votes of the 2020 Georgia Electors" to them.

**RESPONSE:** State Defendants object to this Request as it seeks documents that, even if they exist, are not relevant to any party's claim or defense and are not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

For the foregoing reason, the State Defendants will not produce any documents in response to this Request, to the extent any responsive documents exist.

11. All documents identifying all persons who participated in the creation of the documents set forth in Exhibit 1.

**RESPONSE:** State Defendants object to this Request as it seeks documents that, even if they exist, are not relevant to any party's claim or defense and are not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). State Defendants further object to this Request because the term "creation" is undefined, vague, confusing, and overly broad.

For the foregoing reasons, the State Defendants will not produce any documents in response to this Request to the extent any responsive documents exist.

September 6, 2022                              Respectfully submitted,

                                               Christopher M. Carr
                                               Attorney General
                                               Georgia Bar No. 112505

8

Bryan K. Webb
Deputy Attorney General
Georgia Bar No. 743580
Russell D. Willard
Senior Assistant Attorney General
Georgia Bar No. 760280
Charlene McGowan
Assistant Attorney General
Georgia Bar No. 697316
**State Law Department**
40 Capitol Square, S.W.
Atlanta, Georgia 30334

*/s/ Gene C. Schaerr*
Gene C. Schaerr*
Special Assistant Attorney General
Erik Jaffe*
H. Christopher Bartolomucci*
Brian J. Field*
Joshua J. Prince*
**SCHAERR | JAFFE LLP**
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com

*Admitted pro hac vice*

Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
**Taylor English Duma LLP**
1600 Parkwood Circle
Suite 200

9

Atlanta, Georgia 30339
(678) 336-7249

*Counsel for Defendants*

10

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2022, the foregoing was served by electronic mail on all counsel of record.

> */s/ Gene C. Schaerr*
> Gene C. Schaerr
> *Counsel for Defendants*