# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | No. 1:21-MI-55555-JPB |

## INTERVENORS' OBJECTIONS AND RESPONSES TO CBC & AAAJ PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

Plaintiffs served their first set of requests for production on Intervenors on August 5, 2022. Intervenors' objections and responses are limited to information obtained and reviewed to date and are given without prejudice to Intervenors' right to amend or supplement their objections and responses after considering information obtained or reviewed in the future. Intervenors reserve the right to object to the admissibility of any documents or information produced in response. Intervenors submit this response without conceding the relevancy, materiality, or admissibility of the subject matter of any document or information.

Per the Federal Rules and Local Rules, Intervenors respond as follows:

## OBJECTIONS TO DEFINITIONS

1. Intervenors object to the definitions of "You" and "Your" and "Defendants-Intervenors" (and the related instructions) to the extent they require investigation of the activities and communications of thousands of volunteers, outside vendors, attorneys, contractors, and other individuals who happen to have at one time been associated with Intervenors.

1

## OBJECTIONS TO INSTRUCTIONS

1. Intervenors object to the instructions that require the creation of privilege logs because they impose unreasonable obligations not proportional to the needs of the case.

2. Intervenors reserve the right to redact information as necessary to preserve privilege, confidentiality, or otherwise protected personally-identifiable or sensitive personal information from disclosure.

3. Intervenors object to the instruction that they categorize produced documents by response number as unreasonable in light of the overlapping nature of the requests, the overlapping nature of the requests in the related cases, and the requests by several plaintiffs that documents produced in one be produced in all.

4. Intervenors object to the instructions to the extent they purport to require answers based on information in the possession of thousands of volunteers, outside vendors, attorneys, contractors, directors, partners, members, managers, employees, staff, consultants, persons with election-related responsibilities, representatives, agents, persons related in any way to Intervenors, persons acting on behalf of Intervenors, or other individuals—both "current" and "former"—who happen to have at one time been associated with Intervenors.

5. Intervenors object to the instructions to the extent they require the production of documents not responsive to a request but that refer to, concern, or explain documents responsive to a request, because such documents are not relevant to any

2

claim or defense and impose unreasonable obligations not proportional to the needs of the case.

6. Intervenors object to the instructions to compile a detailed description of every document that has been lost, discarded, destroyed, or transferred, including the identification of the involved parties and subject matter of the documents, because such instructions impose unreasonable obligations not proportional to the needs of the case.

7. Intervenors further object to producing documents that are protected from disclosure by the attorney-client privilege; First Amendment privilege (including internal documents and communications); the work-product doctrine; the joint-defense or common-interest privilege; any other applicable privilege under federal or state statutory, constitutional, or common law; the Federal Rules of Civil Procedure; the Federal Rules of Evidence; the Local Rules; the relevant statutory or case law; or any other statute, rule, or order applicable in this action (collectively, "privilege").

8. Intervenors further object to identifying "all" documents and communications or marshaling and identifying "all" documents and communications concerning these issues.

9. Intervenors object to including press clippings, news articles, email blasts or other materials that were prepared exclusively and independently by third parties but that happen to be within Intervenors' possession, custody, or control.

3

## RESPONSES & OBJECTIONS
## TO REQUESTS FOR PRODUCTION

1. **All communications between You and Ali Alexander, Lin Wood, Sidney Powell, Scott Presler, or Michael Coudrey.**

    **Response:** Intervenors object to this request as irrelevant and not proportional to the needs of the case because: it is not relevant to any claim or defense; it seeks information without regard to whether it had any effect on the Georgia legislature or its consideration of the challenged laws; it seeks information predating January 11, 2021 (when the legislative session where SB 202 was introduced began) and postdating March 25, 2021 (when SB 202 was enacted); and seeks information without regard to whether it was prepared by Intervenors or reflects the views of Intervenors.

    Intervenors further object to this request as interposed for an improper purpose, including harassment.

2. **All communications between You and any "Stop the Steal" or Capitol Riot organizers and participants.**

    **Response:** Intervenors object to this request as irrelevant and not proportional to the needs of the case because: it is not relevant to any claim or defense; it seeks information without regard to whether it had any effect on the Georgia legislature or its consideration of the challenged laws; it seeks information predating January 11, 2021 (when the legislative session where SB 202 was introduced began) and postdating March 25, 2021 (when SB 202 was enacted); and seeks information without regard to whether it was prepared by Intervenors or reflects the views of Intervenors.

