IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | Master Case No. 1:21-MI-55555-JPB |

**UNITED STATES' OPPOSITION TO
STATE DEFENDANTS' MOTION TO EXTEND DISCOVERY**

The United States opposes the State Defendants' Motion to Extend Discovery filed on March 3, 2023.  *See* State Defendants' Motion to Extend Discovery, ECF No. 453 ("Defs.' Brief").  As this Court's standing and consolidation orders contemplate, the United States has worked diligently to complete discovery, including working with the Private Plaintiffs to streamline discovery requests.  Delaying the schedule further, including vacating any briefing schedule on summary judgment, risks the State arguing later that relief on the Plaintiffs' claims for the 2024 election cycle would be "too late" under the *Purcell* doctrine.  *See generally* Order, ECF No. 241 at 27 (citing *Purcell v. Gonzalez*, 549 U.S. 1 (2006)).  For these reasons, the State's motion should be denied.

**I.     Delaying the Schedule Further Could Result in State Defendants' Arguing *Purcell* Concerns Later in the Year.**

In 2024, the State of Georgia will likely hold a federal primary election around

1

May 21 and will hold a general election on November 5.[1]  We also understand that a proposal has also been made for Georgia to hold the Democratic presidential preference primary earlier, perhaps as early as February 13, 2024.[2]  Under current law, voters can begin requesting absentee ballots 78 days prior to an election.  O.C.G.A. § 21-2-381 (a)(1)(A).  The 78-day mark for the May primary would be around March 4, 2024, and the 78-day mark for a February 13, 2024 presidential preference primary would be November 27, 2023.

In an order last year, this Court provided guidance to the parties on the application of *Purcell* in this case.  *See* August 18, 2022 Order at 62-73, ECF No. 241.  This Court found that *Purcell* barred injunctive relief sought by some Private Plaintiffs for the November 2022 election, even where a ban on providing food and water to voters waiting in certain parts of the line to vote was likely unconstitutional.  ECF No. 241 Order at 61, 71-73.  Requests for absentee ballots in the 2024 election cycle might

---

[1]  The State has not yet announced a date for the primary election in 2024, but it is typically conducted in May.  In 2022, the primary election occurred on May 24.  In 2020, the primary was originally scheduled for May 19, before delays caused by the COVID-19 pandemic.

[2]  *See* Francesca Chambers, *Democrats approve 2024 primary calendar that demotes Iowa, boosts South Carolina*, USA Today (Feb. 4, 2023), https://www.usatoday.com/story/news/politics/2023/02/04/democrats-2024-presidential-primary-calendar/11180347002/.  *See also* O.C.G.A. § 21-2-191 (allowing the Secretary of State to select a date for a presidential preference primary).

begin as early as this year, depending on when the presidential preference primary is scheduled. The United States challenges several aspects of the absentee voting process, including the type of information that voters must provide when completing an application. The United States wants to ensure that there is sufficient time to implement any relief on its claims in this case. Further delays in the discovery schedule could result in the Defendants later arguing that any court-ordered relief that results in changes to the absentee ballot application process will be "too close in time" to the 78-day mark ahead of any presidential preference primary.

II.  **The United States Has Worked Diligently to Complete Discovery in This Case.**

The United States has satisfied its discovery obligations and met its deadlines, despite delays in the State Defendants' production of documents.

The United States began its production of documents on April 8, 2022, actively produced documents throughout 2022, and completed its production on November 25, 2022. As required by Federal Rule of Civil Procedure 26(e), the United States has supplemented its production with a small number of documents as they became available or known.[3]

---

[3] Specifically, in two supplemental productions since November 25, 2022, the United States produced 28 documents from its own files and 102 documents that it had received in response to third party subpoenas after November 25, 2022.

