**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | Master Case No.:<br>1:21-MI-55555-JPB |

**PRIVATE PLAINTIFFS' OPPOSITION TO STATE DEFENDANTS'
MOTION TO EXTEND DISCOVERY**

Like the Department of Justice, all private Plaintiffs[1] respectfully oppose the

State Defendants' Motion to Extend Discovery.  ECF No. 453 ("State Mot.").  The

substantial, two-month delay requested is unnecessary, unwarranted, and prejudicial

to Plaintiffs' ability to obtain timely relief.

On January 27, 2023—*after* Plaintiffs had identified all their experts and

served all but one expert report by the end of that day[2]—the parties submitted a

second consent motion further refining the schedule.  *See* ECF No. 387.  That

schedule specified deadlines for the last four Plaintiffs' expert reports, for

Defendants' rebuttal reports, and for Plaintiffs' surrebuttals—all of which have been

---

[1] The Plaintiffs refer to plaintiffs in the five consolidated cases, other than the United
States.

[2] State Defendants agreed to a limited extension on the final expert report because
that Plaintiffs' expert suffered a serious heart attack in late December 2022 and
needed additional time to finalize his report.

met.  And it extended the close of fact and expert discovery by 17 days to March 31,

2023.  Now, State Defendants unilaterally request that the Court extend the schedule

by two more months and vacate the summary judgment briefing schedule entirely,

pending a post-discovery status conference.  State Mot. at 1.  Both requests are

unwarranted.

The discovery needs for this case can be achieved on the existing schedule.

As in almost any case, work remains and will accelerate as discovery closes.  But

the current schedule—which State Defendants agreed to—is manageable if the

parties continue to dedicate themselves to closing discovery rather than extending it.

By contrast, a further extension seriously prejudices Plaintiffs' ability to

obtain an order vindicating the right to vote before the next elections, given the

practical impact of the *Purcell* doctrine and how it has been interpreted.  *See Purcell*

*v. Gonzalez*, 549 U.S. 1 (2006); *see also, e.g.,* Order, Aug. 18, 2022, ECF No. 241

(declining to preliminarily enjoin limitations on voting line relief due to proximity

of 2022 elections).  Two more months of unnecessary delay for discovery, not to

mention the unlimited delay State Defendants propose by vacating the summary

judgment briefing schedule, threatens to undermine any relief for the 2024 primary

and general elections.  Although Plaintiffs have cooperated with State Defendants

throughout the discovery process, they cannot agree to such substantive prejudice to their ability to obtain timely relief.

For these reasons, the schedule should not be extended any further, and certainly not for more than a week or two at most if any extension could be justified.

## I.    LEGAL STANDARD

Local Rule 26.2(B) governs this motion.

> Motions requesting extensions of time for discovery . . . will be granted only in exceptional cases where the circumstances on which the request is based did not exist or the attorney or attorneys could not have anticipated that such circumstances would arise at the time the Joint Preliminary Report and Discovery Plan was filed.

Moreover, the Court's Standing Order mandates that motions for extensions of time "will not be granted as a matter of course" and such motions "should explain with specificity *the unanticipated or unforeseen circumstances* necessitating the extension."   Standing Order Regarding Civil Litigation (Judge Boulee) ("Judge Boulee Standing Order") at 11, III(a) (emphasis added).

Local Rule 56.1(D) governs the timing for Summary Judgment.

> Motions for summary judgment shall be filed as soon as possible, but, unless otherwise ordered by the Court, not later than thirty (30) days after the close of discovery, as established by the expiration of the original or extended discovery period or by written notice of all counsel, filed with the Court, indicating that discovery was completed earlier.

3

As explained below, this is not the exceptional case warranting departure from the previously negotiated schedule. To the contrary, discovery in this case is already set to span some fourteen months, 75% longer than the eight-month period that this Court sets as its standard for the most complex cases. *See* Local Rule 26.2(A). Nor do unanticipated or unforeseen circumstances necessitate an extension. When the current schedule was adopted at the end of January 2023, State Defendants understood the number of witnesses to be deposed and agreed to the specific timing to do so.

