# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Turtle Mountain Band of Chippewa Indians, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Alvin Jaeger, in his Official Capacity as Secretary of State of North Dakota, et al., <br><br> Defendants. | **ORDER** <br><br> Case No. 3:22-cv-22 |

Representative William Devlin (a member of the North Dakota Legislative Assembly) and the North Dakota Legislative Assembly appeal an order of United States Magistrate Judge Alice R. Senechal denying a motion to quash subpoena. Doc. No. 49. Representative Devlin was subpoenaed to testify at a deposition but moved to quash (along with the Legislative Assembly), asserting that state legislative privilege barred his testimony. Judge Senechal denied the motion. For the reasons below, the order denying the motion to quash is affirmed, and the appeal is denied.

I. **BACKGROUND**

This case arises from the redrawing of certain North Dakota legislative districts pursuant to the legislative redistricting plan in House Bill 1504. At issue here are legislative districts 9, which was subdivided into single-representative districts 9A and 9B, and 15. District 9A contains most of the Turtle Mountain Indian Reservation, with the remainder in district 9B. District 15 encompasses the Spirit Lake Nation. The Turtle Mountain plaintiffs assert a Section 2 violation of the Voting Rights Act. Doc. No. 1; Doc. No. 44.

In November of 2022, the Turtle Mountain plaintiffs subpoenaed Representative Devlin to testify at a deposition. They subpoenaed Representative Devlin because he served as chair of the

1

redistricting committee when House Bill 1504 was passed. Doc. No. 38. Representative Devlin and the North Dakota Legislative Assembly (together, the "Assembly") moved to quash the subpoena. Doc. No. 37. As grounds to quash, the Assembly argued that the state legislative privilege is "an absolute bar to deposition testimony of local lawmakers" and is "qualified" only in that it does not apply to federal criminal proceedings, which does not apply here. For their part, the Turtle Mountain plaintiffs argued the state legislative privilege is not absolute and is more akin to the deliberative process privilege, which uses a five-factor test to balance the need for evidence against the legislative body's interest in non-disclosure.

After considering the parties' arguments, Judge Senechal denied the motion to quash. Doc. No. 48. She analyzed the relevant cases forming the basis of the state law legislative privilege and addressed (and distinguished) the many cases raised by the parties. Id. Judge Senechal concluded it was appropriate to apply the five-factor test. In weighing the factors, she determined the Turtle Mountain plaintiffs' need for the testimony outweighed the Assembly's interest of non-disclosure and declined to quash the subpoena based on the state law legislative privilege. Id.

## II.     LAW AND DISCUSSION

Under Federal Rule of Civil Procedure 72(a) and District of North Dakota Civil Local Rule 72.1(B), a magistrate judge is permitted to hear and determine non-dispositive matters in a civil case. Any party may appeal the determination to the district court judge assigned to the case who "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also D.N.D. Civ. L. R. 72.1(D)(2). "A district court conducts an 'extremely deferential' review of a magistrate judge's ruling on a nondispositive issue." Carlson v. BNSF Ry. Co., No. 19-CV-1232, 2021 WL 3030644, at *1 (D.

2

Minn. July 19, 2021). As such, a magistrate judge's decision will not be disturbed unless it is "clearly erroneous" or "contrary to law." See Fed. R. Civ. P. 72(a).

On appeal, the Assembly primarily challenges the choice and application of the five-factor test imported from the deliberative process privilege, and the relevancy of the testimony under Federal Rule of Civil Procedure 26. Doc. No. 49.

> **A.      The Choice and Application of the Five-Factor Test to State Legislative Privilege**

After careful review of the case law and the parties' arguments, Judge Senechal's order is not clearly erroneous or contrary to law. First, as to the choice and application of the five-factor test to the state legislative privilege, neither the United States Supreme Court nor the Eighth Circuit Court of Appeals has directly addressed the contours and qualifications of the state legislative privilege. Having reviewed the decisions of the federal courts that have addressed the issue, the majority conclude, as Judge Senechal did here, that "the privilege is a qualified one in redistricting cases." See Bethune-Hill v. Va. State Bd. Of Elections, 114 F. Supp. 3d 323, 336-37 (collecting cases). That is because "[r]edistricting litigation presents a particularly appropriate circumstance for qualifying the state legislative privilege because judicial inquiry into legislative intent is specifically contemplated as part of the resolution of the core issue that such cases present." Id. at 337. From there, the question is the strength of the qualified privilege, and most courts that have reviewed qualified privilege challenges in redistricting cases have used the five-factor balancing test derived from the deliberative process privilege. Id. at 337-38 (collecting cases). In those cases, courts have explained that "whether the privilege should cover the factual bases of a legislative decision, protect the process of fact-finding, or extend in varying concentric degrees to third parties are questions to be addressed within the qualified balancing analysis rather than with any kind of 'per se' rule." Id. at 339.

