# Exhibit B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Turtle Mountain Band of Chippewa Indians, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Alvin Jaeger, in his Official Capacity as Secretary of State of North Dakota, et al., <br><br> Defendants. | **ORDER** <br><br> Case No. 3:22-cv-22 |

The North Dakota Legislative Assembly, Senators Ray Holmberg, Richard Wardner, and Nicole Poolman, Representatives Michael Nathe, William R. Devlin, and Terry Jones, and former Senior Counsel to the North Dakota Legislative Council Claire Ness (collectively, the "Assembly") appeal an order of United States Magistrate Judge Alice R. Senechal granting a motion to enforce third-party subpoenas. Doc. No. 64. The Turtle Mountain plaintiffs subpoenaed the six current and former members of the Assembly, along with a former attorney for Legislative Council, to produce documents about the redistricting legislation at issue in this case. The Assembly objected, and the Turtle Mountain plaintiffs moved to enforce the subpoenas. Judge Senechal granted the motion. For the reasons below, the order granting the motion to enforce is affirmed, and the appeal is denied.

## I. BACKGROUND

This is the second appeal of a discovery order in this case, and the Court will not repeat its summary of the issue and claims here. See Doc. No. 71 (summarizing the redistricting legislation and Voting Rights Act claim in this case). As relevant to this appeal, in September 2022, the Turtle Mountain plaintiffs served third-party document subpoenas on Senators Holmberg, Wardner, and Poolman, Representatives Nathe, Devlin, and Jones, and former Legislative Council attorney Ness. Doc. No. 47-8. These individuals were served because they served in the Assembly and on Legislative

1

Council when the redistricting bill at issue was vetted and adopted. The Assembly raised several objections, including initially that the discovery was publicly available, the requests were unduly burdensome, and that discovery was protected by the deliberative process privilege, state legislative privilege, and the attorney-client privilege. For their part, the Turtle Mountain plaintiffs argued the document requests are limited to a small number of communications where state legislative privilege does not exist or was waived.

After considering the parties' arguments and filings, Judge Senechal granted the motion to enforce the subpoenas. Doc. No. 63. She analyzed the relevant cases and addressed (and distinguished) the cases raised by the parties. Id. She ordered the production of communications with third parties, determined Representative Jones waived his state legislative privilege and ordered the production of documents withheld on that basis, and ordered the Assembly to produce a privilege log as to any documents withheld based on privilege. Id.

## II.     LAW AND DISCUSSION

Under Federal Rule of Civil Procedure 72(a) and District of North Dakota Civil Local Rule 72.1(B), a magistrate judge is permitted to hear and determine non-dispositive matters in a civil case. Any party may appeal the determination to the district court judge assigned to the case who "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also D.N.D. Civ. L. R. 72.1(D)(2). "A district court conducts an 'extremely deferential' review of a magistrate judge's ruling on a nondispositive issue." Carlson v. BNSF Ry. Co., No. 19-CV-1232, 2021 WL 3030644, at *1 (D. Minn. July 19, 2021). A magistrate judge's decision will not be disturbed unless it is "clearly erroneous" or "contrary to law." See Fed. R. Civ. P. 72(a).

2

On appeal, the Assembly raises two issues: (1) state legislative privilege bars the Assembly's compliance with the subpoena, and (2) the Assembly's compliance is unduly burdensome under Federal Rule of Civil Procedure 45. Doc. No. 64.

### A. State Legislative Privilege and Third Parties

After careful review of the case law and the parties' arguments, Judge Senechal's order is not clearly erroneous or contrary to law as it relates to the state legislative privilege and how the privilege applies to communications with third parties. The state legislative privilege is designed to protect against disclosure of "confidential documents concerning intimate legislative activities." Comm. for a Fair & Balanced Map v. Ill. State Bd. of Election, No. 11 C 5065, 2011 WL 4837508, at *9 (N.D. Ill. Oct. 12, 2011). "The privilege applies to any documents or information that contains or involves opinions, motives, recommendations or advice about legislative decisions between legislators or between legislators and their staff." Jackson Mun. Airport Auth. v. Bryant, No. 3:16-CV-246-CWR-FKB, 2017 WL 6520967, at *7 (S.D. Miss. Dec. 19, 2017). In a prior order in this case, the Court explained the contours and qualifications of the state legislative privilege in a redistricting case in the context of subpoenaing members of the Assembly for depositions. See Doc. No. 71. That order also rejects the notion that the state legislative privilege is an absolute bar to seeking discovery from legislators. Id. So, to the extent the Assembly persists in its argument that the state law privilege is an absolute bar to seeking discovery from legislators, the prior order resolves that issue.

