# Exhibit 12



Baxter Drennon
Phone: 501.319.6996
bdrennon@hallboothsmith.com

500 President Clinton Ave.
Suite RL 20
Little Rock, AR 72201

Office: 501.214.3499
Fax: 501.604.5566
www.hallboothsmith.com

January 27, 2023

Tina Meng
Elias Law Group LLP
250 Massachusetts Ave. NW, Suite 400
Washington DC 20001

*Via Email Only: tmeng@elias.law*

RE:   In re SB 202 – Deposition Subpoena to Brad Carver

Dear Ms. Meng:

We received your deposition subpoena for Brad Carver, one of Intervenors' attorneys in this case. Intervenors object to Mr. Carver's deposition and reserve the right to raise additional objections not raised in this letter.

Intervenors object because the subpoena issued to Mr. Carver is untimely. Mr. Carver is presumably a fact witness, but fact discovery closed on December 22, 2022. *See* ECF No. 259. You never served or even mentioned the subpoena until January 2023, well past the deadline.

The subpoena is also unreasonable, not proportional to the needs of the case, and appears to have an improper purpose. As you know, Mr. Carver is one of Intervenors' lawyers in this case. You must agree that his testimony is not "necessary," or you would have moved to disqualify him. *Clough v. Richelo*, 616 S.E.2d 888, 894 (Ga. Ct. App.). And you surely agree that litigants' constitutional right to choose their lawyer—and maintain a confidential and conflict-free relationship with their lawyer—is sacrosanct. (No party has sought to depose anyone at the Elias Law Group, for example, despite your lawyers' first-hand knowledge and likely involvement with the legislative process surrounding SB202.) Because Mr. Carver is a lawyer in this case, you need to have a particularly compelling need for his testimony. And yet, to date, you've identified no topic, document, or communication that you don't already have, or that you couldn't get from a witness who isn't a lawyer in the case. Intervenors aren't aware of any.

Most, if not all, testimony solicited from Mr. Carver would be privileged. During the relevant time, the Georgia Republican Party retained Hall Booth Smith, P.C., Mr. Carver, and other attorneys at that firm to provide it with legal services. Because of that, Mr. Carver's work on behalf of the Georgia Republican Party is subject to the attorney-client privilege. To the extent Mr. Carver communicated with the Georgia Republican Party through its leaders, employees, or agents, related to their obtaining or his rendering legal advice, those communications are covered by the attorney-client privilege and the work-product doctrine. *See* Fed. R. Evid. 501. Mr. Carver is not

LITTLE ROCK, AR

ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA | MONTANA | NEW JERSEY | NEW YORK
NORTH CAROLINA | OKLAHOMA | SOUTH CAROLINA | TENNESSEE

77503680.1

HALL BOOTH SMITH, P.C.

January 27, 2023
Page 2

---

permitted to disclose those communications. The Consolidated Plaintiffs have not shown that any exception or waiver applies.

Likewise, to the extent that Georgia law would govern the relationship between Mr. Carver and the Georgia Republican Party, he would be prohibited from testifying for or against Intervenors regarding information he obtained from it by virtue of his employment as an attorney. *See* Ga. Code § 24-9-25. Accordingly, any testimony that Mr. Carver could offer would necessarily be limited non-privileged communications with third parties. Intervenors have produced Mr. Carver's communications with those third parties and because those third parties are themselves available to testify.

Federal Rule of Civil Procedure 45 requires a district court to quash a subpoena that "requires disclosure of privileged or other protected matter," or that "subjects a person to undue burden." In addition, the party or attorney responsible for issuing the subpoena must "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." The Consolidated Plaintiffs have failed to comply with that responsibility, which the district court "must enforce" by "an appropriate sanction." If the Consolidated Plaintiffs do not withdraw the subpoena to Mr. Carver, Intervenors will seek all appropriate sanctions from the Court.

We are available to discuss these and other matters further at your convenience.

           Sincerely,

           HALL BOOTH SMITH, P.C.

           Baxter D. Drennon

BDD:bbs