**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | Master Case No.: 1:21-MI-55555-JPB |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY TO MOTION TO QUASH DEPOSITION SUBPOENA OF BRAD CARVER**

Plaintiffs seek leave to file a brief, five-page surreply to Intervenors' Motion to Quash Brad Carver's Deposition Subpoena to apprise the Court of important factual developments occurring after Plaintiffs filed their opposition brief that directly refute arguments made by Intervenors in their motion to quash Mr. Carver's deposition and reply brief in support.

On January 6, 2023, Plaintiffs served a subpoena on Brad Carver, the chair of GAGOP's Election Confidence Task Force who lobbied legislators to adopt the challenged restrictions in SB 202. Intervenors objected to the subpoena and the parties filed a joint discovery statement seeking the Court's intervention to resolve the dispute. On March 9, the Court ordered Intervenors and Plaintiffs to brief Intervenors' motion to quash and set out a briefing schedule. Under the Court's schedule, Intervenors filed their motion to quash Mr. Carver's deposition subpoena

on March 16, Plaintiffs filed their response brief on March 23, and Intervenors filed their reply brief on March 30.

In each of Intervenors' filings, they argued that Plaintiffs could obtain the information they seek by deposing a representative of GAGOP. *See* Mot. to Quash at 4, 10–11, ECF No. 493; Reply Br. at 8, ECF No. 515. However, Plaintiffs conducted a Rule 30(b)(6) deposition of GAGOP on March 29, during which the witness was *unable* to provide substantive answers to questions regarding Mr. Carver's lobbying activities or communications with legislators while advocating for election reform during the 2021 legislative session. Because this deposition took place after Plaintiffs filed their response to the Intervenors' motion to quash, this information was not available to include in that brief.

Thus, Plaintiffs move for leave to file a surreply for the limited purpose of apprising the Court of what took place during the recent GAGOP 30(b)(6) deposition.[1] It is within the Court's discretion to grant leave to file a surreply to

---

[1] Plaintiffs are mindful of Paragraphs 5(c) and 7 of the Stipulated Protective Order in this case concerning the use of information designated as Confidential, ECF No. 106, and of the provisions of the Court's Local Rules and Standing Order referenced therein. To aid the Court as it considers the pending Motion to Quash and to avoid unnecessary delay, Plaintiffs file their Proposed Surreply without attaching GAGOP's 30(b)(6) transcript as a public filing and exhibit to the Proposed Surreply. Plaintiffs have unsuccessfully sought to confer with Intervenors about removing the presumed designation of this testimony as Confidential; in the absence of agreement, Plaintiffs will submit a copy to the Court as the Court directs.

address new arguments or facts that were not previously raised. *Henley v. Turner Broad. Sys., Inc.*, 267 F. Supp. 3d 1341, 1349 (N.D. Ga. 2017); *see also Fox v. Gen. Motors LLC*, No. 1:17-CV-209-JPB, 2019 WL 13060199, at *4 (N.D. Ga. Aug. 14, 2019) (granting a party's motion for leave to file a surreply where the party showed "good cause" that such a filing was necessary). And such circumstances exist here: Plaintiffs had not yet deposed GAGOP when they filed their opposition brief, and testimony from that deposition is relevant to the motion under review. In particular, it is directly responsive to arguments made by Intervenors in their most recent reply brief in support of their motion to quash. *See* Reply Br. at 2, 8.

For these reasons, this Court should grant Plaintiffs' motion for leave and accept their proposed surreply to Intervenors' motion to quash.

Respectfully submitted this 5th day of April, 2023,

| | |
|---|---|
| Halsey G. Knapp, Jr.<br>Georgia Bar No. 425320<br>Joyce Gist Lewis<br>Georgia Bar No. 296261<br>Adam M. Sparks<br>Georgia Bar No. 341578<br>KREVOLIN & HORST, LLC<br>1201 W. Peachtree St., NW<br>One Atlantic Center, Suite 3250<br>Atlanta, GA 30309<br>Telephone: (404) 888-9700<br>hknapp@khlawfirm.com<br>jlewis@khlwafirm.com<br>sparks@khlawfirm.com | */s/ Uzoma N. Nkwonta*<br>Uzoma N. Nkwonta\*<br>Jacob D. Shelly\*<br>Spencer Klein\*<br>Melinda K. Johnson\*<br>Tina Meng Morrison\* Marcos Mocine-McQueen\*<br>Raisa M. Cramer\*<br>Samuel T. Ward-Packard\*<br>ELIAS LAW GROUP LLP<br>250 Massachusetts Ave NW, Suite 400<br>Washington, D.C. 20001<br>Telephone: (202) 968-4490<br>unkwonta@elias.law<br>jshelly@elias.law<br>sklein@elias.law<br>mjohnson@elias.law<br>tmengmorrison@elias.law<br>mmcqueen@elias.law<br>rcramer@elias.law<br>swardpackard@elias.law<br><br>*\*Admitted pro hac vice*<br>*Attorneys for The New Georgia Project Plaintiffs* |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of L.R. 5.1, using font type of Times New Roman and a point size of 14.

Dated: April 5, 2023                                         /s/ *Uzoma N. Nkwonta*
                                                            *Counsel for NGP Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2023, I electronically filed this document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

Dated: April 5, 2023 /s/ *Uzoma N. Nkwonta*
*Counsel for NGP Plaintiffs*