UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | Master Case No.: 1:21-MI-55555-JPB |

**PLAINTIFFS' PROPOSED SURREPLY TO MOTION TO QUASH DEPOSITION SUBPOENA OF BRAD CARVER**

Plaintiffs seek to depose Mr. Carver because of his unique role in proposing, drafting, and lobbying for voting restrictions that the General Assembly ultimately incorporated into SB 202, and his related communications with Georgia legislators—all of which are highly relevant to the *Arlington Heights* analysis. *See* Pls.' Opp'n Br. at 3–8, ECF No. 504; *see also Stout by Stout v. Jefferson Cnty. Bd. of Educ.*, 882 F.3d 988, 1007 (11th Cir. 2018) (finding that "constituent statements and conduct can be relevant in determining the intent of public officials" and provides evidence of "the 'historical background' . . . and the 'specific sequence of events leading up to the challenged decision.'") (quoting *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 267 (1977)); *City of S. Miami v. DeSantis*, 561 F. Supp. 3d 1211, 1272 (S.D. Fla. 2021) (examining communications between bill sponsors and two immigration advocacy groups in assessing *Arlington Heights* factors). Intervenors have repeatedly claimed—including in their reply brief—that a

Georgia GOP ("GAGOP") 30(b)(6) deposition is an adequate substitute and renders Mr. Carver's testimony unnecessary. But when Plaintiffs recently deposed GAGOP's Rule 30(b)(6) representative, Intervenors' argument quickly unraveled: Not only was GAGOP's representative unaware of Mr. Carver's activities as described below—and stated as much over a dozen times on the record—but he also repeatedly admitted that Mr. Carver was best positioned to answer key questions about his communications with legislators during the 2021 legislative session, his public testimony in support of election law reform, and his activities on the Election Confidence Task Force, which include identifying legislative priorities and advocating for election law bills, provisions, and statutory language central to this case. Because these topics are highly relevant to Plaintiffs' claims, Mr. Carver's deposition should proceed.

## ARGUMENT

Plaintiffs conducted GAGOP's Rule 30(b)(6) deposition on Wednesday, March 29, 2023. The following day, Intervenors filed their reply brief arguing, yet again, that Plaintiffs have other means to obtain the information they seek because they "could ask a representative of GAGOP about Mr. Carver's activities." Reply Br. at 8, ECF No. 515. Noticeably missing from this filing is any mention of how

GAGOP's representative responded to questions Plaintiffs posed about those activities in the deposition that took place the day before Intervenors filed that brief.

First, GAGOP's representative could neither identify all the legislators Mr. Carver communicated with in connection with his lobbying efforts nor describe the substance of those discussions. At the same time, the GAGOP representative admitted Mr. Carver *could* provide such information. *See, e.g.*, Ex. 1, Tr. at 274:12–275:3 (acknowledging that Mr. Carver was best positioned to discuss the promotion of the Task Force Report and legislative priorities); *see also id.* at 215:8–23 (admitting he could not identify all the legislators he assumes Mr. Carver spoke with about election reforms, including bills like SB 202); *id.* at 217:12–16 (admitting he was unaware of instances in which Mr. Carver communicated with Rep. Barry Fleming and Senator Mike Dugan about election reform during the 2021 legislative session); *id.* at 218:6–219:3; 269:24–270:7 (admitting he was unaware of key communications between Mr. Carver and Rep. Fleming about proposed election reform and draft legislative language); *id.* at 216:4–9; 223:9–224:1 (acknowledging he could not speak to the substance of conversations between Mr. Carver and Senator Dugan other than noting that they discussed the topics listed in the Task Force Report); *id.* at 193:8–19; 230:15–231:14 (admitting that he was unaware of the substance of Mr. Carver's communications with Speaker Pro Tempore Jan Jones

about proposed election reform); *id.* at 224:2–16 (admitting he did not know whether legislators provided Mr. Carver with updates about bills under consideration before those updates become public).

Second, GAGOP's representative was unable to answer questions regarding Mr. Carver's or other Task Force members' coordination with legislators in connection with their testimony during the House Special Committee for Election Integrity hearing in February 2021. *See*, *e.g.*, *id.* at 199:7–22. In fact, the GAGOP representative could not even clarify whether Mr. Carver was testifying on behalf of GAGOP.[1] *See id.* at 206:17–207:6.

Finally, GAGOP's representative was unfamiliar with many of the Task Force's activities. He could not identify the legislative priorities that were shared through Mr. Carver's communications with individual lawmakers, for instance, *see*, *e.g.*, *id.* at 232:24–234:10, and admitted that Mr. Carver was better positioned to provide such information, *id.* at 274:18–275:3.

The witness's inability to answer basic questions about Mr. Carver's lobbying efforts and communications with legislators as chair of the Task Force further

---

[1] Notably, Mr. Carver defended a portion of the deposition of the GAGOP representative and himself interjected—through a speaking objection—to suggest that it would be hard for the GAGOP representative to speculate as to whether Mr. Carver was testifying on GAGOP's behalf. *See id.* at 242:22–243:2.

illustrates why Mr. Carver's deposition is necessary. *See* Pls.' Opp'n Br. at 3–8. As Plaintiffs explained in their Opposition, a Rule 30(b)(6) deposition of GAGOP is no substitute for a fact witness like Mr. Carver who has concrete personal knowledge about events that are highly relevant to this case, and the recent deposition simply confirmed that Mr. Carver is the appropriate—and oftentimes only—witness to provide detailed testimony about his role in the legislative process and his related communications with Georgia legislators that led to SB 202's adoption.

## CONCLUSION

For these reasons, the Court should deny the Motion to Quash and allow Mr. Carver's deposition to proceed without any pre-determined restrictions.

Respectfully submitted this 5th day of April, 2023,

| | |
|---|---|
| Halsey G. Knapp, Jr.<br>Georgia Bar No. 425320<br>Joyce Gist Lewis<br>Georgia Bar No. 296261<br>Adam M. Sparks<br>Georgia Bar No. 341578<br>KREVOLIN & HORST, LLC<br>1201 W. Peachtree St., NW<br>One Atlantic Center, Suite 3250<br>Atlanta, GA 30309<br>Telephone: (404) 888-9700<br>hknapp@khlawfirm.com<br>jlewis@khlwafirm.com<br>sparks@khlawfirm.com | */s/ Uzoma N. Nkwonta*<br>Uzoma N. Nkwonta\*<br>Jacob D. Shelly\*<br>Spencer Klein\*<br>Melinda K. Johnson\*<br>Tina Meng Morrison\*<br>Marcos Mocine-McQueen\*<br>Raisa M. Cramer\*<br>Samuel T. Ward-Packard\*<br>ELIAS LAW GROUP LLP<br>250 Massachusetts Ave NW, Suite 400<br>Washington, D.C. 20001<br>Telephone: (202) 968-4490<br>unkwonta@elias.law<br>jshelly@elias.law<br>sklein@elias.law<br>mjohnson@elias.law<br>tmengmorrison@elias.law<br>mmcqueen@elias.law<br>rcramer@elias.law<br>swardpackard@elias.law<br><br>*\*Admitted pro hac vice*<br>*Attorneys for The New Georgia Project Plaintiffs* |

6