**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| IN RE GEORGIA SENATE BILL 202 | Master Case No.: 1:21-MI-55555-JPB |
|---|---|

### RESPONSE TO PLAINTIFFS' SURREPLY TO MOTION TO QUASH DEPOSITION SUBPOENA OF BRAD CARVER

Before Plaintiffs could notice a third-party deposition of the GAGOP's lawyer, the law required Plaintiffs to try getting any relevant information they seek from the GAGOP itself. Plaintiffs did things in the opposite order, noticing Mr. Carver's deposition *before* the GAGOP's. Still focused on deposing Mr. Carver, Plaintiffs are now eager to throw up their hands and declare the deposition of the GAGOP a failure. But the transcript proves the opposite.

After a full day deposing the GAGOP's representative, Plaintiffs now have more information. They have more information about the work of the Election Task Forces. And they have more information about the GAGOP's communications with Georgia legislators. While deposing a political party was never going to produce much relevant information about the intent of the Georgia *legislature*, the deposition proves that whatever else Plaintiffs hope to obtain from Mr. Carver would be redundant and unduly burdensome. And it changes nothing about the fact that the information they want from him would be privileged or irrelevant. Plaintiffs' surreply thus confirms that the Court should grant the motion to quash.

Plaintiffs omit critical information from their surreply (and their now-granted motion for leave to file it). Plaintiffs fail to disclose to the Court that they voluntarily suspended the GAGOP deposition. After concluding a full day of deposition testimony, Plaintiffs claimed to "reserve the right to re-depose a Georgia GOP 30(b)(6) designee who has more knowledge about the topics." Depos. Tr. 312:12-14. But their dissatisfaction with the GAGOP representative's knowledge is belied by the 6.5 hours of on-the-record testimony. The 300-page transcript—which Plaintiffs emailed to chambers after filing their motion—demonstrates that the GAGOP's representative was well prepared to discuss the deposition topics relating to the GAGOP.

Plaintiffs also failed to disclose that the parties had scheduled a meet-and-confer to resolve some of these issues. At the meeting on April 7 (after Plaintiffs filed their surreply), the parties agreed to identify the topics on which Plaintiffs need more information or the questions on which Plaintiffs found the GAGOP's answers unsatisfactory. Once those topics or questions are identified, the parties will continue negotiating over how best to get Plaintiffs the answers, either through another 30(b)(6) deposition or other discovery tools. While the GAGOP disagrees that the 30(b)(6) deposition was insufficient, the meet-and-confer process is where the parties are supposed to work out their remaining disagreements. It should not be unilaterally declared a failure—and

used to bolster an extreme request to depose a party's lawyer—before the meet-and-confer has even taken place.

Moreover, Plaintiffs' selective paraphrasing of the transcript does not accurately depict the full day of testimony. For example, counsel asked the GAGOP representative whether he was "aware of every conversation that any member of the Task Force would have had with a legislator." Depos. Tr. 274:5-7. The GAGOP representative answered, "No." *Id.* at 274:8. Plaintiffs' dissatisfaction with the testimony follows from that answer. But as the GAGOP representative explained, "[t]here [were] a lot of communications." Tr. at 220:12. It is thus unsurprising that one member of the GAGOP is unfamiliar with "every conversation" that every other member has had with Georgia legislators. Who could be? The GAGOP representative nevertheless answered an entire day's worth of questions about the work of the Election Task Forces and the interactions between the GAGOP and various legislators—including Mr. Carver. *See, e.g.*, Tr. at 48-50, 58-60, 112-13, 118-21, 201-03, 216-17, 240-41, 248-52, 264-69, 280-84, 301-03. Plaintiffs' assertion that the representative was unable to answer basic questions is simply not true. *Cf.* Doc. 520-1 at 4.

More specifically, that the GAGOP representative was unfamiliar with some of Mr. Carver's conversations with legislators proves nothing. It does not prove that (1) Mr. Carver made those statements in his capacity as a GAGOP member, (2) those conversations are relevant to the claims and defenses in this

case, or (3) those conversations are non-privileged. As the motion to quash and reply brief explain, the conversations that Plaintiffs hope to discuss with Mr. Carver would be at best minimally relevant to "the legally dispositive intent of the entire body." *Greater Birmingham Ministries v. Sec. of State for Ala.*, 992 F.3d 1299, 1325 (11th Cir. 2021); *accord Jordan v. Comm'r, Miss. Dept. of Corrs.*, 947 F.3d 1322, 1337 (11th Cir. 2020). Mr. Carver is not a public official. His views as a private citizen are not relevant to this case. His communications as a lawyer are privileged. And his position as counsel in this case heightens Plaintiffs' burden to depose him. Plaintiffs' surreply changes none of that, but it does demonstrate that further deposition would be redundant and burdensome.

Indeed, the deposition confirms that many of the communications Plaintiffs seek from Mr. Carver fall outside the scope of this case. For example, Plaintiffs asked the GAGOP representative about a specific email Mr. Carver sent to Georgia legislators. But, as the representative pointed out, that email was sent "after the [official GAGOP report] had already been published." Tr. 194:4-9. That information is irrelevant even under Plaintiffs' theory.

In sum, Plaintiffs complain that the GAGOP's deposition did not *also* give them *irrelevant* information to which they are not entitled. That is no reason to set aside the privilege of confidentiality to depose a lawyer in this case. This Court should grant the motion to quash.

Dated: April 12, 2023

Respectfully submitted,

*/s/ Baxter D. Drennon*

Tyler R. Green*
Cameron T. Norris*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, Virginia 22209
(703) 243-9423

Alex Benjamin Kaufman
CHALMERS, ADAMS, BACKER & KAUF-
MAN, LLC
11770 Haynes Bridge Road
Ste #G205-219
Alpharetta, GA 30009
404-964-5587

John E. Hall, Jr.
  Georgia Bar No. 319090
William Bradley Carver, Sr.
  Georgia Bar No. 115529
Baxter D. Drennon
  Georgia Bar No. 241446
Jake Evans
  Georgia Bar No. 797018
HALL BOOTH SMITH, P.C.
191 Peachtree Street NE, Suite 2900
Atlanta, Georgia 30303
(404) 954-5000
(404) 954-5020 (Fax)

*pro hac vice

*Counsel for Intervenor GAGOP*

5

## CERTIFICATE OF COMPLIANCE

This document complies with Local Rule 5.1(B) because it uses 13-point Century Schoolbook.

/s/ *Baxter D. Drennon*

## CERTIFICATE OF SERVICE

On April 12, 2023, I e-filed this document on ECF, which will email everyone requiring service.

/s/ *Baxter D. Drennon*