800.211.DEPO (3376)
EsquireSolutions.com

```
 1              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF GEORGIA
 2

 3

 4   IN RE:                          )
                                     )
 5      GEORGIA SENATE BILL 202      )
                                     )
 6                                   )
                                     ) Civil Action No.
 7                                   ) 1:21:MI-55555-JPB
                                     )
 8                                   )
                                     )
 9   - - - - - - - - - - - - - - - -)

10

11                      DEPOSITION OF

12               KEITH E. GAMMAGE, ESQUIRE

13

14         Thursday, March 2, 2023, 10:02 a.m.(EST)

15

16

17

18

19

20         HELD AT:

21             Fulton County Attorney's Office
               141 Pryor Street, Suite 4038
22             Atlanta, Georgia  30303

23
           ---------------------------------------------
24         WANDA L. ROBINSON, CRR, CCR, No. B-1973
            Certified Shorthand Reporter/Notary Public
25
```



```
 1                    APPEARANCES OF COUNSEL

 2

 3   Appearing on Behalf of the New Georgia Project
     Plaintiffs:
 4
         SAMUEL T. WARD-PACKARD, ESQUIRE
 5       MINDY JOHNSON, ESQUIRE
         Elias Law Group LLP
 6       250 Massachusettes Avenue, N.W., Suite 400
         Washington, D.C.  20001
 7       Email:  swardpackard@elias.law
                 mjohnson@elias.law
 8

 9

10   Appearing on Behalf of the State Defendants:

11       DIANE LaROSS, ESQUIRE
         Taylor English Duma LLP
12       1600 Parkwood Circle, Suite 200
         Atlanta, Georgia  30339
13       T:  770.434.6868   F:  770.434.7376
         E-mail:  dlaross@taylorenglish.com
14

15

16   Appearing on Behalf of The Witness:

17       BRAD MATTHEW BOWMAN, ESQUIRE
         Fulton County Attorney's Office
18       141 Pryor Street, Suite 4038
         Atlanta, Georgia  30303
19       T:  404.612.0310
         E-mail:  brad.bowman@fultoncountyga.gov
20

21   Appearing on Behalf of The Witness:

22
         STEVEN ROSENBERG, ESQUIRE
23       Fulton County Office of Solicitor General
         160 Pryor Street, S.W., Suite j301
24       Atlanta, Georgia  30303
         T:  404.612.4800
25       E-mail:  steve.rosenberg@fultoncountyga.gov
```



KEITH E. GAMMAGE, ESQ.                          March 02, 2023
IN RE: GEORGIA SENATE BILL 202

1               APPEARANCES OF COUNSEL (BY ZOOM)

2

3    Appearing on Behalf of the Plaintiff United States:

4

5         RACHEL EVANS, ESQUIRE
          U.S. Department of Justice
6         950 Pennsylvania Avenue, NW
          Room 7273 NWB
7         Washington, D.C.  20530
          T:  202.305.2526  F:  202.307.3961
8         E-mail:  rachel.evans@usdoj.gov

9

10   Appearing on Behalf of the Concerned Black Clergy
     Plaintiffs:
11
          CLIFFORD J. ZATZ, ESQUIRE
12        Crowell & Moring LLP
          1001 Pennsylvania Avenue, N.W.
13        Washington, D.C.  20004
          T:  703.216.1608
14        E-mail:  czatz@crowell.com

15

16

17        AYESHA AHSAN, ESQUIRE
          Southern Poverty Law Group
18        150 East Ponce de Leon Avenue, Suite 340
          Decatur, Georgia  30030
19        T:  470.597.3010
          Email:  Ayesha.Ahsan@splcenter.org

