# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE NEW GEORGIA PROJECT, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State, *et al.*, <br><br> *Defendants*, <br><br> REPUBLICAN NATIONAL COMMITTEE, *et al.*, <br><br> *Intervenor-Defendants.* | Civil Action No.: <br> 1:21-CV-01229-JPB |

**STATE DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFFS' FIRST INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33, State Defendants Brad Raffensperger, Sara Ghazal, Matthew Mashburn, Edward Lindsey, and Janice Johnston hereby respond to Plaintiffs' First Interrogatories.

**PRELIMINARY STATEMENTS**

1. State Defendants have responded to the Interrogatories as they interpret and understand them. If Plaintiffs subsequently assert an

interpretation of any Interrogatory that differs from State Defendants' understanding, State Defendants reserve the right to supplement or amend their objections and/or responses.

2. The Responses are based on information currently known to State Defendants and are provided without prejudice to State Defendants' right to produce or rely on any subsequently discovered facts, contentions, or documents that State Defendants may later learn of, recall, or discover. The Responses are based on State Defendants': (i) reasonable search of facilities and files that could reasonably be expected to contain responsive information; and (ii) inquiries of staff and/or representatives who could reasonably be expected to possess responsive information.

3. State Defendants reserve the right to revise, amend, correct, supplement, modify or clarify their objections and responses in accordance with the Federal Rules of Civil Procedure.

4. State Defendants' responses to these Interrogatories are not an admission by State Defendants either that any Interrogatory or any response thereto is relevant to, or admissible as evidence in, any trial or other proceeding. All objections as to privilege, immunity, relevance, authenticity or admissibility of any information or documents referred to in this document or produced in response to any Interrogatory are expressly reserved.

## RESPONSES TO INTERROGATORIES

1. Describe all the ways (if any) in which the date of birth that a registered individual is required to append to an absentee ballot application and absentee ballot envelope is used to determine whether the individual is qualified to vote under Georgia law.

**RESPONSE:** State Defendants object to this Interrogatory as its requests to identify "all the ways" dates of birth may be used is overbroad and unduly burdensome. State Defendants further object to this Interrogatory on the basis that it is overbroad, unduly burdensome, and excessive in scope in that it would require Defendants to conduct an investigation not proportional to the needs of this case.

Subject to and without waiving the foregoing objections, State Defendants respond that the requirement that the voter print his or her date of birth in the space provided on the outer oath envelope of the absentee ballot packet is not used to determine whether the individual is "qualified" to vote under Georgia law. Rather, the voter's date of birth is used by county election officials to assist them in verifying the identity of the voter.

2. Describe in detail all election administration related actions that You would need to take in order to implement a court order enjoining the Challenged Provisions of SB 202, including specifically the provisions that:

(i) impose new identification requirements for absentee voters, Section 25, SB 202, amending O.C.G.A. § 21-2-381(a)(1)(C)(i); Section 27, SB 202, amending O.C.G.A. § 21-2-384(b); Section 28, SB 202, amending O.C.G.A. § 21-2-385(a); Section 29, SB 202, amending O.C.G.A. § 21-2-386(a)(1)(B);

3