# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | Master Case No.:<br>1:21-MI-55555-JPB |
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>THE STATE OF GEORGIA, *et al.*,<br><br>*Defendants,*<br><br>REPUBLICAN NATIONAL COMMITTEE, *et al.*,<br><br>*Intervenor-Defendants.* | Civil Action No.:<br>1:21-CV-02575-JPB |

**STATE DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON INTERVENING CIRCUIT AUTHORITY**

## TABLE OF CONTENTS

BACKGROUND ................................................................................................... 1

RULE 12(c) STANDARDS ................................................................................. 2

ARGUMENT ........................................................................................................ 4

    I.    State Defendants should be granted judgment on DOJ's sole putative discriminatory-purpose claim based on the intervening decision in *League of Women Voters of Florida.* ............... 4

    II.   DOJ's one-count Complaint does not state a discriminatory-results claim under section 2 .............................................................. 6

CONCLUSION .................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Andrews v. Miner*,
   301 F. Supp. 3d 1128 (N.D. Ala. 2017) ..................................................... 3, 6

*Cannon v. City of W. Palm Beach*,
   250 F.3d 1299 (11th Cir. 2001) .................................................................... 3

*Davis v. Oasis Legal Fin. Operating Co., LLC*,
   No. CV 317-022, 2020 WL 1542337 (S.D. Ga. Mar. 31, 2020) ................. 3, 6

*Greater Birmingham Ministries v. Sec'y of State for State of Ala.*,
   992 F.3d 1299 (11th Cir. 2021) .................................................................... 7

*Johnson v. DeSoto County Board of Commissioners*,
   72 F.3d 1556 (11th Cir. 1996) ............................................................... 1, 2, 4

*League of Women Voters of Fla. Inc. v. Fla. Sec'y of State*,
   No. 22-11143, 2023 WL 3108161 (11th Cir. Apr. 27, 2023) .............. 2, 4, 5, 6

*Life Ins. Co. of the Sw. v. Williamson*,
   No. 1:21-CV-02715-JPB, 2022 WL 2431616 (N.D. Ga. Apr. 13, 2022) ......... 3

*Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*,
   305 F.3d 1293 (11th Cir. 2002) .................................................................... 3

*United States v. State of Georgia*,
   574 F. Supp. 3d 1245 (N.D. Ga. 2021) ........................................................ 1

*Washington v. Fed. Bureau of Prisons*,
   No. CV 5:16-3913-BHH, 2022 WL 3701577 (D.S.C. Aug. 26, 2022) ......... 3, 6

*Williams v. Allen*,
   No. 1:20-CV-00186-JPB, 2023 WL 2977366 (N.D. Ga. Apr. 17, 2023) ......... 3

**Rules**

Fed. R. Civ. P. 12(c) ......................................................................................... 2

## BACKGROUND

After DOJ filed its complaint, State Defendants moved to dismiss it, explaining that "the complaint rests entirely on an alleged discriminatory intent or 'purpose,' rather than alleging discriminatory *results*. There is no such thing as a standalone 'intent' claim under Section 2." Defs.' Br. in Support of Mot. to Dismiss Compl. at 2, *United States v. State of Georgia*, No. 1:21-cv-20575-JPB [Doc. 38]. In support, State Defendants cited *Johnson v. DeSoto County Board of Commissioners*, 72 F.3d 1556 (11th Cir. 1996). *Id.*

DOJ opposed the State's motion to dismiss. DOJ made its position clear: "Plaintiffs who bring a Section 2 purpose claim need not also plead and prove a Section 2 results claim. The State's assertion to the contrary … relies on an erroneous reading of *Johnson* …." Opp'n to the State's & Intervenors' Mots. to Dismiss at 19, *United States v. State of Georgia*, No. 1:21-cv-02575-JPB [Doc. 58]. Apparently relying upon that position, this Court denied State Defendants' motion, "find[ing] that the United States has stated a plausible discriminatory purpose claim." *United States v. State of Georgia*, 574 F. Supp. 3d 1245, 1251 (N.D. Ga. 2021).

State Defendants sought reconsideration, showing that "the Eleventh Circuit's controlling decision in *Johnson* requires a plaintiff bringing a § 2 claim to plead and prove, not just discriminatory purpose, but discriminatory

*results* as well." State Defs.' Br. in Support of Mot. for Recons. at 3, *In re Georgia Senate Bill 202*, No. 1:21-mi-55555-JPB [Doc. 11-1]. Reconsideration, however, was denied. The reason was that, despite the parties' "disagreement" over "the holding in [*Johnson v.*] *Desoto*," State Defendants had not "point[ed] to new evidence, clear error or an intervening change in law." *In re Georgia Senate Bill 202*, No. 1:21-mi-55555-JPB, 2022 WL 1516049, at *2 (N.D. Ga. Apr. 21, 2022).

There is now important intervening case law from the Eleventh Circuit. Just last month, that Court issued its decision in *League of Women Voters of Florida Inc. v. Florida Secretary of State*, No. 22-11143, 2023 WL 3108161 (11th Cir. Apr. 27, 2023) (*LOWV*). The *LOWV* opinion clarifies and confirms the case law in this Circuit and makes clear that there is no such thing as a purpose-only (or intent-only) Section 2 suit. *See id.* at *22. Based on this new controlling precedent, State Defendants are entitled to judgment on the pleadings with respect to DOJ's Section 2 claim.

