IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | Master Case No.: 1:21-MI-55555-JPB |

**STATE DEFENDANTS' MOTION TO EXTEND
DEADLINES TO FILE OPPOSITIONS TO SEVERAL
PRELIMINARY INJUNCTION MOTIONS**

State Defendants respectfully request that the Court extend their deadlines to respond to the various motions for preliminary injunctions recently filed by the AME, NAACP, CBC, and NGP Plaintiffs. *See* [Doc. Nos. 535, 537, 546, 547, 548]. As demonstrated below, State Defendants propose a schedule for these oppositions that will allow them sufficient time to address the motions, each of which presents varied arguments and requires substantial attention. Despite State Defendants' proposing a schedule that is reasonable and already ambitious, considering the amount of work required for these oppositions, Plaintiffs largely oppose these extension requests.

There is good cause to grant the requested relief. As explained below, State Defendants propose a schedule that staggers their opposition deadlines over consecutive weeks: (1) State Defendants would file a combined opposition to all preliminary-injunction motions addressing the prohibition on giving things of value to voters in line [Doc. Nos. 535, 537, 547] by June 15, 2023;

(2) State Defendants would file an opposition to the NAACP Plaintiffs' preliminary-injunction motion challenging SB 202's birthdate requirement [Doc. No. 548] by June 22, 2023; and (3) State Defendants would file an opposition to the AME Plaintiffs' preliminary-injunction motion challenging the provisions on handling absentee-ballot applications and governing dropboxes [Doc. No. 546] by June 29, 2023.

This schedule is necessary to allow State Defendants the time needed to review the record and provide the Court with thorough explanations for why it should not enjoin the various challenged portions of SB 202. Considering the significance of a federal court's enjoining a duly enacted State law—including the resulting intrusion into State sovereignty—State Defendants should be afforded an opportunity to provide a thorough response to each motion.

As State Defendants have already demonstrated in previous extension motions, they have handled extensive discovery tasks under an expeditious schedule. The recent expert discovery has been no exception, where State Defendants handled nearly twenty expert depositions over a short period. Moreover, State Defendants were required to depose nearly a dozen fact witnesses that Plaintiffs identified at the close of fact discovery. Rather than seeking to extend fact discovery, State Defendants agreed to conduct the depositions of those late-identified witnesses concurrently with expert depositions. Considering these tasks, State Defendants are only now able to

turn their attention to responding to the recently filed preliminary-injunction motions.[1]

1. With respect to SB 202's limitation on providing things of value to voters in line, the first renewed preliminary-injunction motion was filed on April 24, 2023, by the AME and NAACP Plaintiffs. *See* [Doc. No. 535]. After receiving one extension of time, State Defendants' opposition to that motion is due by June 1, 2023. *See* Min. Order (May 4, 2023). Rather than coordinating their efforts, the NGP Plaintiffs waited twenty-three days to file their preliminary-injunction motion addressing the same portion of SB 202. [Doc. 546]. But NGP's motion raises new arguments in its challenge to this provision of SB 202. The opposition to NGP's motion is due by May 31, 2023.

And, because the NGP motion names District Attorney Edwards, whom undersigned counsel represent, it will be more efficient for the Court and the parties for State Defendants and DA Edwards to file a combined opposition to these motions. Indeed, that is how the parties handled the previous preliminary-injunction motions that the AME, NAACP, and NGP Plaintiffs filed challenging this portion of SB 202. *See* [Doc. 197].

---

[1] Notably, State Defendants are also conducting more than a dozen depositions in the related *Coalition for Good Governance* litigation, No. 1:21-cv-2070-JPB, where fact discovery ends on June 16, 2023, and summary judgment motions are due by July 17, 2023.

Considering the new arguments raised in NGP's motion, and the fact that these motions rely on hundreds of pages from the record, allowing State Defendants and DA Edwards to file a combined opposition by June 15, 2023, is appropriate.[2]

2.  With respect to SB 202's requirement that voters include a date of birth on absentee ballot envelopes, significant time will be required for State Defendants to compose a response to the motion the NAACP Plaintiffs filed on May 17, 2023. [Doc. No. 548]. State Defendants' response to this motion is also due by May 31, 2023.

