**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | Master Case No.: 1:21-MI-55555-JPB |
| SIXTH DISTRICT OF THE AFRICAN METHODIST EPISCOPAL CHURCH, *et al.*, *Plaintiffs,* v. BRIAN KEMP, Governor of the State of Georgia, in his official capacity, *et al.*, *Defendants,* REPUBLICAN NATIONAL COMMITTEE, *et al.*, *Intervenor-Defendants.* | Civil Action No.: 1:21-cv-01284-JPB |
| GEORGIA STATE CONFERENCE OF THE NAACP, *et al.*, *Plaintiffs,* v. BRAD RAFFENSPERGER, in his officialcapacity as the Secretary of State for theState of Georgia, *et al.*, *Defendants,* REPUBLICAN NATIONAL COMMITTEE, *et al.*, *Intervenor-Defendants.* | Civil Action No.: 1:21-cv-01259-JPB |

**AME & GEORGIA NAACP PLAINTIFFS' OPPOSITION TO
STATE DEFENDANTS' MOTION TO EXTEND DEADLINES TO FILE
OPPOSITIONS TO SEVERAL PRELIMINARY INJUNCTION MOTIONS**

1

The above-captioned Plaintiffs respectfully oppose State Defendants' motion to extend their deadlines to respond to three pending motions:

- Plaintiffs' Renewed Motion for Preliminary Injunction against enforcement of the line relief ban within 25 feet of any voter ("Line Relief Motion," ECF No. 535). State Defendants request to extend their current, agreed-upon extension of three-and-a-half weeks to June 1, 2023 (already amounting to five-and-a-half weeks in total), to June 15, 2023 (seven-and-a-half weeks in total);

- Plaintiffs' Preliminary Injunction Motion Based on Immaterial Voting Requirements, which concerns birthdates on absentee ballot envelopes ("Materiality Motion," ECF No. 548). Defendants request an extension to June 22 (an extra 22 days), where Plaintiffs, in meet and confer, consented to an extension to June 15 (an extra 15 days); and

- AME Plaintiffs' Preliminary Injunction Motion as to Violations of the Americans with Disabilities Act with respect to criminalization of ballot-return assistance and drop box limitations ("ADA Motion," ECF No. 546). Defendants request an extension to June 29 (an extra 29 days), where Plaintiffs, in meet and confer, consented to an extension to June 15 (an extra 15 days).

State Defendants have not shown good cause for departing from this Court's normal rule of two weeks to respond to preliminary injunction motions, yet they request more than double and triple the normal response time. Out of professional courtesy, Plaintiffs have offered Defendants reasonable extensions to respond to these motions—an extra three-and-a-half weeks for their opposition to Plaintiffs' Line Relief Motion, and an extra fifteen days for oppositions to the Materiality

Motion and the ADA Motion. Defendants' proposals would unfairly prejudice Plaintiffs by subjecting them to unnecessary delay, particularly as Defendants argue "*Purcell* can be implicated months before an election . . . ." ECF No. 487 at 10.

This Court's Rules provide parties 14 days to respond to any motion, except for providing 21 days to respond to a summary judgment motions which typically contain voluminous factual supporting material. *See* N.D. Ga. Local Civil Rule 7.1(B). Plaintiffs recognize that these consolidated cases and their scope can present unique challenges for parties and for the Court, which is why Plaintiffs have agreed to reasonable extensions of briefing deadlines: an extra 24 days already granted by stipulation and order for the Line Relief motion (ECF No. 542), and an extra 15 days for the other two motions. Beyond Plaintiffs' offer, this Court's Standing Order recognizes that parties must explain "with specificity the unanticipated or unforeseen circumstances necessitating the extension," as the Court intends to be "processing cases toward prompt and just resolutions." Judge Boulee's Standing Order re: Civil Litigation at 11. Defendants fail to meet that burden here.

