IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | Master Case No.: 1:21-MI-55555-JPB |

**STATE DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO EXTEND DEADLINES TO FILE OPPOSITIONS TO
SEVERAL PRELIMINARY INJUNCTION MOTIONS**

On the same day shortly before the close of expert discovery, multiple Plaintiffs filed lengthy preliminary-injunction motions targeting various provisions of Senate Bill 202 ("SB 202"). By timing their filings to coincide with one another, Plaintiffs have placed an unreasonable burden on all Defendants, whereby, without an extension, they must respond to each of these motions by May 31, 2023. And, because State Defendants are already required to respond to another preliminary-injunction motion by June 1, 2023, the current schedule would require State Defendants and their counsel to file four separate oppositions to preliminary-injunction motions over two days. As State Defendants explained in their motion for extension of time [Doc. 555],

that schedule is unreasonable, and it would strip Defendants of the opportunity to provide the Court with a thorough response to each motion.[1]

In their opposition, Plaintiffs rely on an argument this Court has already rejected. Plaintiffs continue to characterize this as a run-of-the-mill case that should generally follow the briefing schedules provided by this Court's Local Rules. And Plaintiffs continue to discuss each preliminary-injunction motion in isolation, as though there were no other competing deadlines requiring Defendants' attention.[2]

That is the same argument Plaintiffs made when they asked the Court to reject an extension of the discovery schedule and to maintain an infeasible schedule for summary judgment motions. [Doc. 482 at 2]. Recognizing the unique circumstances of this case, which includes more than 20 distinct claims

---

[1] The recently filed extension motion was captioned as being filed only on behalf of State Defendants. [Doc. 555]. But the relief requested in that motion clearly encompassed the deadline for District Attorney Edwards to respond to the preliminary-injunction motion filed by the NGP Plaintiffs. *See id.* at 3-4 (requesting that the Court consolidate and extend the deadline for responses to the NGP motion, and the similar motion filed by the AME and NAACP Plaintiffs).

[2] On this, Plaintiffs notably fail to respond to State Defendants' discussion of the competing deadlines in the related *Coalition for Good Governance* litigation. [Doc. 555 at 3 n.1]. Those depositions and briefing deadlines make it all the more difficult to respond to these preliminary-injunction motions on the compressed schedule Plaintiffs demand.

and more than one million pages of documents, the Court rejected Plaintiffs' argument that traditional schedules should govern. [Doc. 496 at 3]. Rather, the Court vacated the earlier schedule for summary judgment motions and stated that, in such a complex case, "it is likely that the summary judgment deadlines set forth in the Local Rules will need to be modified." *Id.*

The same is true here: The deadlines set forth in the Local Rules need to be modified for these motions. And Defendants have proposed a reasonable schedule that balances Plaintiffs' desire to proceed quickly with the need to ensure each opposition thoroughly addresses the arguments and the record.

1. For the motions challenging SB 202's limitations on giving things of value to voters in line, the Plaintiffs repeatedly state that no extension is appropriate because the AME and NAACP Plaintiffs previously agreed to an extension of the deadline to respond to their motion. [Doc. 556 at 2]. But that misses the point. Additional time is not needed because of that motion. Rather, additional time is needed because, three weeks after the AME and NAACP Plaintiffs filed their motion, the NGP Plaintiffs filed a separate motion

challenging the same provision of SB 202 but raising distinct arguments and relying on separate parts of the record.[3]  [Doc. 547].

Because it would be highly inefficient for the Defendants and the Court to address two motions challenging the same provision of SB 202 on separate schedules, Defendants' motion requested that the Court consolidate the briefing on these two motions.  And, because the NGP motion was only recently filed, additional time is needed to compose that consolidated opposition.  Accordingly, allowing the State Defendants and DA Edwards to respond to these motions by June 15, 2023, fairly balances Plaintiffs' desire to move quickly with Defendants' interest in thoroughly addressing these arguments.  And Plaintiffs have not identified any reason that an additional two weeks will substantially alter their ability to pursue preliminary injunctive relief.  Of course, State Defendants are willing to consent to a similar extension request for Plaintiffs' replies.

