UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | Master Case No.<br>1:21-MI-55555-JPB |

**JOINT STATUS REPORT AND PROPOSALS
REGARDING SUMMARY JUDGMENT**

Pursuant to the Court's March 17, 2023 Order (Doc. 496) and May 25, 2023 Docket Entry, the Consolidated Plaintiffs, State Defendants, and Intervenor Defendants submit the following status report and proposals regarding summary judgment briefing.

**1.    Timing for Summary Judgment Briefing and Any Remaining Motions for Preliminary Injunction Related to the 2024 Election**

Because the Plaintiffs have filed motions for preliminary injunction seeking relief in advance of the 2024 election (*see* Doc. Nos. 535, 537, 546, 547, 548 & 566), the parties propose that motions for summary judgment be due after the briefing for the motions for preliminary injunction is complete. Accordingly, the Consolidated Plaintiffs, State Defendants, and Intervenor Defendants propose the following schedule for summary judgment motions:

1

| Event | Deadline |
|---|---|
| Filing any other motions for preliminary injunction seeking to affect the 2024 election | June 9, 2023 |
| Motions for summary judgment | 9 weeks after the last reply brief is filed relating to motions for preliminary injunction* |
| Oppositions to motions for summary judgment | 8 weeks after motions for summary judgment are filed |
| Reply briefs in support of motions for summary judgment | Plaintiffs propose that reply briefs be due 6 weeks after oppositions to the motions for summary judgment are filed.<br><br>State Defendants propose that reply briefs be due 10 weeks after oppositions to the motions for summary judgment are filed.** |

* State Defendants and Intervenor Defendants reserve the right to seek to amend the deadline to file motions for summary judgment if the Court schedules hearing(s) on the motions for preliminary injunction.

** Considering that State Defendants will be filing at least six separate reply briefs, they do not believe it is feasible to complete that task in just 6 weeks. Indeed, even 10 weeks will be an ambitious schedule for that many briefs.

**2.      Topics for Summary Judgment**

The Consolidated Plaintiffs will not file a motion for summary judgment on any of their claims that arise under Section 2 of the Voting Rights Act, 52 U.S.C. § 10301 or that allege that Senate Bill 202 was filed with the intent to discriminate in violation of the Fourteenth and Fifteenth Amendments to the United States Constitution.[1]  If any of the Consolidated Plaintiffs file a motion for summary judgment, they will file a single, joint motion on one claim.

State Defendants plan to file motions for summary judgment on the claims in each consolidated case, including jurisdictional issues where appropriate. State Defendants propose separate briefing on jurisdiction and by topic, as discussed below.

The Intervenor Defendants plan to seek summary judgment on all claims. To avoid duplicative briefing, the Intervenor Defendants intend to join as much of the State Defendants' briefing as possible, and may file a single brief for all cases addressing key issues for the Court to resolve on summary judgment.

---

[1]  Due to the typically fact-intensive nature of intent and other claims, Plaintiffs maintain that summary judgment is not the appropriate vehicle to resolve these claims given the record developed here.  *See, e.g.*, *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999) (finding that a legislature's "motivation is itself a factual question").  State Defendants disagree with Plaintiffs' suggestion, as they will demonstrate in their forthcoming motion for summary judgment.

### 3. Structure of Motions for Summary Judgment

Pursuant to the Court's March 17, 2023 Order (Doc. 496), the parties discussed various options for the most efficient way to present summary judgment motions. The parties reached agreement on the filing of consolidated sets of facts, but not on the structure of the motions. Accordingly, the parties propose that they file consolidated statements of facts that will pertain to all cases as follows:

- State Defendants and Intervenor Defendants will file one statement of material facts in support of their summary judgment motions, pursuant to LR 56.1(B)(1), limited to 1,000 paragraphs.

- Consolidated Plaintiffs will file one statement of material facts in support of their summary judgment motion, pursuant to LR 56.1(B)(1), limited to 1,000 paragraphs.

- State Defendants and Intervenor Defendants will file one statement of additional facts, pursuant to LR 56.1(B)(2)(b), limited to 1,000 paragraphs.

- Consolidated Plaintiffs will file one statement of additional facts, pursuant to LR 56.1(B)(2)(b), limited to 1,000 paragraphs.

The parties were unable to reach agreement on the most efficient way to present the motions and each present their proposals below.

     **a.**    **Consolidated Plaintiffs' Proposal**

The Consolidated Plaintiffs propose that one motion for summary judgment may be submitted per side in each of the six cases, addressing all relevant issues in that case (including any jurisdictional issues), but the parties may incorporate by reference arguments made in other motions so as to eliminate duplication. This structure will result in six motions filed by the Defendants (one per case) and, as noted above, at most, one motion filed by the Consolidated Plaintiffs.

