# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | Master Case No.:<br>1:21-MI-55555-JPB |
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>THE STATE OF GEORGIA, *et al.*,<br><br>*Defendants*,<br><br>REPUBLICAN NATIONAL COMMITTEE, *et al.*,<br><br>*Intervenor-Defendants*. | Civil Action No.:<br>1:21-CV-02575-JPB |

**STATE DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON INTERVENING CIRCUIT AUTHORITY**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

INTRODUCTION ............................................................................................... 1

ARGUMENT ....................................................................................................... 1

    I.    DOJ's Discriminatory-Intent Claim Is Not Cognizable Under *League of Women Voters* and Predecessor Decisions. ......................... 1

    II.    This Court May Not Decline to Follow *League of Women Voters* Based on a Former Fifth Circuit Decision from 1984. ........................ 5

    III.    New Supreme Court Authority Further Confirms There Is No "Intent Test" Under Section 2. ........................................................... 6

    IV.    DOJ Did Not Move to Amend its Complaint or Move to Intervene in Another SB 202 Case to Address the Problem with its Discriminatory-Intent Claim, and It Is Too Late to Do So Now. ............................................................................................. 8

CONCLUSION .................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Allen v. Milligan*,
  Nos. 21-1086 & 21-1087, 2023 WL 3872517 (U.S. June 8, 2023) ...... 1, 6, 7, 8

*Brnovich v. Democratic Nat'l Comm.*, 141 S. Ct. 2321 (2021) ........................... 6

*Chisom v. Roemer*, 501 U.S. 380 (1991) ...................................................... 6, 7

*Greater Birmingham Ministries v. Sec'y of State for State of Ala.*,
  992 F.3d 1299 (11th Cir. 2021) ................................................................ 4

*Holder v. Hall*, 512 U.S. 874 (1994) ................................................................ 7

*Johnson v. DeSoto County Board of Commissioners*,
  72 F.3d 1556 (11th Cir. 1996) .................................................................. 2

*League of Women Voters of Florida, Inc. v. Florida Secretary
  of State*, 66 F.4th 905 (11th Cir. 2023),
  *pet. for reh'g filed* (May 18, 2023) ....................................................... 1, 2, 4, 5

*McMillan v. Escambia County, Florida*,
  748 F.2d 1037 (Former 5th Cir. 1984) ......................................................... 5

*Mobile v. Bolden*, 446 U.S. 55 (1980) .............................................................. 7

*Reno v. Bossier Parish Sch. Bd.*, 520 U.S. 471 (1997) .................................. 6, 7

*Thornburg v. Gingles*, 478 U.S. 30 (1986) ....................................................... 7

**Statute**

52 U.S.C. § 10301 ............................................................................................ 4

**Rule**

11th Cir. R. 36, I.O.P. 2 .................................................................................... 3

**Other Authority**

S. Rep. No. 97-417, 97th Cong., 2d Sess. (1982) ............................................. 7

## INTRODUCTION

The opposition filed by the U.S. Department of Justice (DOJ) is most striking—even amusing—for its refusal even to *acknowledge* the binding interpretation of Section 2 of the Voting Rights Act in the Eleventh Circuit's opinion in *League of Women Voters* and, more recently, by the U.S. Supreme Court in *Allen v. Milligan*. As Justice Kavanaugh observed in *Allen,* "all Members of this Court today agree … [that] the text of § 2 establishes an effects test, not an intent test." *Allen v. Milligan,* Nos. 21-1086 & 21-1087, 2023 WL 3872517, at *22 (U.S. June 8, 2023) (Kavanaugh, J., concurring) (citing *id.* at *13 (majority op.); *id.* at *23 (Thomas, J., dissenting); and *id.* at *50 (Alito, J., dissenting)). *League of Women Voters* and *Allen* thus squarely foreclose DOJ's discriminatory-intent claim. And, because none of DOJ's other arguments holds water, the motion for judgment on the pleadings should be granted.

## ARGUMENT

**I.  DOJ's Discriminatory-Intent Claim Is Not Cognizable Under *League of Women Voters* and Predecessor Decisions.**

Notwithstanding DOJ's attempts to muddy the water, *League of Women Voters of Florida, Inc. v. Florida Secretary of State*, 66 F.4th 905 (11th Cir. 2023) (*LOWV*), *pet. for reh'g filed* (May 18, 2023), settles the question whether a plaintiff bringing an action under Section 2 of the Voting Rights Act in this

Circuit may assert a discriminatory-purpose (or discriminatory-intent) claim without a discriminatory-effects claim. The answer is no. After *LOWV*, "discriminatory intent alone will not suffice." 66 F.4th at 943. Instead, "a finding of discriminatory impact is necessary to establish a violation of section 2." *Id*. After reviewing circuit precedent, the *LOWV* Court reaffirmed *Johnson v. DeSoto County Board of Commissioners*, 72 F.3d 1556 (11th Cir. 1996), which had held that Section 2's "statutory language expressly requires a showing of discriminatory results, and it admits of no exception for situations in which there is discriminatory intent but no discriminatory results." *Id*. at 1563. *See LOWV*, 66 F.4th at 943.

DOJ admits it brought "a discriminatory purpose claim under Section 2." United States' Opp'n to State Defs.' & Intervenor Defs.' Motions for Judgment on the Pleadings at 3 [Doc. 573] (Opp'n); *see id*. at 8 ("Here, the United States is pursuing a Section 2 intent claim."). But because *LOWV* holds that a showing of "discriminatory intent alone will not suffice" to establish a Section 2 violation, *LOWV*, 66 F.4th at 943, DOJ's claim fails on its face, and therefore, if the Court follows that decision, the State Defendants' Rule 12(c) motion should be granted.

2

That is why DOJ's brief reads like a petition for rehearing en banc urging that *LOWV* was wrongly decided. *See, e.g.*, Opp'n at 11 ("to require a Section 2 plaintiff proceeding on a purpose-based claim to prove that a challenged practice would separately violate Section 2's discriminatory results test … is foreclosed by Supreme Court and earlier circuit precedent"); *id.* at 12 (complaining that *LOWV* "did not discuss" certain cases favored by DOJ). At 20 pages, DOJ's brief is twice as long as the Rule 12(c) motion it opposes. And it relies exclusively on authorities decided *before LOWV*, the intervening (and controlling) decision that prompted the State's motion. DOJ's brief does not even get around to discussing *LOWV* until page 10.

While DOJ would have this Court believe that *LOWV* was wrongly decided, this Court should not take the bait. Even if it wanted to, this Court obviously has no warrant to second-guess the Eleventh Circuit's decision. And here the Eleventh Circuit has spoken loud and clear. *LOWV*'s holding that Section 2 turns on an inquiry into *results*, not *intent*, is binding. *See* 11th Cir. R. 36, I.O.P. 2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

DOJ nonetheless insists that *LOWV* is "best read as holding" that a plaintiff may prove a Section 2 claim by "show[ing] a discriminatory purpose and *some* discriminatory impact." Opp'n at 13 (emphasis added). But *LOWV* cannot be read that way because it does not say that. One would have to re-write *LOWV* to read it that way. Indeed, *LOWV* seems to have anticipated and rebutted DOJ's argument when it explained that, even if "there is some evidence that the [challenged] provision will have a disparate impact, it is not enough to meet section 2's high standard." *LOWV*, 66 F.4th at 943.

As State Defendants explained in their motion for judgment [*see* Doc. 549-1 at 7–8], a discriminatory-results claim requires a plaintiff to allege and prove two things: "First, the challenged law has to 'result in' the denial or abridgment of the right to vote. Second, the denial or abridgment of the right to vote must be 'on account of race or color.'" *Greater Birmingham Ministries v. Sec'y of State for State of Ala.*, 992 F.3d 1299, 1330 (11th Cir. 2021) (quoting 52 U.S.C. § 10301(a)). "In other words, the challenged law must have *caused* the denial or abridgment of the right to vote on account of race." *Id.* (emphasis in original).

DOJ's complaint does not allege these things. Thus, DOJ has not alleged facts sufficient to state a discriminatory-results claim in compliance with the

4

teaching of *Greater Birmingham* and *LOWV*. Tellingly, although State Defendants discussed *Greater Birmingham*'s holding at some length in their motion for judgment [*see* Doc. 549-1 at 7–8], DOJ offers no response.

## II. This Court May Not Decline to Follow *League of Women Voters* Based on a Former Fifth Circuit Decision from 1984.

Instead of engaging with the State's arguments, DOJ argues that *LOWV* conflicts with *McMillan v. Escambia County, Florida*, 748 F.2d 1037 (Former 5th Cir. 1984). *See* Opp'n at 5. But that argument leads nowhere. This Court is obliged to apply *LOWV*, which settled the law in this Circuit, not *McMillan*. *LOWV* has authoritatively construed Section 2 to require a showing of discriminatory results, not discriminatory intent standing alone. And it did so with clear-eyed recognition of the fact that "[o]ur precedents respecting the proper standard are admittedly inconsistent." *LOWV*, 66 F.4th at 943.

In any event, *McMillan* aligns with *LOWV*. There the Fifth Circuit found a Section 2 violation based on a *results* test. *See McMillan*, 748 F.2d at 1046 ("Thus, we find that the record shows a clear violation of the results test adopted by Congress in section 2 of the Voting Rights Act."). The Fifth Circuit's discussion of an intent test, *see id.* at 1046–47, came *after* that holding and thus is either dicta or a mere alternate holding. It does nothing to support DOJ's suggestion that an intent claim alone is sufficient under Section 2.

### III. New Supreme Court Authority Further Confirms There Is No "Intent Test" Under Section 2.

Not only do *LOWV* and *Greater Birmingham* bar DOJ's discriminatory-intent claim, but an even more recent intervening controlling authority does so as well—the Supreme Court's June 8 decision in *Allen v. Milligan*, 2023 WL 3872517. In *Allen*, Justice Kavanaugh observed that, "as this Court has long recognized—and as all Members of this Court today agree—the text of § 2 establishes an effects test, not an intent test." *Id.* at *22 (Kavanaugh, J., concurring) (citing *id.* at *13 (majority op.); *id.* at *23 (Thomas, J., dissenting); and *id.* at *50 (Alito, J., dissenting)).

As Chief Justice Roberts wrote for the five Members of the Court in the majority, "we have reiterated that § 2 turns on the presence of discriminatory effects, not discriminatory intent." *Id.* at *13 (citing, as an example, *Chisom v. Roemer*, 501 U.S. 380, 403–04 (1991)).

Justice Kavanaugh, in his concurring opinion explaining that the Court has "long recognized" that § 2 establishes "an effects test, not an intent test," cited *Chisom* and several other cases. *Id.* at *22; *see also Brnovich v. Democratic Nat'l Comm.*, 141 S. Ct. 2321, 2341 (2021) ("nobody disputes … that § 2 does not demand proof of discriminatory purpose"); *Reno v. Bossier Parish Sch. Bd.*, 520 U.S. 471, 482 (1997) (Congress "clearly expressed its

desire that § 2 *not* have an intent component" (emphasis in original)); *Holder v. Hall*, 512 U.S. 874, 923–24 (1994) (Thomas, J., concurring in judgment) (§ 2 adopts a "'results' test, rather than an 'intent' test"); *Chisom*, 501 U.S. at 394, 404 ("proof of intent is no longer required to prove a § 2 violation" as "Congress made clear that a violation of § 2 could be established by proof of discriminatory results alone"); *Thornburg v. Gingles*, 478 U.S. 30, 71 n.34 (1986) (plurality opinion) (§ 2 does not require "'purpose of racial discrimination'") (quoting S. Rep. No. 97-417, 97th Cong., 2d Sess., at 27–28, n.109 (1982)).

Justice Thomas, in an opinion joined by three other Justices, likewise observed that, "[i]f § 2 prohibited only intentional racial discrimination, there would be no difficulty in finding a clear and workable rule of decision. But the 'results test' that Congress wrote into § 2 to supersede *Mobile v. Bolden*, 446 U.S. 55 (1980), eschews intent as the criterion of liability." *Allen*, 2023 WL 3872517, at *26 (Thomas, J., dissenting) (citing *Bossier Parish Sch. Bd.*, 520 U.S. at 482).

While DOJ's brief cites *Allen* in passing, DOJ failed to inform this Court that the Supreme Court's majority opinion and, indeed, "all Members" of the Court agreed that "§ 2 establishes an effects test, not an intent test." *Allen*,

7

2023 WL 3872517, at *22 (Kavanaugh, J., concurring); *see id.* at *13 (majority opinion). That omission is telling.

Taken together, *LOWV* and *Allen* leave no room to doubt that DOJ's discriminatory-intent claim fails as a matter of law.

**IV.     DOJ Did Not Move to Amend its Complaint or Move to Intervene in Another SB 202 Case to Address the Problem with its Discriminatory-Intent Claim, and It Is Too Late to Do So Now.**

In yet another move revealing the weakness of its arguments, DOJ ends with a plea for leave to amend its complaint or intervene in another SB 202 case. *See* Opp'n at 20 n.8. But DOJ has not filed a motion to amend or a motion to intervene, and it is too late to do so at this stage in the litigation. It would be improper for this Court to grant any relief to DOJ based on the single sentence in footnote 8 of the Opposition. DOJ has been on notice of the grave problem with its discriminatory-intent claim ever since State Defendants filed their motion to dismiss, at the outset of this litigation. Over the intervening months and years, DOJ had ample time to seek to amend its complaint or to move to intervene in one of the other SB 202 cases, yet it did neither. DOJ chose to test its luck with its intent claim and must live with the consequences of that choice.

8

**CONCLUSION**

For the foregoing reasons, as well as those stated in their prior brief supporting their motion, State Defendants should be granted judgment on the pleadings based on the controlling intervening authority of *League of Women Voters* and *Allen*.

Respectfully submitted,

Christopher M. Carr
Attorney General
Georgia Bar No. 112505
Bryan K. Webb
Deputy Attorney General
Georgia Bar No. 743580
Russell D. Willard
Senior Assistant Attorney General
Georgia Bar No. 760280
Elizabeth Vaughan
Assistant Attorney General
Georgia Bar No. 762715
**State Law Department**
40 Capitol Square, S.W.
Atlanta, Georgia 30334

9

*/s/ Gene C. Schaerr*
Gene C. Schaerr*
Special Assistant Attorney General
Erik Jaffe*
H. Christopher Bartolomucci*
Brian J. Field*
**SCHAERR | JAFFE LLP**
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com
*\*Admitted pro hac vice*

Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
Bryan F. Jacoutot
Georgia Bar No. 668272
Diane Festin LaRoss
Georgia Bar No. 430830
Deborah A. Ausburn
Georgia Bar No. 028610
Daniel H. Weigel
Georgia Bar No. 956419
Tobias C. Tatum, Sr.
Georgia Bar No. 307104
**Taylor English Duma LLP**
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
(678) 336-7249
btyson@taylorenglish.com

*Counsel for State Defendants*

Dated:  June 22, 2023

10

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing motion reply was prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Gene C. Schaerr*
Gene C. Schaerr
