# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | Master Case No.:<br>1:21-MI-55555-JPB |

## STATE DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE MOTIONS FOR SUMMARY JUDGMENT

State Defendants respectfully request a one-week extension of their deadline to file motions for summary judgment. Those motions are currently due by October 26, 2023. *See* ECF No. 580. As set forth below, there is good cause to grant the requested relief, which will not substantially delay the proceedings in this matter. In advance of filing this Motion, counsel for State Defendants conferred with counsel for Plaintiffs, and Plaintiffs oppose the requested relief.

In this case, Plaintiffs filed several motions for preliminary injunctions, and the parties jointly requested that motions for summary judgment be due after briefing on those preliminary injunction motions was complete. *See* ECF No. 571 at 1. At that time, the parties agreed to propose that summary judgment motions be due 9 weeks after the last reply brief is filed relating to motions for preliminary injunction. *See id.* at 2. And, as State Defendants

explained the parties' joint status report, they "reserve[d] the right to seek to amend the deadline to file motions for summary judgment if the Court schedules hearing(s) on the motions for preliminary injunction." *Id.*

On May 30, 2023, Plaintiffs filed a motion for a preliminary injunction on their intentional-discrimination claims (ECF No. 566), and, at Plaintiffs' request (ECF No. 611), the Court scheduled an evidentiary hearing. With just one week to prepare for that hearing, State Defendants were required to divert substantial attention away from summary judgment briefing to prepare for the hearing that the Court held on September 22, 2023. That delay has substantially impaired State Defendants' ability to complete the summary judgment motions by October 26, 2023.[1]

To be sure, Plaintiffs may not have experienced the same scheduling impact from the hearing, as they will be filing at most a single summary judgment motion. *See* ECF No. 571 at 3. State Defendants, however, are currently preparing seven motions for summary judgment to address Plaintiffs' myriad claims. Those motions will span nearly 300 pages, and they will be supported by a statement of material facts with up to 1,000 paragraphs.

---

[1] For the same reasons, the Court recently granted a similar one-week extension in related litigation. *See* Min. Order, *Coalition for Good Governance v. Raffensperger*, No. 1:21-cv-2070-JPB (N.D. Ga. Sept. 22, 2023).

That is an enormous task, and State Defendants require a brief extension of time to ensure that they can provide the Court and Plaintiffs with motions that thoroughly address the many issues raised in these cases.

As noted above, Plaintiffs oppose this brief extension of time. In the main, Plaintiffs oppose this short extension for two reasons: (1) the schedule has been known since June 16, 2023, and thus State Defendants have had adequate time to work on the motions for summary judgment; and (2) altering State Defendants' deadline will negatively impact Plaintiffs' schedule.

On the first, State Defendants do not dispute that the Court entered its scheduling order on June 16, 2023. But that misses the point. Rather, the parties spent the next two months briefing many preliminary injunction motions, where the last reply brief was not filed under August 24, 2023. *See* ECF No. 618. That is why the parties jointly proposed that summary judgment briefing would be delayed until nine weeks after the final reply brief was filed. Because State Defendants lost one of those weeks to preparing for the hearing that Plaintiffs requested, it is reasonable to extend the summary judgment schedule by one week.[2]

---

[2] Additionally, while Plaintiffs state that the parties have been aware of the briefing schedule since June, State Defendants note that the parties were also aware that State Defendants would seek an extension of that schedule if a hearing was scheduled on the preliminary injunction motions. Knowing that

3

Regarding Plaintiffs' second objection, State Defendants appreciate that a similar one-week extension of the opposition deadline would make oppositions due by December 28, 2023. Understanding that this falls during the holidays, State Defendants offered to discuss any additional time Plaintiffs wished for the oppositions to minimize any scheduling issues. Other than stating their opposition to this Motion, Plaintiffs have not suggested any alternative dates for the opposition deadline. State Defendants reiterate their willingness to consent to the Court's providing additional time for the summary judgment oppositions to account for the holidays.

For the foregoing reasons, State Defendants request that the Court extend by one week the deadline for submitting summary judgment motions. Such a brief extension of time will not substantially delay the resolution of these motions. As noted, Plaintiffs oppose this request. State Defendants respectfully request that the Court direct Plaintiffs to file any response to this Motion by October 3, 2023, and State Defendants will file any reply by October 4, 2023. State Defendants requested Plaintiffs' position on September 19, 2023, but Plaintiffs were not able to provide a position until September 28, 2023. Expediting briefing on this Motion will ensure that the Court can resolve

---

to be the case, Plaintiffs requested a hearing on their motion. They were thus on notice that such a hearing would impact the summary judgment briefing.

the Motion quickly enough to allow the parties to prepare their summary judgment motions.

Respectfully submitted this 29th day of September, 2023.

        Christopher M. Carr
        Attorney General
        Georgia Bar No. 112505
        Bryan K. Webb
        Deputy Attorney General
        Georgia Bar No. 743580
        Russell D. Willard
        Senior Assistant Attorney General
        Georgia Bar No. 760280
        Elizabeth Vaughan
        Assistant Attorney General
        Georgia Bar No. 762715
        **State Law Department**
        40 Capitol Square, S.W.
        Atlanta, Georgia 30334

        */s/ Gene C. Schaerr*
        Gene C. Schaerr*
        Special Assistant Attorney General
        Erik Jaffe*
        H. Christopher Bartolomucci*
        Donald M. Falk*
        Brian J. Field*
        Edward H. Trent*
        Nicholas P. Miller*
        Annika B. Barkdull*
        **SCHAERR | JAFFE LLP**
        1717 K Street NW, Suite 900
        Washington, DC 20006
        (202) 787-1060
        gschaerr@schaerr-jaffe.com

        *\*Admitted pro hac vice*

>Bryan P. Tyson
>Special Assistant Attorney General
>Georgia Bar No. 515411
>btyson@taylorenglish.com
>Bryan F. Jacoutot
>Georgia Bar No. 668272
>bjacoutot@taylorenglish.com.
>Diane Festin LaRoss
>Georgia Bar No. 430830
>dlaross@taylorenglish.com
>**Taylor English Duma LLP**
>1600 Parkwood Circle
>Suite 200
>Atlanta, Georgia 30339
>(678) 336-7249
>
>*Counsel for State Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), I certify that this document has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Gene C. Schaerr*
Gene C. Schaerr
