IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | Master Case No.:<br>1:21-MI-55555-JPB |

**STATE DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR EXTENSION OF TIME TO FILE MOTIONS FOR
SUMMARY JUDGMENT**

Considering the magnitude of the claims and record in this case, State Defendants' request for a one-week extension of the summary judgment briefing schedule is entirely reasonable. Indeed, this Court already recognized the complexity of this case when it vacated an early summary judgment briefing schedule. *See* ECF No. 496 at 3.

Contrary to Plaintiffs' suggestion, there is good cause for State Defendants' modest request. When the parties negotiated the present schedule, State Defendants explained that they would need additional time for their summary judgment motions if the Court scheduled a hearing on the preliminary injunction motions. *See* ECF No. 571 at 2. It is of no moment that, as Plaintiffs suggest (ECF No. 671 at 3), they had requested an evidentiary hearing as early as May 30, 2023. It was not Plaintiffs' *request* for a hearing that triggered State Defendants' need for an extension. Rather, it was the

*scheduling* of the hearing, which required State Defendants to devote their entire efforts over one week to preparing for that hearing. Unsurprisingly, that delayed their ability to complete the multiple summary judgment motions that are currently due by October 26, 2023.

In the main, the private Plaintiffs object to State Defendants' extension request because an equivalent extension of the opposition deadline would impact holiday plans. To be sure, State Defendants appreciate that impact, which is why State Defendants offered to discuss alternative scheduling arrangements that could be made for the opposition deadline to alleviate such issues.[1] Unfortunately, Plaintiffs did not engage with State Defendants on that offer during the meet and confer process. However, State Defendants agree with the proposal Plaintiffs make in the conclusion of their opposition (*see* ECF No. 671 at 4–5), where the Court only extends the summary judgment deadline now, and the parties evaluate any additional extensions needed for the remaining briefing deadlines after the summary judgment motions have been filed.

Beyond holidays, the private Plaintiffs raise a passing concern that an extension could impact the final resolution of these cases. *See* ECF No. 671

---

[1] Of note, the extension of opposition deadlines will impact all parties filing oppositions, not just Plaintiffs.

at 2. But that is why the parties negotiated deadlines for preliminary injunction motions. Plaintiffs were able to (and did) file motions for preliminary injunctions where they were concerned about the current timeline. A modest one-week extension of the briefing schedule will have no material impact on the final resolution of Plaintiffs' claims.

Although the Department of Justice ("DOJ") filed a separate opposition, *see* ECF No. 672, it duplicates many of these concerns. Each is misplaced. For instance, DOJ focuses on the earlier schedule in this case and continues to compare the schedule here to schedules in run-of-the-mill civil litigation. *See id.* at 1–2. This Court has already rejected that comparison, recognizing that complex cases result in extended schedules. *See* ECF No. 496 at 3. Indeed, the private Plaintiffs and DOJ could have coordinated to bring narrower claims. But they chose not to do so, and they cannot now complain about the obvious result of that decision.

Additionally, DOJ fixates on the time between close of discovery and the current summary judgment deadline. *See* ECF No. 672 at 3. But that is the wrong lens for viewing this issue. Indeed, the parties already agreed to calculate the summary judgment deadlines based on the completion of preliminary injunction briefing, recognizing that Plaintiffs' filing of more than five preliminary injunction motions effectively precluded State Defendants

from turning their attention to summary judgment motions until after that briefing was completed.

Ultimately, the current schedule prevents State Defendants from being able to provide the Court with a sufficiently thorough discussion of the various ways Plaintiffs have failed to carry their burdens. Accordingly, the Court should grant State Defendants' request for a brief extension of this deadline.

Respectfully submitted this 3rd day of October, 2023.

> Christopher M. Carr
> Attorney General
> Georgia Bar No. 112505
> Bryan K. Webb
> Deputy Attorney General
> Georgia Bar No. 743580
> Russell D. Willard
> Senior Assistant Attorney General
> Georgia Bar No. 760280
> Elizabeth Vaughan
> Assistant Attorney General
> Georgia Bar No. 762715
> **State Law Department**
> 40 Capitol Square, S.W.
> Atlanta, Georgia 30334
>
> */s/ Gene C. Schaerr*
> Gene C. Schaerr*
> Special Assistant Attorney General
> Erik Jaffe*
> H. Christopher Bartolomucci*
> Brian J. Field*
> Nicholas P. Miller*
> Annika B. Barkdull*
> **SCHAERR | JAFFE LLP**

4

1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com

*Admitted pro hac vice*

Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com.
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
**Taylor English Duma LLP**
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
(678) 336-7249

*Counsel for State Defendants*