IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | Master Case No. 1:21-MI-55555-JPB |

**CONSOLIDATED PLAINTIFFS' JOINT MOTION FOR LEAVE
TO FILE EIGHT RESPONSE BRIEFS AND FOR EXCESS PAGES**

To promote efficient adjudication of the summary judgment motions, Consolidated Plaintiffs jointly submit this Motion for Leave: (1) to file eight briefs in response to the eight motions for summary judgment filed by State Defendants and Intervenor Defendants and (2) to file memoranda of law that exceed this Court's page limits under Local Rule 7.1(D). To limit further disruption to the summary judgment schedule, Consolidated Plaintiffs also respectfully request that the Court expedite the briefing schedule and review for this Motion.

1. **Background**

On June 16, 2023, the Court adopted State and Intervenor Defendants' proposal as to the structure and timing of presenting summary judgment motions (*See* Docs. 571 & 580). That proposal and the Court's order did not address the response structure to these motions. After the Court granted State and Intervenor Defendants' subsequent motions for extensions of time and an unopposed motion for further page extensions (Docket Entries October 4, 12, 26), State Defendants filed six merits motions and one

jurisdictional motion for summary judgment, and Intervenor Defendants filed one additional motion for summary judgment (Docs. 757, 758, 759, 760, 761, 762, 763, 764). No Plaintiff moved for summary judgment.

### 2. Structure of Responses to Motions for Summary Judgment

Because State Defendants filed summary judgment motions organized by challenged provision rather than by case (plus a jurisdictional motion), each Consolidated Plaintiff now confronts multiple motions seeking summary judgment on the claims it has brought in this case. And in most cases, each cause of action is dispersed across multiple motions.[1] Consolidated Plaintiffs discussed various options for the most efficient way to respond to the summary judgment motions, focusing on eliminating duplication and making clear the scope and factual basis for each of the claims on which the Defendants have moved for summary judgment. Rather than each Consolidated Plaintiff filing a separate brief in response to each of the motions directed at it (resulting in over 30 response briefs), the six Consolidated Plaintiffs propose consolidating their responses in eight total response briefs in the following structure:

(1) Jurisdictional Response to Jurisdictional Motion: a response to State Defendants' jurisdictional motion covering the six cases that were

---

[1] For example, the AME plaintiffs' Section 2 results claim is addressed in seven separate motions, including the State's jurisdictional motion and the Intervenor Defendants' motion. Their ADA claim is addressed in six different motions.

2

consolidated for discovery;

(2) Response to Summary Judgment on First Amendment claims regarding the prohibition on line relief;

(3) Response to Summary Judgment on the Civil Rights Act claims regarding the materiality of the date-of-birth requirement related to absentee voting;

(4) Response to Summary Judgment on the Americans with Disabilities Act and Rehabilitation Act claims;

(5)–(6) Response to Summary Judgment on the statutory and constitutional intentional race discrimination claims and one supplemental brief on behalf of Asian American and Pacific Islander voters (Section 2 of the Voting Rights Act and the Fourteenth and Fifteenth Amendments);

(7) Response to Summary Judgment on the statutory and constitutional claims alleging discriminatory results and undue burden (Section 2 of the VRA and the First and Fourteenth Amendments (*Anderson/Burdick*));

(8) Response to Summary Judgment on the First Amendment claim regarding the right to political association and expression.

Consolidated Plaintiffs believe this proposal allows for the most efficient adjudication of the summary judgment motions because it avoids as much duplication as possible by grouping similar legal theories (and the multi-factored analyses they

require) within a single response, minimizes separate briefs by separate plaintiff groups, and, importantly, will make clear the scope and factual basis for each claim on which Defendants have moved for summary judgment.

Moreover, several of plaintiffs' claims, including those alleging intentional race discrimination and discriminatory results, require the Court to conduct a totality of circumstances analysis. *See* 52 U.S.C. § 10301(b); *Washington v. Davis*, 426 U.S. 229, 242 (1976). To examine these claims, the Court must consider, among other things, the cumulative effect of the challenged provisions of SB 202. *See, e.g.*, *Clingman v. Beaver*, 544 U.S. 581, 607-08 (2005) (O'Connor, J., concurring in part and concurring in the judgment) ("A panoply of regulations, each apparently defensible when considered alone, may nevertheless have the combined effect of severely restricting participation and competition."); *League of Women Voters v. North Carolina (LWV)*, 769 F.3d 224, 242 (4th Cir. 2014) (Section 2 discriminatory results claim); *see also Libertarian Party v. Blackwell*, 462 F.3d 579, 585-86 (6th Cir. 2006) (citing *Williams v. Rhodes*, 393 U.S. 23, 34 (1968)) (*Anderson/Burdick* claim). Inspecting the different parts of SB 202 separately, as State Defendants' provision-based approach entails, "is hard to square with Section 2's mandate to look at the 'totality of the circumstances.'" *LWV*, 769 F.3d at 242 (in a Section 2 results case, holding that "looking at each provision separately and failing to consider the totality of the circumstances" was legal

error). Organizing response briefs around the *claims* on which the Defendants have moved for summary judgment, as the Consolidated Plaintiffs' proposal does, will assist the Court in conducting the required legal analysis.

State Defendants informed counsel for the United States that they oppose Consolidated Plaintiffs' proposed structure for responses because departing from the provision-based structure of the State's summary judgment motions "will inject more confusion into the process." To the contrary, it reflects Plaintiffs' commitment to make this process cogent and efficient. In addition to facilitating the inclusive analysis the Court must conduct here, Plaintiffs' proposed briefing can minimize the number of overlapping briefs and discussions of legal theories, with separate briefs to address distinct subjects—like the ADA, immaterial voting date-of-birth requirements, political expression, and AAPI discrimination—that involve only some of the Plaintiffs' groups but deserve their own briefs.

### 3. Leave to File Excess Pages

Consolidated Plaintiffs also respectfully request permission to file a total of 390 pages across all Consolidated Plaintiffs' response briefs, including any supplemental briefs, which is equal to the number of pages State Defendants and Intervenor Defendants were granted leave to use across their eight total motions. State Defendants informed counsel for the United States that they do not oppose the Consolidated

Plaintiffs' request for leave to file up to 390 pages.

### 4. Expedited Briefing Schedule for this Motion

Because the oppositions for summary judgment are presently due on December 26, 2023, and there are many briefs to prepare, Plaintiffs respectfully request that the Court expedite the briefing schedule and review for this Motion. Consolidated Plaintiffs believe this will limit further disruption to the summary judgment schedule and promote swift resolution of the summary judgment motions.

### 5. Conclusion

For the foregoing reasons, Consolidated Plaintiffs respectfully request the Court grant the Consolidated Plaintiffs' Motion to File Eight Briefs and for Excess Pages.[2]

Date: November 21, 2023

Respectfully submitted,

| | |
|---|---|
| */s/ Pichaya Poy Winichakul* | */s/ Leah C. Aden* |
| Bradley E. Heard (Bar No. 342209) | Leah C. Aden* |
| Bradley.heard@splcenter.org | laden@naacpldf.org |
| Pichaya Poy Winichakul (Bar No. 246858) | Alaizah Koorji* |
| Matletha N. Bennette* | akoorji@naacpldf.org |
| Matletha.bennette@splcenter.org | John S. Cusick* |
| SOUTHERN POVERTY LAW CENTER | jcusick@naacpldf.org |
| 150 E. Ponce de Leon Ave., Suite 340 | NAACP LEGAL DEFENSE AND |
| Decatur, GA 30031-1287 | EDUCATIONAL FUND, INC. |

---

[2] In the Court's Order setting the summary judgment briefing schedule, the Court also approved the parties' agreement as to the filing of a consolidated set of facts. This Motion does not seek to alter the Court's approval of that agreement.

6

Telephone: (404) 521-6700
Facsimile: (404) 221-5857

Jess Unger*
Jess.unger@splcenter.org
Sabrina S. Khan*
Sabrina.khan@splcenter.org
SOUTHERN POVERTY LAW CENTER
1101 17th Street NW, Suite 705
Washington, DC 20036
Telephone: (202) 728-9557

*/s/ Adam S. Sieff*
Adam S. Sieff*
adamsieff@dwt.com
Daniel H. Leigh*
danielleigh@dwt.com
Brittni A. Hamilton*
brittnihamilton@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa Street, 24th Floor
Los Angeles, CA 90017-2566
Telephone: (213) 633-6800
Facsimile: (213) 633-6899

Matthew R. Jedreski*
mjedreski@dwt.com
Grace Thompson*
gracethompson@dwt.com
Shontee Pant*
shonteepant@dwt.com
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300

40 Rector Street, 5th Floor
New York, NY 10006
Telephone: (212) 965-2200
Facsimile: (212) 226-7592

Anuja Thatte*
athatte@naacpldf.org
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
700 14th Street NW
Washington, DC 20005
Telephone: (202) 682-1300

*/s/ Sophia Lin Lakin*
Sophia Lin Lakin*
slakin@aclu.org
Davin M. Rosborough*
drosborough@aclu.org
Jonathan Topaz*
jtopaz@aclu.org
Dayton Campell-Harris*
Dcampell-harris@aclu.org
Casey Smith*
csmith@aclu.org
ACLU FOUNDATION, INC.
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 519-7836
Facsimile: (212) 549-2539

Susan P. Mizner*
smizner@aclu.org
ACLU FOUNDATION, INC.

7

Seattle, WA 98104-1610
Telephone: (206) 622-3150
Facsimile: (206) 757-7700

David M. Gossett*
davidgossett@dwt.com
DAVIS WRIGHT TREMAINE LLP
1301 K Street NW, Suite 500
Washington, DC 20005-7048
Telephone: (202) 973-4288
Facsimile: (202) 973-4499

Attorneys for Plaintiffs Georgia Muslim Voter Project, Women Watch Afrika, Latino Community Fund Georgia, and The Arc of the United States

*Admitted pro hac vice*

39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0781

Brian Dimmick*
bdimmick@aclu.org
ACLU FOUNDATION, INC.
915 15th Street NW
Washington, DC 20005
Telephone: (202) 731-2395

Rahul Garabadu (Bar No. 553777)
rgarabadu@acluga.org
Caitlin May (Bar No. 602081)
cmay@acluga.org
Cory Isaacson (Bar No. 983797)
cisaacson@acluga.org
ACLU FOUNDATION OF GEORGIA, INC.
P.O. Box 570738
Atlanta, GA 30357
Telephone: (678) 981-5295
Facsimile: (770) 303-0060

*/s/ Tania Faransso*
Debo P. Adegbile*
Debo.adegbile@wilmerhale.com
Alexandra Hiatt*
Alexandra.hiatt@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
250 Greenwich Street
New York, NY 10007

8

Telephone: (212) 230-8800
Facsimile: (212) 230-8888

George P. Varghese*
George.varghese@wilmerhale.com
Stephanie Lin*
Stephanie.lin@wilmerhale.com
Mikayla C. Foster*
Mikayla.foster@wilmerhale.com
Sofie C. Brooks*
Sofie.brooks@wilmerhale.com
Lucas L. Fortier
Lucas.fortier@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DOOR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Tania C. Faransso*
Tania.faransso@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Avenue. NW
Washington, DC 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Nana Wilberforce*
Nana.wilberforce@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DOOR LLP

9

350 S Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

*Admitted pro hac vice*

Attorneys for Plaintiffs Sixth District of the African Methodist Episcopal Church, Delta Sigma Theta Sorority, Georgia ADAPT, and Georgia Advocacy Office

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(D)

Pursuant to Local Rule 7.1(D), I certify that the foregoing document was prepared in Times New Roman 14-point font in compliance with Local Rule 5.1(C).

*/s/ Adam S. Sieff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2023, I electronically filed the foregoing with the clerk of the court using the CM/ECF system, which will send notification of this filing to counsel of record.

*/s/ Adam S. Sieff*