IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | Master Case No.:<br>1:21-MI-55555-JPB |

**STATE DEFENDANTS' OPPOSITION TO CONSOLIDATED PLAINTIFFS' JOINT MOTION FOR LEAVE TO FILE EIGHT RESPONSE BRIEFS IN VIOLATION OF THE BRIEFING STRUCTURE SPECIFIED IN THIS COURT'S JULY 16, 2023 ORDER**

Pursuant to the Court's November 22, 2023 Order, State Defendants file this Response to Consolidated Plaintiffs' Joint Motion for Leave to File Eight Response Briefs and for Excess Pages [Doc. 770]. State Defendants do not oppose Consolidated Plaintiffs' request for a total of 390 pages divided among all responsive briefs to the pending Motions for Summary Judgment. However, State Defendants do oppose Consolidated Plaintiffs' belated request to file eight response briefs organized by claim or cause of action and not based on the groupings of challenged provisions this Court directed in its June 16, 2023 Order [Doc. 580] setting out the timing and structure for summary judgment briefing. Especially given that State Defendants have *already* begun summary judgment briefing in accordance with the Court's directive, Plaintiffs' proposal would create a jumbled mess. And it would seriously undermine the coherent structure for evaluating Plaintiffs' claims that this Court has already

determined "advances this litigation in the most efficient manner." [Doc. 580 at 2].

As the Court is aware, the six cases at issue here were originally consolidated because of their overlapping legal theories and challenges to many of the same provisions of Georgia's 2021 Election Integrity Act ("SB 202"). Discovery was conducted and motions for preliminary injunction were filed with a focus on specific challenged provisions, even if under multiple legal theories, without any problem. To allow for an orderly evaluation of Plaintiffs' claims, this Court adopted State Defendants' proposal for summary judgment briefing, which grouped the challenged provisions by topic rather than by individual cases, as Plaintiffs requested [Doc. 571 at 5-7]. The rationale for State Defendants' request—and the Court's decision adopting it—was the significant overlap of legal theories and challenged provisions across cases. [Doc. 580].

Contrary to Plaintiffs' recycled ideas about how to approach the summary judgment process, nothing about the Court's established approach prevents Plaintiffs from presenting "a totality of circumstances analysis" related to their claims of "intentional race discrimination and discriminatory results." [Doc. 770 at 4]. Rather, with the structure of how summary judgment arguments were to be presented having been clearly established by the Court in its June 16, 2023 Order, Plaintiffs' current request to create an entirely new

2

structure for addressing the issues in this case is inappropriate and untimely, not to mention likely to confuse the issues that are set out in orderly fashion in the pending motions for summary judgment.

Plaintiffs' proposal would also result in mass duplication of argument related to the numerous challenged provisions. While State Defendants addressed the various legal claims asserted by Plaintiffs when addressing each challenged provision, Plaintiffs' proposal would result in multiple responses on the same challenged provision depending on the various legal theories asserted across the six consolidated complaints. For example, the voter identification requirements for requesting (and returning) an absentee ballot would be addressed in up to five of Plaintiffs' proposed response briefs: (4) Americans with Disabilities Act, (5) statutory and constitutional claims of intentional race discrimination, (6) supplemental brief on this issue from Asian American and Pacific Islander voters, (7) statutory and constitutional claims of discriminatory results and undue burden, and potentially (8) First Amendment claims of political association and expression. *See* [Doc. 770 at 3]. Yet, each legal theory associated with the challenge to the absentee voter identification requirements is addressed in a single summary judgment motion addressing absentee ballot provisions. [Doc. 763]. Adopting Plaintiffs' proposal now would require State Defendants to search multiple responsive briefs to locate and respond to Plaintiffs' arguments on this issue, and for every other challenged

3

provision. In turn, this would make it far more difficult for the Court to evaluate the arguments related to the very provisions upon which this Court is being asked to render judgment.

In short, under the structure proposed in Plaintiffs' latest motion, the State Defendants' summary judgment motions and the Plaintiffs' "responses" thereto would be not merely like two ships, but rather like two *fleets* of ships passing each other in the night. Thus, compared to the briefing structure ordered by the Court, Plaintiffs' proposed structure would make it impossible for the Court to easily compare arguments on each side of each contested issue. And that is the very result that State Defendants and the Court sought to avoid in proposing and adopting the current briefing structure.

Moreover, there is simply no good reason for Plaintiffs to *not* file a single consolidated response to each of the pending motions for summary judgment. Doing so still allows Plaintiffs to make their "totality-of-the-circumstances" arguments in the proper context of their claims of intentional discrimination and in support of their claims under Section 2 of the Voting Rights Act. Additionally, requiring Plaintiffs to respond to each pending motion in turn will further the orderly presentation and evaluation of all arguments addressing the numerous provisions Plaintiffs chose to challenge. Plaintiffs, moreover, have an ample number of attorneys to prepare a consolidated response to each of State Defendants' motions. And Plaintiffs have offered no

4

good reason to believe they cannot marshal their resources in a way that complies with, and thus maintains the substantial benefits of, the Court's earlier scheduling order.

Accordingly, for the reasons explained above, and for the reasons that led the Court to adopt the current summary-judgment briefing structure in the first place, Consolidated Plaintiffs' request to file eight separate responses based on legal theory rather than asserted claims should be denied.

Respectfully submitted this 28th day of November, 2023.

>Christopher M. Carr
>Attorney General
>Georgia Bar No. 112505
>Bryan K. Webb
>Deputy Attorney General
>Georgia Bar No. 743580
>Russell D. Willard
>Senior Assistant Attorney General
>Georgia Bar No. 760280
>**State Law Department** 40
>Capitol Square, S.W.
>Atlanta, Georgia 30334
>
>*/s/ Gene C. Schaerr*
>Gene C. Schaerr*
>Special Assistant Attorney General
>Erik Jaffe*
>H. Christopher Bartolomucci*
>Donald M. Falk*
>Brian J. Field*
>Cristina Martinez Squiers*
>Edward H. Trent*
>Nicholas P. Miller*

5

Annika Boone Barkdull*
**SCHAERR | JAFFE LLP**
1717 K Street NW, Suite 900
Washington, DC 20006
gschaerr@schaerr-jaffe.com
**Admitted pro hac vice*

Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Donald P. Boyle, Jr.
Georgia Bar No. 073519
dboyle@taylorenglish.com
Deborah A. Ausburn
Georgia Bar No. 028610
dausburn@taylorenglish.com
Daniel H. Weigel
Georgia Bar No. 956419
dweigel@taylorenglish.com
Tobias C. Tatum, Sr.
Georgia Bar No. 307104
ttatum@taylorenglish.com
**Taylor English Duma LLP**
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
(678) 336-7249

*Counsel for State Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing motion was prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/Gene C. Schaerr*
Gene C. Schaerr
