UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. THE STATE OF GEORGIA, et al., Defendants. | MASTER CASE NO.: 1:21-MI-55555-JPB  CIVIL ACTION NO. 1:21-CV-02575-JPB |

# ORDER

This matter comes before the Court on Defendants'[1] Motion for Judgment on the Pleadings Based on Intervening Circuit Authority [Doc. 549].[2] This Court finds as follows:

## BACKGROUND

The United States of America filed this action against Defendants on June 25, 2021. [CV Doc. 1].[3] In the Complaint, the United States alleged that various

---

[1] Defendants include the State of Georgia, the Georgia State Election Board and Brad Raffensperger, in his official capacity as Georgia Secretary of State.

[2] Unless otherwise indicated, docket cites pertain to 1:21-MI-55555-JPB.

[3] CV docket cites pertain to 1:21-CV-2575-JPB.

provisions of Georgia Senate Bill 202 ("S.B. 202") violate § 2 of the Voting Rights Act.

Throughout this case, the parties have disagreed about the kinds of claims that § 2 authorizes. Stated another way, the parties have argued over what a plaintiff must prove to prevail under § 2. The United States asserts that two cognizable causes of action exist under § 2—discriminatory intent claims and discriminatory results claims. In the United States' view, a party can prevail under § 2 by showing that the law was passed with a discriminatory intent (a discriminatory intent claim) or by showing that as a result of the law, the voting system is not equally open to black voters or that black voters have less opportunity than other members of the electorate to participate in the political process (a discriminatory results claim). Defendants, on the other hand, argue that a discriminatory results claim is the exclusive cause of action under § 2.

On July 28, 2021, Defendants filed a Motion to Dismiss Complaint. [CV Doc. 38]. In pertinent part, Defendants argued that the Complaint failed to state a claim because the United States only pled a discriminatory intent claim. Defendants asserted that "discriminatory intent alone is insufficient" to establish a violation of § 2. Id. at 14, 19.

The Court denied Defendants' Motion to Dismiss Complaint on December 9, 2021. [CV Doc. 69]. In that order, the Court determined that the United States adequately pled both a discriminatory intent claim and a discriminatory results claim. As to the discriminatory results claim specifically, the Court found that the Complaint contained sufficient allegations to show that under the totality of the circumstances, the political process under S.B. 202 is not "equally open" to black voters. See id. at 10.

Defendants filed a Motion for Reconsideration or, in the alternative, Certification for Immediate Appeal on January 6, 2022, arguing that this Court should reconsider its order denying Defendants' Motion to Dismiss Complaint. [Doc. 11]. Defendants argued that reconsideration was warranted because a plaintiff proceeding under § 2 must plead and prove discriminatory results. The Court denied the Motion for Reconsideration on April 21, 2022. [Doc. 144]. Particularly relevant here, the Court determined that reconsideration was not warranted because Defendants failed to challenge the Court's finding that "the allegations of the complaint state a claim under the 'totality of the circumstances' framework." Id. at 5. In other words, the Court found that the United States sufficiently pled a discriminatory results claim under § 2.

On May 18, 2023, Defendants filed the instant Motion for Judgment on the Pleadings Based on Intervening Circuit Authority, [Doc. 549], which was joined by Intervenor Defendants[4] on May 22, 2023, [Doc. 553]. The United States filed its opposition on June 8, 2023. [Doc. 573]. The Motion for Judgment on the Pleadings is now ripe for review.

## LEGAL STANDARD

A party may move for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure once the pleadings are closed but early enough to avoid delaying trial. "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Cannon v. City of W. Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001). When determining whether a party is entitled to judgment on the pleadings, a district court must "accept as true all material facts alleged in the non-moving party's pleading" and "view those facts in the light most favorable to the non-moving party." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014). A motion for judgment on the pleadings under Rule 12(c) poses the same question as that presented by a motion to dismiss under Rule 12(b)(6): whether the

---

[4] Intervenor Defendants are the Republican National Committee, the National Republican Senatorial Committee, the National Republican Congressional Committee and the Georgia Republican Party, Inc.

4

complaint states a claim for relief.  Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 n.8 (11th Cir. 2002).

## ANALYSIS

Defendants argue that they are entitled to judgment on the pleadings based on intervening circuit authority, League of Women Voters of Florida, Inc. v. Florida, Secretary of State, 66 F.4th 905 (11th Cir. 2003), which was decided on April 27, 2023.  Specifically, Defendants contend that under League of Women Voters, a discriminatory intent claim is not cognizable under § 2.  According to Defendants, the Eleventh Circuit Court of Appeals clarified that "[a] finding of discriminatory intent alone will not suffice" to support a § 2 claim and "the case law in this Circuit is clear:  discriminatory intent or purpose is not enough—discriminatory impact is required." [Doc. 549-1, pp. 7–8].  The Court agrees.

In League of Women Voters, the Eleventh Circuit acknowledged that its "precedents respecting the proper standard" to employ in § 2 cases were "inconsistent."[5]  66 F.4th at 943.  To resolve the inconsistency, the court clarified

---

[5] For instance, in one case, the Eleventh Circuit held that the "statutory language expressly requires a showing of discriminatory results, and it admits of no exception for situations in which there is discriminatory intent but no discriminatory results."  Johnson v. DeSoto Cnty. Bd. of Comm'rs, 72 F.3d 1556, 1563 (11th Cir. 1996).  However, in another case, the Eleventh Circuit determined that a "statutory claim under Section 2 may be established by proof that the challenged methods of election either have a

that in analyzing a § 2 claim, "[t]he right question . . . is whether 'as a result of the challenged practice or structure plaintiffs do not have an equal opportunity to participate in the political processes and to elect candidates of their choice.'" Id. The Eleventh Circuit explained that a plaintiff must show that the political processes leading up to the election are not equally open to black voters in that black voters have "less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice." Id. at 943–44.

In light of League of Women Voters, the Court finds that the only permissible method of proving a § 2 violation is through a showing that the political processes are not equally open and that black voters have less opportunity than other members of the electorate to participate in the political process. Defendants, however, are not entitled to judgment on the pleadings because this Court has already found that the Complaint pled sufficient facts to satisfy this standard.  See [CV Doc. 69].  Because this Court has already found that the Complaint contained allegations which, when construed in the light most favorable

---

discriminatory purpose *or* effect." Askew v. City of Rome, 127 F.3d 1355, 1373 (11th Cir. 1997).

to the United States, plausibly show that voting is not equally open to black voters, the instant motion is **DENIED**.

## CONCLUSION

For the reasons set forth above, the Motion for Judgment on the Pleadings [Doc. 549] is **DENIED**.

**SO ORDERED** this 22nd day of December, 2023.

_____
J. P. BOULEE
United States District Judge