IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | Master Case No.:<br>1:21-MI-55555-JPB |

**STATE DEFENDANTS' MEMORANDUM IN OPPOSITION TO GEORGIA STATE CONFERENCE OF THE NAACP AND AME PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY TO MOTION FOR SUMMARY JUDGMENT CONCERNING IMMATERIAL VOTING REQUIREMENT CLAIM**

Plaintiffs Georgia State Conference of the NAACP and AME seek to file a sur-reply brief [Doc. 868] to address a March 27, 2024 opinion from the Third Circuit in *Pennsylvania State Conference of NAACP Branches v. Secretary Commonwealth of Pennsylvania*, 97 F.4th 120 (3d Cir. 2024), *reh'g and reh'g en banc denied*, No. 23-3166 (3rd Cir. Apr. 30, 2024), ECF No. 265.  In its opinion, the Third Circuit addressed the proper scope of the Materiality Provision, a legal question at issue in Plaintiffs' challenge to SB 202's requirement for voters to list their date of birth on the absentee ballot return envelope.  However, Plaintiffs' proposed sur-reply goes well beyond addressing the Third Circuit's opinion.  If the filing is permitted at all, much of their sur-reply should be stricken.

## ARGUMENT AND CITATION OF AUTHORITY

Local Rule 7.1 only permits the filing of motions, responses, and replies. "Neither the Federal Rules of Civil Procedure nor this Court's Local Rules authorize the filing of surreplies." *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005) (citing *Byrom v. Delta Fam. Care-Disability & Survivorship Plan*, 343 F. Supp. 2d 1163, 1188 (N.D. Ga. 2004)). "Generally, surreplies are not authorized and may only be filed under unusual circumstances, such as when a party raises new arguments in a reply brief." *Chemence Med. Prods., Inc. v. Medline Indus., Inc.*, 119 F. Supp. 3d 1376, 1383 (N.D. Ga. 2015) (citation omitted).

Plaintiffs say they are asking to file a sur-reply "to address State Defendants' and Intervenors' (collectively, "Defendants") new arguments concerning *Pennsylvania State Conference of NAACP Branches v. Secretary Commonwealth of Pennsylvania*, 97 F.4th 120 (3d Cir. 2024) that issued after Plaintiffs filed their opposition" [Doc. 868 at 1]. Yet, after waiting three months after the decision was issued and 31 days after State Defendants and Intervenors filed their Replies, Plaintiffs now submit a proposed sur-reply that does not even mention *Pennsylvania State NAACP* in much of the proposed filing. Accordingly, while State Defendants do not object to Plaintiffs' request to address the Third Circuit's March 27, 2024 opinion, their proposed sur-reply

should be limited to that issue. Therefore, Section I and all but the last paragraph of Section II should be disallowed.

Specifically, Section I of the sur-reply says nothing about the Third Circuit's opinion. Rather, Plaintiffs argue that the Court should simply deny summary judgment because the Court's prior order on a preliminary injunction addressing the birthdate requirement is pending an appeal [Doc. 868-1 at 2].[1] Of course, State Defendants responded to Plaintiffs' arguments in this regard in their Reply [Doc. 859 at 69]. Section I continues with a repeat of arguments concerning the Court's prior evaluation of the Materiality Provision, which was made without the benefit of the Third Circuit's opinion or the December 15, 2023 decision from the Fifth Circuit in *Vote.org v. Callanen*, 89 F.4th 459, 479 (5th Cir. 2023). The same is true of Plaintiffs' reliance [Doc. 868-1 at 5–6] on this Court's prior decision at the motion to dismiss stage in *Vote.org v. Georgia State Election Board*, 661 F. Supp. 3d 1329 (N.D. Ga. 2023), which now has a

---

[1] But that misstates the law. In the Eleventh Circuit, "'appeal from the denial … of a preliminary injunction should not ordinarily delay the final trial of the case on its merits.'" *Hamer v. Campbell*, 358 F.2d 215, 223 (5th Cir. 1966) (quoting *United States v. Lynd*, 321 F.2d 26, 28 (5th Cir. 1963)); *see also Nalco Chem. Co. v. Hall*, 347 F.2d 90, 92 (5th Cir. 1965) ("There is indeed no reason why the case could not have proceeded to a trial on the merits while this appeal [of the injunction] was pending."); *Bonner v. City of Prichard*, 661 F.2d 1206, 1210 (11th Cir. 1981) (adopting pre-split Fifth Circuit precedent). Rule 62 of the Federal Rules of Civil Procedure grants the trial court the authority during an appeal of an injunction "to suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d).

motion for summary judgment pending on the same legal claims. There is no justification for a sur-reply on this point, and Section I of the proposed sur-reply should be stricken.

Likewise, Section II of the proposed sur-reply does not reference the Third Circuit's opinion until the very last paragraph. That section again reargues Plaintiffs' overly broad interpretation of the Materiality Provision and rehashes arguments addressed at length in State Defendants' Motion for Summary Judgment [Doc. 763 at 73–84] and Plaintiffs' Opposition [Doc. 830 at 87–102]. For example, Plaintiffs again [Doc. 868-1 at 8] cite the Court to *Martin v. Crittenden*, 347 F. Supp. 3d 1302 (N.D. Ga. 2018) and *Democratic Party of Georgia, Inc. v. Crittenden*, 347 F. Supp. 3d 1324 (N.D. Ga. 2018), two cases that were decided under materially different circumstances as set out in State Defendants' Motion for Summary Judgment [Doc. 763 at 83–84 n.23]. Similarly, Plaintiffs direct the Court to *La Unión del Pueblo Entero v Abbott*, 604 F. Supp. 3d 512, 541 (W.D. Tex. 2022), which the Fifth Circuit has stayed pending a final decision on appeal, *appeal docketed sub nom. United States v. Paxton*, No. 23-50885 (5th Cir. Dec. 5, 2023). The Fifth Circuit stayed the decision because "Appellants are likely to succeed on the merits," while noting that states may apply at least as much scrutiny to absentee voting as they do to in-person voting. *See* Order at 7, *United States v. Paxton*, No. 23-50885 (5th Cir. Dec. 15, 2023) (per curiam), ECF No. 80-1 (granting stay pending appeal).

4

Indeed, while Plaintiffs claim that the Third Circuit's "analogies to driver's license rules" to demonstrate the fallacy of Plaintiffs' interpretation of the Materiality Provision are "inapt" [Doc. 868-1 at 12 n.6], *La Unión* itself—the very case Plaintiffs trumpet to this Court—found "immaterial a requirement for a voter to list his driver's license number on an absentee ballot application." 604 F. Supp. 3d at 541. *La Union* is thus exactly the kind of misapplication of the Materiality Provision that State Defendants [Doc. 763 at 79–81; Doc. 859 at 81–82] (and the Fifth Circuit) find erroneous because it overrides numerous election integrity provisions that the Supreme Court has long upheld, including voter identification requirements. *Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181, 204 (2008).[2]

The last paragraph of Section II and Section III of the sur-reply finally address Plaintiffs' arguments regarding the Third Circuit's opinion. While State Defendants do not oppose Plaintiffs' request to have those arguments considered, they do nothing to undermine the Third Circuit's persuasive and holistic reading of the Materiality Provision. To be sure, Plaintiffs attempt to

---

[2] Plaintiffs' may object that the in-person ID requirement is not covered by the materiality provision because it is not a paper or record. But that would have the absurd result of permitting an ID requirement for in-person voting but banning measures such as requiring a valid driver's license number on an absentee-by-mail ballot application. *See Greater Birmingham Ministries v. Sec'y of State for State of Ala.*, 992 F.3d 1299, 1337 (11th Cir. 2021) (upholding ID requirements for voting absentee-by-mail).

diminish that court's reasonable and sound interpretation of the scope of the Materiality Provision by suggesting that "[t]he decision itself repeatedly anticipates that its holding may appear out of step with any commonsense understanding of the Materiality Provision." [Doc. 868-1 at 10 n.5]. Yet, in making their argument, Plaintiffs conveniently omit the court's explanation of *why* the arguments made by the plaintiffs there and Plaintiffs here are inconsistent with a plain reading of the Materiality Provision.

First, Plaintiffs reference the line in the Third Circuit's opinion that reads: "Because the date requirement is irrelevant to whether a vote is received timely, the blink response is to believe a voter's failure to date a return envelope should not cause his ballot to be disqualified." [Doc. 868-1 at 10 n.5] (quoting *Pa. State Conf. of NAACP*, 97 F.4th at 125). Yet, the court explains why that is not the case in the very next lines, which read:

> But our role restricts to interpreting a statute, and there we hold that the Materiality Provision only applies when the State is determining *who* may vote. In other words, its role stops at the door of the voting place. The Provision does not apply to rules, like the date requirement, that govern *how* a qualified voter must cast his ballot for it to be counted. We reach this conclusion because a contrary approach cannot be reconciled with the text and historic backdrop of the statute, nor cabined to the date requirement while leaving intact other vote-casting rules that serve valid state interests.

*Pa. State Conf. of NAACP,* 97 F.4th at 125.

Similarly, Plaintiffs point to another line in the decision, which reads: "At first glance, one might think the date requirement fits neatly because the date on the declaration bears no relation – it is immaterial – to whether a voter is qualified under Pennsylvania law to vote, i.e., age citizenship, duration of residence, and so forth." [Doc. 868-1 at 10 n.5] (quoting *Pa. State Conf. of NAACP*, 97 F.4th at 131). Yet again, the court explains in the very next sentences why that is not a proper application of the Materiality Provision:

> But the text does not say the error must be immaterial "to" whether an individual is qualified to vote. It uses the words "in determining," and that choice must mean something. *See Polselli v. IRS*, 598 U.S. 432, 441, 143 S.Ct. 1231, 215 L.Ed.2d 410 (2023) ("We ordinarily aim to 'give effect to every clause and word of a statute.'" (quoting *Microsoft Corp. v. i4i L.P.*, 564 U.S. 91, 106, 131 S.Ct. 2238, 180 L.Ed.2d 131 (2011)). Read naturally, we believe they describe a process—namely, determining whether an individual is qualified to vote. So the information containing an error or omission, material or not, must itself relate to ascertaining a person's qualification to vote (like paperwork submitted during voter registration), and it is only in that context that "officials are prohibited from using" a mistake to deny ballot access unless it is "material 'in determining' whether" the applicant indeed is qualified to vote. *See Ball [v. Chapman]*, 289 A.3d [1,] []38 [(Pa. 2023)] (Brobson, J., concurring in part, dissenting in part).

*Pa. State Conf. of NAACP*, 97 F.4th at 131.

In short, even though Plaintiffs could have filed a notice of supplemental authority and addressed the Third Circuit's opinion after it was issued in March 2024, or in a more timely fashion after State Defendants filed their Reply bringing the decision to this Court's attention, they failed to do so and

7

have not adequately justified that failure. Furthermore, if the Court permits the filing of any sur-reply, it should be limited to a discussion of that opinion and nothing more.

## CONCLUSION

For the reasons set forth above, State Defendants do not object to Plaintiffs presenting argument limited to the Third Circuit's March 2024 opinion in *Pennsylvania State Conference of NAACP* as set out in Section III of the sur-reply but do object to the arguments set forth in Sections I and II of their proposed sur-reply that have nothing to do with that recent persuasive opinion. Accordingly, Section I in its entirety and all but the last paragraph of Section II should be stricken should the Court permit the filing of a sur-reply.

Respectfully submitted this 28th day of June, 2024.

> Christopher M. Carr
> Attorney General
> Georgia Bar No. 112505
> Bryan K. Webb
> Deputy Attorney General
> Georgia Bar No. 743580
> Russell D. Willard
> Senior Assistant Attorney General
> Georgia Bar No. 760280
> **State Law Department** 40
> Capitol Square, S.W.
> Atlanta, Georgia 30334
>
> */s/ Gene C. Schaerr*
> Gene C. Schaerr*

Special Assistant Attorney General
Erik Jaffe*
H. Christopher Bartolomucci*
Donald M. Falk*
Brian J. Field*
Cristina Martinez Squiers*
Edward H. Trent*
Nicholas P. Miller*
Annika Boone Barkdull*
**SCHAERR | JAFFE LLP**
1717 K Street NW, Suite 900
Washington, DC 20006
gschaerr@schaerr-jaffe.com
**Admitted pro hac vice*

Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Donald P. Boyle, Jr.
Georgia Bar No. 073519
dboyle@taylorenglish.com
Deborah A. Ausburn
Georgia Bar No. 028610
dausburn@taylorenglish.com
Daniel H. Weigel
Georgia Bar No. 956419
dweigel@taylorenglish.com
Tobias C. Tatum, Sr.
Georgia Bar No. 307104
ttatum@taylorenglish.com
**Taylor English Duma LLP**
1600 Parkwood Circle

9

Suite 200
Atlanta, Georgia 30339
(678) 336-7249

*Counsel for State Defendants*

10

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing was prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/Gene C. Schaerr*
Gene C. Schaerr
