# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | Master Case No.: 1:21-MI-55555-JPB |
| GEORGIA STATE CONFERENCE OF THE NAACP, *et al.*, <br>         *Plaintiffs,* <br> v. <br><br> BRAD RAFFENSPERGER, *et al.*, <br>         *Defendants,* <br><br> REPUBLICAN NATIONAL COMMITTEE, *et al.*, <br>         *Intervenor-Defendants.* | Civil Action No.: 1:21-cv-01259-JPB |
| SIXTH DISTRICT OF THE AFRICAN METHODIST EPISCOPAL CHURCH, *et al.*, <br>         *Plaintiffs,* <br> v. <br><br> BRIAN KEMP, *et al.*, <br>         *Defendants,* <br><br> REPUBLICAN NATIONAL COMMITTEE, *et al.*, <br>         *Intervenor-Defendants.* | Civil Action No.: 1:21-cv-01284-JPB |

**GEORGIA STATE CONFERENCE OF THE NAACP AND AME PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SURREPLY TO MOTION FOR SUMMARY JUDGMENT CONCERNING IMMATERIAL VOTING REQUIREMENT CLAIM**

State Defendants and Intervenors agree that their MSJ Replies (ECF Nos. 856, 859) present new arguments concerning *Pennsylvania State Conference of NAACP Branches v. Secretary Commonwealth of Pennsylvania*, 97 F.4th 120 (3d Cir. 2024). They ultimately do not object to Plaintiffs having an opportunity to respond to the Third Circuit panel's majority opinion. *See* ECF No. 869 at 2-3, 5; ECF No. 870 at 1. They are incorrect, however, in contending that Plaintiffs' proposed surreply (ECF No. 868-1) exceeds that scope. Plaintiffs' surreply squarely addresses the Third Circuit's opinion and Defendants' corresponding reply arguments. Plaintiffs' surreply should be allowed in full.

Surreply Sections I and II, which Defendants contend should be "disallowed," provide the necessary context to rebut Defendants' arguments based on *Pennsylvania State Conference* that this Court should reverse its preliminary decision enjoining the disenfranchisement of qualified voters due to immaterial paperwork errors on absentee ballot return envelopes. These sections lay the foundation and largely precedential authorities showing the Third Circuit's decision, discussed in Section III, to be an outlier. They appropriately summarize this Court's preliminary injunction holdings, the express statutory terms of the Materiality Provision, and the prior judgments that undermine the Third Circuit's majority opinion. In fact, it is Defendants' opposition to this motion that exceeds the permissible scope, using an opposition to Plaintiffs' request to respond to a new

1

decision to rehash arguments and seek the last word on substantive issues. *See, e.g.*, ECF No. 869 at 3-7.

Defendants make one new, but legally incorrect point in arguing, with careful omission of the term "jurisdiction," that this Court can proceed to trial while an appeal of a preliminary injunction order is pending. ECF 869 at 3, n.1 (citing Fifth Circuit authority from the 1960s). But even if a case could "ordinarily" proceed to trial on the merits of disputed facts, that is not the issue here. Rather, Defendants here encourage this Court to reverse its holding on what Defendants concede to be "a legal question at issue in Plaintiffs' challenge to SB 202[]" that is currently on appeal. ECF No. 869 at 1. Defendants do not dispute that, respectfully, this Court simply has no jurisdiction to do so. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Showtime/The Movie Channel, Inc. v. Covered Bridge Condo. Ass'n, Inc.*, 895 F.2d 711, 713 (11th Cir. 1990) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *Marrese v. Am. Acad. of Orthopedic Surgeons*, 470 U.S. 373, 379 (1985), *reh'g denied*, 471 U.S. 1062 (1985)). Here, State Defendants' and Intervenors' own notices of appeal have divested this Court of jurisdiction over the legal issue of whether SB 202's absentee ballot provisions violate the Voting Rights Act's Materiality Provision, 52 U.S.C. § 10101(a)(2)(B). And contrary to their

opposition, Defendants have not sought to *modify* the injunction as permitted under Fed. R. Civ. P. 62(d); rather, Defendants moved for summary judgment that would overturn it, which they squarely cannot do. *See Georgia v. Biden*, No. 1:21-CV-163, 2022 WL 266186, at *2 (S.D. Ga. Jan. 21, 2022) ("the Court has jurisdiction to clarify, as necessary, the injunction so long as such clarification only preserves the status quo and does not alter the parties' rights"); *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) ("the district court possessed jurisdiction to modify the injunction while the consolidated appeal was pending, because the changes preserved the status quo and did not materially alter the status of the case on appeal").

Finally, Plaintiffs' request for leave to file a surreply was timely and an efficient solution to address this new authority. Defendants' contention that Plaintiffs could have filed a notice of supplemental authority ignores that, even if Plaintiffs had done so as soon as the Third Circuit's opinion issued, Defendants would still be presenting new arguments addressing *Pennsylvania State Conference* for the first time on reply, thus necessitating a surreply. Addressing the decision and Defendants' arguments in one surreply is prudent.

Accordingly, the Court should exercise its discretion to permit Plaintiffs' surreply as proposed to address the Third Circuit's *Pennsylvania State Conference* majority opinion and Defendants' new arguments in reply based thereon.

Respectfully submitted, this 12th day of July, 2024.

*/s/ Bryan L. Sells*
Bryan L. Sells
Georgia Bar No. 635562
THE LAW OFFICE OF BRYAN SELLS, LLC
PO Box 5493 Atlanta, Georgia 31107
Tel: (404) 480-4212
Email: bryan@bryansellslaw.com

Ezra D. Rosenberg*
Julie M. Houk*
Jennifer Nwachukwu*
Heather Szilagyi*
erosenberg@lawyerscommittee.org
jhouk@lawyerscommittee.org
jnwachukwu@lawyerscommittee.org
hszilagyi@lawyerscommittee.org
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 662-8600
Facsimile: (202) 783-0857

Vilia Hayes*
Neil Oxford*
Gregory Farrell*
HUGHES HUBBARD & REED LLP
One Battery Park Plaza New York,
New York 10004-1482
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

*/s/ Laurence F. Pulgram*
Laurence F. Pulgram*
lpulgram@fenwick.com
Molly Melcher*
mmelcher@fenwick.com
Armen Nercessian*
anercessian@fenwick.com
Ethan Thomas*
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 875-2300

Joseph S. Belichick*
jbelichick@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041-2008
Telephone: (650) 988-8500

Catherine McCord*
cmccord@fenwick.com
FENWICK & WEST LLP
902 Broadway, Fl. 18
New York, NY 10010
Telephone: (212) 430-2690

*Attorneys for Plaintiffs Georgia State Conference of the NAACP, Georgia Coalition for the People's Agenda, Inc., League of Women Voters of Georgia, Inc., GALEO Latino Community Development Fund, Inc., Common Cause, and the Lower Muskogee Creek*

4

| | |
|---|---|
| /s/ Pichaya Poy Winichakul | /s/ Davin M. Rosborough |
| Pichaya Poy Winichakul (Bar 246858) | Davin M. Rosborough* |
| poy.winichakul@splcenter.org | *drosborough@aclu.org* |
| Bradley E. Heard (Bar 342209) | Sophia Lin Lakin* |
| bradley.heard@splcenter.org | *slakin@aclu.org* |
| Matletha N. Bennette* | Jonathan Topaz* |
| matletha.bennette@splcenter.org | *jtopaz@aclu.org* |
| SOUTHERN POVERTY LAW CENTER | Dayton Campbell-Harris*^ |
| 150 E. Ponce de Leon Ave., Suite 340 | *dcampbell-harris@aclu.org* |
| Decatur, Georgia 30031-1287 | Casey Smith* |
| Telephone: (404) 521-6700 | *csmith@aclu.org* |
| Facsimile: (404) 221-5857 | ACLU FOUNDATION |
| | 125 Broad Street, 18th Floor |
| | New York, New York 10004 |
| Jess Unger* | Telephone: (212) 519-7836 |
| jess.unger@splcenter.org | Facsimile: (212) 549-2539 |
| Sabrina S. Khan* | |
| sabrina.khan@splcenter.org | Susan P. Mizner* |
| SOUTHERN POVERTY LAW CENTER | *smizner@aclu.org* |
| 1101 17th Street NW, Suite 705 | ACLU FOUNDATION, INC. |
| Washington, DC 20036 | 39 Drumm Street |
| Telephone: (202) 728-9557 | San Francisco, CA 94111 |
| | Telephone: (415) 343-0781 |
| | |
| | Brian Dimmick* |
| | *bdimmick@aclu.org* |
| | ACLU FOUNDATION, INC. |
| | 915 15th Street NW |
| | Washington, D.C. 20005 |
| | Telephone: (202) 731-2395 |
| | Washington, DC 20005 |
| | Telephone: (202) 682-1300 |
| | |
| | Caitlin May (Ga. Bar No. 602081) |
| | *cmay@acluga.org* |
| | Cory Isaacson (Ga. Bar No. 983797) |
| | *cisaacson@acluga.org* |
| | ACLU FOUNDATION OF GEORGIA, INC. |
| | P.O. Box 77208 |

*/s/ Adam S. Sieff*
Adam S. Sieff*
*adamsieff@dwt.com*
Daniel Leigh*
*danielleigh@dwt.com*
Joseph Elie-Meyers**
*josepheliemeyers@dwt.com*
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Facsimile: (213) 633-6899

Matthew Jedreski*
mjedreski@dwt.com
Grace Thompson*
gracethompson@dwt.com
Danielle Eun Kim*
daniellekim@dwt.com
Kate Kennedy*
katekennedy@dwt.com
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Telephone: (206) 622-3150
Facsimile: (206) 757-7700

David M. Gossett*
davidgossett@dwt.com
DAVIS WRIGHT TREMAINE LLP
1301 K Street NW, Suite 500
Washington, D.C. 20005-7048
Telephone: (202) 973-4288
Facsimile: (202) 973-4499

*Attorneys for Plaintiffs*
*Georgia Muslim Voter Project, Women Watch Afrika, Latino Community Fund Georgia, and The Arc of the United States*

Atlanta, Georgia 30357
Telephone: (678) 981-5295
Facsimile: (770) 303-0060

*/s/ Leah C. Aden*
Leah C. Aden*
*laden@naacpldf.org*
Alaizah Koorji*
*akoorji@naacpldf.org*
John S. Cusick*
*jcusick@naacpldf.org*
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, New York 10006
Telephone: (212) 965-2200
Facsimile: (212) 226-7592

Anuja Thatte*
*athatte@naacpldf.org*
NAACP LEGAL DEFENSE AND
EDUCATION FUND, INC.
700 14th Street, NW

Debo P. Adegbile (pro hac vice)
*debo.adegbile@wilmerhale.com*
WILMER CUTLER PICKERING HALE
AND DORR LLP
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

George P. Varghese (pro hac vice)
*george.varghese@wilmerhale.com*
Stephanie Lin (pro hac vice)
*stephanie.lin@wilmerhale.com*
Mikayla Foster (pro hac vice)
*mikayla.foster@wilmerhale.com*
Sofie C. Brooks (pro hac vice)

6

sofie.brooks@wilmerhale.com
WILMER CUTLER PICKERING HALE
AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Tania Faransso (pro hac vice)
*tania.faransso@wilmerhale.com*
Laura Powell (pro hac vice)
*laura.powell@wilmerhale.com*
WILMER CUTLER PICKERING HALE
AND DORR LLP
2100 Pennsylvania Ave. NW
Washington, D.C. 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Nana Wilberforce (pro hac vice)
*nana.wilberforce@wilmerhale.com*
WILMER CUTLER PICKERING HALE
AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, California 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

*Attorneys for Plaintiffs
Sixth District of the African Methodist
Episcopal Church, Delta Sigma Theta
Sorority, Georgia ADAPT, and Georgia
Advocacy Office*


*\*Admitted pro hac vice*

7

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of L.R. 5.1, using font type of Times New Roman and a font size of 14.


Dated: July 12, 2024                                      */s/ Laurence F. Pulgram*
                                                                              Laurence F. Pulgram
                                                                              *Counsel for Plaintiffs*