IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | Master Case No.: 1:21-MI-55555-JPB |

**GEORGIA NAACP PLAINTIFFS' OPPOSITION TO INTERVENORS' MOTION FOR EXPEDITED SUMMARY JUDGMENT ON CHALLENGES TO BIRTHDATE REQUIREMENT**

Intervenors ask this Court to expedite and grant the pending motions for summary judgment on claims that the birthdate requirement for absentee ballots violates the Materiality Provision of the Civil Rights Act. *See* ECF No. 882. While Georgia NAACP Plaintiffs[1] do not oppose expediting resolution of these actions, they respectfully oppose Intervenors' Motion because the bases underlying their request are misguided.

First, by their appeal of this Court's preliminary injunction that held the birthdate requirement to violate the Civil Rights Act, Intervenors and State Defendants have transferred jurisdiction over that subject to the Eleventh Circuit. *See Diamond Waste, Inc. v. Monroe Cnty., Ga.*, 869 F. Supp. 944, 946 (M.D. Ga.

---

[1] Georgia NAACP Plaintiffs include the named plaintiffs in *Ga. State Conf. of the NAACP et al. v. Raffensperger et al.*, 1:21-CV-1259-JPB (N.D. Ga. 2021).

1994) (refraining from ruling on a motion for summary judgment where the claims at issue were on appeal before the Eleventh Circuit and stating the "general rule is that the filing of a notice of appeal, . . . 'normally divests the district court of jurisdiction over matters concerned in the appeal and transfers jurisdiction over those matters to the court of appeals'") (Quoting U.S. v. Rogers, 788 F.2d 1472, 1475 (11th Cir. 1986)).  As Georgia NAACP Plaintiffs previously explained (ECF No. 868-1 at 4-5) and Intervenors did not refute (ECF No. 870 (joining ECF No. 869)), this Court lacks jurisdiction to reconsider this legal issue, which is presently before the Eleventh Circuit Court of Appeals.  *See In re: Georgia Senate Bill 202*, No. 23-13085, ECF No. 125 (11th Cir., Jul. 1, 2024).  When a preliminary injunction is on appeal, a district court has limited jurisdiction only "to clarify, as necessary, the injunction so long as such clarification only preserves the status quo and does not alter the parties' rights." *Georgia v. Biden*, No. 1:21-CV-163, 2022 WL 266186, at *2 (S.D. Ga. Jan. 21, 2022).  Intervenors seek no clarification; they seek reversal on the core issue on appeal.  A court cannot adjudicate substantial rights directly involved in an appeal – precisely what Intervenors request here.  *See Newton, et al. v. Consol. Gas Co. of N.Y.*, 258 U.S. 165, 177 (1922).

Second, even if this Court had jurisdiction, Intervenors are incorrect in their assertion that this Court should reverse its analysis of the birthdate requirement because "the Third Circuit has clarified that the Materiality Provision does not

apply." ECF No. 882 at 1.  As previously explained, the majority opinion in *Pa. State Conf. of NAACP Branches v. Sec'y Commonwealth of Pa.*, 97 F.4th 120 (3d Cir. 2024) is not the final word for this Court nor the Eleventh Circuit.  The Third Circuit's decision contradicts the text, content, and purpose of the Materiality Provision and in no way overrules this Court's Order.  *See* ECF No. 868-1 at 3-14.  Moreover, the Third Circuit decision departs from the majority of courts – including courts in the Northern District of Georgia – that have applied the Materiality Provision in various contexts beyond voter registration, just as it applies to the absentee voting process at issue here.  *See id.* at 9-10.  Intervenors entirely ignore this Court's detailed analysis of precedent outside the Third Circuit. ECF No. 613 at 23-29.

Third, Intervenors are incorrect in asserting that *Bush v. Gore*, 531 U.S. 98, 106-07 (2000) supports their position.  ECF No. 882 at 1.  Intervenors now claim that because some Georgia counties have been enjoined since August 2023 – including through the primary voting process that took place this year – by the Court's Preliminary Injunction Order and others have not, there will be no 'adequate statewide standards for determining what is a legal [absentee] vote'" (ECF No. 882 at 3 (citing *Bush v. Gore*, 531 U.S. at 110)) and "Georgia's absentee voters will not receive 'equal treatment'" in the Fall 2024 elections.  *Id*. (citing *Bush v. Gore*, 531 U.S. at 106-07).

Intervenors have shown no justification for waiting almost a year to raise this concern as a basis to expedite. Significantly, Intervenors' allies, State Defendants, have not joined in this request. And it is to State Defendants, not this Court, that Intervenors should address any claim of equal treatment across counties in the first instance. Indeed, in response to Intervenors' request for the Plaintiffs' position on this Motion to Expedite, Georgia NAACP Plaintiffs requested to be informed of any request to or effort by State Defendants to ensure uniformity. They received no response. State Defendants can easily ensure uniformity, for example, by a supervisory instruction to all Georgia counties, not just those already enjoined, to follow this Court's Order. The evidence makes clear that State Defendants wield robust oversight of and authority over the voting process in Georgia, including as pertaining to absentee voting and the obligation to correct errors made by the counties. *See* ECF No. 826 at 80-96; *see also* O.C.G.A. §§ 21-2-31(1)-(2), 21-2-381(a)(1)(C)(i), 21-2-381(e), 21-2-383(a), 21-2-384(b). Intervenors' purported concern of inequality is within State Defendants' power to fix, yet neither Intervenors nor State Defendants have taken any steps over the last year to do so. There is no evidence that any county has refused or would refuse such directions.

The current injunction covering specific Georgia counties does not implicate *Bush v. Gore*, an opinion that expressly states that the Court's "consideration is limited to the present circumstances," i.e. the 2000 Florida recount. 531 U.S. at 109.

4

In *Bush v. Gore*, the Supreme Court ruled that the recount procedures the Florida Supreme Court had ordered in the days *following* the 2000 Presidential election were not consistent with the state's constitutional obligation to avoid arbitrary and disparate treatment of Florida voters. *Id.* at 105.  Critically, the state's implementation of new, constitutional recount mechanisms was not possible because of federal and state law-imposed time constraints. *Id.* at 110 (stating, on December 12, 2000, that "any controversy or contest that is designed to lead to a conclusive selection of electors [must] be completed by December 12 . . . [t]hat date is upon us, and there is no recount procedure in place").  By contrast here, almost one year ago this Court preliminarily determined that S.B. 202's birthdate requirement on absentee ballot envelopes likely violates the Materiality Provision and enjoined the Georgia counties who are parties to the lawsuit from rejecting absentee ballots that lack the voter's birthdate.  ECF No. 613.  And, since then, State Defendants have presided over elections. There was and remains sufficient time for the State to ensure against any perceived lack of uniformity for the upcoming election by requiring all counties to comply with the Order.  Any hypothetical *Bush v. Gore* problem would be one of the State's making and the Intervenors' failure to object.

      For the aforementioned reasons, Georgia NAACP Plaintiffs oppose Intervenors' Motion.

Dated: August 15, 2024                           By:     /s/ Laurence F. Pulgram

/s/ Bryan L. Sells
Bryan L. Sells
Email: bryan@bryansellslaw.com
Georgia Bar No. 635562
THE LAW OFFICE OF BRYAN SELLS, LLC
PO Box 5493
Atlanta, Georgia 31107
Tel: (404) 480-4212

Ezra D. Rosenberg (pro hac vice)
erosenberg@lawyerscommittee.org
Julie M. Houk (pro hac vice)
jhouk@lawyerscommittee.org
Jennifer Nwachukwu (pro hac vice)
jnwachukwu@lawyerscommittee.org
Heather Szilagyi (pro hac vice)
hszilagyi@lawyerscommittee.org
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 662-8600
Facsimile: (202) 783-0857

Vilia Hayes (pro hac vice)
vilia.hayes@hugheshubbard.com
Neil Oxford (pro hac vice)
neil.oxford@hugheshubbard.com
Gregory Farrell (pro hac vice)
gregory.farrell@hugheshubbard.com
Mana Ameri
mana.ameri@hugheshubbard.com
William Beausoleil
william.beausoleil@hugheshubbard.com
James Henseler (pro hac vice)

james.henseler@hugheshubbard.com
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

Gerald Weber
Email: wgerryweber@gmail.com
Georgia Bar No. 744878
Law Offices of Gerry Weber, LLC
Post Office Box 5391
Atlanta, Georgia 31107
Telephone: 404.522.0507

Laurence F. Pulgram (pro hac vice)
lpulgram@fenwick.com
Molly Melcher (pro hac vice)
mmelcher@fenwick.com
Armen Nercessian (pro hac vice)
Anercessian@fenwick.com
Ethan Thomas (pro hac vice)
EThomas@fenwick.com
FENWICK & WEST LLP
555 California Street
San Francisco, CA 94104
Telephone:   (415) 875-2300

Joseph S. Belichick (pro hac vice)
jbelichick@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041-2008
Telephone:  (650) 988-8500

6

| | |
|---|---|
| Catherine McCord (pro hac vice)<br>cmccord@fenwick.com<br>FENWICK & WEST LLP<br>902 Broadway, Suite 14<br>New York, NY  10010<br>Telephone: (212) 430-2690 | *Attorneys for Plaintiffs Georgia State Conference of the NAACP, Georgia Coalition for the People's Agenda, Inc., League of Women Voters of Georgia, Inc., GALEO Latino Community Development Fund, Inc., Common Cause, and the Lower Muskogee Creek* |

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing Georgia NAACP Plaintiffs' Response to Intervenors' Motion for Expedited Summary Judgment on Challenges to Birthdate Requirement, has been prepared in Times New Roman 14, a font and type selection approved by the Court in L.R. 5.1(B).

Dated: August 15, 2024

*/s/Laurence Pulgram*
Laurence Pulgram