# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| IN RE GEORGIA SENATE BILL 202 | Master Case No.: 1:21-MI-55555-JPB |
|---|---|

## PRIVATE PLAINTIFFS' OPPOSITION TO STATE DEFENDANTS' MOTION TO REOPEN LIMITED EXPERT DISCOVERY ON THE 2024 ELECTIONS

2864289

## TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................1

II.   LEGAL ARGUMENT ..........................................................................3

    **A.**   State Defendants' motion is procedurally improper. ...........................3

    **B.**   State Defendants' motion fails on the merits. ....................................4

        **1.**   Good cause does not exist. .........................................................4

        **2.**   State Defendants cannot show excusable neglect. .....................8

III.  DISCOVERY SCHEDULE ..................................................................12

    **A.**   State Defendants' request to allow additional summary judgment briefing should at least be denied. ...................................12

    **B.**   If discovery is reopened, the parties must further meet and confer regarding proper scope and timing. ......................................13

IV.   CONCLUSION....................................................................................15

CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(D).....................24

CERTIFICATE OF SERVICE ....................................................................25

2864289

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abruscato v. GEICO General Insurance Co.*,
  2014 WL 12616965 (M.D. Fla. May 30, 2014) ................................................7, 8

*Ashmore v. Sec'y, Dep't of Transp.*,
  503 F. App'x 683 (11th Cir. 2013) ........................................................4

*Barnette v. Federal Express Corporation*,
  2011 WL 2413437 (M.D. Fla. June 14, 2011) ....................................................7

*Battle v. Thomas*,
  2022 WL 17937991 (N.D. Ga. Aug. 11, 2022) ........................................9, 10, 11

*Bell v. Lee*,
  2023 WL 5836812 (N.D. Cal. Sept. 8, 2023) ........................................................3

*Citizens for Tax Reform v. Deters*,
  2006 WL 3420243 (S.D. Ohio Nov. 27, 2006) ....................................................6

*F.T.C. v. Lalonde*,
  545 F. App'x 825 (11th Cir. 2013) ........................................................4

*Fair Fight Action, Inc. v. Raffensperger*,
  2022 WL 6344390 (N.D. Ga. Apr. 7, 2022) ........................................................13

*United States ex rel. Fisher v. IASIS Healthcare LLC*,
  2018 WL 7864922 (D. Ariz. July 31, 2018) ........................................................3

*Johnson v. Doe*,
  2024 WL 3221825 (N.D. Ga. May 1, 2024) ........................................................6

*League of Women Voters of Florida Inc. v. Florida Secretary of State*,
  66 F. 4th 905 (11th Cir. 2023) ........................................................6

*Oravec v. Sunny Isles Luxury Ventures, L.C.*,
  527 F.3d 1218 (11th Cir. 2008) ........................................................5

ii

*Paylan v. Teitelbaum,*
798 F. App'x 458 (11th Cir. 2020) ........................................................9

*Payne v. C.R. Bard, Inc.,*
606 F. App'x 940 (11th Cir. 2015) ........................................................4

*Penson v. Dalton Heating & Air Conditioning, Inc.,*
2024 WL 5320188 (N.D. Ga. Oct. 7, 2024) .....................................9, 11

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,*
507 U.S. 380 (1993)...............................................................................8

*Snadon v. Sew-Eurodrive, Inc.,*
859 F. App'x 896 (11th Cir. 2021) (per curiam) ..................................5

*Sweet v. Lockheed Martin Corp.,*
2009 WL 10664952 (N.D. Ga. Aug. 21, 2009) .....................................9

*Tatintsian v. Vorotyntsev,*
2021 WL 780139 (S.D.N.Y. Jan. 27, 2021) ..........................................3

*Ward v. Anixter, Inc.,*
2023 WL 11909432 (N.D. Ga. Oct. 17, 2023) .............................5, 9, 12

*Ware v. Peters,*
2024 WL 4356566 (N.D. Ga. Sept. 30, 2024).......................2, 6, 8, 11

*Williams v. Baldwin Cnty. Comm'n,*
203 F.R.D. 512 (S.D. Ala. 2001) ...........................................................6

## Statutes

Voting Rights Act .........................................................................................6

## Other Authorities

Fed. R. Civ. P. 6 .............................................................................................4

Fed. R. Civ. P. 16 .......................................................................................4, 5

Local Rule 5.1(C).........................................................................................24

Local Rule 7.1(D) ................................................................................................24

Local Rule 7.1(D), I ...........................................................................................24

2864289

## I.    INTRODUCTION

Private Plaintiffs[1] respectfully request that the Court deny State Defendants' motion to engage in supplemental discovery and supplemental briefing at this stage of the case.

As early as October 2023, before Private Plaintiffs devoted enormous resources to brief their oppositions to State Defendants' seven summary judgment motions, State Defendants should have disclosed that they wanted to explore evidence related to voting in the 2024 election and incorporate that evidence into the parties' summary judgment submissions. Yet they said nothing and waited to file their belated and procedurally improper request to reopen summary judgment briefing over eighteen months after the close of discovery and issuance of the

---

[1] For the purposes of this motion, "Private Plaintiffs" encompasses Plaintiffs in five consolidated cases: Sixth District of the African Methodist Episcopal Church, Delta Sigma Theta Sorority, Georgia ADAPT, Georgia Advocacy Office, Georgia Muslim Voter Project, Women Watch Afrika, Latino Community Fund Georgia, The Arc of the United States, Asian Americans Advancing Justice–Atlanta, Steven J. Paik, Nora Aquino, Angelina Thuy Uddullah, and Anjali Enjeti-Sydow, Georgia State Conference of the NAACP, Georgia Coalition for the People's Agenda, Inc., League of Women Voters of Georgia, Inc., GALEO Latino Community Development Fund, Inc., Common Cause, the Lower Muskogee Creek Tribe, The Concerned Black Clergy of Metropolitan Atlanta, Inc., The Justice Initiative, Inc., Metropolitan Atlanta Baptist Ministers Union, Inc., First Congregational Church, United Church of Christ Incorporated, and Georgia Latino Alliance for Human Rights, Inc., The New Georgia Project, Black Voters Matter Fund, Rise, Inc., Elbert Solomon, Fannie Marie Jackson Gibbs, and Jauan Durbin.

summary judgment briefing schedule, seven months after they filed their reply briefs, and approximately three months after the 2024 election.

Private Plaintiffs do not dispute that the 2024 election data ultimately may be probative when the case proceeds to trial. In fact, Plaintiffs have previously expressed their willingness to consider reopening discovery in limited circumstances, specifically *after* summary judgement has been adjudicated and before proceeding to trial. *See* ECF No. 921 at 1–2. However, State Defendants' request to defer disposition of the fully briefed summary judgment motions in favor of additional discovery and briefing would unnecessarily prolong this case even further by delaying completion of the briefing on pending summary judgment motions, this Court's decisions on the motions, and ultimately the trial date, *see* J. Boulee Standing Order at 32 (noting Pretrial Order shall be filed after close of discovery or ruling on pending motions for summary judgment, whichever are later, and upon receipt of the Pretrial Order, a trial date will be set), all of which unfairly prejudices Private Plaintiffs. *See Ware v. Peters*, 2024 WL 4356566, at *6 (N.D. Ga. Sept. 30, 2024) (concluding that reopening discovery when summary judgment has been briefed "is itself unduly prejudicial"). State Defendants' motion to reopen discovery and engage in supplemental briefing should be denied.

If, however, the Court does allow additional discovery and/or additional summary judgment briefing, State Defendants' proposed schedule should be rejected

as impractical and inequitable. As the party with custody over much of the relevant election data, State Defendants should first produce 2024 election data, after which the parties can meet and confer to establish a fair schedule that does not unduly disadvantage Private Plaintiffs.

## II. LEGAL ARGUMENT

### A. State Defendants' motion is procedurally improper.

Under this Court's Standing Order, discovery motions must be presented to the Court in a "Consolidated/Joint Discovery Statement in which the parties describe the dispute and succinctly summarize their respective positions and the relief requested." J. Boulee Standing Order at 25.[2] Rather than comply with the Court's procedure, State Defendants unilaterally filed this motion seeking to reopen discovery. *See* ECF No. 917 at 7. Their motion disregards the Court's Standing Order for resolving such disputes and should therefore be denied.

---

[2] Any suggestion that the instant motion does not involve a discovery dispute, but instead concerns only scheduling, is unavailing. It is difficult to conceive of a more fundamental discovery dispute than whether discovery is even appropriate in the first instance. And, indeed, courts routinely refer to motions to reopen discovery as "discovery disputes." *See, e.g.*, *Tatintsian v. Vorotyntsev*, 2021 WL 780139, at *5 (S.D.N.Y. Jan. 27, 2021) (referring to a motion to reopen discovery as a "discovery dispute"); *Bell v. Lee*, 2023 WL 5836812, at *4-5 (N.D. Cal. Sept. 8, 2023) (categorizing plaintiff's objection to scope of City's motion to reopen discovery as one of several discovery disputes); *United States ex rel. Fisher v. IASIS Healthcare LLC*, 2018 WL 7864922, at *2 (D. Ariz. July 31, 2018) ("Plaintiffs/Relators presented the Court with the eighth discovery dispute in this matter when they moved the Court to reopen discovery…").

**B.      State Defendants' motion fails on the merits.**

Procedural deficiencies aside, the motion also fails because State Defendants do not provide sufficient basis to excuse their prolonged delay in seeking to reopen discovery and file supplemental summary judgment briefing. Pursuant to Federal Rule of Civil Procedure 16(b), "the district court must issue a scheduling order that limits the time to complete discovery." *Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013) (citing Fed. R. Civ. P. 6(b)). When a party seeks to extend discovery after it has closed, the movant "must show both good cause ***and*** excusable neglect." *Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 944 (11th Cir. 2015) (emphasis added) (citing Fed. R. Civ. P. 6(b)(1), 16(b))). Courts have broad discretion to enforce scheduling orders, and "[a] district court's decision to hold litigants to the clear terms of scheduling orders is not an abuse of discretion." *F.T.C. v. Lalonde*, 545 F. App'x 825, 834 (11th Cir. 2013).

Here, State Defendants have not established either good cause or excusable neglect to justify their delay. Granting their request at this stage would significantly prejudice Private Plaintiffs, disrupt judicial proceedings, and waste judicial resources.

**1.      Good cause does not exist.**

To establish that good cause exists to modify a scheduling order, including discovery deadlines, a party must show that the schedule could not "be met despite

4

the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Committee's Note; *see Oravec v. Sunny Isles Luxury Ventures, L.C.,* 527 F.3d 1218, 1232 (11th Cir. 2008). The Eleventh Circuit evaluates diligence by a party's "attempts to gather relevant information during discovery, the timing of when the information became available, and how soon the party moved to amend after discovering the information." *Snadon v. Sew-Eurodrive, Inc*., 859 F. App'x 896, 897 (11th Cir. 2021) (per curiam).

State Defendants cannot demonstrate diligence here because their purported need for supplemental discovery should have been readily apparent as early as June 2023 when they proposed their summary judgment schedule and the structure of seven separate motions, or even a year ago when it became clear that summary judgment briefing would conclude just six months before the November 2024 election. ECF Nos. 571, 580, Text Order (Feb. 29, 2024). The existence of the 2024 election was neither unforeseen nor "a newly discovered" event. *Ward v. Anixter, Inc.*, 2023 WL 11909432, at *16 (N.D. Ga. Oct. 17, 2023) (declining to find good cause where the movant was aware of the evidence it sought long before moving to reopen discovery). Nevertheless, State Defendants waited ***months*** before raising the issue of reopening discovery and submitting supplemental summary judgment

briefing with Private Plaintiffs.[3] This inaction underscores State Defendants' lack of diligence and precludes a finding of good cause.[4] *See Johnson v. Doe*, 2024 WL 3221825, *2 (N.D. Ga. May 1, 2024); *Ware*, 2024 WL 4356566, at *5 ("[L]ack of diligence alone forecloses [defendants'] ability to show good cause.") (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)); *see also Williams v. Baldwin Cnty. Comm'n*, 203 F.R.D. 512, 518-19 (S.D. Ala. 2001) (declining to reopen discovery in Voting Rights Act case where movant failed to act diligently).

Notably, the good cause standard does not turn on State Defendants' allegations about the significance of evidence from the 2024 election; it turns on whether State Defendants were diligent in requesting that discovery. Courts routinely adjudicate election-related cases without waiting for new election data. *See*, *e.g.*, *Citizens for Tax Reform v. Deters,* 2006 WL 3420243, at *1 (S.D. Ohio Nov. 27, 2006) (declining to reopen discovery for a new election cycle where "[t]he parties have had ample time to take discovery regarding [the 2005 and 2004 elections"); *League of Women Voters of Florida Inc. v. Florida Secretary of State*,

---

[3] Although State Defendants raised the issue of reopening discovery with Plaintiffs in December 2024, they delayed filing their motion until the end of January.

[4] Furthermore, despite State Defendants recently filing a motion to reopen discovery to address the United States's intervention in this case (ECF No. 875), which State Defendants subsequently withdrew (ECF No. 895), State Defendants never discussed with Private Plaintiffs prior to the 2024 election the possibility of reopening discovery to include the 2024 election.

66 F. 4th 905 (11th Cir. 2023) (resolving a voting rights case without waiting for future election data).

State Defendants' request to reopen discovery also conflicts with their assertion—set forth in their own summary judgment motions—that no material facts are in dispute. By seeking additional discovery, State Defendants implicitly acknowledge that new facts could be relevant to the case, undermining their claim that summary judgment is appropriate. In fact, further discovery may reveal even more disputed material facts than those already in the record. If State Defendants truly believed there were no material factual disputes, additional discovery should be unnecessary. Because the motions for summary judgment are already fully briefed, any motion to reopen discovery should be entertained only after and in light of the Court's summary judgment rulings.

The cases cited by State Defendants do not support their request. In *Barnette v. Federal Express Corporation*, 2011 WL 2413437, *2 (M.D. Fla. June 14, 2011), the court found good cause because the opposing party continued to disclose additional discovery after the discovery deadline had lapsed. That is not the case here. Just the opposite: Plaintiffs have not proposed consideration of any additional facts post the 2024 election; conversely, the State Defendants have failed to supply Plaintiffs with any of the new data they purport to consider relevant. And in *Abruscato v. GEICO General Insurance Co.*, 2014 WL 12616965, *3 (M.D. Fla.

May 30, 2014), the court reopened discovery because the moving party had sought the discovery at issue before discovery closed and because there was no claim of prejudice. The court went on to note that "prejudice to the non-movant is of primary concern." *Id.* In contrast, State Defendants are seeking to inject information about the 2024 election into this Court's decision on summary judgment while those motions have been pending for almost a year, and Private Plaintiffs will be severely prejudiced if that request is granted, as discussed further below.

### 2. State Defendants cannot show excusable neglect.

Courts consider four factors when determining whether excusable neglect exists: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay and whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Together, these factors weigh strongly against granting State Defendants' motion to reopen discovery.

***First***, Private Plaintiffs will be severely prejudiced if discovery were to reopen at this late juncture. Summary judgment has been fully briefed for over nine months. "Reopening discovery" when summary judgment has been briefed "is itself unduly prejudicial." *Ware*, 2024 WL 4356566, at *6. State Defendants' motion would necessitate Private Plaintiffs expending substantial time and expense on additional

discovery, as well as supplemental briefing on issues that may be moot after summary judgment is decided. *See Ward*, 2023 WL 11909432, at *17; *Sweet v. Lockheed Martin Corp.*, 2009 WL 10664952, at *3 (N.D. Ga. Aug. 21, 2009) (denying motion to reopen discovery where it "would result in additional costs and fees . . . relating to the taking of the depositions, and might create a need for [Plaintiffs] to make revisions to its summary judgment motion and supporting documentation, causing additional expense . . . and creating delay in consideration of the motion by the court."). Indeed, courts routinely deny motions to reopen discovery where summary judgment has been briefed due to the clear prejudice of time, expense, additional briefing, and potential change in strategy as a result.[5] That is especially the case here, where the parties submitted ***over 1,200 pages*** of briefing[6]

---

[5] *See*, *e.g.*, *Paylan v. Teitelbaum*, 798 F. App'x 458, 465 (11th Cir. 2020) ("We also readily conclude that the district court did not abuse its discretion in denying Paylan's motion to reopen discovery filed several months after the motions for summary judgment and responses were filed."); *Penson v. Dalton Heating & Air Conditioning, Inc.*, 2024 WL 5320188, at *2 (N.D. Ga. Oct. 7, 2024) ("The parties have fully briefed the summary judgment motion. Reopening discovery would entail more expense and might necessitate re-briefing, which would cause [the non-movant] to incur even more cost and delay this matter further."); *Battle v. Thomas*, 2022 WL 17937991, at *2–3 (N.D. Ga. Aug. 11, 2022) (finding prejudice where reopening discovery after summary judgment had been fully briefed "would likely require [non-movant] to expend additional time and money to depose . . . expert[s], and possibly . . . shift case strategy," and file additional briefing, which would "doubtless delay the adjudication of the case").

[6] *See* ECF Nos. 757–764 (motions for summary judgment), 822–830 (opposition briefs), 853–860 (reply briefs).

9

and ***over 1,300 pages*** of evidence[7] relating to summary judgment motions. The already voluminous summary judgment record also underscores that granting State Defendants' motion would not only burden Private Plaintiffs, but also the Court. Adding even more briefing and evidence to the mountain of paper the Court has before it will not aid the Court in ruling on the summary judgment motions, but rather would hinder it. Lastly, the fact that a trial date has not yet been set (*see* Mot. at 6) does not alter the prejudice to Private Plaintiffs nor explain away State Defendants' unreasonable delay. *See Battle v. Thomas*, 2022 WL 17937991, at *3 (denying motion to reopen discovery notwithstanding that "no trial date has been set"). Indeed, under this Court's Standing Order, a trial date cannot even be set until summary judgment has been decided. *See* J. Boulee Standing Order at 32.

**Second**, the delay that State Defendants characterize as "short" is, by their own proposed schedule, no less than an additional nineteen weeks—almost five months—and long after the Court has already received the parties' extensive submissions for adjudication of State Defendants' summary judgment motions. Mot. at 6. Courts regularly deny motions to reopen discovery when doing so would delay

---

[7] *See* ECF Nos. 755, 807, 807-1, 861 (statements of material fact and responses thereto).

2864289

the proceedings or undermine considerations of judicial efficiency.[8] The parties'
summary judgment briefs have been pending before the Court for nearly a year, and
adding nearly five months for additional discovery and briefing would further delay
any summary judgment decision and, ultimately, trial.[9] State Defendants' proposed
schedule does not even consider the additional time it may take the Court to consider
the new information in light of the thousands of pages of briefing and evidence it
has already received, or the corresponding burden to the Court and strain on judicial
resources. Nearly four years have passed since this matter was initiated, and Private
Plaintiffs have a significant interest in the timely disposition of this case. Reopening
discovery and briefing at this juncture imposes substantial—and unnecessary—costs
upon the parties and the Court, particularly given that the Court's decision on State
Defendants' summary judgment motions could obviate some or all of the purported
need for the discovery State Defendants seek.

      *Third*, State Defendants offer no valid justification for their delay. As
addressed above, State Defendants offer no explanation whatsoever for the timing

---

[8] *See, e.g., Penson*, 2024 WL 5320188, at *2 ("reopening discovery would
prejudice" the non-movant by "delay[ing] this matter further"); *Battle*, 2022 WL
17937991, at *3 (denying reopening discovery where it "would doubtless delay the
adjudication of the case"); *Ware*, 2024 WL 4356566, at *6 ("the remedy
[Defendants] want[] would cause further delay").

[9] As this Court has previously noted, discussion about potential trial dates or logistics
is "premature" when "discovery is still ongoing" and dispositive motions have not
been filed or resolved. *See* ECF No. 400.

2864289

of their motion other than to state the obvious: that the 2024 election had not yet occurred in 2023. Mot. at 6. But that assertion misses the point. The parties proceeded through discovery and to summary judgment with full knowledge that an election would occur in 2024, just as one occurred in 2022, and as another will occur in 2026. With this full knowledge, State Defendants *chose* to brief summary judgment in 2023 instead of seeking to incorporate 2024 election data in their motions. *See Ward*, 2023 WL 11909432, at *16 (denying a motion to reopen discovery when the movant could have acted earlier but failed to do so).

## III. DISCOVERY SCHEDULE

### A. State Defendants' request to allow additional summary judgment briefing should at least be denied.

If the Court is inclined to consider reopening discovery to allow for evidence relating to the 2024 elections, it should nonetheless deny State Defendants' request for supplemental summary judgment briefing. Because this case cannot proceed towards trial and a final resolution until discovery and dispositive motions have been concluded and resolved, State Defendants' request to reopen summary judgment briefing prejudices Plaintiffs twice over: it imposes significant cost of yet another round of briefing, and further delays the resolution of this case, which has been pending for nearly four years. *See* ECF No. 400. This Court certainly has discretion to grant limited additional discovery before the case proceeds to trial, *see, e.g.*, *Fair Fight Action, Inc. v. Raffensperger*, 2022 WL 6344390, at *1 (N.D. Ga. Apr. 7, 2022)

(allowing limited additional discovery before trial but after summary judgment), but requiring the parties to continue supplementing the briefing related to the long-pending summary judgment motions would needlessly prolong this case. The summary judgment record is already complete, it has been for over a year, and it is sufficiently robust to allow the Court to assess SB 202's impact. The Court should thus reject State Defendants' request for supplemental briefing.

**B.     If discovery is reopened, the parties must further meet and confer regarding proper scope and timing.**

Even if the Court grants State Defendants' motion, it should reject State Defendants' proposed schedule as unworkable and inherently prejudicial for several reasons.

***First***, State Defendants propose that the parties simultaneously produce any 2024 election data on which their experts plan to rely. But the prior election data and documents that Plaintiffs' experts relied on were largely obtained ***from State and County Defendants*** during fact discovery, and much of the relevant 2024 election data is similarly solely within Defendants' control. Without requiring that State Defendants produce all relevant 2024 election data, Private Plaintiffs would be without access to the full evidentiary record they would need to update their expert reports. To prevent this unfair advantage, before any limited additional expert

13

discovery period occurs, the Court should order that any Defendants[10] intending to rely on 2024 election data meet and confer with Private Plaintiffs to discuss the 2024 election data and documents in their possession that are responsive to Private Plaintiffs' discovery requests, had those requests been drafted to include 2024 election data,[11] and produce the relevant data and documents to Private Plaintiffs.

*Second*, State Defendants' proposed schedule unfairly favors their own experts, who may already possess the 2024 election data that State Defendants control. In contrast, Private Plaintiffs' experts must wait until State Defendants make a complete production. The four-week period proposed by State Defendants for expert reports is insufficient given this discrepancy in access. Private Plaintiffs should be given more time to assess the data and determine how long their experts will need to prepare supplemental reports. The Court should not impose a deadline before Private Plaintiffs have had an opportunity to evaluate the new data and documents.

---

[10] Although only State Defendants filed the present motion, if County Defendants intend to rely on data from the 2024 election, they should be ordered to produce relevant 2024 election data to Plaintiffs as well.

[11] For example, Private Plaintiffs requested, and State Defendants produced, absentee files reflecting information about absentee-by-mail ballots cast in the 2016, 2018, and 2020 general elections, and the January 2021 runoff election. Private Plaintiffs did not initially request information about the 2022 or 2024 elections because of the discovery deadlines, although production of documents relating to the 2022 general and runoff elections were worked into the schedule.

2864289

***Third***, the schedule State Defendants proposed for supplemental briefing is prejudicial and procedurally improper. Because State Defendants are the party moving for summary judgment, they bear the burden of proof. Accordingly, State Defendants should submit their supplemental brief first, followed by Plaintiffs' responsive supplemental brief. This sequencing aligns with well-established briefing practices and ensures that Plaintiffs would have a full and fair opportunity to respond to State Defendants' new arguments. Private Plaintiffs agree that no reply should be permitted.

In sum, if discovery is reopened at this stage, State Defendants should be ordered to meet and confer with Plaintiffs and produce responsive 2024 election data and documents. After that production is made, the parties can meet and confer to jointly propose a schedule for supplemental expert reports and supplemental summary judgment briefing (if necessary).

## IV.    CONCLUSION

In addition to failing to comply with the Court's Standing Order, State Defendants have not shown good cause or excusable neglect for their belated request to reopen discovery. Elections continue to take place, but the judicial process requires finality. The existing record is sufficient for the Court to rule on pending motions for summary judgment, and reopening discovery at this point would unfairly burden Private Plaintiffs, as well as the Court, while setting a precedent for endless

2864289

litigation delays. The Court should deny State Defendants' motion to reopen

discovery and supplement the summary judgment briefing.

16

Dated: February 27, 2025

Respectfully Submitted,

Davin M. Rosborough*
*drosborough@aclu.org*
Sophia Lin Lakin*
*slakin@aclu.org*
Jonathan Topaz*
*jtopaz@aclu.org*
Dayton Campbell-Harris*^
*dcampbell-harris@aclu.org*
ACLU FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 519-7836
Facsimile: (212) 549-2539

Brian Dimmick (pro hac vice)
*bdimmick@aclu.org*
ACLU FOUNDATION, INC.
915 15th Street NW
Washington, DC 20005
Telephone: (202) 731-2395

Susan P. Mizner (pro hac vice)
*smizner@aclu.org*
ACLU FOUNDATION, INC.
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 343-0781

George P. Varghese (pro hac vice)
*george.varghese@wilmerhale.com*
Stephanie Lin (pro hac vice)
*stephanie.lin@wilmerhale.com*
Mikayla Foster (pro hac vice)
*mikayla.foster@wilmerhale.com*
Sofie C. Brooks (pro hac vice)
*sofie.brooks@wilmerhale.com*

Caitlin May (Ga. Bar No. 602081)
*cmay@acluga.org*
Cory Isaacson (Ga. Bar No. 983797)
*cisaacson@acluga.org*
ACLU FOUNDATION OF
GEORGIA, INC.
P.O. Box 77208
Atlanta, Georgia 30357
Telephone: (678) 981-5295
Facsimile: (770) 303-0060

*/s/ Leah C. Aden*
Leah C. Aden*
*laden@naacpldf.org*
Alaizah Koorji*
*akoorji@naacpldf.org*
John S. Cusick*
*jcusick@naacpldf.org*
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
Telephone: (212) 965-2200
Facsimile: (212) 226-7592

Anuja Thatte*
*athatte@naacpldf.org*
NAACP LEGAL DEFENSE AND
EDUCATION FUND, INC.
700 14th Street, NW
Suite 600
Washington, DC 20005
Telephone: (202) 682-1300

17

WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Nana Wilberforce (pro hac vice)
*nana.wilberforce@wilmerhale.com*
WILMER CUTLER PICKERING
HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

Debo P. Adegbile (pro hac vice)
*debo.adegbile@wilmerhale.com*
WILMER CUTLER PICKERING
HALE AND DORR LLP
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

Tania Faransso (pro hac vice)
*tania.faransso@wilmerhale.com*
Laura Powell (pro hac vice)
*laura.powell@wilmerhale.com*
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Ave. NW
Washington, DC 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

*Admitted pro hac vice
^ Practice limited to federal court

*Attorneys for Plaintiffs*
*Sixth District of the African Methodist Episcopal Church, Delta Sigma Theta*
*Sorority, Georgia ADAPT, and Georgia Advocacy Office*

*/s/ Pichaya Poy Winichakul*
Pichaya Poy Winichakul (Bar 246858)
*poy.winichakul@splcenter.org*
Bradley E. Heard (Bar 342209)
*bradley.heard@splcenter.org*
Matletha N. Bennette*
*matletha.bennette@splcenter.org*
SOUTHERN POVERTY LAW
CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, Georgia 30031-1287
Telephone: (404) 521-6700

Adam S. Sieff*
*adamsieff@dwt.com*
Daniel Leigh*
*danielleigh@dwt.com*
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue 27th Floor
Los Angeles, CA 90071
Telephone: (213) 633-6800
Facsimile: (213) 633-6899

Matthew Jedreski*

18

2864289

Facsimile: (404) 221-5857

Sabrina S. Khan*
*sabrina.khan@splcenter.org*
SOUTHERN POVERTY LAW
CENTER
1101 17th Street NW, Suite 705
Washington, DC 20036
Telephone: (202) 728-9557

*mjedreski@dwt.com*
Danielle Eun Kim*
*daniellekim@dwt.com*
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Telephone: (206) 622-3150
Facsimile: (206) 757-7700

David M. Gossett*
*davidgossett@dwt.com*
DAVIS WRIGHT TREMAINE LLP
1301 K Street NW, Suite 500
Washington, DC 20005-7048
Telephone: (202) 973-4288
Facsimile: (202) 973-4499

*Admitted pro hac vice

*Attorneys for Plaintiffs*
*Georgia Muslim Voter Project, Women Watch Afrika,*
*Latino Community Fund Georgia, and The Arc of the United States*

/s/ Meredyth L. Yoon
MEREDYTH L. YOON
(Georgia Bar No. 204566)
ASIAN AMERICANS
ADVANCING JUSTICE-ATLANTA
5680 Oakbrook Parkway, Suite 148
Norcross, Georgia 30093
404 585 8446 (Telephone)
404 890 5690 (Facsimile)
*myoon@advancingjustice-atlanta.org*

/s/ Noah Baron
NIYATI SHAH*
TERRY AO MINNIS*º
NOAH BARON*
ASIAN AMERICANS
ADVANCING JUSTICE-AAJC
1620 L Street, NW, Suite 1050
Washington, DC 20036
202 815 1098 (Telephone)
202 296 2318 (Facsimile)
*nshah@advancingjustice-aajc.org*
*tminnis@advancingjustice-aajc.org*
*nbaron@advancingjustice-aajc.org*

19

/s/ Eileen Ma
EILEEN MA*
KIMBERLY LEUNG*
ASIAN LAW CAUCUS
55 Columbus Avenue
San Francisco, CA 94111
415 896 1701 (Telephone)
415 896 1702 (Facsimile)
eileenm@asianlawcaucas.org
kimberlyl@asianlawcaucas.org

/s/ R. Adam Lauridsen
LEO L. LAM*
R. ADAM LAURIDSEN*
CANDICE MAI KHANH
NGUYEN*
LUIS G. HOYOS*
RYLEE KERCHER OLM*
NIHARIKA S. SACHDEVA*
ELIZABETH A. HECKMAN*
KEKER, VAN NEST AND PETERS
LLP
633 Battery Street
San Francisco, CA 94111-1809
415 391 5400 (Telephone)
415 397 7188 (Facsimile)
llam@keker.com
alauridsen@keker.com
cnguyen@keker.com
lhoyos@keker.com
rolm@keker.com
nsachdeva@keker.com
eheckman@keker.com

*Admitted pro hac vice
º Not admitted in D.C.

*Attorneys for Plaintiffs*
*Asian Americans Advancing Justice–Atlanta, Steven J. Paik,*
*Nora Aquino, Angelina Thuy Uddullah, and Anjali Enjeti-Sydow*

20

Halsey G. Knapp, Jr.
Georgia Bar No. 425320
Joyce Gist Lewis
Georgia Bar No. 296261
Adam M. Sparks
Georgia Bar No. 341578
KREVOLIN & HORST, LLC
1201 W. Peachtree St., NW
One Atlantic Center, Suite 3500
Atlanta, Georgia 30309
Telephone: (404) 888-9700
Facsimile: (404) 888-9577
*hknapp@khlawfirm.com*
*jlewis@khlwafirm.com*
*sparks@khlawfirm.com*

*/s/ Uzoma N. Nkwonta*
Uzoma N. Nkwonta*
Jacob D. Shelly*
Melinda K. Johnson*
Tina Meng Morrison*
Marcos Mocine-McQueen*
ELIAS LAW GROUP LLP
250 Massachusetts Ave NW
Suite 400
Washington, DC 20001
Telephone: (202) 968-4490
*unkwonta@elias.law*
*jshelly@elias.law*
*mjohnson@elias.law*
*tmengmorrison@elias.law*
*mmcqueen@elias.law*

*Admitted pro hac vice

*Attorneys for Plaintiffs*
*The New Georgia Project, Black Voters Matter Fund, Rise, Inc.,*
*Elbert Solomon, Fannie Marie Jackson Gibbs, and Jauan Durbin*

21

Bryan L. Sells
Georgia Bar No. 635562
THE LAW OFFICE OF BRYAN L.
SELLS, LLC
P.O. Box 5493
Atlanta, Georgia 31107
Tel: (404) 480-4212
Email: *bryan@bryansellslaw.com*

Julie M. Houk (pro hac vice)
*jhouk@lawyerscommittee.org*
Jennifer Nwachukwu (pro hac vice)
*jnwachukwu@lawyerscommittee.org*
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 662-8600
Facsimile: (202) 783-0857

*/s/ Vilia Hayes*
Vilia Hayes (pro hac vice)
*vilia.hayes@hugheshubbard.com*
Neil Oxford (pro hac vice)
*neil.oxford@hugheshubbard.com*
Gregory Farrell (pro hac vice)
*gregory.farrell@hugheshubbard.com*
Mana Ameri (pro hac vice)
*mana.ameri@hugheshubbard.com*
William Beausoleil
*william.beausoleil@hugheshubbard.com*
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

Gerald Weber
Georgia Bar No. 744878
LAW OFFICES OF GERRY
WEBER, LLC
Post Office Box 5391
Atlanta, Georgia 31107
Telephone: 404.522.0507
Email: *wgerryweber@gmail.com*

*/s/ Laurence F. Pulgram*
Laurence F. Pulgram (pro hac vice)
*lpulgram@fenwick.com*
Molly Melcher (pro hac vice)
*mmelcher@fenwick.com*
Armen Nercessian (pro hac vice)
*Anercessian@fenwick.com*
Ethan Thomas (pro hac vice)
*EThomas@fenwick.com*
FENWICK & WEST LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 875-2300

Joseph S. Belichick (pro hac vice)
*jbelichick@fenwick.com*
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041-2008
Telephone: (650) 988-8500

Catherine McCord (pro hac vice)
*cmccord@fenwick.com*
FENWICK & WEST LLP
902 Broadway, Suite 14
New York, NY 10010
Telephone: (212) 430-2690

22

*Attorneys for Plaintiffs*
*Georgia State Conference of the NAACP, Georgia Coalition for the People's*
*Agenda, Inc., League of Women Voters of Georgia, Inc.,*
*GALEO Latino Community Development Fund, Inc.,*
*Common Cause, and the Lower Muskogee Creek Tribe*

Kurt Kastorf (GA Bar No. 315315)
KASTORF LAW, LLC
1387 Iverson Street, N.E., Suite 100
Atlanta, Georgia 30307
Telephone: 404-900-0330
*kurt@kastorflaw.com*

*/s/ Matthew A. Fogelson*
Judith Browne Dianis*
Matthew A. Fogelson*
ADVANCEMENT PROJECT
1220 L Street, N.W., Suite 850
Washington, DC 20005
Telephone: (202) 728-9557
*JBrowne@advancementproject.org*
*MFogelson@advancementproject.org*

Clifford J. Zatz*
Justin D. Kingsolver*
William Tucker*
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 624-2500
*CZatz@crowell.com*
*JKingsolver@crowell.com*
*WTucker@crowell.com*

Jordan Ludwig*
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, CA 90071
Telephone: (213) 443-5524
*JLudwig@crowell.com*

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*
*The Concerned Black Clergy of Metropolitan Atlanta, Inc.,*
*The Justice Initiative, Inc., Metropolitan Atlanta Baptist Ministers Union, Inc.,*
*First Congregational Church, United Church of Christ Incorporated,*
*Georgia Latino Alliance for Human Rights, Inc.*

2864289

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(D)

Pursuant to Local Rule 7.1(D), I certify that the foregoing document was

prepared in Times New Roman 14-point font in compliance with Local Rule 5.1(C).

_/s/ R. Adam Lauridsen_
R. Adam Lauridsen

**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2025, I electronically filed the foregoing with the clerk of the court using the CM/ECF system, which will send notification of this filing to counsel of record.

*/s/ R. Adam Lauridsen*
R. Adam Lauridsen

25