**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | Master Case No.:<br>1:21-MI-55555-JPB |

**STATE DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
REOPEN LIMITED EXPERT DISCOVERY ON THE 2024 ELECTIONS**

# TABLE OF CONTENTS

INTRODUCTION ................................................................................ 1

ARGUMENT ...................................................................................... 2

I.    State Defendants' Motion is Procedurally Proper. ................................. 3

II.   Good Cause Exists to Grant State Defendants' Motion. ........................ 4

III.  Plaintiffs Fail to Identify any Neglect. ................................................ 7

IV.   The Proposed Schedule is Reasonable. ............................................... 9

CONCLUSION ................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Bell v. Lee*,
   No. 3:13-cv-5820, 2023 WL 5836812 (N.D. Cal. Sept. 8, 2023) ..................... 3

*Brown v. JSS Vivint Solar, Inc.*,
   No. 8:18-cv-2838, 2019 WL 7020115 (M.D. Fla. Dec. 20, 2019) ................... 8

*Martinez v. Halabi*,
   No. 09-cv-61624, 2011 WL 9175560 (S.D. Fla. Nov. 10, 2011) ..................... 8

*Sills v. Bendix Com. Vehicle Sys., LLC*,
   No. 1:04-cv-0149, 2005 WL 8169383 (N.D. Ind. Apr. 21, 2005) ................... 8

*Sutherland v. S.C. Dep't of Corr.*,
   No. 19-cv-2106, 2019 WL 9359728 (D.S.C. Nov. 25, 2019) .......................... 8

*Tatintsian v. Vorotyntsev*,
   Nos. 1:16-cv-7203, 1:16-cv-8029, 2021 WL 780139
   (S.D.N.Y. Jan. 27, 2021) ................................................................................ 3

*United States ex rel. Fisher v. IASIS Healthcare LLC*,
   No. 2:15-cv-0872, 2018 WL 7864922 (D. Ariz. July 31, 2018) ...................... 4

## INTRODUCTION

As State Defendants demonstrated through their motions for summary judgment, SB 202 was a reasonable and lawful way to expand voter access through such things as increasing early voting, reducing voting lines, statutorily authorizing dropboxes, and enhancing the voting experience in many other ways. And, during the elections held after SB 202, Georgia voters reported overwhelmingly positive experiences voting.

That is particularly true for the 2024 general election. However, the Court has not yet received data from that election, despite its obvious relevance to the pending motions for summary judgment. Accordingly, State Defendants request that the Court reopen expert discovery for a limited period to allow the parties to supplement the summary-judgment record with data from the 2024 election. *See* State Defs.' Mot. to Reopen Disc. ("Mot.") [Doc. 917]. Doing so will increase efficiency by ensuring that the Court has all relevant data available to it when resolving the pending motions, thereby ensuring that legally foreclosed claims do not proceed to trial.

In opposing this request, Private Plaintiffs concede that the 2024 election data are relevant to the issues pending before the Court. *See* Pls.' Opp'n to State Defs.' Mot. to Reopen Disc. at 2 ("Opp'n") [Doc. 925]. But despite this acknowledged relevance, Plaintiffs seek to prevent the Court from receiving any such data until *after* it resolves the pending motions.

Plaintiffs' approach is highly inefficient, and it would result in a substantial waste of the Court's resources.  Accordingly, the Court should grant State Defendants' motion, reopen discovery for limited expert discovery on the 2024 elections, and allow the parties to file short supplemental summary judgment briefs.

## ARGUMENT

Granting State Defendants' motion will ensure that the Court has the relevant information at its disposal before resolving the pending motions for summary judgment.  And none of Plaintiffs' four reasons for opposing the motion holds water—including their arguments that the motion is procedurally improper; that State Defendants failed to identify good cause and excusable neglect in support of their motion; and that, if the Court were inclined to grant the motion, the proposed schedule is unreasonable.  In fact, the record confirms precisely why the supplemental discovery is necessary, and State Defendants propose a reasonable schedule that balances the need to analyze this new data with the need to allow this case to move forward expeditiously.[1]

---

[1] Unless noted otherwise, references herein to "Plaintiffs" refer only to Private Plaintiffs.  Plaintiff Department of Justice ("DOJ") "takes no position" on State Defendants' motion.  *See* U.S.' Resp. to State Defs.' Mot. to Reopen Disc. [Doc. 923].  Of note, until late January 2025, counsel for DOJ handled correspondence for the consolidated Plaintiffs.  It was thus routine for State

## I.    State Defendants' Motion is Procedurally Proper.

Plaintiffs first argue (at 3) that State Defendants' motion is procedurally improper and that it should have been handled through the Court's procedures for discovery disputes rather than through traditional motions practice. Plaintiffs are mistaken.  For one, the parties have routinely addressed the timing and scope of discovery through motions practice, rather than through the Court's discovery-dispute procedures. *See, e.g.,* [Docs. 453, 480, 875].

Moreover, the cases Plaintiffs cite (at 3 n.2) do not offer them any help. For instance, in *Tatintsian v. Vorotyntsev*, Nos. 1:16-cv-7203, 1:16-cv-8029, 2021 WL 780139 (S.D.N.Y. Jan. 27, 2021), the court mentioned a "discovery dispute" when addressing a request to "compel [a party] to comply with certain discovery demands." *Id.* at \*1.  That is not the case here.  Plaintiffs also point to *Bell v. Lee*, No. 3:13-cv-5820, 2023 WL 5836812 (N.D. Cal. Sept. 8, 2023), where the court used the phrase "discovery dispute" when referring to a motion to reopen discovery and several other matters. *Id.* at \*4.  But Plaintiffs fail to note that the *Bell* parties addressed the request to reopen discovery through traditional motions practice, rather than through a separate discovery-dispute

---

Defendants' counsel to confer with DOJ counsel, who would then collaborate with Private Plaintiffs and provide State Defendants a unified position of the consolidated Plaintiffs.  Indeed, that is just what occurred here.  Accordingly, any suggestion that State Defendants failed to confer with Private Plaintiffs is mistaken.

procedure, as Plaintiffs suggest. *See* Defs.' Mot. to Reopen Disc., *id.*, ECF No. 205; Pl.'s Opp'n, *id.*, ECF No. 209; Defs.' Reply, *id.*, . F No. 210. The same is true of Plaintiffs' reliance on *United States ex rel. Fisher v. IASIS Healthcare LLC*, No. 2:15-cv-0872, 2018 WL 7864922 (D. Ariz. July 31, 2018). While that court used the words "discovery dispute," Plaintiffs fail to appreciate that the parties in that case also addressed the request to reopen discovery through routine motions practice. *See* Pls.' Mot. Reopen Disc., *id.*, ECF No. 181; Defs.' Opp'n, *id.*, ECF No. 192; Pls.' Reply, *id.*, ECF No. 203. Thus, Plaintiffs substantially overread these courts' passing use of the phrase "discovery dispute."

Finally, Plaintiffs' procedural complaint rings hollow because Plaintiffs fail to identify any harm. Each party has had a chance to explain its position on State Defendants' request to reopen discovery, and that request is now ready for the Court's resolution. Accordingly, the Court should reject Plaintiffs' procedural complaint.

## II.    Good Cause Exists to Grant State Defendants' Motion.

Plaintiffs next argue (at 4–8) that State Defendants have not shown good cause to grant the motion. Once again, Plaintiffs are mistaken. As State Defendants demonstrated at length, data from Georgia's 2024 elections will provide the Court with a more complete factual record on many of the issues currently subject to summary judgment motions. *See* Mot. at 3. Indeed, State

Defendants identified four key topics where supplemental expert discovery is highly relevant.  *See id.* at 3–5 (addressing turnout rates; voting methods by racial group; absentee-ballot rejection rates; and wait times).  As State Defendants explained, each of these categories of data is directly relevant to the pending motions for summary judgment, and the Court should have the benefit of this supplemental information before it resolves those motions. Accordingly, there is good cause to grant the requested relief.

In response, Plaintiffs concede (at 2) that the 2024 election data are relevant, yet say they simply want to wait until trial before addressing any supplemental discovery.  But that approach lacks common sense, especially given the potential that supplemental evidence would foreclose the claims as a matter of law.  The Court should not engage in such a waste of resources. Instead, given the agreement that the 2024 election data are relevant, the Court should ensure that it has the most up-to-date data before resolving the pending motions.

Plaintiffs next accuse State Defendants of failing to demonstrate diligence in requesting to reopen discovery.  According to Plaintiffs (at 5), State Defendants should have foreseen in June 2023 that the presidential elections a year-and-a-half later would provide relevant information *and* that the summary judgment motions would still be pending after the November 2024 presidential election.  That is nonsense.  As a review of the docket confirms, it

is unreasonable to suggest that State Defendants should have proposed in 2023 that discovery remain open through the 2024 elections, with summary judgment briefing waiting until after the 2024 elections. That proposal would have been dead on arrival, as Plaintiffs would have fiercely opposed it. *See* Jt. Status Rep. [Doc. 571]; Pls.' Opp'n to Mot. for Extension of Time [Doc. 671] (opposing any extension of the deadlines for summary-judgment briefs in late 2023).

Plaintiffs also accuse State Defendants of "wait[ing] months" before requesting that the Court reopen discovery. Opp'n at 5 (emphasis omitted). But the timeline of State Defendants' motion only underscores their diligence. State Defendants did not ask the Court before the 2024 election to reopen discovery because it would have been speculative to do so. And State Defendants waited until late January to file their motion because they wanted to first analyze the data to confirm its relevance. *See* Mot. at 3–5 (discussing results of that preliminary analysis).[2]

Plaintiffs next make the curious argument (at 7) that State Defendants' motion "conflicts with their assertion … that no material facts are in dispute."

---

[2] Notably, despite filing a lengthy opposition to State Defendants' motion, Plaintiffs have not pointed to any data from the 2024 election that would support their claims, and Plaintiffs have not offered any response to the various topics State Defendants identified as being impacted by the 2024 election data.

But that misunderstands the procedural posture of this case and State Defendants' motion. In their summary judgment motions, State Defendants demonstrated that there are no genuine disputes of fact and that judgment should be entered in their favor on each of Plaintiffs' claims. That remains true. However, Plaintiffs responded to the summary judgment motions by pointing to various facts that are purportedly in dispute. As State Defendants explained in their motion to reopen discovery, the 2024 election data put the lie to Plaintiffs' arguments.

In sum, the parties agree that the 2024 election data are relevant to the pending claims. They simply differ as to when additional discovery should be permitted. Because allowing a brief period of supplemental discovery now will likely streamline and narrow future proceedings, it is far more efficient for the parties to provide the Court with this additional information now, rather than requiring the Court to resolve summary judgment motions based on now-incomplete evidence.

## III. Plaintiffs Fail to Identify any Neglect.

Plaintiffs also accuse State Defendants of neglect in seeking to reopen discovery. Opp'n at 8–12. According to Plaintiffs, reopening discovery will "severely prejudice[]" them. *Id.* at 8. But it is difficult to see how providing the Court with information that has a substantial likelihood of streamlining issues could prejudice any party. To be sure, the 2024 election data may reduce

or eliminate the likelihood that Plaintiffs' claims go to trial.  In that sense, they are "prejudiced."  But State Defendants are unaware of any authority suggesting that a party is "prejudiced" by evidence showing that their claims are foreclosed as a matter of law.  Quite the opposite.  State Defendants and the Court would be substantially prejudiced by spending time resolving the pending motions for summary judgment and preparing for trial on claims where evidence exists showing that the claims are legally foreclosed.

Plaintiffs also argue that courts "routinely deny motions to reopen discovery where summary judgment has been briefed due to the clear prejudice" of additional proceedings.  Opp'n at 9 & n.5 (citing cases).  But it's not quite as clear as Plaintiffs suggest, as several cases show.  *See, e.g.*, *Martinez v. Halabi*, No. 09-cv-61624, 2011 WL 9175560 (S.D. Fla. Nov. 10, 2011) (granting motion to reopen discovery after summary judgment motions were fully briefed); *Brown v. JSS Vivint Solar, Inc.*, No. 8:18-cv-2838, 2019 WL 7020115 (M.D. Fla. Dec. 20, 2019) (same); *Sills v. Bendix Com. Vehicle Sys., LLC*, No. 1:04-cv-0149, 2005 WL 8169383, at *1 (N.D. Ind. Apr. 21, 2005) (same); *Sutherland v. S.C. Dep't of Corr.*, No. 19-cv-2106, 2019 WL 9359728, at *2 (D.S.C. Nov. 25, 2019) (discussing order granting reopening of discovery after summary judgment motion was fully briefed).

Additionally, Plaintiffs criticize the length of the requested supplemental discovery period.  Opp'n at 10–11.  Here again, Plaintiffs'

primary complaint is that reopening discovery is inefficient.  *See id.* at 11.  But Plaintiffs again ignore that reopening discovery on these critical questions will *enhance* efficiency by ensuring that no claims go to trial where the facts confirm that the claims are foreclosed as a matter of law.  Affording the parties and the Court a brief period to address these issues is a small price to pay for such significant long-run efficiencies.[3]  Of course, State Defendants are prepared to proceed on an accelerated schedule if the Court so desires.

## IV.    The Proposed Schedule is Reasonable.

The schedule State Defendants proposed is also reasonable, and it balances the significance of the issues to be addressed through supplemental expert discovery with the need for these proceedings to move forward expeditiously.  *See* Mot. at 7.

In response, Plaintiffs argue (at 12–13) that, even if additional discovery is permitted, the parties should not submit supplemental summary judgment briefs.  Under that approach, the parties will have exchanged discovery on issues relevant to the Court's resolution of the pending motions, but the Court will not have the benefit of that information.  That makes no sense.  If the

---

[3] Plaintiffs' repeated references to the number of pages the parties filed during summary judgment briefing only underscores the importance of State Defendants' motion.  *See, e.g.*, Opp'n at 9–10.  Reopening discovery and allowing brief supplemental filings will help streamline this voluminous record.

Court permits the parties to engage in supplemental expert discovery, the parties should also briefly update the Court on the relevance of the new data.

Plaintiffs' other response is to demand that the parties meet and confer regarding the scope and timing of any additional discovery. *See* Opp'n at 13–14. State Defendants have no objection. Of course, Plaintiffs have been on notice since December 2024 that State Defendants would request leave to pursue additional expert discovery. Yet Plaintiffs have not taken a single step toward obtaining any of the data they suggest they need. *See id.* In contrast, DOJ proactively asked State Defendants to preserve and produce data from the 2024 election, which State Defendants provided to DOJ shortly thereafter. Had Plaintiffs been similarly diligent, they may already have much of the data they suggest they need. In any event, State Defendants have no objection to conferring further about the scope of supplemental discovery.

Finally, State Defendants have no objection to the parties filing staggered supplemental briefs, as Plaintiffs suggest. *See* Opp'n at 15. However, if the parties file staggered supplemental briefs rather than simultaneous briefs, State Defendants request permission to file a reply. That way, each party has an opportunity to provide the Court with a response to what the other side submits.

## CONCLUSION

There is ample reason to grant State Defendants' request to reopen discovery and permit short supplemental briefs on summary judgment. Indeed, Plaintiffs agree that the 2024 election data are relevant to the claims in this case. Preventing the Court from receiving that information now will result in the Court's expending significant resources deciding summary judgment motions and potentially preparing for trial when existing evidence shows the claim is foreclosed as a matter of law. The Court should have the benefit of this data before it continues to devote its limited resources to resolving the pending summary judgment motions.

Accordingly, the Court should grant State Defendants' motion.

March 13, 2025                          Respectfully submitted,

                                       Christopher M. Carr
                                       Attorney General
                                       Georgia Bar No. 112505
                                       Bryan K. Webb
                                       Deputy Attorney General
                                       Georgia Bar No. 743580
                                       Elizabeth T. Young
                                       Senior Assistant Attorney General
                                       Georgia Bar No. 707725
                                       **State Law Department**
                                       40 Capitol Square, S.W.
                                       Atlanta, Georgia 30334

                                       */s/ Gene C. Schaerr*
                                       Gene C. Schaerr*
                                       Special Assistant Attorney General
                                       H. Christopher Bartolomucci*

Donald M. Falk*
Brian J. Field*
Edward H. Trent*
**SCHAERR | JAFFE LLP**
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com
*Admitted pro hac vice*

Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@clarkhill.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@clarkhill.com
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@clarkhill.com
**Clark Hill PLC**
3630 Peachtree Road NE
Suite 550
Atlanta, Georgia 30339
(678) 370-4377

*Counsel for State Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing brief was prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Gene C. Schaerr*
Gene C. Schaerr