IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | Master Case No.<br>1:21-MI-55555-JPB |
| UNITED STATES OF AMERICA,<br><br>      Plaintiff<br><br>v.<br><br>THE STATE OF GEORGIA, *et al.*,<br><br>      Defendants | Civil Action No.<br>1:21-CV-2575-JPB |
| SIXTH DISTRICT OF THE AFRICAN METHODIST EPISCOPAL CHURCH*, et al.*,<br><br>      Plaintiffs,<br><br>UNITED STATES OF AMERICA,<br><br>      Intervenor-Plaintiff<br><br>v.<br><br>BRIAN KEMP, *et al.*,<br><br>      Defendants | Civil Action No.<br>1:21-CV-01284-JPB |

**<u>UNITED STATES' MOTION FOR VOLUNTARY DISMISSAL AND
MEMORANDUM IN SUPPORT</u>**

The United States moves to dismiss its actions in *United States v. Georgia,* 1:21-CV-2575-JPB (N.D. Ga.), and in *Sixth District AME v. Kemp*, 1:21-CV-1284 (N.D. Ga.), under Federal Rule of Civil Procedure 41(a)(2). State Defendants and Defendant Intervenors in the above-captioned cases consent to the dismissals.[1] Because Defendants will not suffer clear legal prejudice from the dismissals, this motion should be granted.

Under Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A motion for voluntary dismissal under Rule 41(a)(2) "should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a second lawsuit." *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015). When considering a Rule 41(a)(2) motion to dismiss, a court should "keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for the protection of defendants." *Fisher v. Puerto Rico Marine Mgmt. Inc.*, 940 F.2d 1502, 1503 (11th Cir. 1991).

---

[1] At the time of filing, 13 of the 16 county groups have consented to dismissal, although DeKalb County's consent is conditional on all other parties consenting. Regarding the plaintiffs' groups, the AME plaintiffs' group consents to dismissal of the United States' actions. The remaining plaintiffs' groups have indicated that they are not parties to the actions in which the Department has brought claims, and therefore take no position on its dismissal of those actions.

Defendants in these cases would not suffer clear legal prejudice from dismissal of the United States' actions. Indeed, State Defendants and Defendant Intervenors have consented to the dismissals. *See Sabby v. Ward*, No. 1:21-cv-2410-JPB, 2022 WL 22629256, at *1 (N.D. Ga. Feb. 7, 2022) (Granting a Rule 41(a)(2) motion because "[s]uch a showing [of defendant suffering clear legal prejudice] has not been made in this case."). In addition, dismissing the United States' actions will further judicial economy and efficiency by reducing the number of parties and actions in these complex cases.

Because Defendants in the above-captioned cases will not suffer clear legal prejudice, the court should grant the United States' Rule 41(a)(2) motion to dismiss. A proposed order is attached.

Dated: March 31, 2025

Respectfully submitted,

MAC WARNER
Deputy Assistant Attorney General
Civil Rights Division

*/s/ John A. Russ IV*
R. TAMAR HAGLER
JOHN A. RUSS IV
ERNEST A. MCFARLAND
JUDY J. BAO
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.923
Washington, D.C. 20530

Phone: (800) 253-3931  
Fax: (202) 307-3961  
john.russ@usdoj.gov

Case 1:21-mi-55555-JPB   Document 934   Filed 03/31/25   Page 4 of 8

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(D)

Pursuant to Local Rule 7.1(D), I certify that the foregoing document was prepared in Times New Roman 14-point font in compliance with Local Rule 5.1(C).

*/s/ John A. Russ IV*
JOHN A. RUSS IV
Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2025, I electronically filed the foregoing with the clerk of the court using the CM/ECF system, which will send notification of this filing to counsel of record.

*/s/ John A. Russ IV*
JOHN A. RUSS IV
Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | Master Case No. 1:21-MI-55555-JPB |
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>THE STATE OF GEORGIA, *et al.*,<br><br>Defendants | Civil Action No. 1:21-CV-2575-JPB |
| SIXTH DISTRICT OF THE AFRICAN METHODIST EPISCOPAL CHURCH, *et al.*,<br><br>Plaintiffs,<br><br>UNITED STATES OF AMERICA,<br><br>Intervenor-Plaintiff<br><br>v.<br><br>BRIAN KEMP, *et al.*,<br><br>Defendants | Civil Action No. 1:21-CV-01284-JPB |

**[PROPOSED] ORDER GRANTING UNITED STATES' RULE 41(A)(2) MOTION TO DISMISS**

Having reviewed the United States' Rule 41(a)(2) Motion to Dismiss, and for good cause shown, the United States' Motion [Doc. __] is **GRANTED**.

The United States' actions in *United States v. Georgia*, 1:21-cv-02575-JPB, *Sixth District of the African Methodist Episcopal Church v. Kemp*, 1:21-cv-01284-JPB, and *In re Georgia SB 202*, No. 1:21-mi-55555-JPB, are **DISMISSED**. The Clerk is **DIRECTED** to close *United States v. Georgia*, 1:21-cv-02575-JPB.

**SO ORDERED** this ___ day of April, 2024.

_____
THE HONORABLE J.P. BOULEE
UNITED STATE DISTRICT COURT JUDGE