**FOR PUBLICATION**

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 23-13095
_____

In re:
GEORGIA SENATE BILL 202.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-mi-55555-JPB

_____

Before JORDAN, NEWSOM, Circuit Judges, and CORRIGAN,[*] District Judge.

PER CURIAM:

Many states, including Georgia, have long relied on election laws to protect voters from fraud, intimidation, and interference at the polls. Pointing to a recent uptick in individuals and organizations handing out gifts to voters in line to cast their ballots, Georgia

---

[*] Honorable Timothy J. Corrigan, Senior United States District Judge for the Middle District of Florida, sitting by designation.

Case 1:21-mi-55555-JPB   Document 984   Filed 12/01/25   Page 2 of 8
USCA11 Case: 23-13095   Document: 188-1   Date Filed: 12/01/2025   Page: 2 of 6

2                    Opinion of the Court                23-13095

passed a law restricting this sort of gift-giving, which the state asserts is just a pretextual means of influencing voters or even buying votes. The plaintiffs—assorted progressive advocacy groups—disagree. They emphasize that the distribution of things like food and water to waiting voters communicates support of and solidarity for voters waiting in line and is part of what they call "a rich tradition of Black political activism." That expression, they say, is entitled to First Amendment protection.

Whatever the respective merits of the parties' positions, we are unable to reach them. All here agree that the plaintiffs brought, and the district court entertained, a *facial* First Amendment challenge. The district court, though, never conducted the facial-challenge analysis that the Supreme Court's recent decision in *Moody v. NetChoice, LLC*, 603 U.S. 707 (2024), requires. Accordingly, we **VACATE** the district court's judgment and **REMAND** for further proceedings consistent with *Moody*.

# I

In 2021, Georgia passed the Election Integrity Act. *See* S.B. 202, 156th Leg., Reg. Sess. (Ga. 2021). The Act included a gift ban:

> No person shall . . . give, offer to give, or participate in the giving of any money or gifts, including, but not limited to, food and drink, to an elector . . . nor shall any person . . . establish or set up any tables or booths on any day in which ballots are being cast:
>
> (1) Within 150 feet of the . . . polling place . . . .;
>
> (2) Within any polling place; or

Case 1:21-mi-55555-JPB   Document 984   Filed 12/01/25   Page 3 of 8
USCA11 Case: 23-13095   Document: 188-1   Date Filed: 12/01/2025   Page: 3 of 6

23-13095                Opinion of the Court                    3

> (3) Within 25 feet of any voter standing in line to vote at any polling place.

O.C.G.A. § 21-2-414(a).

Following the gift ban's enactment, several organizations sued to enjoin its enforcement. They argued in their preliminary-injunction motions that the gift bans were facially unconstitutional—in particular, that both the 150-foot buffer zone around polling places and the 25-foot buffer zone around polling lines were content-based speech regulations that violated the First Amendment.

The district court initially denied the plaintiffs' requested relief. It found the 150-foot polling-place buffer zone satisfied First Amendment scrutiny because (1) Georgia had compelling interests in "restoring peace and order around the polls[,] protecting voters from political pressure and intimidation[,] and supporting election integrity," and (2) the law was narrowly tailored in that it allowed pro-voting speech within the buffer zone and handouts outside the buffer zone. Although the court found that the "limitless" 25-foot polling-line buffer zone failed strict scrutiny—due to the lack of tailoring to any "fixed line of demarcation"—it nevertheless declined to enjoin the ban on the ground that doing so would disrupt the 2022 elections. As a consequence, both gift bans took effect during the 2022 election cycle.

In May 2023, the plaintiffs renewed their preliminary-injunction motion, but only as to the 25-foot polling-line buffer zone. Standing by the reasoning in its earlier order—and now without

Case 1:21-mi-55555-JPB   Document 984   Filed 12/01/25   Page 4 of 8
USCA11 Case: 23-13095   Document: 188-1   Date Filed: 12/01/2025   Page: 4 of 6

4                        Opinion of the Court                    23-13095

the risk of disrupting an upcoming election—the district court granted the preliminary injunction.  Importantly here—and consistent with the plaintiffs' facial challenge—the court enjoined the state defendants from enforcing the gift ban inside the 25-foot polling-line buffer zone against anyone.

The state defendants timely appealed.[1]

## II

We find that it would be inappropriate at this juncture to address the merits of the plaintiffs' First Amendment challenge. Our reason is simple:  It is undisputed here that the plaintiffs challenged the 25-foot-buffer-zone gift ban on its face rather than as applied specifically to their own activities.  As the Supreme Court recently underscored in *Moody v. NetChoice, LLC.*, "that decision comes at a cost" because "facial challenges [are] hard to win."  603 U.S. at 723.  In particular, the Court clarified that a facial challenge in the First Amendment context requires an "inquiry into how a law works in all of its applications."  *Id.* at 744.  To adjudicate a facial First Amendment challenge, a court must first "assess the [] law['s] scope" by charting out the full range of covered activities. *Id.* at 724–25.  It must then "decide which of the law['s] applications violate the First Amendment" and which do not.  *Id.* at 725.  Finally, the court must weigh the constitutional applications against the

---

[1] This appeal has since been consolidated with an appeal addressing another provision of the same statute, which requires each absentee voter to print his or her birthdate on the envelope containing his or her ballot. *See In re: Georgia Senate Bill 202*, No. 23-13085.  In this opinion, we address only the gift ban.

Case 1:21-mi-55555-JPB   Document 984   Filed 12/01/25   Page 5 of 8
USCA11 Case: 23-13095   Document: 188-1   Date Filed: 12/01/2025   Page: 5 of 6

23-13095             Opinion of the Court                       5

unconstitutional ones. *Id.* While the "principal things regulated" should get a heavier weight in this analysis, they shouldn't be considered at the expense of the "sphere of other applications." *Id.* at 726. A facial challenge will succeed only when "the law's unconstitutional applications substantially outweigh its constitutional ones." *Id.* at 724.

The district court didn't conduct the facial-challenge analysis now required by *Moody*.[2] For instance, a critical question in this case is whether Georgia's gift ban targeted expressive conduct. Rather than answering that question by charting out "the full range of activities," *id.*, the district court looked only to the plaintiffs' own line-relief efforts, focusing on the messages that voters said they understood these efforts to be conveying. The same goes for the downstream questions regarding content-neutrality, the requisite level of scrutiny, and governmental interests and tailoring. With respect to all those inquiries, the court failed to systematically assess the full sweep of the regulation and weigh the constitutional against the unconstitutional applications. It instead emphasized the plaintiffs' particular activities and the overarching justifications offered by the government—lumping together a narrow range of applications and considering them as a whole without accounting

---

[2] *Moody* was decided after the district court issued its preliminary injunction, but we are required to apply the law as it exists at the time of our decision absent manifest injustice. *Cf. Bradley v. Sch. Bd. of City of Richmond*, 416 U.S. 696, 711–12 (2006) ("[A] court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice . . . ." (citing *United States v. Schooner Peggy*, 5 U.S. (1 Cranch) 103 (1801))).

Case 1:21-mi-55555-JPB   Document 984   Filed 12/01/25   Page 6 of 8
USCA11 Case: 23-13095   Document: 188-1   Date Filed: 12/01/2025   Page: 6 of 6

6     Opinion of the Court     23-13095

for the First Amendment's varying protections across different activities.

We decline to perform the *Moody*-prescribed facial-challenge analysis in the first instance. Rather, we **VACATE** the judgment of the district court and **REMAND** for further proceedings consistent with this opinion.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

December 01, 2025

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 23-13095-GG
Case Style: In re: Georgia Senate Bill 202
District Court Docket No: 1:21-mi-55555-JPB

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing or rehearing en banc is governed by 11th Cir. R. 40-2. Please see FRAP 40 and the accompanying circuit rules for information concerning petitions for rehearing.

Costs
Each party to bear its own costs.

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion