**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | Master Case No.:<br>1:21-MI-55555-JPB |

**STATE DEFENDANTS' SUPPLEMENTAL BRIEF IN
OPPOSITION TO AME & GEORGIA NAACP PLAINTIFFS' SECOND
RENEWED MOTION FOR A PRELIMINARY INJUNCTION**

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................ 1

ARGUMENT ............................................................................................... 2

    I.    The Standing Requirements are to be Strictly Applied. .................... 2

    II.   Plaintiffs Cannot Establish Traceability or Redressability. .............. 4

    III.  Plaintiffs Cannot Manufacture Standing. ........................................... 5

CONCLUSION ........................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**                                                                                                **Page(s)**

*City of S. Miami v. Governor of Fla.,*
65 F.4th 631 (11th Cir. 2023) ...................................................................... 2

*Coal. for Good Governance v. Sec'y of State for Ga.,*
No. 25-11347, 2026 WL 172950 (11th Cir. Jan. 22, 2026) ....................*passim*

*Daniels v. Exec. Dir. Fla. Fish & Wildlife Conservation Comm'n,*
127 F.4th 1294 (11th Cir. 2025) ............................................................... 9, 10

*Dream Defs. v. Governor of State of Fla.,*
57 F.4th 879 (11th Cir. 2023) ...................................................................... 10

*Ga. Ass'n of Latino Elected Offs., Inc. v. Gwinnett Cnty.*
*Bd. of Registration & Elections,*
36 F.4th 1100 (11th Cir. 2022) ......................................................... 2, 3, 4, 7

*In re SB 202,*
688 F. Supp. 3d 1300 (N.D. Ga. 2023) ............................................................ 8

*Jacobson v. Fla. Sec'y of State,*
974 F.3d 1236 (11th Cir. 2020) ....................................................... 1, 3, 7, 10

*Lewis v. Governor of Alabama,*
944 F.3d 1287 (11th Cir. 2019) ..................................................................... 3

*Lujan v. Defs. of Wildlife,*
504 U.S. 555 (1992) ...................................................................................... 2

*Sixth Dist. of Afr. Methodist Episcopal Church v. Kemp,*
574 F. Supp. 3d 1260 (N.D. Ga. 2021) ........................................................... 6

*Support Working Animals, Inc. v. Governor of Fla.,*
8 F.4th 1198 (11th Cir. 2021) ..................................................................... 3, 4

*Whole Woman's Health v. Jackson,*
595 U.S. 30 (2021) .................................................................................. 10, 11

*Wood v. Raffensperger,*
981 F.3d 1307 (11th Cir. 2020) ..................................................................... 6

ii

**Constitutional Provisions**

Ga. Const. art. V ........................................................................... 7

Ga. Const. art. VI........................................................................... 7

**Statutes**

O.C.G.A. § 17-7-71 ..................................................................... 1, 4

O.C.G.A. § 21-2-30 ......................................................................... 6

O.C.G.A. § 21-2-31 ......................................................................... 6

O.C.G.A. § 21-2-414 ....................................................................... 4

O.C.G.A. § 21-2-50 ......................................................................... 6

Tex. Occ. Code Ann. § 164.055 ....................................................... 11

**Other Authority**

Jonathan F. Mitchell,
   *The Writ-of-Erasure Fallacy*, 104 Va. L. Rev. 933 (2018) .............................. 3

## INTRODUCTION

The Court is correct to be "concerned with whether Plaintiffs have met their burden to show traceability and redressability[.]" Order at 4 [Doc. 1008] (citing *Coal. for Good Governance v. Sec'y of State for Ga.*, No. 25-11347, 2026 WL 172950, at *4–5 (11th Cir. Jan. 22, 2026) (per curiam) ("*CGG*")). As Plaintiffs' supplemental brief confirms, they cannot satisfy either requirement for their challenge to SB 202's Gift Ban. Pls.' Suppl. Br. [Doc. 1009].

Indeed, Plaintiffs have not even named as defendants the *only* officials—"prosecuting attorneys"—who have responsibility to enforce the Gift Ban against Plaintiffs. *See* O.C.G.A. § 17-7-71(a). Plaintiffs thus cannot explain how an injunction will help them. Rather, if this Court enjoins State Defendants, the Gift Ban will remain fully enforceable by those "who are not parties." *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1254 (11th Cir. 2020). And even if Plaintiffs could establish that the Gift Ban has injured them (they can't), they cannot show that the injury flows from actions of State Defendants or that an injunction would prevent the alleged harm—the threat of criminal prosecution. Plaintiffs' preliminary-injunction motion must therefore be denied for lack of standing.

**ARGUMENT**

Plaintiffs cannot establish two required elements for demonstrating standing: traceability and redressability. Those requirements are strictly applied, and Plaintiffs' attempt to manufacture standing should be rejected.[1]

**I.    The Standing Requirements are to be Strictly Applied.**

As the Supreme Court confirms, the standing requirements "are not mere pleading requirements but rather an indispensable part of the plaintiff's case." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). And, as the Eleventh Circuit explains, each element of standing "must persist throughout a lawsuit." *Ga. Ass'n of Latino Elected Offs., Inc. v. Gwinnett Cnty. Bd. of Registration & Elections*, 36 F.4th 1100, 1113 (11th Cir. 2022) ("*GALEO*").

To determine whether a party has demonstrated traceability and redressability, the Eleventh Circuit directs courts to consider "who caused the injury and how it can be remedied." *City of S. Miami v. Governor of Fla.*, 65 F.4th 631, 640 (11th Cir. 2023). That inquiry requires a plaintiff to show, "at the very least, that the [sued] official has the authority to enforce the particular provision that he has challenged." *Support Working Animals, Inc. v. Governor*

---

[1] Plaintiffs' preliminary-injunction motion should also be denied for a host of other reasons, including the *Purcell* doctrine, the lack of irreparable injuries, and the harm a preliminary injunction would cause the state. *See* State Defs.' Opp'n at 5–10 [Doc. 999]. Additionally, the motion should be denied because Plaintiffs have not satisfied the requirements for a facial challenge, and the merits are not "entirely clearcut" in Plaintiffs' favor. *See id.* at 13–21.

2

*of Fla.*, 8 F.4th 1198, 1201 (11th Cir. 2021). After all, harm is not traceable to a defendant if it is "the result of the independent action of some third party not before the court." *GALEO*, 36 F.4th at 1115–16.

The Eleventh Circuit strictly enforces these requirements: An official's "general enforcement power is not enough." *CGG*, 2026 WL 172950, at *4–5. In the election context, this means the Secretary of State's role as "'chief election officer of the state' with 'general supervision and administration of the election laws[]'" is not enough to make harms from a challenged election law "traceable" to the Secretary of State. *Jacobsen*, 974 F.3d at 1254; *accord Lewis v. Governor of Alabama*, 944 F.3d 1287, 1300 (11th Cir. 2019) (rejecting similar argument as basis for standing to sue state attorney general).

The reason is simple: If an injunction does not reach other non-party officials with enforcement authority, the non-party officials remain "able to enforce" the challenged law "against Plaintiffs." *CGG*, 2026 WL 172950, at *4 n.4. This is so because a federal court cannot "erase a duly enacted law from the statute books." *Jacobson*, 974 F.3d at 1255 (quoting Jonathan F. Mitchell, *The Writ-of-Erasure Fallacy*, 104 Va. L. Rev. 933, 936 (2018)). It can only "enjoin executive officials from taking steps to enforce a statute." *Id.* (quoting Mitchell, *supra,* at 936). In other words, courts enjoin officials, not statutes.

## II.    Plaintiffs Cannot Establish Traceability or Redressability.

As to traceability, Plaintiffs challenge SB 202's Gift Ban as applied within 25 feet of a voting line that extends more than 150 feet from a polling place (the "Supplemental Zone"). O.C.G.A. § 21-2-414(a). Plaintiffs repeatedly claimed in their preliminary-injunction motion that they are harmed by the criminalization of that activity—allegedly because it would chill their alleged First Amendment activities. *See* Pls.' Br. in Supp. at 15, 17–18 [Doc. 988-1]. That claim dooms their standing argument.

As Plaintiffs acknowledge, the Gift Ban is a criminal statute, and any person who violates it is guilty of a misdemeanor. O.C.G.A. § 21-2-414(f). But misdemeanors are "tried upon an accusation framed and signed *by the prosecuting attorney* of the court." *Id.* § 17-7-71(a) (emphasis added). Thus, Plaintiffs' fear of prosecution is traceable only to those who would prosecute them: "the prosecuting attorney." *Id.* Eleventh Circuit precedent thus requires that Plaintiffs "at the very least" sue the prosecuting attorneys tasked with enforcing the Gift Ban. *Support Working Animals,* 8 F.4th at 1201.

Yet they failed to do so, as this Court's order recognized. *See* Order for Suppl. Briefing at 5 [Doc. 1008]. And, because Plaintiffs' claimed harm stems from third parties not before the court, Plaintiffs have not carried their burden of showing traceability. *GALEO*, 36 F.4th at 1115–16.

4

Redressability is lacking for similar reasons. As shown above, only the non-party prosecuting attorneys prosecute misdemeanors, and that would remain true even if the Court enjoins State Defendants. An injunction against State Defendants would therefore not redress Plaintiffs' injuries, because the non-party prosecuting attorneys would still be free to prosecute Plaintiffs. *CGG*, 2026 WL 172950, at \*4 n.4.

### III.    Plaintiffs Cannot Manufacture Standing.

In their supplemental brief, Plaintiffs offer three arguments for why the Eleventh Circuit's standing caselaw—and *CGG* in particular—is not fatal to their standing. Each argument should be rejected.

1. Plaintiffs begin by misreading the Secretary of State's authority to enforce the Gift Ban. In *CGG*, the Eleventh Circuit stated that the district court had found that the Governor's "general criminal enforcement power" was insufficient to "show that the Governor has a special relationship to SB 202[.]" 2026 WL 172950, at \*4. Seizing on that passing statement, Plaintiffs argue that *CGG* is irrelevant because, in their minds, the Secretary of State *does* have a "special relationship to SB 202 and its enforcement." Pls.' Suppl. Br. at 5 [Doc. 1009] (quoting *CGG*, 2026 WL 172950, at \*4). But just saying that does not make it so.

Plaintiffs still have not identified anything beyond the Secretary's "general authority" to enforce election law. *Id.* at 4–5; *see also CGG*, 2026 WL

5

172950, at *4–5. And that general authority does not include the authority to prosecute violations of the Gift Ban, which is the source of Plaintiffs' complaint. *See* O.C.G.A. § 21-2-50(a) (listing the "powers" and "duties" of the Secretary).

In fact, while the Secretary can investigate potential violations, the State Election Board ("SEB") is responsible for referring potential violations of SB 202 to prosecutors. *Id.* § 21-2-31(5).[2] And that referral authority is limited to allowing the SEB to report such violations to "the appropriate district attorney who shall be responsible for further investigation and prosecution." *Id.* The Board cannot prosecute violations itself. Accordingly, this "general enforcement power is not enough" to establish traceability or redressability. *CGG*, 2026 WL 172950, at *4–5.

Rather than engage with the Eleventh Circuit's *CGG* decision, Plaintiffs point to an earlier decision from this Court holding that Plaintiffs had standing because State Defendants "have enforcement responsibility" over the Gift Ban. Pls.' Suppl. Br. at 6 [Doc. 1009] (quoting *Sixth Dist. of Afr. Methodist Episcopal Church v. Kemp*, 574 F. Supp. 3d 1260, 1272 (N.D. Ga. 2021)). But in that decision, the Court accepted the operative complaint's allegations as true. *Sixth Dist.*, 574 F. Supp. 3d at 1271–72. And, at that time, Plaintiffs named

---

[2] Plaintiffs cite (at 3) a pre-SB 202 case, *Wood v. Raffensperger*, 981 F.3d 1307 (11th Cir. 2020), to claim that the Secretary has enforcement powers that he no longer has. SB 202 removed the Secretary from his prior role on the State Election Board. O.C.G.A. § 21-2-30(g).

6

multiple prosecuting attorneys as defendants. *See* Order at 4 n.3 [Doc. 1008]. Because that is no longer the case, the motion to dismiss decision is irrelevant. Additionally, the Court's motion-to-dismiss decision is no longer binding here because it cannot be squared with the Eleventh Circuit's holding in *CGG* that "general enforcement power is not enough." 2026 WL 172950, at *4–5; *accord GALEO*, 36 F.4th at 1115–16.

And, while Plaintiffs ignore the last State Defendant, the Governor, his general enforcement power also cannot confer standing. The Georgia Constitution tasks the Governor with making sure the laws are faithfully executed. Ga. Const. art. V, § II, ¶ 2. But it separately tasks elected district attorneys with prosecuting crimes. *Id.* art. VI, § 8, ¶ 1(d). In short, Plaintiffs cite nothing to show that *any* State Defendant prosecutes violations of the Gift Ban, which is required to show either traceability or redressability.

2. Plaintiffs also claim (at 7) that, unlike the plaintiffs in *CGG*, they have standing because they seek to enjoin "the prohibition on line relief, not only … its criminal enforcement." But that argument is dispatched with ease. A court can only enjoin those responsible for enforcing the Gift Ban—a court cannot enjoin the Ban itself. *See Jacobson*, 974 F.3d at 1255.

Plaintiffs fail to address this basic principle, arguing instead (at 7–8) that the Gift Ban harms their First Amendment expression irrespective of the Ban's criminal enforcement provision. But this argument is undermined by the

authority on which Plaintiffs rely. *See id.* (quoting *In re SB 202*, 688 F. Supp. 3d 1300, 1317 (N.D. Ga. 2023), *vacated on other grounds,* 160 F.4th 1171 (11th Cir. 2025) (per curiam)). As Plaintiffs note, this Court stated that "the irreparable harm identified by NGP Plaintiffs is not the potentially speculative risk of criminal penalties. It is the impact of *that risk* on the NGP Plaintiffs' ability to exercise their First Amendment Rights." *Id.* (emphasis added). In other words, the risk of *criminal prosecution* impaired the NGP plaintiffs' First Amendment expression. By failing to name the prosecuting attorneys here, that "risk of criminal prosecution" under the Gift Ban would be unchanged by an injunction against State Defendants, meaning Plaintiffs' alleged harm would remain. Plaintiffs' First Amendment argument thus does not show that Plaintiffs have standing.

For the same reason, Plaintiffs misplace reliance (at 8) on a series of cases holding that plaintiffs have standing where an injunction would give them partial relief. But here, if the Gift Ban harms Plaintiffs at all, it does so only because violations can be criminally charged and Plaintiffs allegedly limit their activities due to a fear of prosecution. And in that circumstance, an injunction would not give Plaintiffs partial relief; it would give them *no* relief

at all if the threat of prosecution remains in full force—as it does here because of Plaintiffs' failure to sue the relevant prosecutors.[3]

3.  Finally, Plaintiffs argue (at 9) that suing "all 159 district attorneys in Georgia" would be too hard, is not required by *CGG*, and is contrary to Eleventh Circuit precedent in any event. That is wrong on all points. *CGG* expressly held that there could be no redressability where "the state attorneys, nonparties, would still be able to enforce SB 202 against Plaintiffs." 2026 WL 172950, at *4 n.4. So too here.[4]

Plaintiffs then cite (at 9–10) two Eleventh Circuit cases that they claim conflict with this Court's understanding of *CGG*. They first cite (at 9–10) *Daniels v. Executive Director of Florida Fish & Wildlife Conservation Commission*, 127 F.4th 1294, 1303 (11th Cir. 2025), to claim that Plaintiffs can show traceability and redressability without "su[ing] any prosecutors or law enforcement officers." Not so. In *Daniels*, the Eleventh Circuit found that the plaintiff had standing to challenge a state regulation issued by the head of

---

[3] Plaintiffs also argue (at 8) that enjoining State Defendants would "as a practical matter, considerably diminish any chance of criminal enforcement." But Plaintiffs do not explain why enjoining a party that does not prosecute violations of the Gift Ban would "as a practical matter" lead to fewer prosecutions of the Gift Ban.

[4] In a footnote, Plaintiffs argue (at 10 n.2) that *CGG* was unpublished. That is true, but irrelevant. All the cases that are extensively quoted in *CGG were* published, *see generally* 2026 WL 172950, and Plaintiffs do not argue that *CGG* misapplied those binding precedents.

Florida's Fish and Wildlife Conservation Commission because if implementation of the regulation was enjoined, there would be no "threat of prosecution." *Id.* at 1303. *Daniels* thus stands for the unremarkable proposition that, by enjoining the official who issued a *regulation* from enforcing that regulation, the regulation functionally goes away. The Gift Ban, of course, is a duly enacted statute, and an injunction would not "erase" it "from the statute books." *Jacobson*, 974 F.3d at 1255.

Plaintiffs' reliance (at 10) on *Dream Defenders v. Governor of the State of Florida*, 57 F.4th 879 (11th Cir. 2023), fares no better. There, plaintiffs sought to enjoin Florida's governor and a local sheriff from enforcing a law that gave him authority to order sheriffs to suppress riots. *Id.* at 888–89. The Eleventh Circuit explained that the plaintiffs had standing because the Governor had direct enforcement authority over the statute's implementation such that, if he were enjoined, it would not be enforced. *Id.* But here, unlike Florida's governor in *Dream Defenders*, it is non-party prosecutors who enforce the law.

In a final effort to avoid *CGG*, Plaintiffs seek refuge (at 10–11) in *Whole Woman's Health v. Jackson*, 595 U.S. 30 (2021). But that case only confirms Plaintiffs' lack of standing. There, a group of plaintiffs challenged a Texas abortion ban that allowed enforcement only through "private civil actions." *Id.* at 36. To do so, they sued the Texas Attorney General, a court clerk, a judge, a private individual, and several members of the state licensing board. *Id.* at 36–

10

37. The Supreme Court *rejected* standing for all but the state licensing officials who were authorized to "take an appropriate disciplinary action" against physicians who violated the challenged ban. *Id.* at 46 (quoting Tex. Occ. Code Ann. § 164.055(a)). As the group tasked with taking "disciplinary action" for violations of the challenged law, the licensing board defendants in *Jackson* were the body tasked with enforcement against physicians who performed abortions. They were functionally the equivalent of the non-party prosecutors here. Plaintiffs cannot show otherwise.[5] And for that reason, too, Plaintiffs have failed to establish standing.

## CONCLUSION

Plaintiffs have not sought to enjoin the officials with the exclusive authority to prosecute violations of the Gift Ban in the Supplemental Zone, which is the sole source of Plaintiffs' alleged harm. Even if this Court enjoined State Defendants, Plaintiffs would not receive any relief: Non-party prosecutors could continue enforcing the Gift Ban in the Supplemental Zone. Since Plaintiffs' alleged harms are not traceable to State Defendants or

---

[5] *Jackson* helps State Defendants for another reason. In dismissing the claims against Texas's attorney general, the Court explained that courts cannot enjoin (1) "the world at large" or (2) "challenged laws themselves." 595 U.S. at 44 (cleaned up). By seeking to enjoin the Gift Ban by suing only State Defendants, Plaintiffs seek both unlawful remedies.

redressable by an injunction against them, Plaintiffs lack standing. Their

preliminary-injunction motion should therefore be denied.

June 2, 2026                                    Respectfully submitted,

                                               Christopher M. Carr
                                               Attorney General
                                               Georgia Bar No. 112505
                                               Bryan K. Webb
                                               Deputy Attorney General
                                               Georgia Bar No. 743580
                                               Elizabeth T. Young
                                               Senior Assistant Attorney General
                                               Georgia Bar No. 707725
                                               **STATE LAW DEPARTMENT**
                                               40 Capitol Square, S.W.
                                               Atlanta, Georgia 30334


                                               */s/ Gene C. Schaerr*
                                               Gene C. Schaerr*
                                               Special Assistant Attorney General
                                               Erik S. Jaffe*
                                               H. Christopher Bartolomucci*
                                               Brian J. Field*
                                               Edward H. Trent*
                                               Joshua J. Prince*
                                               Justin A. Miller*
                                               Miranda Cherkas Sherrill
                                               Georgia Bar No. 327642
                                               **SCHAERR | JAFFE LLP**
                                               1717 K Street NW, Suite 900
                                               Washington, DC 20006
                                               Telephone: (202) 787-1060
                                               Fax: (202) 776-0136
                                               gschaerr@schaerr-jaffe.com
                                               *Admitted *pro hac vice*

12

Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@tysonyounker.law
David J. Younker
Georgia Bar No. 940387
dyounker@tysonyounker.law
**TYSON YOUNKER LLC**
1225 Johnson Ferry Road
Suite 600-A
Marietta, Georgia 30068
(678) 223-3160

*Counsel for State Defendants*

13

## CERTIFICATE OF COMPLIANCE

Under L.R. 7.1(D), the undersigned hereby certifies that the foregoing has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(C).

*/s/ Gene C. Schaerr*
Gene C. Schaerr

14