Intervenors further object to this request as interposed for an improper purpose, including harassment.

3. **All documents concerning any and all meetings between You and Ali Alexander, Lin Wood, Sidney Powell, Scott Presler, or Michael Coudrey.**

    **Response:** Intervenors object to this request as irrelevant and not proportional to the needs of the case because: it is not relevant to any claim or defense; it seeks information without regard to whether it had any effect on the Georgia legislature or its consideration of the challenged laws; it seeks information predating January 11, 2021 (when the legislative session where SB 202 was introduced began) and postdating March 25, 2021 (when SB 202 was enacted); and seeks information without regard to whether it was prepared by Intervenors or reflects the views of Intervenors.

    Intervenors further object to this request as interposed for an improper purpose, including harassment.

4. **All documents concerning any and all meetings between You and any "Stop the Steal" or Capitol Riot organizers and participants. This Request includes, but is not limited to, all meetings where David Shafer and any other members of the executive management of the Georgia Republican Party were present in person and/or remotely via Zoom, telephone, or other technology.**

    **Response:** Intervenors object to this request as irrelevant and not proportional to the needs of the case because: it is not relevant to any claim or defense; it seeks information without regard to whether it had any effect on the Georgia legislature or its consideration of the challenged laws; it seeks information predating January 11, 2021 (when the legislative session where SB 202 was introduced began) and postdating March

5

25, 2021 (when SB 202 was enacted); and seeks information without regard to whether it was prepared by Intervenors or reflects the views of Intervenors.

Intervenors further object to this request as interposed for an improper purpose, including harassment.

5. **All documents concerning the planning and coordination of the Georgia State Capitol Meeting. A copy of the documents purportedly signed at this meeting are attached and incorporated herein by reference as Exhibit 1. This Request includes, but is not limited to, all communications concerning the planning and coordination of the Georgia State Capitol Meeting; all documents received by You and prepared by You concerning the planning and coordination of the Georgia State Capitol Meeting; and all documents concerning how the sixteen (16) electors who signed the "Certificate of the Votes of the 2020 Electors from Georgia" in Exhibit 1 were chosen.**

**Response:** Intervenors object to this request as irrelevant and not proportional to the needs of the case because: it is not relevant to any claim or defense; it seeks information without regard to whether it had any effect on the Georgia legislature or its consideration of the challenged laws; it seeks information predating January 11, 2021 (when the legislative session where SB 202 was introduced began) and postdating March 25, 2021 (when SB 202 was enacted); and seeks information without regard to whether it was prepared by Intervenors or reflects the views of Intervenors.

Intervenors further object to this request as interposed for an improper purpose, including harassment.

6

6. **All documents supporting any claim by You that the sixteen (16) individuals who signed the "Certificate of the Votes of the 2020 Electors from Georgia" in Exhibit 1 were the "duly elected and qualified electors for President and Vice President from the State of Georgia."**

    **Response:** Intervenors object to this request as irrelevant and not proportional to the needs of the case because: it is not relevant to any claim or defense; it seeks information without regard to whether it had any effect on the Georgia legislature or its consideration of the challenged laws; it seeks information predating January 11, 2021 (when the legislative session where SB 202 was introduced began) and postdating March 25, 2021 (when SB 202 was enacted); and seeks information without regard to whether it was prepared by Intervenors or reflects the views of Intervenors.

    Intervenors further object to this request as interposed for an improper purpose, including harassment.

7. **All communications between You and John A. Isakson, Patrick Gartland, C.J. Pearson, and Susan Holmes concerning the submission of a Certificate of the Votes of the 2020 Election by electors casting votes for Donald J. Trump (President) and Michael R. Pence (Vice President).**

    **Response:** Intervenors object to this request as irrelevant and not proportional to the needs of the case because: it is not relevant to any claim or defense; it seeks information without regard to whether it had any effect on the Georgia legislature or its consideration of the challenged laws; it seeks information predating January 11, 2021 (when the legislative session where SB 202 was introduced began) and postdating March 25, 2021 (when SB 202 was enacted); and seeks information without regard to whether it was prepared by Intervenors or reflects the views of Intervenors.

Intervenors further object to this request as interposed for an improper purpose, including harassment.

8. **All communications between You and John A. Isakson, Patrick Gartland, C.J. Pearson, and Susan Holmes concerning their decision not to participate in the Georgia State Capitol Meeting.**

    **Response:** Intervenors object to this request as irrelevant and not proportional to the needs of the case because: it is not relevant to any claim or defense; it seeks information without regard to whether it had any effect on the Georgia legislature or its consideration of the challenged laws; it seeks information predating January 11, 2021 (when the legislative session where SB 202 was introduced began) and postdating March 25, 2021 (when SB 202 was enacted); and seeks information without regard to whether it was prepared by Intervenors or reflects the views of Intervenors.

    Intervenors further object to this request as interposed for an improper purpose, including harassment.

9. **All documents evidencing the election, appointment, or assignment of David Shafer as the presiding officer of the Georgia Electoral College as stated in Exhibit 1.**

    **Response:** Intervenors object to this request as irrelevant and not proportional to the needs of the case because: it is not relevant to any claim or defense; it seeks information without regard to whether it had any effect on the Georgia legislature or its consideration of the challenged laws; it seeks information predating January 11, 2021 (when the legislative session where SB 202 was introduced began) and postdating March

25, 2021 (when SB 202 was enacted); and seeks information without regard to whether it was prepared by Intervenors or reflects the views of Intervenors.

Intervenors further object to this request as interposed for an improper purpose, including harassment.

10. **All communications to You from the offices of the President of the United States Senate, Archivist of the United States of America, Secretary of State of Georgia, and the Chief Judge of the United States District Court for the Northern District of Georgia regarding the Georgia Republican Party Chairman, David Shafer's certified mailing of the "Certificate of Votes of the 2020 Georgia Electors" to them.**

    **Response:** Intervenors object to this request as irrelevant and not proportional to the needs of the case because: it is not relevant to any claim or defense; it seeks information without regard to whether it had any effect on the Georgia legislature or its consideration of the challenged laws; it seeks information predating January 11, 2021 (when the legislative session where SB 202 was introduced began) and postdating March 25, 2021 (when SB 202 was enacted); and seeks information without regard to whether it was prepared by Intervenors or reflects the views of Intervenors.

    Intervenors further object to this request as interposed for an improper purpose, including harassment.

11. **All documents identifying all persons who participated in the creation of the documents set forth in Exhibit 1.**

    **Response:** Intervenors object to this request as irrelevant and not proportional to the needs of the case because: it is not relevant to any claim or defense; it seeks information without regard to whether it had any effect on the Georgia legislature or

9

its consideration of the challenged laws; it seeks information predating January 11, 2021 (when the legislative session where SB 202 was introduced began) and postdating March 25, 2021 (when SB 202 was enacted); and seeks information without regard to whether it was prepared by Intervenors or reflects the views of Intervenors.

Intervenors further object to this request as interposed for an improper purpose, including harassment.

Dated: September 4, 2022

Respectfully,

*/s/ W. Bradley Carver, Sr.*

| | |
|---|---|
| Tyler R. Green* | John E. Hall, Jr. |
| Cameron T. Norris* |   Georgia Bar No. 319090 |
| CONSOVOY MCCARTHY PLLC | William Bradley Carver, Sr. |
| 1600 Wilson Boulevard |   Georgia Bar No. 115529 |
| Suite 700 | W. Dowdy White |
| Arlington, Virginia 22209 |   Georgia Bar No. 320879 |
| (703) 243-9423 | Alex B. Kaufman |
| *pro hac vice |   Georgia Bar No. 136097 |
| | Jake Evans |
| |   Georgia Bar No. 797018 |
| | HALL BOOTH SMITH, P.C. |
| | 191 Peachtree Street NE |
| | Suite 2900 |
| | Atlanta, Georgia 30303 |
| | (404) 954-5000 |
| | (404) 954-5020 (Fax) |
| | bcarver@hallboothsmith.com |

**CERTIFICATE OF SERVICE**

I certify that on September 4, 2022, I emailed a copy of this document to all counsel of record.

*/s/ W. Bradley Carver, Sr.*
Counsel for Intervenors