3

The United States and the Private Plaintiffs served one set of consolidated requests for production on the State Defendants on February 14, 2022. The State did not begin to produce responsive email communications until August 23, 2022, although it made certain data files and other materials available earlier. The State waited until December 29, 2022 to produce more than 800,000 pages of responsive documents, and because of the method by which the State produced the information (by hard drive rather than a secure FTP site as required by the ESI Order in this case, *see* ECF No. 120-1, ESI Order ¶ II.D.3.a (Mar. 21, 2022)), Plaintiffs did not have access to this production until January 2023.

In addition, the United States and the Private Plaintiffs have served coordinated deposition notices. These depositions began in May 2022, and continued in the fall and winter of 2022. Three depositions of State witnesses took place during the week of March 6; about five or so depositions of State witnesses remain to be conducted.[4] The State, in contrast, did not conduct any depositions in 2022. On December 22, 2022, the State sent a list of 61 potential deponents, but it was not until mid-January 2023 that it suggested any dates for those depositions.

---

[4] The parties have agreed, at the State's request, that two of these State witness depositions can occur "out of time" the first week of April, to accommodate the witnesses' work schedules.

As to experts, by January 13, 2023, the State knew the number of plaintiffs' experts in this case as the reports had been served or, in a small number of cases, the parties had negotiated an extension of the expert report deadlines due to health emergencies and other issues. On February 14, counsel for the United States and Private Plaintiffs provided the State with a suggested schedule for depositions for all plaintiffs' experts, but the State did not respond to provide dates until March 8, when counsel provided dates for depositions of about half of those experts.[5]

The United States and Private Plaintiffs consolidated their requests for production and their notices of depositions, and coordinated to avoid duplicative interrogatories and requests for admission. They have provided a handful of points of contact for all six plaintiff groups throughout the entire discovery process and one point of contact for negotiating search terms for communications. In short, the United States and Private Plaintiffs have worked cooperatively among themselves to conduct discovery in this case on as efficient a basis as possible.[6]

---

[5] To date, Defendants have not sought to depose any of the fact witnesses identified by the United States in its disclosures, which it updated in 2022. As the United States has learned of additional fact witnesses, such as voters from the November 2022 general and December 2022 runoff elections, it will update its disclosures of fact witnesses in the coming days.

[6] The United States will not seek to respond here to every characterization of the course of events in this case set forth in Defendants' motion. However, we note that contrary to the assertion in Defendants' brief that the "Plaintiffs orchestrated their

5

## III. CONCLUSION

The State's requested extension is not warranted by the facts. For the foregoing reasons, the United States opposes Defendants' motion for an extension of the discovery schedule. If the Court is inclined to grant a short extension, the United States asks the Court to limit any extension to two weeks.

---

efforts to spread broad allegations and claims across several complaints," Defs.' Br. at 3, the United States conducted its own investigation and made its own decisions about filing its Complaint here.

Respectfully submitted this 10th day of March, 2023.

Ryan K. Buchanan
United States Attorney
Northern District of Georgia

*/s/ Aileen Bell Hughes*
Aileen Bell Hughes
Georgia Bar No. 375505
Assistant U.S. Attorney
Office of the United States Attorney
600 U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303
Phone: (404) 581-6000
Fax: (404) 581-6181

Elise C. Boddie
Principal Deputy Assistant Attorney General

*/s/ John A. Russ IV*
T. Christian Herren, Jr.
John A. Russ IV
Jasmyn G. Richardson
Maura Eileen O'Connor
Rachel R. Evans
Sejal Jhaveri
Ernest A. McFarland
Elizabeth M. Ryan
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, 8th Floor
Washington, D.C. 20530
Phone: (800) 253-3931
Fax: (202) 307-3961
john.russ@usdoj.gov

## CERTIFCATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), I hereby certify that the forgoing motion has been prepared in Time New Roman 14, a font and type selection approved by the Court in L.R. 5.1(C). I further certify that on March 10, 2023, I filed the forgoing with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record in this case.

*/s/ John A. Russ IV*
John Albert Russ IV