## II.    ARGUMENT

### A.    Plaintiffs Have Twice Agreed to Extend the Discovery Schedule While the Case Demands have Remained the Same

After consolidation of these cases,[3] the parties negotiated and on February 1, 2022, the Court entered the initial Scheduling Order. ECF No. 84 ("Initial Schedule"). It contemplated that both Plaintiffs and State Defendants could take as many as 60 fact witness depositions and that Plaintiffs could, altogether, propound

---

[3] Even prior to the consolidation order, four sets of Plaintiffs worked cooperatively in seeking to obtain access to data and documents through an open records request. They then withdrew it, at Defendants' request, jointly prioritized requests, and attempted to finalize a negotiated protective order, but were only able to obtain limited data and documents.

150 interrogatories on State Defendants.  *Id.* at 3.  Plaintiffs worked collaboratively and obtained agreement to a Stipulated Protective Order that Defendants had requested, and the Court entered on February 24, 2022.  ECF No. 106.  The next day, Plaintiffs served a consolidated First Set of Requests for Production of Documents to State Defendants, a collaborative effort to provide one comprehensive set for response.  *See* ECF No. 107.  Plaintiffs have continued to negotiate production of documents by State Defendants, largely by a single point of contact speaking for all Plaintiffs.

By the fall of 2022, the parties determined that the Initial Schedule required modification.  The parties originally had negotiated a two-tiered approach: to first produce documents and expert reports on past elections, with separate deadlines thereafter for November 2022 election-data.  But by fall, the parties determined that consolidating discovery on one track and adjusting expert discovery to occur after the November 2022 election would "conserve resources and [] contribute to the efficient resolution of this matter."  ECF No. 256 at 1.  Accordingly, the parties negotiated an extremely detailed agreement to sequence and extend the discovery cutoff and expert disclosure dates.  *Id.*  The Court approved the schedule, setting a new close of all discovery on March 14, 2023.  ECF No. 259 ("First Amended

5

Schedule").   Completion of summary judgment briefing remained on June 12, 2023 as it had in the Initial Schedule.   Indeed, Plaintiffs have always insisted on maintaining the summary judgment briefing dates to ensure that relief for their claims was not precluded by the *Purcell* doctrine for the 2024 elections.

Following the entry of the First Amended Schedule, document production continued.   State Defendants ultimately produced 1.3 million pages of documents, data and voting lists, but 89% of the productions (measured by page count) came in the last four months—eight months after Plaintiffs first served document requests. The State Defendants produced over 880,000 pages starting on December 29, 2022.[4] The First Amended Schedule also contemplated, and Plaintiffs commenced, depositions of fact witnesses beginning in the fall of 2022.   The State Defendants asked for no depositions until 2023.[5]

---

[4] These productions came well after the stipulated deadlines for completion of pre-2022 election document production, which the First Amended Schedule set for November 21, 2022.  ECF No. 259.

[5] On December 22, 2022, State Defendants provided Plaintiffs with a list of 61 fact and/or 30(b)(6) depositions they contemplated potentially taking.   No further information was included on the list, no dates proposed, no priority identified, and no depositions noticed.   There were subsequent conferrals between the parties.   On January 18, 2023, State Defendants first proposed their desired dates, beginning on February 1, for multi-tracks of depositions.  Thereafter, the parties collaborated to schedule Plaintiffs' witnesses and have since completed the vast majority, with the limited remaining depositions mostly due to health reasons. *Cf.* State Mot. at 5.

In January 2023, State Defendants approached Plaintiffs about an additional extension, largely premised on the fact that three Plaintiffs' experts needed more time to serve their reports (two weeks or less), and one expert had a major health issue.  Accordingly, "State Defendants conferred with Plaintiffs regarding the expert schedule and the most efficient way of concluding not only expert discovery but also the depositions of dozens of organizational and individual plaintiffs and fact witnesses."  ECF No. 387 at 2.  Fully aware of the work yet to be done, the parties negotiated a second amendment to the schedule, proposing a Consent Motion to the Court on January 27, 2023 (ECF No. 387) to[6]:

- Establish specific deadlines for serving the remaining three Plaintiffs' reports (which now have been met);

- Lengthen by at least two weeks State Defendants' deadlines to serve rebuttals to *all* expert reports (which now have been met);

- Establish corresponding deadlines thereafter for Plaintiffs' surreply reports (which now have been met);

- Establish dates for expert depositions from March 8-31, 2023 (the parties are coordinating dates for experts, but State Defendants are

---

[6] DOJ did not join in this Motion.

reserving their objection to March dates while filing this motion);

- Extend the close of fact and expert discovery by 17 days; and,

- Extend completion of summary judgment briefing from June 12 to June 21, 2023.

The Court granted the Consent Motion on February 6, 2023.  ECF No. 400 ("Second Amended Schedule").

### B.    The Remaining Discovery Tasks Are Achievable Within the Already Amended Schedule

The State Defendants' Motion now cites the need to depose fact and expert witnesses as a basis for its requested extension.  It is not.

***Fact Witnesses*:**  At the time the parties agreed to the existing schedule, State Defendants had, by their own choice, not deposed a single Plaintiff witness.  Starting in February 2023, State Defendants report they have deposed nearly 30 plaintiff witnesses (State Mot. at 3).  Only three fact depositions that State Defendants are still requesting remain to be completed, all delayed due to health or family emergency reasons.  The parties have been scheduling the remaining fact witnesses on both sides and we believe that they can be deposed by March 31, subject to limited exceptions that need not extend the entire schedule.

For example, as to the State Defendants' request that two of their witnesses

not be scheduled while they are involved in the legislative session (State Mot. at 6), Plaintiffs and State Defendants reached a stipulation this week to carve out an exception to the existing schedule to accommodate those witnesses and hold their depositions on April 6 and 7, after the conclusion of the legislative session.  This isolated accommodation provides no reason to derail the entire schedule.

*Expert Discovery*:   Contrary to their motion (State Mot. at 6-7), State Defendants knew how many experts Plaintiffs were presenting when, on January 27, 2023, State Defendants agreed to the Second Amended Schedule and to the 23 days it provides for expert depositions.  *See* ECF No. 387.  All expert reports have now been exchanged, and State Defendants have had the majority of Plaintiffs' opening expert reports for eight weeks.  Plaintiffs have provided potential deposition dates and are prepared to proceed expeditiously.  The period from March 8-31, 2023 provided ample time for the Attorney General's office and its two outside law firms to prepare to depose experts on the current schedule.  Their failure to confirm dates cannot justify a two-month extension, even if another week were now needed.[7]

_____

[7] To the extent State Defendants claim they face a crunch to complete expert witness discovery, this is a result of their own inaction.  On February 14, 2023, to help organize and coordinate the expert deposition process the current schedule set for March 8-31, 2023, Plaintiffs provided the availability and location information for Plaintiffs' expert witnesses.  On February 22, 2023, and March 6, 2023, Plaintiffs

Thus, there are no "unanticipated or unforeseen circumstances necessitating the extension." Judge Boulee Standing Order at 11, III(a).

State Defendants assert a preference for conducting expert depositions after all percipient depositions are concluded. State Mot. at 7. But there is no reason to do that here, and that is not the approach set in the prior schedules. ECF No. 259, ECF No. 400. By both sides' express agreement, the experts in this case wrote their reports before percipient depositions. Their opinions are generally not founded on other fact witnesses' deposition testimony; the subject matter here is mostly analysis of data and historical facts, not fact witness testimony given in this case. Thus, there is no prejudice by a few percipient depositions being interspersed with expert depositions or scheduled as limited exceptions following close of discovery, if necessary.

*Written discovery*: The overwhelming majority of document productions are complete (with the exception of a few discovery disputes). State Defendants

---

followed up regarding the scheduling of expert depositions. Later, on March 6, 2023, State Defendants responded for the first time and provided a tentative deposition date for one expert witness. Plaintiffs followed up again on March 7, 2023, to schedule the remainder of the expert witnesses and on March 8, 2023, State Defendants proposed tentative March dates for ten of Plaintiffs' experts. Plaintiffs confirmed seven deposition dates on March 10, 2023 and are working on confirming or proposing alternatives for the remainder.

complain that some additional records were produced "just days before their scheduled 30(b)(6) depositions."   State Mot. at 4.   Such short-notice productions, while limited, have occurred on both sides, as all parties are under a continuing obligation to supplement the discovery record.[8]   They present no reason for a further blanket extension of the discovery period.   State Defendants admit that no Plaintiff "has been dragging its feet."   *Id.* at 3.   If an isolated late document production necessitates follow up on either side, that is no basis to stall overall progress on the case schedule and risk potential relief for 2024 elections.[9]

State Defendants argue that they need to extend the discovery deadline a third time because of Plaintiffs' "broad approach" to discovery.   *Id.* at 3-4.   But the discovery here is not inconsistent with that of any case of this significance and scope, and it was contemplated and coordinated from the outset.   The current agreed-upon schedule accommodated the needs of the case, providing the parties six months *more* than the Court's longest presumptive discovery track.   Further, State Defendants'

---

[8] For example, Gwinnett County produced records of disallowed provisional ballots only on the evening before the second session of its 30(b)(6) deposition.

[9] Nor would an extension of the case schedule be justified by limited follow-up requests, such as the subpoena to the state ADA Director made within the time provided for discovery under the Second Amended Schedule.   *See* State Mot. at 4-5.

complaints of an alleged lack of coordination are belied by Plaintiffs' consistent efforts to streamline work, combine requests, and coordinate discussions through limited Plaintiffs' attorneys, efforts which Defendants in the past have praised.  State Defendants' only real assertion of lack of coordination is the identification of a large number of experts, but the parties specifically addressed that issue already through modifications to create the Second Amended Schedule.  Moreover, even if multi-tracking depositions were inconvenient, that could only justify an extension of a few days, not months.

### C.    The Summary Judgment Schedule Should Not Be Vacated

Critically, State Defendants now request to vacate any summary judgment briefing schedule, after having repeatedly stipulated that such motions would be filed just over 30 days after the close of discovery, and all briefing completed by June 2023.  ECF No. 259, ECF No. 400.  For every scheduling stipulation, Plaintiffs have emphasized and explained (and the Court has approved) the need for prompt presentation of any summary judgment motions in order to reduce potential *Purcell* issues.  Timeliness of summary judgment proceedings is even more critical now, given the Court's recent order that it does not intend to set a trial date until after ruling on summary judgment.  ECF No. 400.

State Defendants' request to vacate the summary judgment briefing schedule would prolong indefinitely the time before final decision in this action. The State's interest in maintaining SB 202 in place would benefit from that delay; any postponement correspondingly increases the likelihood that *Purcell* considerations could prevent relief in the 2024 primary or general election even after SB 202 is held unlawful. But for Plaintiffs and the voting public, delay of even a few weeks may make the difference between whether there is any relief for the 2024 election cycle. Elections in two electoral years have already taken place under challenged SB 202 provisions. No more should occur before those challenges are resolved.

Without saying whether State Defendants will themselves bring summary judgment motions, State Defendants argue that Plaintiffs might file too many for them to muster a timely response. State Mot. at 9. But State Defendants provide no support for that hypothesis. In fact, Plaintiffs offered to bilaterally waive summary judgment motions in order to move the case forward, which State Defendants rejected. Moreover, the potential need for more time to *respond* to any motion for summary judgment would not justify vacating the date for *filing* them.[10]   State

---

[10] Defendants assert that different Plaintiffs' groups had different views on whether or not to conduct a 30(b)(6) deposition of the Secretary of State's office. State Mot. at 8. But once a decision to take a deposition is made, there is then only one

13

Defendants' request for delay is also inconsistent with the Local Rules which emphasize that "[m]otions for summary judgment shall be filed as soon as possible." LR56.1(D).  If State Defendants ultimately believe they have insufficient time to address motions (if any) actually filed by Plaintiffs, they can raise the issue at that time, not derail the reasonable and carefully negotiated briefing schedule already in place.

## III.  CONCLUSION

No exceptional circumstances warrant extension of the previously ordered schedule for a third time, and certainly not when such delay imposes substantive prejudice to Plaintiffs in obtaining relief.  Close of discovery often entails a lot of work, especially in large cases.  All that work here was known to Defendants when they set this schedule, and the parties are capable of accomplishing it in the time remaining.  The Court should retain the existing schedule, including the briefing schedule for summary judgment that is vital to moving this case forward.

---

deposition, on a single, coordinated set of topics.  Likewise on summary judgment. There is no reason to believe that, if Plaintiffs decide to raise any issues for summary judgment, they will be unable to coordinate reasonable briefing on them.  Nor have State Defendants offered to streamline matters by filing only one summary judgment motion against Plaintiffs, despite suggesting Plaintiffs stipulate to file only one (if there are any) against State Defendants.

Respectfully submitted this 10th day of March, 2023.

/s/ Leah C. Aden
Leah C. Aden (pro hac vice)
*laden@naacpldf.org*
John S. Cusick (pro hac vice)
*jcusick@naacpldf.org*
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, New York 10006
Telephone: (212) 965-2200
Facsimile: (212) 226-7592

Rahul Garabadu (Bar 553777)
*rgarabadu@acluga.org*
Caitlin May (Ga. Bar No. 602081)
*cmay@acluga.org*
Cory Isaacson (Ga. Bar No. 983797)
*cisaacson@acluga.org*
ACLU FOUNDATION OF
GEORGIA, INC.
P.O. Box 77208
Atlanta, Georgia 30357
Telephone: (678) 981-5295
Facsimile: (770) 303-0060

Sophia Lin Lakin (pro hac vice)
*slakin@aclu.org*
Davin M. Rosborough (pro hac vice)
*drosborough@aclu.org*
Jonathan Topaz (pro hac vice)
*jtopaz@aclu.org*
Dayton Campbell-Harris (pro hac
vice)

*dcampbell-harris@aclu.org*
Dale E. Ho (pro hac vice)
*dho@aclu.org*
ACLU FOUNDATION
125 Broad Street, 18th Floor
New York, New York 10004
Telephone: (212) 519-7836
Facsimile: (212) 549-2539

Susan P. Mizner (pro hac vice)
*smizner@aclu.org*
ACLU FOUNDATION, INC.
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0781

Brian Dimmick (pro hac vice)
*bdimmick@aclu.org*
ACLU FOUNDATION, INC.
915 15th Street NW
Washington, D.C. 20005
Telephone: (202) 731-2395

Debo P. Adegbile (pro hac vice)
*debo.adegbile@wilmerhale.com*
WILMER CUTLER PICKERING
HALE AND DORR LLP
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

George P. Varghese (pro hac vice)

george.varghese@wilmerhale.com
Stephanie Lin (pro hac vice)
stephanie.lin@wilmerhale.com
Mikayla Foster (pro hac vice)
mikayla.foster@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Tania Faransso (pro hac vice)
tania.faransso@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Ave. NW
Washington, D.C. 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Nana Wilberforce (pro hac vice)
nana.wilberforce@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, California 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

*Attorneys for Plaintiffs Sixth District
of the African Methodist Episcopal
Church, Delta Sigma Theta Sorority,
Georgia ADAPT, Georgia Advocacy
Office, and Southern Christian
Leadership Conference*

*/s/ Kurt Kastorf*
Kurt Kastorf (GA Bar No. 315315)
KASTORF LAW, LLC
1387 Iverson Street, N.E., Suite 100
Atlanta, GA 30307
Telephone: 404-900-0330
kurt@kastorflaw.com

Judith Browne Dianis*
Angela Groves*
Matthew A. Fogelson*
ADVANCEMENT PROJECT
1220 L Street, N.W., Suite 850
Washington, DC 20005
Telephone: (202) 728-9557
JBrowne@advancementproject.org
AGroves@advancementproject.org
MFogelson@advancementproject.org

Joseph J. Wardenski*
WARDENSKI P.C.
195 Plymouth Street, Suite 519
Brooklyn, NY 11201
Tel: (347) 913-3311
Fax: (347) 467-7237
joe@wardenskilaw.com

Clifford J. Zatz*
Justin D. Kingsolver*
William Tucker*
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 624-2500

CZatz@crowell.com
JKingsolver@crowell.com
WTucker@crowell.com

Jordan Ludwig*
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, CA 90071
Telephone: (213) 443-5524
JLudwig@crowell.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs The
Concerned Black Clergy of
Metropolitan Atlanta, Inc., The
Justice Initiative, Inc., Metropolitan
Atlanta Baptist Ministers Union, Inc.,
First Congregational Church, United
Church of Christ Incorporated,
Georgia Latino Alliance for Human
Rights, Inc., Faith in Action Network,
Greater Works Ministries Network,
Inc., Exousia Lighthouse
International C.M., Inc.*

/s/ Bryan L. Sells
Bryan L. Sells
Georgia Bar No. 635562
THE LAW OFFICE OF BRYAN
SELLS, LLC
PO Box 5493 Atlanta, Georgia 31107
Tel: (404) 480-4212
Email: bryan@bryansellslaw.com

Jon Greenbaum*
Ezra D. Rosenberg*
Julie M. Houk*
Jennifer Nwachukwu*
Heather Szilagyi*
jgreenbaum@lawyerscommittee.org
erosenberg@lawyerscommittee.org
jhouk@lawyerscommittee.org
jnwachukwu@lawyerscommittee.org
hszilagyi@lawyerscommittee.org
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 662-8600
Facsimile: (202) 783-0857

Vilia Hayes*
Neil Oxford*
Gregory Farrell*
HUGHES HUBBARD & REED LLP
One Battery Park Plaza New York,
New York 10004-1482
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

/s/ Laurence F. Pulgram
Laurence F. Pulgram*
lpulgram@fenwick.com
Molly Melcher*
mmelcher@fenwick.com
Armen Nercessian*
Anercessian@fenwick.com
Ethan Thomas*
EThomas@fenwick.com
FENWICK & WEST LLP

17

555 California Street
San Francisco, CA  94104
Telephone:     415.875.2300

Joseph S. Belichick*
jbelichick@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041-2008
Telephone:     650-988-8500

Catherine McCord*
cmccord@fenwick.com
FENWICK & WEST LLP
902 Broadway, Suite 14
New York, NY  10010
Telephone:     (212) 430-2690

*Admitted pro hac vice*

*Attorneys for Plaintiffs Georgia State Conference of the NAACP, Georgia Coalition for the People's Agenda, Inc., League of Women Voters of Georgia, Inc., GALEO Latino Community Development Fund, Inc., Common Cause, and the Lower Muskogee Creek*

/s/ Pichaya Poy Winichakul
Bradley E. Heard (Bar 342209)
*bradley.heard@splcenter.org*
Pichaya Poy Winichakul (Bar 246858)

*poy.winichakul@splcenter.org*
Sabrina Khan (pro hac vice)
*Sabrina.khan@splcenter.org*
Nancy G. Abudu (Bar 001471)
*nancy.abudu@splcenter.org*
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, Georgia 30031-1287
Telephone: (404) 521-6700
Facsimile: (404) 221-5857

/s/ Adam Sieff
Adam S. Sieff (pro hac vice)
*adamsieff@dwt.com*
Daniel Leigh (pro hac vice pending)
*danielleigh*@dwt.com
Brittni Hamilton (pro hac vice)
*brittnihamilton@dwt.com*
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Facsimile: (213) 633-6899

Matthew Jedreski (pro hac vice)
*mjedreski@dwt.com*
Grace Thompson (pro hac vice)
*gracethompson@dwt.com*
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Telephone: (206) 622-3150
Facsimile: (206) 757-7700

David M. Gossett (pro hac vice)

davidgossett@dwt.com
DAVIS WRIGHT TREMAINE LLP
1301 K Street NW, Suite 500
Washington, D.C. 20005-7048
Telephone: (202) 973-4288
Facsimile: (202) 973-4499

*Attorneys for Plaintiffs Georgia Muslim Voter Project, Women Watch Afrika, Latino Community Fund Georgia, and The Arc of the United States*

/s/ Uzoma N. Nkwonta
Uzoma N. Nkwonta*
Jacob D. Shelly*
Spencer Klein*
Melinda K. Johnson*
Tina Meng Morrison*
Marcos Mocine-McQueen*
Raisa M. Cramer*
Samuel T. Ward-Packard*
ELIAS LAW GROUP LLP
250 Massachusetts Ave NW
Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
unkwonta@elias.law
jshelly@elias.law
sklein@elias.law
mjohnson@elias.law
tmengmorrison@elias.law
mmcqueen@elias.law
rcramer@elias.law
swardpackard@elias.law

Halsey G. Knapp, Jr.
Georgia Bar No. 425320
Joyce Gist Lewis
Georgia Bar No. 296261
Adam M. Sparks
Georgia Bar No. 341578
KREVOLIN & HORST, LLC
1201 W. Peachtree St., NW
One Atlantic Center, Suite 3250
Atlanta, GA 30309
Telephone: (404) 888-9700
Facsimile: (404) 888-9577
hknapp@khlawfirm.com
jlewis@khlwafirm.com
sparks@khlawfirm.com

*Admitted pro hac vice*

*Attorneys for Plaintiffs The New Georgia Project, Black Voters Matter Fund, Rise, Inc., Elbert Solomon, Fannie Marie Jackson Gibbs, and Jauan Durbin*

/s/ Meredyth L. Yoon
Meredyth L. Yoon (GA Bar No. 204566)
Laura Murchie*
ASIAN AMERICANS ADVANCING JUSTICE-ATLANTA
5680 Oakbrook Parkway, Suite 148
Norcross, Georgia 30093
404 585 8446 (Telephone)

19

404 890 5690 (Facsimile)
*myoon@advancingjustice-atlanta.org*
*lmurchie@advancingjustice-atlanta.org*

*/s/ Eileen Ma*
Eileen Ma*
Kimberly Leung*
ASIAN AMERICANS
ADVANCING JUSTICE-ASIAN
LAW CAUCUS
55 Columbus Avenue
San Francisco, CA 94111
415 896 1701 (Telephone)
415 896 1702 (Facsimile)
*eileenm@advancingjustice-alc.org*
*kimberlyl@advancingjustice-alc.org*

*/s/ Niyati Shah*
Niyati Shah*
Terry Ao Minnis*º
ASIAN AMERICANS
ADVANCING JUSTICE-AAJC
1620 L Street, NW, Suite 1050
Washington, DC 20036
202 815 1098 (Telephone)
202 296 2318 (Facsimile)
*nshah@advancingjustice-aajc.org*
*tminnis@advancingjustice-aajc.org*

*/s/ R. Adam Lauridsen*
Leo L. Lam*
R. Adam Lauridsen*

Connie P. Sung*
Candice Mai Khanh Nguyen*
Luis G. Hoyos*
Rylee Kercher Olm*
Emily Hasselberg*
Zainab Ramahi*
Emily Wang*
Niharika Sachdeva*
KEKER, VAN NEST AND PETERS
LLP
633 Battery Street
San Francisco, CA 94111-1809
415 391 5400 (Telephone)
415 397 7188 (Facsimile)
*llam@keker.com*
*alauridsen@keker.com*
*csung@keker.com*
*cnguyen@keker.com*
*lhoyos@keker.com*
*rolm@keker.com*
*ehasselberg@keker.com*
*zramahi@keker.com*
*ewang@keker.com*
*nsachdeva@keker.com*

*Admitted pro hac vice

*Attorneys for Plaintiffs Asian
Americans Advancing Justice–
Atlanta, Steven J. Paik, Nora Aquino,
Thuy Hang Tran, and Anjali Enjeti-
Sydow*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing Private Plaintiffs' Opposition to State Defendants' Motion to Extend Discovery, has been prepared in Times New Roman 14, a font and type selection approved by the Court in L.R. 5.1(C).  I further certify that on March 10, 2023, the forgoing was filed with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record in this case.

/s/ Catherine McCord
Catherine McCord

21