3

The qualified balancing analysis (five-factor test) is a better fit in this type of redistricting case, as opposed to the per se rule and absolute bar the Assembly advocates for. This case requires at least some judicial inquiry into the legislative intent and motivation of the Assembly. An absolute bar on the testimony of members of the Assembly makes little sense and could preclude resolution on the merits of the legal claim. Given the particular facts of this redistricting case, and the available case law, the Court cannot conclude that Judge Senechal's decision to use the five-factor test in assessing the Assembly's assertion of state law privilege is clearly erroneous or contrary to law.

The Court disagrees with the Assembly's argument that this result ignores the directives from the United States Supreme Court in Tenny v. Brandhove, 341 U.S. 367 (1951), Eastland v. U.S. Serviceman's Fund, 421 U.S. 491 (1975), and United States v. Gillock, 445 U.S. 360 (1980). Tenny and Eastland are factually distinguishable. In Tenny, the Supreme Court addressed the issue of whether certain defendants were acting in the sphere of legislative activity for the purposes of assessing civil liability (341 U.S. at 378-79), and Eastland involved the federal legislative privilege under the Speech and Debate Clause of the United States Constitution, which is not at issue here. Eastland, 421 U.S. at 501. Eastland also involved Congress issuing, not receiving, the subpoena. Id. Gillock is also distinguishable. In that case, the Supreme Court limited the privilege granted to state legislators in federal criminal prosecutions. Gillock, 445 U.S. at 373.

Turning to the application of the five-factor test itself, the Court does not find Judge Senechal's application of the five-factor test to the facts of this case clearly erroneous or contrary to law. First, the testimony is relevant in assessing the Assembly's discriminatory intent (or lack thereof) and motivations presented against or in favor of the redistricting plan. Representative Devlin served as the chair of the redistricting committee. The second factor, availability of other

4

evidence, is neutral, given the state of discovery and the record at this time. Third, because these cases concern voting rights litigation, the litigation is "especially serious" and weighs in favor of disclosure. League of Women Voters of Fla., Inc. v. Lee, 340 F.R.D. 446, 457 (N.D. Fla. 2021). Fourth, since this is not a case where individual legislators are threatened with individual liability, the role of the legislature factor weighs in favor of disclosure. Finally, the purpose of the privilege does weigh against disclosure. On balance, the five factors weigh in favor of allowing the Turtle Mountain plaintiffs to depose Representative Devlin, and Judge Senechal's conclusion that the Turtle Mountain plaintiffs need for evidence outweighs the Assembly's interest of non-disclosure is not clearly erroneous or contrary to law.

### B. Motion to Quash and Federal Rule of Civil Procedure 26

The Assembly next argues that Judge Senechal erred generally in denying the motion to quash and concluding that the testimony of Representative Devlin is relevant under Federal Rule of Civil Procedure 26. And even if relevant, the Assembly asserts Judge Senechal erred by not weighing the exceptions to relevance in Rule 26. Rule 26 states that "[e]ven if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2, 197 F.3d 922, 925 (8th Cir. 1999).

Judge Senechal addressed the relevancy issue as a part of assessing the relevance factor under the five-factor test. Moreover, the Court agrees the testimony is relevant because "proof of a legislative body's discriminatory intent is relevant and extremely important as direct evidence" in redistricting cases. See Bethune-Hill, 114 F. Supp. 3d at 339. And, as noted above, the testimony of Representative Devlin, as chair of the redistricting committee, is relevant to the claim

5

here. None of the exceptions in Rule 26 apply either. The Turtle Mountain plaintiffs have shown a need, compliance would not be unduly burdensome, and the harm to Representative Devlin and the Assembly does not outweigh the need of the plaintiffs in obtaining the testimony. Judge Senechal's conclusion as to relevancy under Rule 26 is not clearly erroneous or contrary to law.

### III. CONCLUSION

The Court has carefully reviewed the order denying the motion to quash, the parties' filings, the applicable law, and the entire record. Judge Senechal's order denying to the motion to quash the subpoena as to Representative Devlin is not clearly erroneous or contrary to law. The order (Doc. No. 48) is **AFFIRMED**, and the appeal (Doc. No. 49) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 14th day of March, 2023.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court