This appeal also presents a slight twist on the state legislative privilege issue because the subject matter is a document subpoena seeking communications. But recall that the communications the Turtle Mountain plaintiffs are seeking are communications by the individual legislator(s) <u>with third parties</u>. These communications, if they exist, are not protected by the state legislative privilege because the communications are with third parties, not between members of the Assembly or between members of the Assembly and their staff. See Jackson, No. 3:16-CV-246-CWR-FKB, 2017 WL 6520967, at *7. Given that, Judge Senechal's conclusion that the Assembly cannot withhold information based on state

3

legislative privilege where the communication was disclosed to a third party is not clearly erroneous or contrary to law.

### B. Undue Burden and Federal Rule of Civil Procedure 45

The Assembly next argues that Judge Senechal erred in concluding that the subpoenas did not subject the Assembly to an undue burden. Doc. No. 64. Federal Rule of Civil Procedure 45(d)(3)(A)(iv) states a court "must quash or modify a subpoena that . . . subjects a person to undue burden." Several factors must be considered in assessing undue burden, including the "relevance of the information requested" and "the burden imposed." Am. Broad. Cos., Inc. v. Aereo, Inc., No. 13-MC-0059, 2013 WL 5276124, at *7 (N.D. Iowa Sept. 17, 2013). When (as here) non-parties are subpoenaed, the Court is "particularly mindful of Rule 45's undue burden and expense cautions." Id.

Consistent with this Court's order on the other discovery appeal in this case, the information sought by the Turtle Mountain plaintiffs is relevant. See Doc. No. 71. As to the burden imposed on the Assembly, the Court recognizes (as Judge Senechal did as well) that the subpoenas come with poor timing for the Assembly, as the North Dakota Legislative Assembly is currently in session. That said, the subpoenas were served in September of 2022, and the Assembly has identified at least some documents already, which cuts against there being an undue burden. And while not necessarily dispositive of the issue, what is also missing from the record is a simple estimate from the Assembly as to the number of documents at issue. For its part, the Assembly did provide an estimate of the total number of hours of time it would take to comply, but that number is contradicted by certain facts in the record, including that some documents have already been identified and that many documents are likely duplicative.

On these facts, the Court cannot say that Judge Senechal's conclusion that the Assembly's compliance with the subpoenas would not result in an undue burden under Federal Rule of Civil Procedure 45(d)(3)(A)(iv) is clearly erroneous or contrary to law. It is worth noting and keeping in mind that Judge Senechal's order required three actions: (1) disclosure of communications to third

4

parties (because privilege cannot apply); (2) production of documents from Representative Jones (who waived state legislative privilege[1]); and (3) production of a privilege log for any documents withheld based on privilege. None of those directives are extraordinary or unusual, nor do they require disclosure of any privileged documents. Again, given the facts here, Judge Senechal's conclusion on the undue burden of the subpoenas is not clearly erroneous or contrary to law.

### III. CONCLUSION

The Court has carefully reviewed the order granting the motion to enforce subpoenas, the parties' filings, the applicable law, and the entire record. Judge Senechal's order is not clearly erroneous or contrary to law. The order (Doc. No. 63) is **AFFIRMED**, and the appeal (Doc. No. 64) is **DENIED**. Given this order, the Court **FINDS AS MOOT** the related motion to expedite discovery appeals (Doc. No. 67).

**IT IS SO ORDERED**.

Dated this 14th day of March, 2023.

/s/ Peter D. Welte
Peter D. Welte, Chief Judge
United States District Court

---

[1] The Assembly did not raise this issue in this appeal. Nonetheless, Representative Jones's waiver of state legislative privilege was squarely addressed by the three-judge panel in Walen, et al. v. Burgum, et al., Case No. 1:22-cv-31. Doc. No. 110, Case No. 1:22-cv-31.