20

21

22

23

24

25



KEITH E. GAMMAGE, ESQ.                    March 02, 2023
IN RE: GEORGIA SENATE BILL 202

```
 1              APPEARANCES OF COUNSEL (BY ZOOM)

 2

 3   Appearing on Behalf of Athens-Clarke County
     Defendants:
 4
          MAGGIE MARTIN, ESQUIRE
 5        James Bates Brannan Groover LLP
          231 Riverside Drive
 6        Macon, Georgia  31201
          T:  478.742.4280
 7        Email:  mmartin@jamesbatesllp.com

 8

 9   Appearing on Behalf of Columbia County Defendants:

10        JORDAN T. BELL, ESQUIRE
          Hull Barrett, PC
11        801 Broad Street, Suite 700
          Augusta, Georgia  30903
12        T:  706.722.4481  F:  706.722.9779
          Email:  jbell@hullbarrett.com
13

14

15   Appearing on Behalf of DeKalb County Defendants:

16        SHELLEY D. MOMO, ESQUIRE
          DeKalb County Law Department
17        1300 Commerce Drive, 5th Floor
          Decatur, Georgia  30030
18        T:  404.371.3011  F:  404.371.3024
          Email:  sdmomo@dekalbcountyga.gov
19

20

21

22

23

24

25
```



```
 1                    INDEX OF EXAMINATIONS

 2

 3   KEITH E. GAMMAGE

 4   By Mr. Ward-Packard                         Page 6

 5

 6

 7                     INDEX OF EXHIBITS

 8   NO.                  DESCRIPTION                PAGE

 9   PLAINTIFF'S

10   Exhibit 185   Georgia Code Section 15-18-66      21

11

12

13

14        INDEX OF EXHIBITS (PREVIOUSLY MARKED)
     NO.                  DESCRIPTION                PAGE
15   PLAINTIFF'S

16   Exhibit 184   Georgia Code Section 21-2-414      52

17

18

19

20

21

22

23

24

25
```



```
 1              KEITH E. GAMMAGE, ESQUIRE,
 2   being duly sworn, was examined and testified as
 3   follows:
 4                - - - - - - - -
 5   EXAMINATION
 6   BY MR. WARD-PACKARD:
 7       Q    Good morning, sir.  Could you please state
 8   your full name for the record.
 9       A    Keith E. Gammage.
10       Q    Thank you.  My name is Sam Wood-Packard.
11   I'm an attorney with the Elias Law Group in
12   Washington DC, and I represent the New Georgia
13   Project plaintiffs in this consolidated case.  I'm
14   joined by my colleague Mindy Johnson.
15            I'm going to first ask if you're
16   represented by an attorney today?
17       A    I am.  I'm represented by Mr. Bowman of
18   the County Attorney's Office of Fulton County,
19   Georgia.
20            MR. WARD-PACKARD:  Thanks, and could I ask
21       that the other folks in the room introduce
22       themselves as well.
23            MS. LaROSS:  Sure.  I'm Diane LaRoss, and
24       I represent the State defendants.
25            MR. ROSENBERG:  Steve Rosenberg.  I am
```



1          general counsel to the Solicitor General.

2                MR. WARD-PACKARD:  Thank you.  And I

3          believe we're also joined by some attorneys on

4          Zoom.  Could I ask the folks on Zoom to

5          introduce themselves, starting with anybody on

6          the plaintiffs' side.

7                Do we have anybody from the Georgia NAACP?

8                If you could just unmute and introduce

9     yourself.

10               (No Response.)

11               MR. WARD-PACKARD:  Anybody from AME.

12               MS. AHSAN:  My name is Ayesha Ahsan.  I'm

13          a legal extern with the Southern Poverty Law

14          Center.

15               MR. WARD-PACKARD:  Thank you.

16               Anybody from AAA?

17               (No Response.)

18               MR. WARD-PACKARD:  Anyone from

19          VoteAmerica?

20               (No Response.)

21               MR. WARD-PACKARD:  Anybody from Concerned

22          Black Clergy?

23               MR. ZATZ:  Yes.  Good morning.  Cliff

24          Zatz, Crowell Moring, for the Concerned Black

25          Clergy of Metropolitan Atlanta plaintiffs.



KEITH E. GAMMAGE, ESQ.                                    March 02, 2023
IN RE: GEORGIA SENATE BILL 202

```
 1           MR. WARD-PACKARD:  Anyone from CGG?
 2           (No Response.)
 3           MR. WARD-PACKARD:  And anyone from the
 4      Department of Justice?
 5           MS. EVANS:  Yes.  Good morning.  Rachel
 6      Evans for the United States.
 7           MR. WARD-PACKARD:  And did I miss anyone
 8      else on the call from the plaintiff's side?
 9           (No response.)
10           MR. WARD-PACKARD:  All right, I'll next
11      ask the attorneys for any defendants on the
12      Zoom to identify themselves.  I don't have a
13      comprehensive list of those, so if you could
14      just speak up.
15           MS. MARTIN:  Yes.  My name is Maggie
16      Martin, and I'm here on behalf of the
17      Athens-Clarke County defendants.
18           MR. BELL:  Jordan bell on behalf of the
19      Columbia County defendants.
20           MS. MOMO:  Good morning.  Shelley Momo on
21      behalf of the DeKalb County defendants.
22           MR. WARD-PACKARD:  Anyone else?
23           (No Response.)
24 BY MR. WARD-PACKARD:
25      Q    All right.  So, Mr. Gammage, have you ever
```



KEITH E. GAMMAGE, ESQ.                    March 02, 2023
IN RE: GEORGIA SENATE BILL 202

 1 | County?
 2 |       MR. BOWMAN:  I'll object based on
 3 |    speculation, but go ahead and answer.
 4 |    A    Ethically, I'm unable to speculate or
 5 | answer something related to a future potential
 6 | violation without knowing what those facts might be.
 7 |    Q    In that case, is it your testimony today
 8 | that you cannot state categorically that you would
 9 | not prosecute a violation of the electioneering law?
10 |    A    As an elected prosecutor in Georgia, I
11 | would not state categorically about any type of
12 | offense that I would or would not prosecute, because
13 | I'm required to examine each case on an
14 | individualized basis.
15 |    Q    And would you give the same answer if I
16 | asked whether specifically there are any
17 | circumstances in which you would initiate a
18 | prosecution for a violation of the line warming ban?
19 |       MS. LaROSS:  Objection as to form.
20 |    A    I'm sorry.  Could you ask me again,
21 | please?
22 |    Q    Are there any circumstances in which you
23 | would initiate a prosecution of the line warming
24 | ban?
25 |    A    I don't know.



KEITH E. GAMMAGE, ESQ.                                March 02, 2023
IN RE: GEORGIA SENATE BILL 202

1    Q    Are you able to state today categorically

2   that there are no circumstances in which you would

3   initiate a prosecution of the line warming ban?

4         MS. LaROSS:   Objection as to form.

5    A    Can you turn my attention back to the

6   statute that governs line warming ban?

7    Q    So when I say line warming ban, what I'm

8   referring to is the portion of Section 21-2-414,

9   that says:  "Nor shall any person give, offer to

10  give, or participate in the giving of any money or

11  gifts, including, but not limited to, food and drink

12  to an elector."

13        So when I say "line warming ban," I mean

14  the ban on giving food and drink to an elector.

15        To repeat the question, can you

16  categorically state that you would not in any

17  circumstances bring a prosecution for a violation of

18  that provision?

19   A     No, I cannot categorically state that I'll

20  never bring a prosecution for the offenses contained

21  in the statute in which we speak.

22   Q    I'd like to move on, just to get your

23  understanding of where specifically this provision

24  applies.

25        So if you could please take a look at



1  Subsection (a), Paragraphs 1, 2, and 3.

2          First of all, would you agree these three

3  paragraphs define where the electioneering law

4  applies?

5      A    Yes, sir.  As we established earlier, I

6  would agree.

7      Q    So on that basis then is it correct that

8  the prohibitions contained in the electioneering law

9  govern only activities taking place in those three

10 areas?

11     A    I don't want to -- you know, I want to be

12 responsive.  I hope I am.

13     Q    Let me ask the question this way.

14     A    Yes, sir.

15     Q    So the electioneering law applies within

16 150 of the outer edge of any building within which a

17 polling place is established, within any polling

18 place, or within 25 feet of any voter standing in

19 line to vote at any polling place.

20          Is there anywhere else that it applies?

21     A    In as much as I can interpret this statute

22 as a prosecutor, deferring other interpretations to

23 the court, I would say that it would be limited in

24 scope to the provisions of law here established in

25 21-2-414.



KEITH E. GAMMAGE, ESQ.                          March 02, 2023
IN RE: GEORGIA SENATE BILL 202

1    Q    I'd finally like to ask you a few
2  questions about the substantive prohibitions in this
3  subsection we've been discussing.
4         So, first, to your understanding, what
5  does it mean to solicit a vote?
6    A    Seek out, encourage, attempt to suggest, a
7  particular manner in which an individual or
8  individuals might cast their vote for particular
9  candidate or candidates.
10   Q    And the clause following that one reads:
11 "Nor shall any person distribute or display any
12 campaign material."  In the context of that clause,
13 what does it mean to distribute or display
14 something?
15   A    Counsel, where are where within the
16 statute, please?
17   Q    Sure.
18        So in Subsection (a), in the first line,
19 as the exhibit has been presented to you:  "No
20 person shall solicit votes in any manner or by any
21 means or method, nor shall any person distribute or
22 display any campaign material."
23        And my question is, in that context, what
24 does it mean to distribute or display?
25   A    Illustrative examples would be anything



1  presented in a public fashion by any means related

2  to, by any means that suggests, encourages, shows,

3  reveals any information recommended to a particular

4  candidate or candidates, or I would imagine even

5  party potentially.  Campaign material, that could be

6  a T-shirt, sweatshirt, wristband, armband, headband,

7  hat, cap, any of the like.

8          I imagine it could be any other methods by

9  which someone could display, share, or show

10  traditional campaign material, or nontraditional

11  things, postcard, push cart, poster, label, or any

12  other kind of tangible display.

13      Q    My next question was whether a T-shirt can

14  count as campaign material.  It sounds like your

15  answer to that is definitively yes?

16      A    Yes, sir.

17      Q    The last clause I'm interested in says:

18  "nor shall any person give, offer to give, or

19  participate in the giving of any money or gifts,

20  including, but not limited to, food and drink to an

21  elector."

22          First of all, are you aware the Georgia

23  legislature added that clause to this statute in

24  2021?

25      A    Yes, sir.



1      Q    And the clauses following that clause

2   prohibit gathering, petition signatures within the

3   restricted zones, and setting up booths and tables

4   within the restricted zones.

5           Do you agree with that?

6      A    That is the status of the law.

7      Q    Yes.

8      A    Yes, sir.

9      Q    So I just want to ask you one question

10  about how this law is applied, and I just want you

11  to assume for purposes of the question that there's

12  no setting up of tables or petitioning happening.

13          So does the electioneering law prohibit a

14  person from approaching a voter in the restricted

15  zones if the person approaching the voter is not

16  soliciting votes, displaying campaign material, or

17  giving out food, water or gifts?

18          MR. BOWMAN:  Objection as to form.

19     A    I'm not sure I'm clear, sir.

20          Approaching someone, I don't see how

21  that's a violation of the law.

22     Q    I think that does answer my question.  My

23  question is whether merely approaching a voter in

24  the line without doing any one of the further things

25  identified as prohibited conduct in itself violates



1   law?

2       A    Okay.

3       Q    And your answer is no, it does not, as you

4   understand the law?

5       A    Simply approaching someone without -- sort

6   of like I just approached you?

7       Q    Yes.

8       A    I don't see how that would be a violation

9   of any law, sir.

10          MR. WARD-PACKARD:  I'm going to suggest we

11      take another brief break, five minutes.

12          Does that work for everyone?

13          And if there's other plaintiffs' counsel

14      on the call who might have questions for Mr.

15      Gammage, now will be the time to consider

16      whether you do and what those questions are.

17          (A recess was taken at 11:51 a.m. until

18      11:57 a.m.)

19          MR. WARD-PACKARD:  We're back on the

20      record .

21          Mr. Gammage, I have no further questions

22      for you at this time.  I really appreciate your

23      time this morning.

24          Is there anyone else from the plaintiffs'

25      side on the call who has questions for the



KEITH E. GAMMAGE, ESQ.                          March 02, 2023
IN RE: GEORGIA SENATE BILL 202

1  witness?

2       (No Response.)

3       MR. WARD-PACKARD:  All right.  Anybody in

4  the room who has any questions for the witness?

5       MS. LaROSS:  I do not have any questions

6  on behalf of the State defendants.

7       MR. BOWMAN:  No questions from us.

8       MR. WARD-PACKARD:  I think we're all set.

9       (Whereupon, the deposition concluded at

10  11:57 a.m.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25



KEITH E. GAMMAGE, ESQ.                          March 02, 2023
IN RE: GEORGIA SENATE BILL 202

```
 1               C E R T I F I C A T E

 2

 3   STATE OF GEORGIA:

 4   FULTON COUNTY:

 5

 6           I hereby certify that the foregoing

 7   transcript of KEITH E. GAMMAGE, ESQUIRE was taken

 8   down, as stated in the caption, and the questions

 9   and answers thereto were reduced by stenographic

10   means under my direction;

11           That the foregoing Pages 1 through

12   67 represent a true and correct transcript of

13   the evidence given upon said hearing;

14           And I further certify that I am not of kin

15   or counsel to the parties in this case; am not in

16   the regular employ of counsel for any of said

17   parties; nor am I in anywise interested in the

18   result of said case.

19

20           IN WITNESS WHEREOF, I have hereunto

21   subscribed my name this 11th day of March, 2023.

22

23   _____

24        Wanda L. Robinson, CRR, CCR No. B-1973
             My Commission Expires 10/11/2023
25
```



KEITH E. GAMMAGE, ESQ.                              March 02, 2023
IN RE: GEORGIA SENATE BILL 202

```
 1                      D I S C L O S U R E

 2   STATE OF GEORGIA  ) 3/02/23 DEPOSITION OF
     FULTON COUNTY          KEITH E. GAMMAGE, ESQUIRE
 3                   Pursuant to Article 10.B of the Rules and

 4   Regulations of the Board of Court Reporting

 5   of the Judicial Council of Georgia, I make the

 6   following disclosure:

 7               I am a Georgia certified court reporter.

 8   I am here as a representative of Esquire Deposition

 9   Solutions, LLC, and Esquire Deposition Solutions,

10   LLC was contacted by the offices of Elias Law Group

11   to provide court reporter services for this

12   deposition.  Esquire Deposition Solutions, LLC will

13   not be taking this deposition under any contract

14   that is prohibited by O.C.G.A. 9-11-28 (c).

15               Esquire Deposition Solutions, LLC has no

16   contract/agreement to provide court reporter

17   services with any party to the case, or any counsel

18   in the case, or any reporter or reporting agency

19   from whom a referral might have been made to cover

20   this deposition.

21               Esquire Deposition Solutions, LLC will

22   charge the usual and customary rates to all parties

23   in the case, and a financial discount will not be

24   given to any party to this litigation.

25
```