## RULE 12(c) STANDARDS

The Federal Rules make clear that, "[a]fter the pleadings are closed— but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Moreover, "[j]udgment on the pleadings is appropriate where there are no material facts in dispute and the moving party

2

is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001).  Further, "[a] motion for judgment on the pleadings under Rule 12(c) poses the same question as that presented by a motion to dismiss under Rule 12(b)(6): whether the complaint states a claim for relief." *Williams v. Allen*, No. 1:20-CV-00186-JPB, 2023 WL 2977366, at *1 (N.D. Ga. Apr. 17, 2023) (citing *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n.8 (11th Cir. 2002)); *accord Life Ins. Co. of the Sw. v. Williamson*, No. 1:21-CV-02715-JPB, 2022 WL 2431616, at *1 (N.D. Ga. Apr. 13, 2022).  And it is proper to grant Rule 12(c) relief based on intervening precedent from a controlling court.  *See, e.g.*, *Davis v. Oasis Legal Fin. Operating Co., LLC*, No. CV 317-022, 2020 WL 1542337, at *1 (S.D. Ga. Mar. 31, 2020) ("the Court granted Defendants' motion for judgment on the pleadings based upon an intervening case decided by the Georgia Supreme Court"); *Washington v. Fed. Bureau of Prisons*, No. CV 5:16-3913-BHH, 2022 WL 3701577, at *2 (D.S.C. Aug. 26, 2022) (citing *Andrews v. Miner*, 301 F. Supp. 3d 1128, 1131 (N.D. Ala. 2017)) ("It is appropriate to move for judgment on the pleadings where, as here, an intervening decision from the Supreme Court changes the legal landscape in a way that makes clear that certain claims should be disposed of before trial as a matter of law.").

## ARGUMENT

**I. State Defendants should be granted judgment on DOJ's sole putative discriminatory-purpose claim based on the intervening decision in *League of Women Voters of Florida*.**

Under the Eleventh Circuit's recent decision in *LOWV*, DOJ's complaint fails to state a claim for relief. In that case, the district court had ruled that the challenged provisions of Florida's election law violated Section 2 of the Voting Rights Act, concluding "that a finding of discriminatory *impact* was unnecessary to establish a section 2 violation" and "[a]ssum[ing] instead that a finding of discriminatory *intent* [i.e., purpose] would suffice." *LOWV*, 2023 WL 3108161, at *22 (emphases added).

The Eleventh Circuit disagreed. It acknowledged that, after *Johnson*, its "precedents respecting the proper standard [were] admittedly inconsistent." *Id*. But it explained that "[w]e never overruled *Johnson*, our earliest binding precedent, so we are obliged by stare decisis to follow it." *Id*. The Court held that "*Johnson* also satisfies Supreme Court precedent." *Id*. at *23. The Eleventh Circuit therefore explained that "[t]he district court erred. A finding of discriminatory impact is necessary and sufficient to establish a section 2 violation. … A finding of discriminatory intent alone will not suffice." *Id*. at *22. In this setting, moreover, "intent" is synonymous with "purpose."

4

After *League of Women Voters of Florida*, the case law in this Circuit is clear:  discriminatory intent or purpose is not enough—discriminatory impact is required.

Here, of course, DOJ deliberately filed an intent-only (or purpose-only) claim.[1]  DOJ's complaint asserts a single cause of action under the Voting Rights Act.  *See* Compl. ¶¶ 159–165, *United States v. State of Georgia*, No. 1:21-cv-02575-JPB [Doc. 1].  The linchpin allegation is that "[t]he challenged provisions of SB 202 were adopted *with the purpose* of denying or abridging Black citizens' equal access to the political process, in violation of Section 2." *Id.* ¶ 161 (emphasis added).  As DOJ itself has explained, its lawsuit alleges that the challenged provisions of SB 202 violate Section 2 "because they were adopted *with the purpose* of denying or abridging the right to vote on account of race." U.S. Opp'n to Defs.' Mot. for Recons. at 1, *In re Georgia Senate Bill 202*, No. 1:21-mi-55555-JPB (emphasis added) (citing Compl. ¶¶ 159–165) [Doc. 19].

Other DOJ filings say the same.  *See* Jt. Prelim. Report & Disc. Plan at 7, *In re Georgia Senate Bill 202*, No. 1:21-mi-55555-JPB [Doc. 50] ("Plaintiff

---

[1] The intent-only nature of DOJ's claim makes it distinct from other Section 2 claims against SB 202, which are brought as both intent (purpose) and result claims.  *See, e.g.*, First Am. Compl. ¶¶ 329–33, *Sixth District of the Afr. Methodist Episcopal Church v. Kemp*, Case No. 1:21-cv-01284-JPB [Doc. 83].

5

[United States] contends that SB 202's challenged provisions were adopted with the purpose of denying or abridging Black citizens' equal access to the political process, in violation of Section 2 of the VRA."); [DOJ] Opp'n to the State's and Intervenors' Motions to Dismiss at 1, *United States v. State of Georgia*, No. 1:21-cv-02575-JPB [Doc. 58] (explaining that DOJ's lawsuit asserts a "purpose-based claim[ ] of discrimination").

It is appropriate to grant judgment on the pleadings when intervening, controlling authority forecloses a claim as a matter of law. *See Davis*, 2020 WL 1542337, at *1; *Washington*, 2022 WL 3701577, at *2; *Andrews*, 301 F. Supp. 3d at 1131. Such is the effect of *LOWV* on DOJ's Section 2 claim: That claim—the only claim asserted by DOJ—is squarely foreclosed by the Eleventh Circuit's holding that "[a] finding of discriminatory impact is necessary and sufficient to establish a section 2 violation. … A finding of discriminatory intent alone will not suffice." 2022 WL 3701577 at *22. Accordingly, DOJ's claim must now be dismissed.

## II. DOJ's one-count Complaint does not state a discriminatory-results claim under section 2.

Because DOJ's Complaint pleads only one claim—a non-cognizable discriminatory-purpose or intent claim—that is the end of the line for DOJ's case. DOJ's single claim cannot plausibly be read to plead a discriminatory-

results claim. Indeed, as noted above, DOJ has had several opportunities to clarify that its Complaint includes a discriminatory-results claim. But each time, DOJ confirmed that it did *not* assert such a claim.

To be sure, in support of its discriminatory-purpose claim, DOJ alleges that, "[d]ue to disparities in social and economic conditions caused by historical and ongoing discrimination, including higher rates of poverty and unemployment, lower educational attainment, and less access to the Internet and transportation, Black voters will be disproportionately burdened by the challenged provisions of SB 202." Compl. ¶ 162. But an allegation that minority voters will be "disproportionately burdened" by an election law does not state a discriminatory-results claim under Section 2.

The Eleventh Circuit has held that "Section 2 does not prohibit all voting restrictions that may have a racially disproportionate effect." *Greater Birmingham Ministries v. Sec'y of State for State of Ala.*, 992 F.3d 1299, 1329 (11th Cir. 2021) (quotation marks omitted). Instead, "the plain language of Section 2(a) requires more." *Id.* at 1330. Specifically, it requires plaintiffs to plead and prove two things and a causal relationship between the two: "First, the challenged law has to 'result in' the denial or abridgement of the right to vote. Second, the denial or abridgement of the right to vote must be 'on account of race or color.' In other words, the challenged law must have *caused* the denial

7

or abridgement of the right to vote on account of race." *Id*. (emphasis in original; quoting 52 U.S.C. § 10301(a)).

DOJ's Complaint does not include the allegations necessary to state a Section 2 discriminatory-results claim. Contrary to *Greater Birmingham Ministries*, the Complaint nowhere alleges that SB 202 has *caused* the denial or abridgement of the right to vote on account of race. Therefore, the Complaint cannot be saved by trying to creatively read it to plead a discriminatory-results claim. Of course, even if DOJ were to now try to do so, the Court should not countenance such a dramatic change in litigation positions.

DOJ has repeatedly confirmed that it intentionally filed only one claim, a purported discriminatory-purpose claim. Perhaps DOJ did not believe it could state a discriminatory-results claim, as discovery has confirmed that there has been no such effect in Georgia. Rather, discovery has confirmed that voter access and confidence has soared since SB 202's enactment. Whatever its reasons, the discriminatory-purpose/intent claim on which the Complaint relies is not cognizable, and the Complaint does not plead—and does not even try to plead—the required elements of a discriminatory-results claim. Accordingly, State Defendants are entitled to judgment under Rule 12(c).

## CONCLUSION

DOJ's Section 2 lawsuit asserts only a discriminatory-purpose claim. But *League of Women Voters* squarely holds that such a suit is not cognizable under Section 2. State Defendants' motion for judgment on the pleadings should thus be granted.

                                      Respectfully submitted,

                                      Christopher M. Carr
Attorney General
Georgia Bar No. 112505
Bryan K. Webb
Deputy Attorney General
Georgia Bar No. 743580
Russell D. Willard
Senior Assistant Attorney General
Georgia Bar No. 760280
Elizabeth Vaughan
Assistant Attorney General
Georgia Bar No. 7627156
**State Law Department**
40 Capitol Square, S.W.
Atlanta, Georgia 30334

/s/ Gene C. Schaerr
Gene C. Schaerr*
Special Assistant Attorney General
Erik Jaffe*
H. Christopher Bartolomucci*
Donald M. Falk*
Brian J. Field*
Cristina Martinez Squiers*
Edward H. Trent*
Nicholas P. Miller*
Joshua J. Prince*
Annika Boone Barkdull*
**SCHAERR | JAFFE LLP**
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com

*Admitted pro hac vice

Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
**Taylor English Duma LLP**
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
(678) 336-7249

*Counsel for State Defendants*

Dated: May 18, 2023

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing brief was prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

<i>/s/ Gene C. Schaerr</i><br>
Gene C. Schaerr