This is not an issue the parties have addressed previously in this case, and Plaintiffs rely on more than 150 pages from the record that State Defendants must address and compare against the more than one million other

---

[2] On this, Plaintiffs oppose the requested extension, stating:

> As to the AME/GA NAACP/CBC Plaintiffs' line relief PI, we oppose any further extension. The current extension has provided 5-and-a-half weeks to respond to Plaintiffs' short brief, and was premised not on needing that amount of time but on time pressure created by the expert deposition schedule, which has now ended. The NGP Plaintiffs' motion is directed only to two county prosecutors rather than the State or other County Defendants.

Of course, this overlooks that NGP's motion names a Defendant that the undersigned represent. And it ignores the many other tasks required now that various Defendants decided to file separate preliminary-injunction motions at the same time without coordinating their efforts. Accordingly, requiring the Defendants to respond to NGP's motion by May 31, and to the AME/NAACP motion by June 1 is infeasible.

pages in the record, along with thousands of pages of deposition transcripts. And State Defendants must do so while also responding to the multiple other preliminary-injunction motions discussed herein.

Allowing State Defendants to file their opposition to this motion by June 22, 2023, would permit State Defendants time to address the other motions, while also providing the Court with a thorough response to the NAACP's challenge to this portion of SB 202.[3]

3. Finally, with respect to SB 202's provisions regarding handling of absentee ballots and dropboxes, the AME Plaintiffs filed another motion on May 17, 2023, attaching more than 400 pages from the record. Here again, State Defendants' opposition is currently due by May 31, 2023. And this is also an issue the parties have not addressed previously in this litigation, and it will require substantial effort from State Defendants to review the record and provide a response.

For this reason, allowing State Defendants until June 29, 2023, to file their opposition will ensure that the Court receives a thorough response, while also ensuring that State Defendants may devote the time necessary to the

---

[3] On this, Plaintiffs stated that they are willing only to consent to an extension through June 15, 2023. However, this is the same schedule Plaintiffs propose for the other preliminary-injunction motion discussed below. Thus, State Defendants would be required to respond to multiple preliminary-injunction motions on the same schedule, which is not feasible.

other preliminary-injunction motions Plaintiffs filed. And, considering the many other preliminary-injunction motions State Defendants will be addressing, this brief extension is appropriate.[4]

\* \* \* \* \*

For the foregoing reasons, State Defendants respectfully request that the Court extend their deadlines to respond to the various preliminary-injunction motions Plaintiffs recently filed. Considering the many arguments raised, the schedule that State Defendants propose is already ambitious. But State Defendants maintain that they should be afforded sufficient time to respond to each of these motions.

Respectfully submitted this 22nd day of May, 2023.

> Christopher M. Carr
> Attorney General
> Georgia Bar No. 112505
> Bryan K. Webb
> Deputy Attorney General
> Georgia Bar No. 743580
> Russell D. Willard
> Senior Assistant Attorney General
> Georgia Bar No. 760280
> Elizabeth Vaughan
> Assistant Attorney General
> Georgia Bar No. 762715
> **State Law Department**

---

[4] Here again, Plaintiffs are willing only to consent to an extension through June 15, 2023. However, requiring State Defendants to address multiple preliminary-injunction motions at the same time is unreasonable and will deprive State Defendants of the time needed to provide a thorough response to each of these motions.

40 Capitol Square, S.W.
Atlanta, Georgia 30334

*/s/ Gene C. Schaerr*
Gene C. Schaerr*
Special Assistant Attorney General
Erik Jaffe*
H. Christopher Bartolomucci*
Brian J. Field*
Cristina M. Squiers*
Edward H. Trent*
Nicholas P. Miller*
Joshua J. Prince*
Annika Boone Barkdull*
**SCHAERR | JAFFE LLP**
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com

**Admitted pro hac vice*

Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com.
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
**Taylor English Duma LLP**
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
(678) 336-7249

*Counsel for State Defendants*