As to the Line Relief Motion, Plaintiffs already consented to Defendants' request for an extension to provide Defendants with an additional three-and-a-half

3

weeks to respond, in light of the busy schedule of expert depositions during the first portion of that period.[1] That motion covers no new legal issues from the extensive briefing and full-day hearing the parties engaged in last year, and thus the only new material are the attachments providing evidence from fact discovery. Defendants all but concede this, as they fail to identify any such new legal issues in Plaintiffs' Line Relief Motion. *See* ECF No. 555 at 3. The only thing that has changed regarding this motion since Plaintiffs agreed to Defendants' first extension request is that the New Georgia Project Plaintiffs have also renewed their preliminary injunction motion as to line relief in the supplemental zone. *See* ECF No. 547. But as State Defendants acknowledge, *see* ECF No. 555 at 4 n.2, the NGP Motion does not seek relief as to State Defendants *at all*, addressing only two county prosecutors. Although the same counsel represents DA Edwards, any legal arguments unique to that Defendant were made last year as well, and can be properly addressed within the existing time period. And notably, DA Edwards has not sought any extension.

For the Materiality Motion and ADA Motions, Defendants contend that the subjects of these motions are not issues the parties have addressed previously in

---

[1] Defendants cite depositions of "nearly a dozen fact witnesses," but only one of these new fact witnesses was disclosed by the parties making this motion, and Plaintiffs understand most of these depositions lasted no more than a couple of hours.

this case. Mot. at 4–5. Yet the parties already briefed legal aspects of these issues to some extent as part of motions to dismiss, Case No. 1:21-CV-01284, ECF No. 87-1 at 13, 17, 19, 24–25, and these issues arose frequently in both written discovery and depositions, such that they should not be unanticipated or unforeseen. As to the 150 supporting pages from the record included by Plaintiffs with the Materiality Motion and 400 supporting pages with the ADA Motion that Defendants cite as further reason for requiring extra extensions, Defendants fail to mention that most of these materials were disclosed during discovery or are publicly available. The only "new" factual materials attached to these motions are six fact witness declarations accompanying the Materiality Motion making up approximately 54 pages, and eight fact witness declarations accompanying the ADA motion making up less than 70 pages. Compared to summary-judgment filings, these are not substantial or unanticipated amounts of supporting materials that would dictate a lengthier extension than the 15 days to which Plaintiffs have already agreed.[2] A total of 29 days is more than sufficient for Defendants' responses. If Defendants take that much time, Plaintiffs requested in meeting and conferring that they be afforded an additional seven days for their replies—a request Defendants do not address (or object to) in their request for extension.

---

[2] This 15-day extension to which Plaintiffs have already consented is 8 days beyond the normal period to respond to summary judgment motions.

In the past, Defendants have claimed that opposed deadline extensions will not prejudice Plaintiffs on *Purcell* grounds. See ECF No. 487 at 9–11. But stacking extension upon extension further delays the likely decision date for each motion and decreases the time remaining before the 2024 elections that Defendants will undoubtedly cite as reasons for denying relief as "too close" to the election. Further extensions beyond those offered by Plaintiffs now threaten Plaintiffs with unfair prejudice and the case with unnecessary delay.

The above-captioned Plaintiffs therefore respectfully respect that the Court deny State Defendants' motion for further extensions and accept the reasonable extensions already agreed to by Plaintiffs as provided in the attached Proposed Order.

Respectfully submitted, this 23th day of May, 2023.

/s/ *Pichaya Poy Winichakul*
Bradley E. Heard (Ga. Bar No. 342209)
*bradley.heard@splcenter.org*
Pichaya Poy Winichakul (Ga. Bar 246858)
*poy.winichakul@splcenter.org*
Matletha N. Bennette (pro hac vice)
*matletha.bennette@splcenter.org*
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, Georgia 30030

/s/ *Sophia Lin Lakin*
Sophia Lin Lakin (pro hac vice)
*slakin@aclu.org*
Davin M. Rosborough (pro hac vice)
*drosborough@aclu.org*
Jonathan Topaz (pro hac vice)
*jtopaz@aclu.org*
Dayton Campbell-Harris (pro hac vice)
*dcampbell-harris@aclu.org*
Casey Smith (pro hac vice)
*csmith@aclu.org*
ACLU FOUNDATION

Telephone: (404) 521-6700
Facsimile: (404) 221-5857

Jess Unger (pro hac vice)
*jess.unger@splcenter.org*
Sabrina S. Khan (pro hac vice)
*sabrina.khan@splcenter.org*
SOUTHERN POVERTY
LAW CENTER
1101 17th Street NW, Suite 705
Washington, DC 20036
Telephone: (202) 728-9557

/s/ *Adam S. Sieff*
Adam S. Sieff (pro hac vice)
*adamsieff@dwt.com*
Daniel Leigh (pro hac vice)
*danielleigh@dwt.com*
Brittni A. Hamilton (pro hac vice)
*brittnihamilton@dwt.com*
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Facsimile: (213) 633-6899

Matthew R. Jedreski (pro hac vice)
*mjedreski@dwt.com*
Grace Thompson (pro hac vice)
*gracethompson@dwt.com*
Danielle E. Kim (pro hac vice)
*daniellekim@dwt.com*
Shontee Pant (pro hac vice)
*shonteepant@dwt.com*
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Telephone: (206) 622-3150

125 Broad Street, 18th Floor
New York, New York 10004
Telephone: (212) 519-7836
Facsimile: (212) 549-2539

Susan P. Mizner (pro hac vice)
*smizner@aclu.org*
ACLU FOUNDATION, INC.
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0781

Brian Dimmick (pro hac vice)
*bdimmick@aclu.org*
ACLU FOUNDATION, INC.
915 15th Street NW
Washington, D.C. 20005
Telephone: (202) 731-2395

Rahul Garabadu (Bar 553777)
*rgarabadu@acluga.org*
Caitlin May (Ga. Bar No. 602081)
*cmay@acluga.org*
Cory Isaacson (Ga. Bar No. 983797)
*cisaacson@acluga.org*
ACLU FOUNDATION OF GEORGIA, INC.
P.O. Box 77208
Atlanta, Georgia 30357
Telephone: (678) 981-5295
Facsimile: (770) 303-0060

/s/ *Leah C. Aden*
Leah C. Aden (pro hac vice)
*laden@naacpldf.org*
John S. Cusick (pro hac vice)
*jcusick@naacpldf.org*
Alaizah Koorji*
*akoorji@naacpldf.org* (pro hac vice)

7

Facsimile: (206) 757-7700

David M. Gossett (pro hac vice)
*davidgossett@dwt.com*
DAVIS WRIGHT TREMAINE LLP
1301 K Street NW, Suite 500
Washington, D.C. 20005-7048
Telephone: (202) 973-4288
Facsimile: (202) 973-4499

*Attorneys for Plaintiffs*
*Georgia Muslim Voter Project, Women Watch Afrika, Latino Community Fund Georgia, and The Arc of the United States*

*/s/ Bryan L. Sells*
Bryan L. Sells
Georgia Bar No. 635562
The Law Office of Bryan Sells, LLC
PO Box 5493
Atlanta, Georgia 31107
Tel: (404) 480-4212
Email: bryan@bryansellslaw.com

Jon Greenbaum (pro hac vice)
*jgreenbaum@lawyerscommittee.org*
Ezra D. Rosenberg (pro hac vice)
*erosenberg@lawyerscommittee.org*
Julie M. Houk (pro hac vice)
*jhouk@lawyerscommittee.org*
Jennifer Nwachukwu (pro hac vice)
*jnwachukwu@lawyerscommittee.org*
Heather Szilagyi (pro hac vice)
*hszilagyi@lawyerscommittee.org*
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street NW, Suite 900

NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, New York 10006
Telephone: (212) 965-2200
Facsimile: (212) 226-7592

Anuja Thatte (pro hac vice)
*athatte@naacpldf.org*
NAACP LEGAL DEFENSE AND
EDUCATION FUND, INC.
700 14th Street, NW
Washington, DC 20005
Telephone: (202) 682-1300

/s/ *Debo P. Adegbile*
Debo P. Adegbile (pro hac vice)
*debo.adegbile@wilmerhale.com*
Alexandra Hiatt (pro hac vice)
*alexandra.hiatt@wilmerhale.com*
WILMER CUTLER PICKERING
  HALE AND DORR LLP
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

George P. Varghese (pro hac vice)
*george.varghese@wilmerhale.com*
Stephanie Lin (pro hac vice)
*stephanie.lin@wilmerhale.com*
Arjun Jaikumar (pro hac vice)
*arjun.jaikumar@wilmerhale.com*
Sofia Brooks (pro hac vice)
*sophie.brooks@wilmerhale.com*
Mikayla Foster (pro hac vice)
*mikayla.foster@wilmerhale.com*
WILMER CUTLER PICKERING

Washington, D.C. 20005  
Telephone: (202) 662-8600  
Facsimile: (202) 783-0857  

Vilia Hayes (pro hac vice)  
Neil Oxford (pro hac vice)  
Gregory Farrell (pro hac vice)  
Hughes Hubbard & Reed LLP  
One Battery Park Plaza  
New York, New York 10004-1482  
Telephone: (212) 837-6000  
Facsimile: (212) 422-4726  

Laurence F. Pulgram (pro hac vice)  
*lpulgram@fenwick.com*  
Molly Melcher (pro hac vice)  
*mmelcher@fenwick.com*  
Armen Nercessian (pro hac vice)  
*Anercessian@fenwick.com*  
Ethan Thomas (pro hac vice)  
*EThomas@fenwick.com*  
FENWICK & WEST LLP  
555 California Street  
San Francisco, CA 94104  
Telephone: 415.875.2300  

Joseph S. Belichick (pro hac vice)  
jbelichick@fenwick.com  
FENWICK & WEST LLP  
Silicon Valley Center  
801 California Street  
Mountain View, CA 94041-2008  
Telephone: 650-988-8500  

Catherine McCord (pro hac vice)  
cmccord@fenwick.com  
FENWICK & WEST LLP  
902 Broadway, Suite 14  

HALE AND DORR LLP  
60 State Street  
Boston, Massachusetts 02109  
Telephone: (617) 526-6000  
Facsimile: (617) 526-5000  

Tania Faransso (pro hac vice)  
*tania.faransso@wilmerhale.com*  
WILMER CUTLER PICKERING  
  HALE AND DORR LLP  
1875 Pennsylvania Ave. NW  
Washington, D.C. 20006  
Telephone: (202) 663-6000  
Facsimile: (202) 663-6363  

Nana Wilberforce (pro hac vice)  
*nana.wilberforce@wilmerhale.com*  
WILMER CUTLER PICKERING  
  HALE AND DORR LLP  
350 South Grand Avenue, Suite 2400  
Los Angeles, California 90071  
Telephone: (213) 443-5300  
Facsimile: (213) 443-5400  

*Attorneys for Plaintiffs*  
*Sixth District of the African Methodist Episcopal Church, Delta Sigma Theta Sorority, Georgia ADAPT, and Georgia Advocacy Office*

9

New York, NY 10010
Telephone: (212) 430-2690

*Attorneys for Plaintiffs Georgia State Conference of the NAACP, Georgia Coalition for the People's Agenda, Inc., League of Women Voters of Georgia, Inc., GALEO Latino Community Development Fund, Inc., Common Cause, and Lower Muskogee Creek Tribe*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of L.R. 5.1, using font type of Times New Roman and a point size of 14.

Dated:  May 23, 2023   /s/ *Davin M. Rosborough*
Davin M. Rosborough
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2023, I electronically filed this document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

Dated:  May 23, 2023   /s/ *Davin M. Rosborough*
Davin M. Rosborough
*Counsel for Plaintiffs*