2.  The same is true for the other preliminary-injunction motions: the NAACP's motion challenging SB 202's requirement to include a birthdate on the absentee-ballot envelope, [Doc. 548], and AME's motion challenging SB

---

[3] Although they do not offer any explanation for their position, the NGP Plaintiffs appear to resist *any* extension of the deadline to respond to their preliminary-injunction motion, which is currently due by May 31, 2023.

4

202's limitations on handling absentee ballots and on dropboxes, [Doc. 546]. Had the NAACP and AME Plaintiffs wished to avoid separate extension requests and briefing schedules, they could have included these claims in the preliminary-injunction motion they jointly filed on April 24, 2023. [Doc. 535]. But they opted not to do so, waiting to file these motions weeks later. And that decision creates a much more complicated and burdensome schedule for all parties involved.

Indeed, as State Defendants explained (at 4-5), these new motions present arguments that the parties have not previously addressed on the merits, which Plaintiffs concede (at 4-5) when they point only to motions to dismiss filed years ago. Considering the entirely different legal questions presented here, and the fact that the parties have now exchanged more than a million pages of documents and conducted dozens of depositions, the previous briefing on motions to dismiss will do little to allow State Defendants to reduce the time needed to respond to these motions.

Equally misguided is Plaintiffs' argument that responding to these motions will not be burdensome because the attachments to the motions included materials "disclosed during discovery" or that "are publicly available." [Doc. 556 at 6]. Once again, that answers the wrong question. State Defendants do not dispute that some of the materials attached to these motions

5

were produced during discovery—although Plaintiffs also acknowledge (at 5) that they have attached more than a dozen *new* declarations. Instead, as State Defendants explained (at 4-5), the problem is that Defendants must review those exhibits *and* the entire discovery record for evidence addressing these claims. Considering the volume of discovery, that is an enormous task on its own. But it is compounded by the State Defendants' needing to do the same thing for multiple preliminary-injunction motions at the same time. Accordingly, extending the response deadlines for these motions will ensure State Defendants have sufficient time to provide the Court with a thorough response to each of Plaintiffs' arguments. And, here again, State Defendants are willing to consent to a similar extension request for Plaintiffs' replies.

* * * * *

Ultimately, if Plaintiffs were truly concerned about the schedule in this case, they would have diligently coordinated their efforts to file a single preliminary-injunction motion raising these claims at the same time. And they would have consented to a reasonable extension request, rather than requiring the State Defendants to divert their attention to this extended briefing on an extension motion. Instead, Plaintiffs spread their arguments across multiple motions and filed them weeks apart. That lack of coordination has consequences for how the parties and the Court will address those motions.

Here, State Defendants and DA Edwards require additional time to respond to each of these motions, and they have proposed an ambitious schedule whereby they will respond to one motion per week for several weeks. Accordingly, the Court should grant the requested extension motion.

Respectfully submitted this 24th day of May, 2023.

        Christopher M. Carr
        Attorney General
        Georgia Bar No. 112505
        Bryan K. Webb
        Deputy Attorney General
        Georgia Bar No. 743580
        Russell D. Willard
        Senior Assistant Attorney General
        Georgia Bar No. 760280
        Elizabeth Vaughan
        Assistant Attorney General
        Georgia Bar No. 762715
        **State Law Department**
        40 Capitol Square, S.W.
        Atlanta, Georgia 30334

        */s/ Gene C. Schaerr*
        Gene C. Schaerr*
        Special Assistant Attorney General
        Erik Jaffe*
        H. Christopher Bartolomucci*
        Brian J. Field*
        Cristina Martinez Squiers*
        Edward H. Trent*
        Nicholas P. Miller*
        Joshua J. Prince*
        Annika Boone Barkdull*
        **SCHAERR | JAFFE LLP**
        1717 K Street NW, Suite 900

Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com

*Admitted pro hac vice*

Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com.
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
**Taylor English Duma LLP**
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
(678) 336-7249

*Counsel for State Defendants*