Dividing the motions for summary judgment by case, and allowing for parts of other briefs to be incorporated by reference, is the most appropriate and efficient structure for several reasons. First, separating the challenged provisions into different motions does not allow for proper consideration of the Plaintiffs' claims under Section 2 of the Voting Rights Act, 52 U.S.C. § 10301 or the Fourteenth and Fifteenth Amendments to the United States Constitution, which requires a consideration of the "totality of circumstances." 52 U.S.C. § 10301(b). To succeed under Section 2, "Plaintiffs must either prove [discriminatory] intent, or, alternatively, must show that the challenged system or practice, in the context of *all the circumstances in the jurisdiction in question*, results in minorities being denied equal access to the political process." *Chisom v. Roemer*, 501 U.S. 380, 394 n.21 (1991) (emphasis added) (quoting S. Rep. No. 97-417, at 27 (1982)); *see also*

*United States v. Georgia*, 574 F. Supp. 3d 1245, 1251 (N.D. Ga. 2021) (quoting *Chisom*, 501 U.S. at 394 n.21).  Here, the Plaintiffs allege that the challenged provisions, both standing alone and taken together, bear more heavily on minority voters as a group than on white voters—an important starting point for an intent inquiry.  *See Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266 (1977); *Clingman v. Beaver*, 544 U.S. 581, 607-08 (2005) ("A panoply of regulations, each apparently defensible when considered alone, may nevertheless have the combined effect of severely restricting participation and competition.") (O'Connor, J., concurring in part and concurring in the judgment).

    Second, the State Defendants have indicated that they desire to file a single combined jurisdictional motion spanning all cases.  Any motion challenging the standing of a plaintiff will, by necessity, be very fact-specific and case-specific.  *See Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (requirements needed to establish standing under Article III of the United States Constitution).  Having one summary judgment motion per case, and including in it any jurisdictional issues, would allow for the plaintiffs in each separate case to address their own, specific facts in conjunction with the merits of their claims.  The combined briefing across cases that Defendants request

would require duplicating facts for each of the dozens of Plaintiffs across numerous separate briefs for standing and for other issues.

Third, keeping motions for summary judgment assigned by case will aid in the administration of the cases. Once the Court issues decisions in each case, it will be clear which plaintiffs and/or which claims have been decided and which remain.

### b. State Defendants' Proposal

State Defendants propose that the parties file summary-judgment motions divided by challenged provision of SB 202, rather than motions separated by case. State Defendants maintain that this structure will reduce the inefficiency of discussing the same challenged provision in multiple motions, as there is substantial overlap in challenged provisions across the various cases.

**Jurisdictional Motion**

State Defendants propose a single, omnibus jurisdictional motion for any jurisdictional issues in the six cases that were consolidated for discovery that would specify each plaintiff group and case to which it applied. State Defendants anticipate this brief would need to be no longer than 75 pages. A similar jurisdiction-only motion assisted with the resolution of *Fair Fight Action, Inc. v. Raffensperger*, No. 1:18-CV-5391-SCJ, 2021 U.S. Dist. LEXIS 261570, at *16

(N.D. Ga. Feb. 16, 2021). Having a single jurisdictional motion reduces the overall number of motions the Court must resolve, especially when the legal issues of standing and mootness will largely be the same across cases. Unlike the merits, which have different factual and legal issues cutting across the various cases, issues of jurisdiction will largely overlap.

**Merits Motions**

State Defendants propose six separate merits motions, divided primarily by challenged provisions, as follows, with the proposed number of pages:

(1) Summary judgment on challenges to the prohibition on providing things of value to voters in line (25 pages);

(2) Summary judgment on challenges to absentee-ballot provisions (e.g., pre-filling prohibition; anti-duplication provision; disclaimer provision; ban on government entities mailing unsolicited applications; limitations on who may handle applications; and identification and signature requirements) (75 pages);

(3) Summary judgment on challenges to rules governing drop boxes and mobile voting units (25 pages);

(4) Summary judgment on challenges to changes in timing (e.g., timing for federal runoff elections; provisions for early voting times; and the deadlines for requesting, mailing, and submitting absentee-ballot applications) (35 pages);

(5)     Summary judgment on intentional discrimination claims (35 pages); and

(6)     Summary judgment on various other provisions, including the rules governing out of precinct provisional voting, voter challenges, and the SEB's power to suspend local election superintendents (25 pages).

State Defendants believe that dividing the motions by topic, while not completely avoiding duplication, is the most efficient way to deal with the common and overlapping facts across the six cases. For example, while different Plaintiff groups challenge the prohibition on providing things of value to voters in line on differing legal theories, the facts to which those different legal theories would apply are the same. Instead of having to restate those facts or create a complicated cross-referencing chart to track legal arguments and facts across multiple motions, dividing by topic allows the least amount of overall duplication—stating a common set of facts, then applying each legal theory from the various cases to those facts.

In a similar broad-based challenge to Georgia election laws following the 2018 election, the Court concluded that, while it ordinarily preferred "to link its conclusions to causes of action, as delineated in the Complaint"; "due to the nature of this case, it is impractical to follow this preferred practice. To this regard, the

Court's analysis and conclusion address claims, more so than causes of action." *Fair Fight Action, Inc. v. Brad Raffensperger*, No. 1:18-CV-5391-SCJ, 2021 U.S. Dist. LEXIS 261570, at *80 n.34 (N.D. Ga. Feb. 16, 2021). State Defendants submit that a similar process of focusing on claims instead of causes of action fits here.

**Hearing**

State Defendants also propose that the Court hold a hearing or status conference regarding the best path forward on the upcoming motions to allow full discussion of the best options for moving this case toward a resolution on the merits.

  **c. Intervenor Defendants' Proposal**

Intervenor Defendants agree with the State Defendants' proposed briefing structure but, as a different party with different interests, believe that a different structure of briefing from Intervenors may better aid the Court. Consistent with their pledge to reduce duplicative briefing, Intervenors request permission to file: (1) a single 60-page brief in support of summary judgment for all cases, (2) a single 30-page reply in support of summary judgment, and (3) a single response to Plaintiffs' consolidated summary judgment motions, with a page limit equal to the page limit of Plaintiffs' motions.

Date:  June 2, 2023

Respectfully submitted,

RYAN K. BUCHANAN
United States Attorney
Northern District of Georgia

ELISE BODDIE
Principal Deputy Assistant
Attorney General

/s/ *Aileen Bell Hughes*
AILEEN BELL HUGHES
Georgia Bar No. 375505
Assistant U.S. Attorney
Office of the United States Attorney
600 U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303
Phone: (404) 581-6000
Fax: (404) 581-6181

/s/ *Maura Eileen O'Connor*
T. CHRISTIAN HERREN, JR.
JOHN A. RUSS IV
JASMYN G. RICHARDSON
RACHEL R. EVANS
ERNEST A. MCFARLAND
MAURA EILEEN O'CONNOR
ELIZABETH M. RYAN
SEJAL JHAVERI
J. ERIC RICH
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.139
Washington, D.C. 20530
Phone: (800) 253-3931
Fax: (202) 307-3961
jasmyn.richardson@usdoj.gov

*Counsel for Plaintiff United States*

Christopher M. Carr
Attorney General
Georgia Bar No. 112505

11

Bryan K. Webb
Deputy Attorney General
Georgia Bar No. 743580
Russell D. Willard
Senior Assistant Attorney General
Georgia Bar No. 760280
Elizabeth Vaughan
Assistant Attorney General
Georgia Bar No. 7627156
**State Law Department**
40 Capitol Square, S.W.
Atlanta, Georgia 30334

Gene C. Schaerr*
Special Assistant Attorney General
Erik Jaffe*
H. Christopher Bartolomucci*
Donald M. Falk*
Brian J. Field*
Cristina Martinez Squiers*
Edward H. Trent*
Nicholas P. Miller*
Joshua J. Prince*
Annika Boone Barkdull*
**SCHAERR | JAFFE LLP**
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com
*Admitted pro hac vice*

*/s/Bryan P. Tyson*
Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272

12

bjacoutot@taylorenglish.com
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Donald P. Boyle, Jr.
Georgia Bar No. 073519
dboyle@taylorenglish.com
Deborah A. Ausburn
Georgia Bar No. 028610
dausburn@taylorenglish.com
Daniel H. Weigel
Georgia Bar No. 956419
dweigel@taylorenglish.com
Tobias C. Tatum, Sr.
Georgia Bar No. 307104
ttatum@taylorenglish.com
**Taylor English Duma LLP**
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
(678) 336-7249

*Counsel for State Defendants*


*/s/ William Bradley Carver*
JOHN E. HALL, JR.
WILLIAM BRADLEY CARVER, SR.
BAXTER D. DRENNON
JAKE EVANS
Hall Booth Smith, P.C.
191 Peachtree Street NE, Suite 2900
Atlanta, Georgia 30303
(404) 954-5000

CAMERON T. NORRIS*
GILBERT C. DICKEY*
TYLER R. GREEN*

13

Consovoy McCarthy PLLC
1600 Wilson Boulevard, Suite 700
Arlington, Virginia 22209
(703) 243-9423

*admitted pro hac vice

*Counsel for Intervenor Defendants*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(D)

Pursuant to Local Rule 7.1(D), I certify that the foregoing document was prepared in Times New Roman 14-point font in compliance with Local Rule 5.1(C).

*/s/ Maura Eileen O'Connor*
Maura Eileen O'Connor
Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2023, I electronically filed the foregoing with the clerk of the court using the CM/ECF system, which will send notification of this filing to counsel of record.

*/s/ Maura Eileen O'Connor*
Maura Eileen O'Connor
Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice
